UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to All Actions and Mitchell (01-2402); Brereton (02-195); McEver (02-543); McGee (02-744); Barker (02-752); Botello (02-749); Carpenter (02-747); Tunney (02-748); Hester (02-871); Albright (02-922); Alexander (02-1027); Feuquay (02-1030); Frost (02-1031); Bales (02-1035); Hespen (02-1046); Coy and Oden (02-1037); Whitaker (02-1039); Williams (02-1047); Bell (02-1053); Long (02-1009); Carter (02-1361); Kay and Nicholson (02-1360); Alger (02-2114); Montana (02-2119); Reed (02-2126); Boris (02-2137); Andrews (02-2817); Barrella (02-2818); Bayerl (02-2823); Bjorn (02-2824); Boyd (02-2826); Foltz (02-2821); Graf (02-2825); Nelson (02-2822); Owen (02-2819); Gluck (02-2981); Anderson (02-2984); Cowart (02-2983); Bank (02-2986); Burns (02-3011); Lewis (02-3012); Mathern (02-3450); Boots (02-3458); Westfall (02-3492).

Pretrial Order No. 61

---

Richard A. Lockridge, Lockridge Grindal Nauen, P.L.L.P. and Charles Zimmerman, Zimmerman Reed, P.L.L.P. for and on behalf of Plaintiffs.

Peter W. Sipkins, Elizabeth S. Wright, Dorsey & Whitney LLP, Philip S. Beck and Adam L. Hoeflich, Bartlit Beck Herman Palenchar and Scott, Susan A. Weber and Steven Ellison, Sidley Austin Brown and Wood and Gene C. Schaerr, Sidley Austin Brown & Wood for and on behalf of Bayer Corporation.

Scott A. Smith and Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Dechert Price & Rhoads for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

---

Before the Court is Defendants' motion to sever the claims of misjoined plaintiffs.



FILED JAN 15 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

Defendants assert that this motion is prompted by PTO No. 31 and in response to complaints pending at the time PTO No. 31 was issued, as well as complaints filed thereafter.

PTO No. 31 was issued in response to Plaintiff's motion to bundle up to 50 plaintiffs per complaint. The motion was not directed to particular complaints, rather Plaintiffs were seeking general permission to bundle up to fifty plaintiffs in one complaint. The motion was denied because Plaintiffs had failed to show that joinder was appropriate pursuant to Rule 20 of the Federal Rules of Civil Procedure. This Rule provides that " [a]ll persons may join in one action as plaintiffs if they assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Because the plaintiffs in this case were most likely prescribed Baycol by different physicians and because each plaintiff's medical history is unique and relevant to the injuries suffered, allegedly as a result of Baycol, this Court held that the plaintiffs' individualized claims did not arise from the same transaction or series of transactions.

1. Motion for Reconsideration

Plaintiffs ask the Court to reconsider PTO No. 31.[1] The proper role of a motion to reconsider is extremely limited: "to correct manifest errors of law or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.

---

[1]Defendants correctly point out that the Local Rules for the District of Minnesota provide that a motion for reconsideration may only be filed upon receiving prior authorization from the Court, and that Plaintiffs failed to follow this procedure. In the future, no motion for reconsideration will be considered by this Court, unless the Court grants the parties' request to file such a motion.

1988). No new evidence has been presented to the Court in support of their motion. Plaintiffs do argue, however, that the Court incorrectly relied on certain cases in PTC No. 31. The Court has carefully considered Plaintiffs' arguments, and finds that reconsideration is not necessary to correct a manifest error of law.

Plaintiffs also ask that the Court provide suggestions as to how plaintiffs may be grouped in order to satisfy Rule 20. For example, in the case of In re: Orthopedic Bone Screw Products Liability Litigation 1995 WL 428683 (E.D. Pa. 1995)(hereinafter "Bone Screw"), the court "suggests that efforts be made by counsel to determine if those plaintiffs who underwent surgery at the same medical provider, involving the same manufacturer's device, or combination of devices, could, in obedience to Rule 20, be grouped in a complaint . . ." However, it is Plaintiffs' burden to show that joinder under Rule 20 is appropriate. Thus, this Court is under no obligation to "suggest" to Plaintiffs how this showing can be met[2].

2. Motion to Sever

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of it own initiative at any stage of the action and on such terms as are just. . . .

Defendants request an order that all but the first named plaintiff be dropped and that the dropped plaintiffs be required to refile individual suits in the proper venue,

---

[2]That the Court did not include suggestions as to how Plaintiffs' counsel should group plaintiffs to meet the requirements of Rule 20 does not prevent counsel from attempting to do so. However, the Court has already ruled that a group of plaintiffs that have each allegedly suffered injuries as a result of taking Baycol, and that such plaintiffs live in the same state, will not satisfy Rule 20.

noting that this is the procedure adopted by other courts. See, eg., Alvarez v. Armour Pharmaceutical Co., 1997 WL 566373 at *304 (N.D. Ill. 1997); In re: Orthopedic Bone Screw Products Liability Litigation, 1996 WL 900346 (E.D. Pa. 1996).

Defendants assert that there are three different categories of cases in which plaintiffs have been misjoined: bundled complaints filed before this Court ruled in PTO No. 31; bundled complaints filed after PTO No. 31, but filed by new counsel to the case who may not have been aware of PTO No.31; and bundled cases filed after PTO No. 31 by members of the PSC and other attorneys who previously had cases pending in this court who acted in defiance to the Court's ruling.

As to the first and second classes of cases, Defendants ask that the Court: a) drop the misjoined plaintiffs; b) require such plaintiffs to refile individual complaints in the proper venue; and c) and provide that the filing of the new individual suits should relate back to the date the original complaint was filed.

With regard to the third class of cases, those filed in defiance of PTO No. 31, Defendants ask that the Court a) drop all plaintiffs whose claims are not derivative of the claims of the first named plaintiff; b) require them to refile individual complaints in the proper venue within 30 days; and c) provide that any new filings by such plaintiffs should not relate back to the date of the original complaint.

Plaintiffs argue that severance is not appropriate because 1) the issues sought to be tried are not significantly different from one another; 2) the issues will not require different proof; 3) Plaintiffs will be prejudiced if severance is granted; and 4) Defendants will not be prejudiced if severance is not granted.

As previously discussed in PTO No. 31, while there are common issues of fact and law in the Baycol cases, there nonetheless exists differences in the histories of each plaintiff which may be determinative of the liability issues. As such, the Court found that joinder was not proper. The cases cited by Plaintiffs in opposition to severance are not applicable in this case, because they do not address the situation in this case; whether severance is appropriate when plaintiffs have been found to be misjoined in the first instance.

Plaintiffs also argue that they will be prejudiced if severance is granted, because they will be forced to file individual cases, and will thus have to pay the appropriate filing fee. Plaintiffs cite to no authority to support their argument that the payment of filing fees establishes prejudice.

As the Court continues to find that the requirements of Rule 20 concerning joinder have not been met, severance will be granted.

IT IS HEREBY ORDERED that:

1. Defendant's Motion for Severance is GRANTED;

2. All misjoined plaintiffs whose cases have been filed in this Court or have been transferred to this Court are dropped with leave to refile individual claims, with the original complaint attached, in federal court in proper venues within 45 days of the date of this Order or their claims shall be deemed abandoned; the filing of an individual action brought by a dropped plaintiff shall relate back to the filing of the original multi-plaintiff complaint for purposes of statutes of limitations, laches or other time-bar laws to the extent that the new complaint alleges only the

claims alleged in the original complaint and joins only those defendants named in the original complaint;

3. All misjoined plaintiffs whose case has not yet been transferred shall be dropped upon transfer to this Court with leave to refile individual claims, with the original complaint attached in federal court in proper venues within 45 days of the date upon which transfer is effective or their claims shall be deemed abandoned; the filing date of an individual action brought by a dropped plaintiff shall relate back to the filing of the original multi-plaintiff complaint for purposes of statutes of limitations, laches or other time-bar laws to the extent that the new complaint alleges only the claims alleged in the original complaint and joins only those defendants named in the original complaint;

4. All misjoined plaintiffs (that is any plaintiffs whose claims are not derivative of the first-named plaintiff) in any future Baycol complaints filed in this District or transferred here shall be dropped automatically as of the date of filing or the date upon which transfer is effective, with leave to refile individual claims in federal court in proper venues within 45 days thereafter or their claims shall be deemed abandoned; the filing date of an individual action brought by a dropped plaintiff shall not relate back to the filing of the original multi-plaintiff complaint. The Court directs the Clerk of this Court to notify plaintiffs' counsel in any such actions that the claims of any unrelated plaintiffs have been dropped pursuant to this Order within ten days of filing in or transfer to this District.

5. The Plaintiffs' Steering Committee and any plaintiffs' counsel represented in this litigation thereby are specifically directed to comply with Rule 20 and this Court's Orders when filing any new Baycol complaints in federal court.

Date: Jan. 15, 2003

Michael J. Davis
Michael J. Davis
United States District Court