**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **In re BAYCOL PRODUCTS LITIGATION** | : | **MDL No. 1431 (MJD/JGL)** |
| **This Document Relates to All Actions** | : | **Pretrial Order No.** 85 |

In order to facilitate pretrial discovery and the orderly collection of plaintiff-specific information, including medical records, this Court previously entered Pretrial Order No. 10, which provides for the use of a Plaintiff's Fact Sheet and standard Authorizations. Since the entry of Pretrial Order No. 10, regulations promulgated by the U.S. Department of Health and Human Services that implement the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") took effect, which establish standards for privacy protections for individuals' medical information. *See* 42 U.S.C. § 1301 *et seq.*; 45 C.F.R. § 160.201 *et seq.* Accordingly,

IT IS HEREBY ORDERED that the Authorizations for Release of Medical Records of Attachment A to Pretrial Order No. 10 are hereby superceded by, and replaced with, the HIPAA Compliant Authorizations included in Attachment A to this Pretrial Order.

**Applicability of Order**: This Pretrial Order shall be effective immediately for those plaintiffs whose "date of transfer" (as defined below) is subsequent to the date of entry of this Pretrial Order.

With respect to those plaintiffs whose "date of transfer" was prior to the date of entry of this Pretrial Order, upon written request by Defendants, any such plaintiff shall produce a fully executed HIPAA Compliant Authorization within 30 days of such request.

**Date of Transfer**

1. Cases transferred to MDL-1431 pursuant to a Conditional Transfer Order ["CTO"] of the Judicial Panel on Multidistrict Litigation ["JPML"] in which transfer was not opposed: Where a case is transferred to MDL-1431 pursuant to entry of a CTO by the JPML and such transfer was not opposed, the date of transfer for such a case is deemed to be the date that a certified copy of the applicable CTO is entered in the MDL-1431 docket. (*See* PTO No. 12 § 1.a.)

2. Cases transferred to MDL-1431 by Transfer Order of the JPML in which transfer was opposed: Where a case is identified in a CTO entered by the JPML but transfer is opposed by a party, and the

JUN 20 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

JPML subsequently enters an order transferring the case (because either the opposition is withdrawn or the JPML denies the opposition), the date of transfer for such a case is deemed to be the date that a certified copy of the applicable Transfer Order is entered in the MDL-1431 docket.

3. <u>Cases filed directly in the District of Minnesota</u>: The date of transfer for a case filed directly in the District of Minnesota shall be deemed to be the filing date.

SO ORDERED THIS 20th of JUNE, 2003:

Michael J. Davis

The Honorable Michael J. Davis
United States District Court

# HIPAA COMPLIANT AUTHORIZATION FOR USE AND DISCLOSURE OF INDIVIDUALLY IDENTIFIABLE HEALTH INFORMATION

(No Psychological Injury is Claimed)

**Person/Entity from Whom Records are Requested:**

______________________________
Provider Name ("Provider")

______________________________
Address City, State and Zip Code

**Patient:**

______________________________
Patient Name

______________________________
Address City, State and Zip Code

______________________________
Date of Birth Social Security Number

**Information Authorized To Be Disclosed:** I authorize the Provider to furnish copies of my entire medical record and all of my individually identifiable health information, including, without limitation:

- medical reports
- CT scans
- MRA films
- prescription records
- employment records
- medical bills
- blood tests
- X-rays
- correspondence
- echocardiographic recordings
- wage records
- pathology specimens
- radiographic films
- MRI films
- progress notes
- written statements
- disability records

and other documents in your possession including records from other providers, except for records for treatment of psychological, psychiatric or emotional problems, to the following representative of the defendants in the litigation captioned *In re: Baycol Products Litigation*, MDL No. 1431 (D. Minn.), in which I am a plaintiff:

| | |
|---|---|
| **Person To Whom Records Are To Be Disclosed:** | Name of Representative ("Requestor") |
| | Representative Capacity |
| | Address City, State and Zip Code |

The records requester has agreed to pay reasonable charges made by the Provider to supply copies of such records.

**Purpose of Disclosure**: I am requesting this disclosure to allow these records to be used in connection with the litigation in which I am a plaintiff.

**Acknowledgements:**

I understand that this disclosure may include information relating to treatment of drug or alcohol abuse, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV), sexually transmitted diseases, sickle cell anemia treatment, tuberculosis information, and genetic testing information.

I understand that if the persons or entities to whom I am asking that the Provider disclose this information are not covered by federal privacy regulations, then this information will no longer be protected under federal privacy law and could be subject to re-disclosure.

I understand that my signing or revocation of this authorization will not affect my health care treatment or eligibility for payment under my health plan.

**Term and Revocation:** This authorization shall be considered as continuing in nature until a final, non-appealable judgment has been entered in the case I have brought. This authorization remains in full force and effect until such expiration, and further authorizes the Provider to release to the Requestor any additional records created or obtained by the Provider after the date hereof. I understand that I may revoke this authorization at any time by writing to the Provider at the Provider's above address, but my revocation will not apply to information that has already been released before the Provider receives notice of any revocation.

It is expressly understood by me that the Provider is authorized to accept a copy or photocopy of this authorization with the same validity as though an original had been presented to the Provider.

Date: ____________________ ____________________
Signature of Patient or Personal Representative

Date: ____________________ ____________________
Witness Signature

This authorization is not valid unless the records Requester named above has executed the following acknowledgement:

ACKNOWLEDGEMENT

The undersigned, as the record requester named in the above medical authorization, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the attorney for the patient named in the foregoing medical authorization has been given notice that the authorization will be used to request records from the person or entity to whom it is addressed, if named in Plaintiff's Fact Sheet; or, if the authorization is addressed to a third party not listed in Plaintiff's Fact Sheet, the attorney for the patient named has been given ten (10) days advance notice and has been afforded an opportunity to object to the request, and any objections have been resolved. The attorney for the patient named in the foregoing medical authorization has also been afforded an opportunity to order copies of the records from the undersigned requestor at a reasonable cost.

____________________