A CERTIFIED TRUE COPY
FEB 12 2004
ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
FEB 12 2004
FILED CLERK'S OFFICE

*DOCKET NO. 1431*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE BAYCOL PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

## *TRANSFER ORDER*

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the plaintiffs in the sixteen actions listed on the attached Schedule A. These plaintiffs move the Panel to vacate its orders conditionally transferring the actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Defendant Bayer Corporation opposes the motions to vacate and favors inclusion of the actions in MDL-1431.

On the basis of the papers filed and hearing session held, the Panel finds that these sixteen actions involve common questions of fact with the actions in this litigation previously transferred to the District of Minnesota, and that transfer of these actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Minnesota was a proper Section 1407 forum for actions involving claims of products liability related to the prescription drug Baycol. *See In re Baycol Products Liability Litigation*, 180 F.Supp.2d 1378 (J.P.M.L. 2001). We note that any motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these sixteen actions are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable

---

* Judge Selya took no part in the decision of this matter.

FEB 17 2004
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INTIALS

Michael J. Davis for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1431 -- In re Baycol Products Liability Litigation

## Southern District of Alabama

*David Muscat, et al. v. Bayer Corp., et al.*, C.A. No. 1:03-506

## Southern District of Mississippi

*Leronious Gavin v. Bayer AG, et al.*, C.A. No. 2:03-455
*Mary Emmons v. Bayer AG, et al.*, C.A. No. 2:03-456
*Mary King v. Bayer AG, et al.*, C.A. No. 2:03-457
*Iva Rigby v. Bayer AG, et al.*, C.A. No. 3:03-1038
*Ruby Washington v. Bayer AG, et al.*, C.A. No. 3:03-1039
*John Moore v. Bayer AG, et al.*, C.A. No. 3:03-1040
*Bernice Scott v. Bayer AG, et al.*, C.A. No. 3:03-1041
*Ada Boone v. Bayer AG, et al.*, C.A. No. 3:03-1042
*Shirley Brown v. Bayer AG, et al.*, C.A. No. 3:03-1043
*Johnnie Logan v. Bayer AG, et al.*, C.A. No. 3:03-1056
*Sally Herrington v. Bayer AG, et al.*, C.A. No. 3:03-1067
*Dennis Harrell v. Bayer AG, et al.*, C.A. No. 3:03-1068
*Sular Jones v. Bayer AG, et al.*, C.A. No. 4:03-337
*Willie Harris v. Bayer AG, et al.*, C.A. No. 5:03-446

## Southern District of New York

*Robert Jones, et al. v. Bayer AG, et al.*, C.A. No. 7:03-2522