E-SERVED 02/18/04 04:36 PM ET Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | ) | MDL No. 1431 (MJD/JGL) |
| This Document Relates To: | ) | |
| All Actions | ) | |

**RESPONSE BY PSC ON THE ISSUE OF JURISDICTION OVER MEDICARE CLAIMS FOR REIMBURSEMENT**

This issue has an increasingly tortured history. The question of Medicare liens has been discussed before the Court for many months. Litigation on the issue first arose when Pennsylvania state Plaintiffs counsel filed a motion before the state court in Pennsylvania. The PSC then brought a similar motion before this Court. This Court Ordered the United States to show cause why the PSC request should not be granted; a briefing schedule on jurisdiction was entered. Thereafter Congress amended the Medicare Secondary Payor Act in a way that changed the tenor of some of the legal arguments before the Court. The *Medalie* case was transferred to the Court as a direct action on behalf of the Untied States, and the PSC brought a motion to join the United States as a party plaintiff in all lawsuits. Bayer then weighed in on the issue with its memorandum. The United States filed a letter reply merely asserting sovereign immunity and claiming it cannot be joined in this action as a party Plaintiff, although the United States does not differentiate between joinder as a plaintiff versus joinder as a defendant. This memorandum addresses the assertions of both Bayer and the United States.

The briefing on this issue by both Bayer and the United States misses several fundamental points: a) the United States Government has the right, under either the Medicare Secondary Payor

E-SERVED
02/18/04
04:36 PM ET
Baycol MDL 1431

Act, as amended (42 USC §1395y)[1] or the Medical Care Recovery Act, (42 USC §2651) to sue Bayer directly for any and all money which, the U.S. claims, is owed to it resulting from Baycol related injuries; and b) Plaintiffs have a duty, according to the United States, to repay the United States Medicare program from proceeds of any settlement received on account of Baycol. If the United States is a **Plaintiff**, then it is not being sued as a Defendant, and the issue of sovereign immunity does not arise.[2] If the United States is a **Plaintiff**, and its claims are adjudicated because the United States has sued Bayer, the individual plaintiff/Medicare beneficiary has no issue with the United States' claim for recovery of benefits. If the United States sues Bayer directly, the individual Plaintiff has no reduction from his or her claim, so has no reason to invoke any administrative procedure behind which the United States is trying to hide. If the United States sues Bayer directly, Bayer has no reason to protect itself in any settlement with any individual Plaintiff, because any issues that Bayer has with the United States will be adjudicated in the direct litigation. Thus, there is no reason for Bayer to "protect itself" in a release with any individual Plaintiff.

Bayer rests on a slim reed when suggesting the PSC motion fails because the PSC fails to specify to which "case" Medicare should be a party. There is no doubt that Medicare cannot be made a party to the MDL proceeding, because that proceeding is a consolidation of individual cases. Rather, Medicare should be made a party to each and every individual lawsuit coordinated and

---

[1]It appears that Footnote 2 of Bayer's brief is now moot in light of the amendments to MSP recently passed by Congress

[2]Although the Court denied the request on other grounds, the District Court in *Hicks v. Intercontinental Acceptance Corp.*, 154 FRD 134 (ED NC, 1994) suggested that sovereign immunity does not apply in seeking to join the US as a party **plaintiff**. See also *Caprio v. Wilson*, 513 F.2d 837 (9th Cir. 1975)("the authorization in Rule 19(a) to join a party as an involuntary plaintiff may be invoked only when the party sought to be joined has a duty to allow plaintiff to use his name in the action.")(such a duty exists here as expressed in the *Medalie* action, and as required by the various Medicare repayment acts)

E-SERVED
02/18/04
04:36 PM ET
Baycol MDL 1431

consolidated before this Court–where Medicare has paid any Baycol related medical expenses. For the purposes of this motion, the Court should make Medicare a party to every lawsuit in the MDL unless and until one of the parties demonstrates that Medicare has no interest in that lawsuit–or until Bayer and Medicare reach a global resolution of the Medicare issues.[3]

At the end of the day, the purpose of both the PSC motion and the *Medalie* action is to force Bayer and Medicare to talk to each other, while leaving the individual plaintiff claims alone. Although Bayer contends that such a requirement makes matters more complicated, such a result really makes matters more simple. Bayer can settle cases with individual plaintiffs, without the lengthy nightmare of trying to engage Medicare in a case by case evaluation of its lien rights. And Bayer can also settle claims with the United States and protect its own interests from further claims by the United States later in time. Reaching such a resolution seems so eminently reasonable and simple. The PSC urges the Court to adopt this resolution.

Respectfully submitted,

Dated: February 18, 2004

ZIMMERMAN REED, P.L.L.P.

/s/ Original Signature on File

Charles S. Zimmerman, #120054
Ronald S. Goldser, #35932
Robert R. Hopper, #208760
651 Nicollet Mall, Suite 500
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

---

[3]Bayer is attempting to reach global resolution with all non-governmental medical care benefits payers (so-called third party payers). There is no reason why Bayer cannot similarly reach agreement with Medicare, except that, to date, Bayer has professed it is "too busy" to do so.

E-SERVED
02/18/04
04:36 PM ET
Baycol MDL 1431

LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
Richard A. Lockridge, #64117
Hugh V. Plunkett, #87282
Robert K. Shelquist, #21310X
Yvonne M. Flaherty, #267600
100 Washington Avenue South, Ste. 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

***Co-Lead Counsel for Plaintiffs***

***Plaintiffs' Steering Committee***

Don Barrett
Barrett Law Office, PA
404 Court Square North
P.O. Box 987
Lexington, MS 39095

Daniel E. Becnel
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh St., P.O. Drawer H
Reserve, LA 70084

Turner W. Branch
Branch Law Firm
2025 Rio Grande Blvd. N.W.
Albuquerque, NM 87104

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
30th Floor, 275 Battery St.
San Francisco, CA 94111-3339

Stanley M. Chesley
Waite, Schneider, Bayless & Chesley Co., LPA
1513 Fourth and Vine Tower
One West Fourth Street
Cincinnati, OH 45202

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.
1226 Euclid Avenue
Suite 900
Cleveland, OH 44115-1891

James R. Dugan
Gauthier, Downing, LaBarre, Beiser & Dean
3500 North Hullen Street
Metairie, LA 70002

Frederic S. Fox
Kaplan Fox & Kilsheimer LLP
805 3rd Avenue, 22nd Floor
New York, NY 10022

Paul J. Geller
Cauley Geller Bowman & Coates, LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431

Don Hildre
Dougherty, Hildre, Dudek & Haklar
2550 Fifth Ave., Suite 600
San Diego, CA 92103-5624

Will Kemp
Harrison, Kemp & Jones
3800 Howard Hughes Pkwy, 17th Floor
Las Vegas, NV 89109

E-SERVED
02/18/04
04:36 PM ET
Baycol MDL 1431

Dianne M. Nast
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601

W. James Singleton
Singleton Law Firm
4050 Linwood Ave.
Shreveport, LA 71108

Kenneth B. Moll
Kenneth B. Moll & Associates, Ltd.
Three First National Plaza, 54th Floor
Chicago, IL 60602

William M. Audet
Alexander, Hawes & Audet, LLP
300 Montgomery St.
Suite 400
San Francisco, CA 94104

Ted B. Lyon, Jr.
Teb B. Lyon & Associates, P.C.
Town East Tower, Suite 525
18061 LBJ Freeway
Mesquite, TX 75150

Dale I. Larson
Larson King
2800 World Trade Center
30 East Seventh Street
St. Paul, MN 55101

Mark Robinson
Robinson, Calcagnie & Robinson
620 Newport Center Dr., Seventh Floor
Newport Beach, CA 92660

Ron Meshbesher
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404