E-SERVED
02/19/04
05:38 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **IN RE BAYCOL PRODUCTS LITIGATION** | : | **MDL NO. 1431 (MJD / JGL)** |
| **This Document Relates to:** | : | |
| ***ALL CASES*** | : | |

**SUPPLEMENT TO**
**PLAINTIFFS' OBJECTION TO PROPOSED PTO NO. 102**

PTO No. 102 is unfair to Plaintiffs. It is unfair to draw a distinction among Baycol users based upon their discontinuation of Baycol prior to August 8, 2001 as opposed to after August 8, 2001.

Claimants who cannot prove discontinuation of use of Baycol prior to August 8, 2001 are required not only to provide proof of prescription and medical records, but also an "expert report" indicating Baycol as the cause of their injury. In Mississippi, as elsewhere in the United States, the issue of "tort reform" has permeated society – particularly the medical society. There is no reasonable probability that any Baycol claimant could obtain the "expert report" as required by PTO 102. Attached hereto as "Exhibit A" is a letter (redacted for confidentiality) received by a client of this law firm. The letter is addressed to our client by the client's physician. The letter vividly exemplifies the divide now evident between physician and patient. The letter fundamentally advises the patient that the patient's involvement in civil litigation pertaining to a prescription drug prevents the physician from serving the patient. This is outrageous conduct on the part of the physician who was not defendant in the case. However, "Exhibit A" is indicative of the atmosphere that prevails in Mississippi. This correspondence demonstrates the hostility that our clients' physicians have toward our clients, and the litigation process; and thus our clients' pursuit of their civil rights. We, and our clients experience hostility from physicians and medical providers in almost every case. We, and our clients seldom have the benefit of cooperation from the clients'

E-SERVED
02/19/04
05:38 PM ET
Baycol MDL 1431

physician. Therefore the order sets forth an unreasonable and insurmountable burden upon the plaintiff.

The below listing are just some of the claimants who will be unfairly prejudiced by PTO 102, since they cannot prove discontinuation of Baycol prior to August 8, 2001:

- Billy Temple; MDL No. 02-3012

    Medical records indicate muscle injury but cannot prove discontinuation prior to August 8, 2001

- Frank Lockett; MDL No. 03-3440

    Medical records indicate muscle injury but cannot prove discontinuation prior to August 8, 2001

- Maxie Boutwell; MDL No. 03-3440

    Medical records indicate muscle injury but cannot prove discontinuation prior to August 8, 2001

- Randy Brown; MDL No. 03-3440

    Medical records indicate muscle injury but cannot prove discontinuation prior to August 8, 2001

For the reasons set forth above, the Plaintiffs hereby supplement their Objection to PTO 102 and request that the Court refrain from entering PTO No. 102 or that it be modified to eliminate the unfair and prejudicial effects for plaintiffs.

Respectfully Submitted,

INGRAM & ASSOCIATES, PLLC
Carroll H. Ingram,
Attorney for Plaintiffs

**INGRAM & ASSOCIATES, PLLC**
**P O Box 15039**
**Hattiesburg MS 39404**
**Ph: 601 261 1385**
**Fx: 601 261 1393**

E-SERVED
02/19/04
05:38 PM ET
Baycol MDL 1431

[redacted] M.D.
[redacted] M.D.
[redacted] M.D.

INTERNAL MEDICINE ASSOCIATES OF [redacted]
[redacted]
PHYSICIAN'S PLAZA
[redacted]

PHONE [redacted]
FAX [redacted]

EXHIBIT A

January 27, 2004

[redacted]

Dear [redacted]

I was distressed to see a letter requesting a copy of your medical records for the Ingram and Associates law firm. They are apparently a defense firm representing a pharmaceutical company you are currently suing over alleged harm from a product. I know of no untoward event causing you permanent harm from any such product and I fail to recognize any justification to receive a payment from any company as apparently suggested to you by your attorney.

It is precisely this problem which is a major contributor to the rising cost of health care for the citizens of Mississippi. Furthermore, this is helping to drive away physicians and unless the citizens of Mississippi take a stand on this matter, it will be increasingly difficult to get any physicians to come to this state.

Your attorney already has your medical records, which was sent several years ago prior to our current health care crisis. If you intend to continue in this lawsuit, it will not be possible for me to serve as your local physician. Please let me know your intentions on this matter. I will be happy to forward your medical records to any new physician you would choose.

I have enjoyed an excellent working relationship with you and other members of your family and I hope you will not let this issue, about which I feel strongly, interfere with our own relationship.

Sincerely,

[redacted], M.D.
[redacted]