E-SERVED
02/19/04
02:35 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **In Re: BAYCOL PRODUCTS LIABILITY LITIGATION** | : | **MDL No. 1431 (MJD/JGL)** |
| | : | |
| **This Document Relates to All Actions** | : | |

**PLAINTIFFS' OBJECTION TO PTO NO. 102**

Beasley, Allen, Crow, Methvin, Portis and Miles, P.C. submits their Objection to Pretrial Order 102 ("Narrowing Protocol") in its present form and states as follows:

**Introduction**

While we understand the court's desire to limit the number of Baycol claims before it, the Narrowing Protocol as written precludes legitimate claims from coming before the court and is improper for several reasons: (1) it imposes an evidentiary standard inappropriate at this stage; (2) it usurps from the jury the determination of injury and amount of pain or weakness allegedly suffered by claimants; (3) it excludes any recognized injuries caused by Baycol; (4) a requirement that expert reports and medical records be submitted may not be necessary given the nature of the claimants' claims; (5) it shields defendant from liability by claimants who do not have medical records contemporaneous with their suffering of muscle pain or weakness; and (6) it imposes overly aggressive time constraints on submitting expert reports.

**Argument**

1. The Narrowing Protocol constitutes the creation of an evidentiary standard that is inappropriate at this stage. Under the Narrowing Protocol, claimants must either provide a medical record of the sudden onset of severe muscle pain within the time period that he or she took Baycol, or provide a case specific expert report substantiating

E-SERVED 02/19/04 02:35 PM ET Baycol MDL 1431

his or her alleged injury. That burden in essence requires claimants to make evidentiary showings sufficient to overcome motions for summary judgment (which have not been made by the defendant), which is unwarranted at this early stage of the litigation. The claimants filed their claims and need only comply with the liberal pleading rules to withstand motions to dismiss. They should not be subjected to any heightened pleading requirements or summary judgment standards.

2. It is unclear under the Narrowing Protocol exactly what would be required for claimants to make a sufficient showing of injury. The suggested standard requires a showing of complaints of "severe muscle pain," but the Protocol fails to identify how such complaints will be quantified – and indeed they cannot be, because that is for a jury to determine as a question of fact.

3. The Narrowing Protocol will preclude legitimate claims based on injuries other than "severe muscle pain." Claimants have injuries other than "severe muscle pain" are associated with the use of Baycol: for instance, in addition to muscle pain, Baycol is known to cause muscle weakness, elevated liver enzymes indicating liver damage, elevated CK/CPK readings indicating muscle injury, memory loss, among others. Therefore legitimate claims can be premised on complaints of harm other than "severe muscle pain." Accordingly, any narrowing protocol should not ignore such complaints merely because they do not contain allegations of "severe muscle pain."

4. The Narrowing Protocol's requirement of expert reports and medical records is unsupported. This Court will apply the law of the states where the plaintiffs reside. Expert reports and medical records are not required under the law of their home state. *See Marcus v. Lindsey*, 592 So. 2d 1045, 1048 (Ala. 1992) (upholding jury verdict

E-SERVED
02/19/04
02:35 PM ET
Baycol MDL 1431

in favor of plaintiff where plaintiff testified about nature of his injuries, stating that "[a] plaintiff can testify to what his injuries are, so long as his testimony is based on facts. . . . A plaintiff in a personal injury action may testify to physical pain suffered from, and as a result of, his injuries."); *Recard v. Trinity Universal Ins. Co.*, 503 So. 2d 519, 528 (La. App. 1987) (affirming trial court's verdict in favor of plaintiff, noting that "the lay testimony indicates that [plaintiff] continued to suffer pain in his neck and shoulder for the next three or four months [after accident]"); *Nunnery v. Watkins*, 1985 WL 3856 (Tenn. App. Nov. 27, 1985) (holding that evidence of plaintiff's injury was sufficient based solely on lay witness testimony about observations of the injury, stating that such testimony "did not invade the province of the expert, but was simply factual evidence within the observation of ordinary lay witnesses which the jury was entitled to weigh and consider as it saw fit"); *Dennis v. Prisock*, 221 So. 2d 706, 710-11 (Miss. 1969) (where plaintiff testified in automobile accident case that her back was not injured in other accidents suffered by her, holding that defendant's assertion that only medical doctor should have been able to give that evidence was incorrect: "A nonprofessional witness may describe personal injuries. Physical pain, weakness, exhaustion and the like are matters one may testify about."); *see also Capelouto v. Kaiser Foundation Hosp.*, 103 Cal. Rptr. 856, 895 (Cal. 1972) (in negligence action for salmonella infection, stating: "The absence of medical testimony cannot of itself serve to foreclose recovery for pain and suffering; expert testimony is not a prerequisite to the framing of a question for the jury on this issue."); Am. Jur. 2d (2003), Expert and Opinion Evidence, § 197 ("An injured party, not a medical expert, may testify to physical pain suffered from, and as a result of, his injuries."). Assuming that claimants in this case proffer to the jury evidence

E-SERVED 02/19/04 02:35 PM ET Baycol MDL 1431

that Baycol can cause muscle pain or weakness, the jury will be able to determine the viability of the claimants' claims of muscle pain or weakness. If a claimant testifies to muscle pain or weakness that he or she experienced contemporaneously with the use of Baycol, and which he or she did not experience previously, the claimant should be able to present his or her claim without an expert witness or medical reports.

Each case will be factually different from an injury standpoint as this Court recognized in its order denying class certification. A blanket narrowing protocol cannot be spread over all plaintiffs when their injuries and laws of their states do not require the standards. "Causation is the overarching issue, as Defendants do not dispute that Baycol can cause an injury, rather they argue that injury can only be determined on an individual basis." *In re: Baycol Product Liability Litigation, MDL No. 1431, Pretrial Order No.* 94 at 14. The elements of causation are determined by each claimant's state law. "In the present case, as the injury occurred in the state of plaintiff's residence, the substantive law of the state of plaintiff's residence should be applied to their claims." *Id.* at. 17.

5. Even if expert reports are required, any requirement that claimants provide contemporaneous medical records from when they allegedly experienced muscle pain or weakness is inappropriate. Such a requirement would preclude from recovery any claimant who suffered muscle pain or weakness from Baycol but did not seek medical treatment for such pain or weakness at that time. If any evidentiary showing is required at this stage (which it should not be), an expert report should be satisfactory. The defendant asserts that contemporaneous medical records are necessary to prevent claims by claimants who merely saw lawyer advertisements and made up claims. That assertion is a red herring. The veracity of a claimant's claim is an issue for cross-examination of a

E-SERVED
02/19/04
02:35 PM ET
Baycol MDL 1431

claimant. The defendant should not be able to use the inability of a claimant to submit a contemporaneous medical record as a shield to liability. There is no jury instruction in existence that tells the jury that if a claimant does not submit a contemporaneous medical record evidencing the alleged injury that the jury must find in favor of the defendant. The Narrowing Protocol should not create such an arbitrary standard.

6. The Narrowing Protocol contains time constraints that are unreasonably aggressive. If a narrowing protocol is adopted by the court, the deadlines should be reasonable to allow the many claimants time to comply with the demands of the protocol.

Respectfully submitted this the 19th day of February, 2003.

"Original Signature on File with Filing Attorney"

____________________________

E. Frank Woodson
Melissa A. Prickett

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103
(334)269-2343

**CERTIFICATE OF SERVICE**

I, Melissa A. Prickett, certify that a true and correct copy of the foregoing Objection to PTO No. 102 was electronically served to all counsel of record via Verilaw on February 19, 2003.

"Original Signature on File with Filing Attorney"

____________________________

Melissa A. Prickett