E-SERVED 02/23/04 03:10 PM ET Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

In re: BAYCOL PRODUCTS LITIGATION — MDL No. 1431 (MJD/JGL)

This Document Relates to:

ALL CASES

---

**PSC'S RESPONSE TO BAYER CORPORATION'S MOTION TO QUASH ATTORNEY'S LIEN**

**INTRODUCTION**

After spending years "educating" this Court that Baycol was safe, effective, and that the vast majority of cases are worthless, Defendant Bayer Corporation ("Bayer") changes its tune and is partially settling an untold number of claims presently pending before this Court through a settlement with third party payers ("TPP"). Bayer's memorandum describes the TPP settlement as a "benefit" to these claimants while simultaneously ignoring that the "benefitted" claims are currently before this Court and assessable. Contrary to Bayer's contentions, and at a minimum,[1] the interests of the TPPs are so inextricably intertwined with the interests of those plaintiffs participating in the present litigation or represented by counsel subject to the six percent assessment, that this Court clearly has jurisdiction over the TPP's settlements and is justified in taxing those settlements with the PSC's six percent assessment. The attorney lien statute justly

[1]The PSC's position regarding its right to an assessment on all TPP settlements has been fully briefed and argued before this Court. PSC's arguments in response to Bayer's motion regarding concrete interests before this Court is not to be deemed a waiver of the PSC's argument that its work product led to the TPP settlements and that those settlements are fully assessable.

E-SERVED 02/23/04 03:10 PM ET Baycol MDL 1431

applies in the present dispute and rightly attaches to an interest belonging to certain plaintiffs and claimants. If Bayer and the TPPs are allowed to evade payment of the six percent assessment, the TPPs will reap an unjust enrichment at the expense of the PSC and plaintiffs' individual counsel.

**ARGUMENT**

**A. PLAINTIFFS' INTERESTS INCLUDE CLAIMS BY UNDERLYING THIRD PARTY PAYER HEALTH INSURERS AND HEALTH BENEFIT PLANS.**

Bayer's attempt to portray the interests of the settling TPPs as separate "cases," not justifiably assessable by this Court, misconstrues the true nature of the recoveries sought by the TPPs. According to Bayer, the recovery interests of the TPPs are not presently before this Court because the TPPs (except two) have not filed a case. Hence, Bayer argues, no jurisdiction exists to assess fees and costs against parties whose cases have not been transferred pursuant to § 1407. *See* PTO 106 at 3 (internal citations omitted). However, all the interests of thousands of plaintiffs and claimants are presently before this Court.

Virtually every case before this Court alleges, in part, an economic injury. Plaintiffs continued to vigorously prosecute these economic claims even after a motion for a national class action was denied. Under Minnesota law these claims include any type of lien or subrogation interest that a TPP may be able to re-claim.[2] *See Johnson v. Blue Cross & Blue Shield of Minnesota*, 329 N.W.2d 49, 53 (Minn. 1983) (*citing Keene v. Stattman*, 256 N.W.2d 295 (Minn. 1977)) (the claimant's cause of action included a claim for unpaid medical expenses and the claimant's attorney had a lien for his services on the entire cause of action including the hospital expenses)). Bayer never explains how claimants before this Court have not been benefitted by any

---

[2]Bayer's argument also conveniently ignores that statutes in some states and the common law in others require that a claimant be made whole before a subrogated interest can be claimed.

E-SERVED
02/23/04
03:10 PM ET
Baycol MDL 1431

of the work of their individual attorneys and by the work of the PSC as a whole. The interdependence of interests between the TPPs and the individual plaintiffs cannot be disaggregated for the sake of convenience if the TPPs decide to ignore this Court's jurisdiction over claims that have been pending for, in the majority of cases, years.

Bayer itself acknowledges that settlements with TPPs affect the interests of certain plaintiffs in the present litigation.[3] By entering into settlements with various TPPs, Bayer has settled out a portion of certain plaintiffs' interests. Not only has Bayer "released defendants from any claims the TPPs had [but has also], to a large extent, released [certain] plaintiffs from any obligations to reimburse their health care plans." *See* Defendant's Brief at 3 at ¶ 1.[4] The dispute presently before this Court does not involve separate and distinct interests of different parties and separate cases, but involves the single bundle of interests which belong to each individual plaintiff or claimant represented herein.

At its base, Bayer's argument is disingenuous. Bayer cannot claim, on one hand, that the TPPs' interests are separate and apart from the plaintiffs' interests such that the six percent assessment does not apply, and then, on the other hand, assert that by settling with these TPPs, defendants have released plaintiffs from reimbursement obligations. By negotiating settlements for part of plaintiffs' interests, Bayer can not now contend that those interests are not inextricably linked to the interests presently being litigated before this Court. Not all the settling TPPs

---

[3]Bayer's comment that the lien at issue "has an indirect adverse impact on settlement" of individual claims is not grounded in fact. As Bayer knows, the settlement agreements to date have all addressed and resolved issues that may be present as a result of TPP or Medicare liens.

[4]Bayer's recognition of economic damages in the TPP settlement is at odds with its brief opposing mediation, also currently pending before this Court, which argues that all of the claims ordered to mediation have no value.

E-SERVED 02/23/04 03:10 PM ET Baycol MDL 1431

recovery claims relate to plaintiffs in the present litigation or to claimants represented by counsel before this Court. But for those TPPs recovery claims that are impacted, such claims are rightfully subject to the six percent assessment prescribed by this Court's PTO 106.

**B. THE ATTORNEY LIEN STATUTE APTLY APPLIES TO INTERESTS OF PLAINTIFFS IN THE PRESENT DISPUTE.**

The PSC, along with individual attorneys, represents the interests of each plaintiff in these proceedings. The Minnesota attorney's lien statute states that the lien attaches to each cause of action and to the plaintiffs' interests "*in any money or property involved in or affected by any action . . . and as against third parties . . . .*" Minn. Stat. § 481.13(1) (emphasis added). The attorney lien statute does not create an agreement to pay attorney fees, but, rather, it imposes a lien to protect the attorney who already has an agreement "whether the agreement therefor be expressed or implied." *Id.*; see also *Johnson*, 329 N.W.2d at 53.

Bayer, conveniently ignoring that the MDL assessment attaches to both the claim and the attorneys representing claimants before this Court, contends that no attorney client agreement exists between the TPPs and the PSC. However, "an agreement to pay fees need not be express; its existence can be inferred from the conduct of the parties (implied-in-fact agreement), or it can be implied-in-law when the equities of the situation result in unjust enrichment." *Williams v. Dow Chemical Co.*, 415 N.W.2d at 24 (citing *Johnson*, 329 N.W.2d at 51). "Implied-in-law contracts are not of course, contracts at all; they are obligations created by law for reasons of justice." *Johnson*, 329 N.W.2d at 52 (quoting *McArdle v. Williams*, 193 Minn. 433, 438, 258 N.W. 818, 829 (1935)) (internal quotations omitted). The question is whether in equity or fairness, the TPPs should share their recovery with the attorneys whose underlying litigation made the TPP recovery possible. *See Johnson*, 329 N.W.2d at 52.

E-SERVED 02/23/04 03:10 PM ET Baycol MDL 1431

Unlike the health care provider in *Johnson* where, due to the workers' compensation proceeding the court found that the health care provider held a statutory right to reimbursement without any contribution toward attorney's fees, the recovery of the TPPs in the present matter is not barred. The TPPs' recovery is a direct benefit resulting from the ongoing efforts of the PSC in the present litigation.

The TPPs are not the primary claimant, but rather a subrogated claimant. *See Robertson v. Johnson*, 200 N.W.2d 316, 319 (Minn. 1972) (requiring county welfare board – liable for medial costs of injured person – to pay pro rata share of attorney's fees incurred in obtaining judgment). Like the county welfare board in *Robertson*, the TPPs similarly seek to recover their costs expended on behalf of certain plaintiffs, without sharing any expenses necessarily incurred by the injured plaintiffs and their counsel or PSC in prosecuting the present action and preparing work product for the benefit of many claimants, plaintiffs, and their counsel. *See id.* The *Robertson* court's decision assigning a pro rata share of attorney's fees to the county welfare board was premised on both the attorney's lien statute and "upon equitable principles that the county should not appropriate without cost the fruits of the attorney's efforts." *Id.* So it is here.

Equity and justice requires that the TPPs share in the cost of recovering the settlement benefit they have derived. *See Johnson*, 329 N.W.2d at 53 (citing *Keene v. Stattmann*, 256 N.W.2d 295 (Minn. 1977). It is the PSC's belief that the TPPs have not conducted any discovery or otherwise participated in the prosecution of any case pending before this or any other federal court. By assessing the TPPs' recovery, the TPPs are not reaping the fruits of the PSC's and individual attorneys' labors without contributing toward their cost.

Bayer's reliance on several cases it points out as being particularly illustrative is misplaced. Unlike *In re Showa Denko K.K L.-Tryptophan Products Liability Litigation–II*, 953 F.2d

E-SERVED 02/23/04 03:10 PM ET Baycol MDL 1431

162 (4th Cir. 1992), this Court has thousands of "cases and controversies" before it which are being settled, in part, by the TPP settlement agreement. Bayer also relies heavily on *Williamson v. Dow Chemical Co.*, 415 N.W.2d 20 (Minn. Ct. App. 1987), stating that no unjust enrichment or unfairness occurred in denying a co-plaintiff's attorney fees and costs for services. *See* Defendant's Brief at 8. But Bayer fails to acknowledge that the facts in *Williamson* are inapposite to the present situation. The *Williamson* court determined that the attorney lien was not enforceable against the third party because the client had assigned his liened interests to the third party prior to retaining the attorney. *Id.* at 27. Here, there has been no assignment, prior or otherwise.

Consistent with Bayer's contentions, third party recovery constitutes an interest of certain plaintiffs and claimants in this litigation. Where a third party derives a benefit from the underlying litigation without meaningfully contributing to its costs, such third parties are required to contribute on at least a pro rata basis toward attorney's fees incurred by the claimant bring the action. *See Robertson v. Johnson*, 200 N.W.2d 316, 319 (Minn. 1972); *Keene v. Stattman*, 256 N.W.2d 295, 297-98 (Minn. 1977).

**CONCLUSION**

For the foregoing reasons, the PSC respectfully requests that Bayer's motion to quash the PSC's attorney lien be denied in its entirety.

E-SERVED
02/23/04
03:10 PM ET
Baycol MDL 1431

Dated: February 23, 2004

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: /s/ Signature on File

-

Richard A. Lockridge, #64117
Hugh V. Plunkett, #87282
Robert K. Shelquist, #21310X
Yvonne M. Flaherty, #267600
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
Tel: (612) 339-6900
Fax: (612) 339-0981

ZIMMERMAN REED, P.L.L.P.
Charles S. Zimmerman, #120054
Ronald S. Goldser, #35932
901 North Third Street
Suite 100
Minneapolis, Minnesota 55401
(612) 341-0400
***Co-Lead Counsel for Plaintiffs***

***Plaintiffs' Executive Committee***

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
30th Floor, 275 Battery St.
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Stanley M. Chesley
Waite, Schneider, Bayless & Chesley Co.
1513 Fourth and Vine Tower
One West Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-0267

E-SERVED
02/23/04
03:10 PM ET
Baycol MDL 1431

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.
1226 Euclid Avenue
Suite 900
Cleveland, OH 44115-1891
Telephone: (216) 621-8484

Dianne M. Nast
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000

Kenneth B. Moll
Kenneth B. Moll & Associates, Ltd.
Three First National Plaza, 54th Floor
Chicago, IL 60602
Telephone: (312) 558-6444