E-SERVED
02/23/04
05:50 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: BAYCOL PRODUCTS LITIGATION<br><br>This Document Relates To:<br><br>All Actions | )<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 1431<br>(MJD/JGL) |

**THE PARTIES' STATUS REPORT AND PROPOSED AGENDA**

**February 24, 2004**

The parties herewith submit the following Joint Status Report and Agenda for the hearing on February 24, 2004.

**I. Pending Cases**

A. As of close of business on February 17, 2004, defendants have been served with 9,691 cases that remain active. Of that total, 6,219 cases are pending in federal court and 3,470 cases are pending in state court. At last count, the number of claimants excluding spouses exceeds 22,000 individuals; the exact number is not known. Filed but unserved cases are not included in these totals. The totals also exclude 657 cases in which dismissal is pending.

B. As of the last status conference in January, 2004, defendants had been served with 9,943 cases that were active. Of that total, 6,225 cases were pending in federal court and 3,718 cases were pending in state court. Filed but unserved cases were not included in these totals. The totals also excluded 551 cases in which dismissal was pending.

C. An updated list of plaintiffs' counsel in pending cases has been provided to the PSC.

E-SERVED
02/23/04
05:50 PM ET
Baycol MDL 1431

**II. Settlement**

A. To date, Defendants have settled 2,179 cases with a total value of $826,799,707. Of this total, 596 cases have been determined to be subject to the MDL assessment, with a total value of $211,707,847.

B. As of the January status conference, Defendants had settled 2,059 cases with a total value of $782,056,734. Of this total, 484 cases had been determined to be subject to the MDL assessment, with a total settlement value of $175,403,033.

C. Approximately 95 cases have been submitted to the MDL mediation process. The parties have provided the Court with letters regarding certain cases referred to mediation that have not settled. The PSC would like to discuss adjusting the mediation process to achieve greater value to the parties. Defendants have not received any proposal from the PSC.

D. In addition to the mediation program, the PSC is continuing to negotiate cases directly with Bayer.

E. Mediators' Report: Special Master Lew Remele.

**III. Discovery**

A. Document production by Bayer Corporation, Bayer AG, and GSK continues. On February 23, Bayer suggested to plaintiffs that document production be brought to a conclusion. Plaintiffs have not yet had an opportunity to respond. In addition, a problem with the quality of certain produced documents was brought to Bayer's attention. Bayer is responding to correct this problem. On February 20, Bayer produced 32 new CDs of documents. These CDs contained materials attributable to a number of individuals already deposed in Europe by the PSC (e.g. Ebsworth, Mueck, Plischke, Von Keutz, Weidmann, Sprenger); these are new

E-SERVED
02/23/04
05:50 PM ET
Baycol MDL 1431

materials relevant to previously deposed, highly important individuals. The PSC is evaluating the documents and will communicate with Defendants.

B. Pursuant to PTO 99, defendants are reviewing documents previously marked as confidential to determine whether such documents should retain a confidentiality designation. Bayer expects to make its first production of dedesignated documents the week of February 23. The deadline for re-designation of documents is April 30, 2004. Production of such documents will be on a rolling basis.

C. Discovery is proceeding in cases being prepared under PTOs 89 and 96. The parties have provided the Court with reports on the status of the cases at issue in these PTOs. Plaintiffs have advised defendants that the last of the six Minnesota trial cases, *Pierce*, will not be presented to the Court as the first Minnesota case for trial. Discussions are in process with the plaintiff to ascertain this Plaintiff's desires concerning his case. The PSC will advise Defendants and the Court as soon as these discussions with Mr. Pierce are concluded. Weitz and Luxenberg and Defendants are negotiating stipulations to dismiss a number of cases in which Weitz and Luxenberg has declined to schedule depositions; this is the subject of a motion by defendants if counsel cannot agree (*see* below).

D. The PSC has received copies of settlements reached with third party payor insurance carriers. The PSC has advised Plaintiffs counsel they may be entitled to a refund or no further withholding as to the settling insurance companies.

E. Generic expert reports have been exchanged and many generic experts have been deposed. Plaintiffs have provided "supplemental" or "rebuttal" reports or documents for 5 of their experts either close to the time of their depositions or after they were deposed. The parties

E-SERVED
02/23/04
05:50 PM ET
Baycol MDL 1431

are conferring about additional deposition dates for these witnesses.

F. Defendants believe that the withdrawal of the *Pierce* case creates an opportunity for conclusion of all generic expert discovery in the MDL and would like to discuss with the Court and plaintiffs a schedule for completion of such discovery and for *Daubert* motions. The PSC believes that PTO 96 already establishes this schedule and should be followed.

G. Plaintiffs have recently convened a conference at which all of their experts made videotaped presentations of their expert reports. This conference was pursuant to the Court's direction to prepare a science and medicine tutorial for the Court. Defendants have requested a copy of those videotapes, as information on which plaintiffs' experts are relying. Plaintiffs have yet to respond.

**IV. Motions**

A. The following motions are fully briefed, have been submitted to the Court, and are ready for argument:

1. Defendants' Motion for Sanctions (Italian prosecutor matter)
2. Jurisdiction over Plaintiffs' Motion to Declare the Non-Existence of Medicare Liens
3. Defendants' Motion to Dismiss with Prejudice Certain Weitz cases (Weitz's position is that this motion is not ripe with respect to some plaintiffs. The parties are in discussions regarding this motion and will advise the Court of the status of those discussions on Tuesday.)
4. *Praytor v. Bayer Corp*, 02-453, motion for suggestion of remand of rhabdo case for trial

E-SERVED
02/23/04
05:50 PM ET
Baycol MDL 1431

(Judge Lebedoff will be mediating this case on February 24, at 9 am.)

B. Also fully briefed:

1. Plaintiffs' motion for an order governing dissemination of expert witnesses reports. (Defendants have filed a brief in response to the motion and proposed referral of the matter to the LAC. Neither plaintiffs nor defendants seek argument with respect to this matter.)

2. Motion for PSC to participate in third party payor settlement negotiations (This matter was argued in December and is under consideration by the Court. The PSC subsequently filed a Notice of Lien on Third Party Payer Settlements, which Defendants have moved to quash. On February 24, 2004, plaintiffs responded to the Motion to Quash. Defendants would like these issues resolved on an expedited basis, since they impact defendants' settlement obligations with respect to third parties.)

C. PTO 102 and *Lone Pine*.

Extensive objections have been filed to PTO 102; defendants have requested that their fully-briefed *Lone Pine* motion be argued at this status conference, since it provides an alternate approach to the narrowing issues addressed in PTO 102. Plaintiffs object to argument of *Lone Pine* at this time. The parties are scheduled to meet with Special Master Haydock on February 23 and will provide an update to the Court. The following motions have been held in abeyance pending narrowing discussions:

1. PSC Motion to Modify PTO 89 and Schedule Summary Jury Trials

2. PSC Motion to Extend the Stay of PTO 61

E-SERVED 02/23/04 05:50 PM ET Baycol MDL 1431

3. Defendants' Motion to Transfer

D. The following motion has been referred to Magistrate Judge Lebedoff:

Plaintiffs' Motion for Sanctions concerning Defendants' "detail-person" records (fully briefed)

**V. Trial Settings**

A. On February 22, plaintiffs advised defendants that the last of the original 6 Minnesota resident/Minnesota filed cases selected for possible trial, *Pierce*, would be withdrawn as the first case tried in the MDL. Consent of the client is still being obtained for final action on the matter.

B. The cases randomly selected by the Court under PTO 89 are in the deposition process. The parties have provided status reports to the Court.

C. A list of state court trial settings has been provided to the Court and the PSC.

D. The PSC has proposed an alternative plan for trial of cases under the auspices of the MDL Court. Defendants have not seen this plan.

**VI. Liaison Advisory Committee/Special Masters' Report**

Respectfully submitted,

| | | |
|---|---|---|
| Charles S. Zimmerman<br>Richard A. Lockridge | Philip Beck<br>Adam Hoeflich<br>Susan Weber<br>Gene Schaerr<br>Peter Sipkins | Fred Magaziner<br>Tracy Van Steenburgh |
| *Co-Lead Counsel for Plaintiffs* | *Counsel for Bayer* | *Counsel for GlaxoSmithKline* |

E-SERVED
02/23/04
05:50 PM ET
Baycol MDL 1431

**CERTIFICATE OF SERVICE**

I, Rebecca Ostlund, certify that a true and correct copy was electronically served to counsel of record via Verilaw on February 23, 2004.

/Original Signature on File/
Rebecca Ostlund