UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION — MDL No. 1431 (MJD/JGL)

This Document Relates to All Actions — PRETRIAL ORDER 111

---

Richard A. Lockridge, and Robert K. Shelquist, Lockridge Grindal Nauen, PLLP; and Charles Zimmerman, and Ronald S. Goldser, Zimmerman Reed, PLLP, for and on behalf of Plaintiffs.

Peter W. Sipkins, and Elizabeth S. Wright, Dorsey & Whitney LLP; Philip S. Beck and Adam L. Hoeflich, Barlit Beck Herman Palenchar & Scott; Susan A. Weber, Eugene A. Schoon, Steven J. Ellison, and John M. Rushing, Sidley Austin Brown & Wood; Gene C. Schaerr, Sidley Austin Brown & Wood; and Richard K. Dandrea, Eckert Seamens Cherin & Mellott LLC, for and on behalf of Bayer Corporation.

Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A., and Fred T. Magaziner, Dechert Price & Rhoads, for and on behalf of SmithKline Beecham Corporation d/b/a GlaxoSmithKline.

---

At the January 15, 2003 Status Conference, the Court informed the Parties that the Court, one of the Court's law clerks, and their respective spouses were putative class members in a class action. Two of the plaintiffs' law firms in that class action, Lockridge Grindal Nauen, PLLP and Zimmerman Reed, PLLP represent the Plaintiffs' Steering Committee in the instant case. The Court finds that the Court, its law clerk, and their spouses need not-opt out of the class action.

Canon 3C(1) of the Codes of Conduct for United States Judges provides, in pertinent part:



FILED FEB 25 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INTIALS

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> 1. (c) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;
>
> (d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person:
>
> * * *
>
> (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.[1]

## I. BACKGROUND

In December 2003, the Court, its law clerk, and their spouses received notices informing them that they were potential class members in a class action titled Schermer v. State Farm. The Schermer class action alleges that between August 1997 and 2003, State Farm Insurance Company surcharged certain policyholders with homes over forty years old an amount equal to six to ten percent of their homeowner's insurance premiums. The action seeks damages for the surcharges and interest.

The notices informed potential class members of their opportunity to be a part of the lawsuit, and gave them the opportunity to "opt-out" of the case and pursue their claims on their own. Any potential class members who do not-opt out are

[1]The Code of Conduct for United States Judges applies to United States Circuit Judges, District Judges, Court of International Trade Judges, Court of Federal Claims Judges, Bankruptcy Judges, and Magistrate Judges.

The Code can be found at www.uscourts.gov/guide/vol2/ch1.html#intro

automatically plaintiffs in the case, and are bound by the final decisions in the case. This was the first time the Court, its law clerk, or their spouses heard of this class action. Neither the Court, its law clerk, or their spouses are named plaintiffs in Schermer, none of them has ever met with plaintiffs' attorneys regarding Schermer, and none of them will meet with plaintiffs' attorneys or be involved in any decisions regarding the Schermer case.

## II. DISCUSSION

The Committee on Codes of Conduct is a body comprised of district and circuit court judges charged with, among other things, rendering confidential advisory opinions on the application of the Codes of Conduct for United States Judges. The Committee has concluded that there is no absolute requirement of recusal in cases in which the judge is represented in a class action by the same attorneys or firms that are appearing before the judge in a separate case. The Committee noted the following:

> [W]here the class action is a large one, in which the judge (or the judge's relatives) are not lead plaintiffs or named plaintiffs, have had no role in selecting the attorney for the class, have not had, and do not expect to have, personal contact with the attorney, and have no reasonable expectation of a substantial personal recovery, the case for recusal is not [] strong. In that setting, the Committee is of the view that the mere fact that the judge, or a relative of the judge, is represented as a class member by the same attorney or firm that is appearing before the judge does not give rise to a reasonable question as to the judge's impartiality and therefore does not require recusal under Canon 3C(1).

In re BAYCOL PRODUCTS LITIGATION MDL 1431 (MJD/JGL)

Advisory Opinion No. 99.[2]

The Schermer class is approximately 175,000 persons. The expected individual recovery is not substantial even when conceivably treble or punitive damages are factored in. Moreover, since the Court, its law clerk, and their spouses will not have any personal contact with, or control over, plaintiffs' attorneys in Schermer, the Court's impartiality in the instant case is not implicated by the Court, its law clerk, or their respective spouses remaining plaintiffs in Schermer.

Accordingly, **IT IS HEREBY ORDERED** that neither the Court, the Court's law clerk, nor their respective spouses must opt-out as class members in Schermer v. State Farm.

DATED: February 25, 2004

/s/ Michael J. Davis
MICHAEL J. DAVIS
United States District Court

[2] This opinion can be found at www.uscourts.gov/guide/vol2/99.html

In re BAYCOL PRODUCTS LITIGATION MDL 1431 (MJD/JGL)