**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**IN RE BAYCOL PRODUCTS LITIGATION**

MDL No. 1431 (MJD/JGL)

This document relates to
All Actions

**O R D E R**

APPEARANCES

Shawn M. Raiter, Esq., Charles S. Zimmerman, Esq., and Richard Lockridge, Esq. for Plaintiffs

Peter W. Sipkins, Esq. for Defendants

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiffs' Motion to Compel Compliance with the Court's Orders and for Sanctions for Violation of Court Order. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636, D. Minn. LR 72.1, and Pretrial Order 52.

In this motion, Plaintiffs ask the Court to compel the Bayer Defendants and the GlaxoSmithKline Defendants (collectively known as "Defendants") to comply with the Court's Supplemental Order for Preservation of Records ("Supplemental Order") issued on October 17, 2003. Moreover,

Plaintiffs ask the Court to impose sanctions that the Court deems appropriate because Defendants failed to comply with the Court's Supplemental Order.

On March 4, 2002 the Court issued Pretrial Order ("PTO") 6, "Order for Preservation of Records," which in relevant part provides as follows:

> 1. Preservation.
>
> (a) During the pendency of this litigation, and for 60 days after entry of a final order closing all cases, each of the parties herein and their respective officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from altering, interlining, destroying, or permitting the destruction of any "document" in the actual or constructive care, custody or control of such person, wherever such document is physically located.

(PTO 6 ¶ 1(a).)

Following PTO 6, the Court issued the Supplemental Order, which in relevant part provides as follows:

> It is ORDERED:
>
> 1. On March 4, 2002, this Court entered Pre-Trial Order 6, requiring Defendants to preserve documents, as defined in that Order.
>
> 2. In connection with that Order, each Defendant shall advise the Court and the parties of the extent of its document preservation of all detail sales records created in connection with Baycol. Defendants shall advise the Court and the parties concerning preservation of documents from both employee and non-employee detail sales representatives.

> 3. To the extent that any Defendant has not previously done so, each Defendant shall mail notice of Pre-Trial Order 6 to the last known address of all detail sales representatives, whether employee or non-employee, within 14 days of the date of this Order.

(Supplemental Order ¶¶ 1-3.)

The Court will first address the issue of whether Defendants have complied with the Court's Supplemental Order. The opposing parties interpret the word "non-employee" within the Supplemental Order differently and therefore have conflicting views of what the Supplemental Order requires. Plaintiffs interpret the word "non-employee" to require Defendants to mail notice of PTO 6 to all of its non-employee detail sales representatives, regardless of their employment status at the time PTO 6 was issued. Plaintiffs therefore contend that the Supplemental Order requires Defendants to notify individuals who were already former employees prior to the date PTO 6 was issued. Thus, Plaintiffs assert that Defendants have failed to comply with the Supplemental Order because Defendants have not mailed notice of PTO 6 to those non-employees.

Conversely, Defendants argue that they have complied with the Supplemental Order. Defendants interpret the word "non-employee" to mean that Defendants must notify persons who were employees when PTO 6 was issued but who have since left Defendants' employ. Hence, unlike Plaintiffs, Defendants do not interpret the Supplemental Order to require them to notify

individuals who were non-employees prior to the date PTO 6 was issued. Furthermore, Defendants assert that their interpretation of the word "non-employee" is correct because they do not have possession, custody, or control over documents held by former employees and therefore do not have a duty to preserve documents held by former employees. Thus, Defendants argue that they have complied with the Supplemental Order and that sanctions are unwarranted.

To the issue of possession, custody, or control, Plaintiffs respond that this issue is irrelevant in regard to whether Defendants have complied with the Supplemental Order. Plaintiffs highlight that the Supplemental Order merely requires Defendants to mail notice of PTO 6 to their former employees; the Supplemental Order does not require Defendants to produce documentation held by former employees.

Furthermore, Plaintiffs disagree with Defendants' assertion that they do not have possession, custody, or control of documents held by former employees. Plaintiffs assert that the Court has discretion to require corporations to produce documents that are in the possession of former employees. See In re Uranium Antitrust Litig., 480 F. Supp. 1138 (N.D. Ill. 1979); In re NASDAQ Mkt. Makers Antitrust Litig., 169 F.R.D. 493, 531 (S.D.N.Y. 1996). Plaintiffs have cited In re Folding Carton Antitrust Litigation, in which the court required defendant to seek documents from "former

employees who still receive compensation from [defendants] . . . ." 76 F.R.D. 420, 423 (N.D. Ill. 1977). On this basis, Plaintiffs contend that Defendants have failed to comply with the Supplemental Order because they have not mailed notification of PTO 6 to employees who are receiving economic benefits from Defendants. Moreover, Plaintiffs allege that Defendants maintain confidentiality and other document retention-related agreements with their former sales representatives, and that under such agreements, Defendants have both the right and ability to require former employees to turn over documents.

The Court's intent in issuing both PTO 6 and the Supplemental Order was to ensure that documentation relevant to the litigation would be preserved. Hence, Plaintiffs' interpretation of the Supplemental Order is correct. The Supplemental Order required Defendants to mail notification of PTO 6 to all of Defendants' non-employees, including those that existed prior to the issuance of PTO 6. There is no qualifying language in the Order from which Defendants could deduce their interpretation.

Furthermore, Defendants' argument regarding their ability to preserve documents outside of their possession, custody, or control is meritless. The Supplemental Order required Defendants to mail notification of PTO 6 to former employees. Merely mailing notice of PTO 6 to Defendants' former employees does not require Defendants to have possession, custody, or

control of the documents. The Court's intent was that Defendants mail notice of PTO 6 to their former employees in order to inform them that documents related to this litigation should be preserved.

The Court now turns to the question of whether sanctions should be imposed upon Defendants pursuant to Federal Rule of Civil Procedure 37 for failure to comply with the Supplemental Order. Plaintiffs have not requested a specific sanction to be imposed upon Defendants but have instead requested the Court to impose sanctions as it deems appropriate. The Court finds that sanctions under Rule 37 are not appropriate because Defendants did not "fail[ ] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Moreover, the Court finds that Defendants' misinterpretation of the Supplemental Order is not a circumstance in which it would be just to impose sanctions. See id.; see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982) ("Rule 37(b)(2) contains two standards – one general and one specific – that limit a district court's discretion. First, any sanction must be 'just' . . . .").

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Compliance with the Court's Supplemental Order for Preservation of Records (no Doc. No.) is **GRANTED**. Plaintiffs' request for sanctions is **DENIED**.

Dated: March 9, 2004

s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge