**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **IN RE BAYCOL PRODUCTS LIABILITY LITIGATION** | : | **MDL No. 1431 (MJD/JGL)** |
| **This Document Relates to All Actions** | : | **Pretrial Order No. 114** |

In order to promote the fair and efficient administration of this litigation and to comply with its continuing obligations as an MDL court, the Court has determined that it is necessary to: (a) supplement discovery procedures and deadlines for the parties, (b) identify, evaluate, and categorize the claims of those plaintiffs who have and those who do not have factually and legally sufficient support for their alleged claims and injuries or damages, (c) review available medical documents and submitted expert reports, (d) expand the pool of cases for potential trial in this MDL, (e) further develop an efficient and effective settlement and mediation program, and (f) prepare cases for the transfer back to transferor courts for trial.

PSC, Bayer, and GSK lawyers have met, conferred, and submitted proposed recommendations appearing as an Exhibit to PTO 102. Several plaintiff law firms and lawyers submitted objections and suggestions in response to PTO 102. Subsequently, PSC and plaintiff lawyers and Bayer and GSK lawyers met and conferred, again in consultation with Special Master Roger Haydock and also Special Master Lew Remele, and submitted revised recommendations.

Based upon these proceedings and the cases filed with this Court, IT IS HEREBY ORDERED:

I. **Plaintiffs' Supplemental Discovery Obligation:** In addition to each plaintiff's obligation to serve timely a completed Plaintiff's Fact Sheet ["PFS"], properly executed authorizations, and responsive documents, each plaintiff must comply with either Part I (A) or Part I (B) according to the deadlines in Part III.

A. Each plaintiff must serve a Rule 26(a)(2) case-specific report from a medical expert attesting that Baycol caused the plaintiff to suffer injuries or damages;

OR

B. Each plaintiff must serve a letter and supporting documents subsequently followed by a case-specific expert report:

(1) The letter and supporting documents must:

a. Identify and highlight the specific line and page in the prescription, sample or medical records documenting plaintiff's use of Baycol;
b. State the specific injuries or damages alleged by plaintiff;
c. Identify and highlight the specific line and page in the medical records documenting the claims, injuries, and damages; and
d. Include a copy of the relevant medical, sample, and prescription records.

The letter is to be signed by the plaintiff's counsel or by the pro se plaintiff, which signature constitutes a certification in accord with the provisions of Fed.R.Civ.P.11.

(2) No later than 120 days after submission of the letter and supporting documents, each plaintiff shall serve a Rule 26(a)(2) case-specific report from a medical expert attesting that Baycol caused the plaintiff to suffer injuries or damages.

C. The Rule 26(a)(2) case-specific expert report must include an explanation of the bases of the attestation that Baycol caused the plaintiff to suffer injuries or damages and a description of the specific injuries or damages suffered.

D. A case specific expert report may be supplemented by other expert reports, or additional expert reports may be submitted pursuant to ongoing discovery, pretrial, and trial preparation procedures and pretrial orders.

E. All case specific expert reports may be used for any purposes a Rule 26(a)(2) report may be used.

F. A plaintiff may bring a motion, prior to the applicable deadline, before this Court seeking relief from the provisions of Parts I (A) and I (B) if the plaintiff asserts that no applicable law requires a case-specific expert report attesting that Baycol caused the plaintiff to suffer injuries or damages, or that no supporting medical, sample or prescription records exist, or that no report or records are available.

II. **Service:** Consistent with ¶ 4 of PTO 12, each plaintiff's Supplemental Discovery Disclosure shall be served on defendants' counsel:

Susan A. Weber, Esq.
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, Illinois 60603

and

Fred T. Magaziner, Esq.
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Pennsylvania 19103

Each plaintiff shall, likewise, serve a copy of his or her Supplemental Discovery Disclosure upon Plaintiffs' Liaison Counsel:

Deanna D. Dailey, Esq.
Larson ▪ King, LLP
2800 Minnesota World Trade Center
30 East Seventh Street
St. Paul, Minnesota 55101

III. **Deadline for Compliance with this Order:**

A. With respect to those plaintiffs transferred to this Court prior to the date of entry of this PTO, a plaintiff's deadline to serve upon defendants the submissions required under Part I (A) and (B)(1) of this order will be governed by each plaintiff's District of Minnesota case number as follows:

| | Case | Deadline |
|---|---|---|
| First Phase | 01-1594 to 02-4433 | June 7, 2004 |
| Second Phase | 02-4434 to 03-2581 | July 30, 2004 |
| Third Phase | 03-2583 to 04-1312 | September 20, 2004 |

B. A plaintiff law firm that has more than 100 individual cases in any one of the three phases may, prior to the deadline, submit an email to Special Master Roger Haydock (rhaydock@arb-forum.com), with copies to the Plaintiffs' Steering Committee ["PSC"], Bayer, and GSK, requesting a reasonable amount of additional time. Special Master Haydock will promptly review and decide the request.

C. With respect to all other plaintiffs, the deadline to serve upon defendants the submissions required under Part I of this order will be:

(a) For cases originally filed outside this District and transferred by the Judicial Panel on Multidistrict Litigation ["JPML"], 120 days from the date a certified copy of the applicable Transfer Order is entered in the MDL-1431 docket, or

(b) For cases originally filed in this District, 120 days from the date of filing.

IV. **Notice of Supplemental Discovery Obligation in Cases Transferred by JPML Order:**

A. For those cases that already have been transferred to the MDL by the date of the entry of this PTO, the PSC will provide written notice of the entry of this PTO, and of plaintiff's supplemental obligation under Part I of this Order, to all plaintiffs' counsel and pro se plaintiffs. Deadlines for compliance with these obligations are set forth in Part III.

B. For those cases that have not yet been transferred to the MDL by the date of the entry of this PTO, defendants will provide notice to all plaintiffs' counsel and pro se plaintiffs of plaintiffs' supplemental obligation under Part I of this order in the same letter by which defendants provide plaintiffs notice of their Initial Discovery Obligations pursuant to Part II of PTO 81.

V. **Notice of Overdue Supplemental Discovery:** If defendants have not received the Part I submissions within 21 days of the applicable deadline from Part III of this PTO, defendants will send a Notice of Overdue Supplemental Discovery to plaintiff's counsel stating that, unless plaintiff complies with this PTO, the case will be subject to dismissal. Defendants will provide such notice to plaintiff's counsel and the PSC using a format similar to Exhibit A. At the same time, defendants will also provide the PSC with a list of plaintiffs whose discovery is overdue, in a format similar to Exhibit B [the "Overdue Supplemental Discovery List"], so that the PSC may assist plaintiffs in complying with their discovery obligations. Defendants shall address all issues regarding substantive compliance with this PTO pursuant to, and consistent with, the Federal Rules of Civil Procedure.

VI. **Lists of Non-Compliant Plaintiffs and Sanction of Dismissal With Prejudice:** Twenty-one days after defendants provide the PSC with an Overdue Supplemental Discovery List, the PSC and defendants shall meet and confer to develop a stipulated list of those plaintiffs who have not complied with their supplemental discovery obligations. That list shall be submitted to the Court no later than 25 days after provision of the Overdue Supplemental Discovery List. The court will then issue an order, using a format similar to Exhibit C, providing that the listed plaintiffs shall have 10 days within which to comply with their supplemental discovery obligations. The PSC will notify individual counsel for plaintiffs and pro se plaintiffs appearing on the Court's order. On the eleventh day following the entry of that order, the PSC and defendants shall again meet and confer, and thereafter shall submit to the Court stipulated orders – one to be used to dismiss with prejudice entire actions and another to dismiss with prejudice individual plaintiffs from multi-plaintiff actions – using formats similar to those in Exhibit D.

VII. **Extension of Discovery Deadline:** Nothing in this PTO shall be interpreted as a restriction upon the ability of: (a) the parties to stipulate to an extension of discovery deadlines in a particular case; or (b) the plaintiff to move for an extension of discovery deadlines in a particular case based on a showing of good cause or in accord with the procedures of Part I (F).

VIII. **Categorization of Claims:** The parties, in consultation with Special Master Haydock, shall cooperate to categorize the remaining claims based on the information provided in Plaintiff's Fact Sheets and the Supplemental Discovery Disclosure required under this Order.

A. Within 30 days after the first phase of supplemental discovery becomes due and every 30 days thereafter, the PSC shall provide to defendants a list of those cases asserting documented claims for rhabdomyolysis. Within 14 days of receipt of such a list, defendants will advise plaintiffs on whether they agree as to the categorization of those claims. All cases that the parties agree assert documented claims for rhabdomyolysis will be referred to settlement counsel for prompt settlement negotiations and, if unsuccessful, for mandatory mediation under PTO 59.

B. With respect to all other cases, within 45 days after the first phase of supplemental discovery becomes due, defendants and the PSC shall confer with Special Master Haydock and propose to the Court a system and procedures for further categorizing claims to assist in the selection of an appropriate spectrum of cases for potential trial in this MDL and to fulfill the Court's MDL obligations.

IX. **Alternative Dispute Resolution:** This Court shall determine the alternative dispute resolution mechanism to be used at an appropriate time.

Date: March 18, 2004

Michael J. Davis

The Honorable Michael J. Davis
United States District Court

# EXHIBIT A

## NOTICE OF OVERDUE SUPPLEMENTAL DISCOVERY
## FAILURE TO RESPOND WILL RESULT IN DISMISSAL OF YOUR CASE

Re: [ Case Name ], MDL No.1431
Supplemental Discovery Disclosure

Dear [plaintiff's counsel]:

Your supplemental discovery is overdue in this lawsuit.

Pursuant to MDL PTO No. 114, Plaintiff's Supplemental Discovery was due to be served by __________. To date we have not received it.

**If we do not receive Plaintiff's Supplemental Discovery as required by Parts I and III of MDL PTO No. 114 this case will be dismissed with prejudice pursuant to Part VI of PTO No. 114.**

Because of the volume of cases in this MDL, defendants are not routinely agreeing to extensions of discovery deadlines. If you believe that your particular case presents extraordinary circumstances warranting an extension, you must request such an extension in a letter addressed to me that explains the extraordinary circumstances that you believe warrant an extension. Defendants will respond promptly.

Thank you for your prompt attention and cooperation

Very truly yours,

James W. Mizgala

cc: Charles S. Zimmerman
Richard A. Lockridge
Robert K. Shelquist
Wendy R. Fleishman
Jean M. Geoppinger
Fred T. Magaziner
Kristine M. Weikel

**EXHIBIT B**

# OVERDUE SUPPLEMENTAL DISCOVERY LIST

<table>
<tr><th>No.</th><th>Plaintiff Name</th><th>MDL Number</th><th>Plaintiff Counsel Name/Address</th></tr>
<tr><td>1.</td><td>Plaintiff's Name</td><td>03-XXXX</td><td rowspan="2">Attorney Name<br>Address<br>City, State Zip Code<br>Telephone Number<br>Fax Number</td></tr>
<tr><td>2.</td><td>Plaintiff's Name</td><td>03-XXXX</td></tr>
<tr><td>3.</td><td>Plaintiff's Name</td><td>03-XXXX</td><td rowspan="2">Attorney Name<br>Address<br>City, State Zip Code<br>Telephone Number<br>Fax Number</td></tr>
<tr><td>4.</td><td>Plaintiff's Name</td><td>03-XXXX</td></tr>
</table>

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**IN RE BAYCOL PRODUCTS LITIGATION** | MDL No. 1431 (MJD/JGL)

This Documents Relates to All Actions | **ORDER**

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court pursuant to Pretrial Order No. 114 regarding Plaintiffs who have not submitted the required Supplemental Discovery. The case has been referred to the undersigned for resolution of pretrial discovery matters pursuant to 28 U.S.C. § 636, D. Minn. LR 72.1, and Pretrial Order 52.

Pretrial Order No. 114 ("PTO 114") governs the Supplemental Discovery Disclosure requirements in this case. Pursuant to PTO 114, Plaintiffs with District of Minnesota case numbers 01-#### to 02-#### were required to serve upon Defendants completed Supplemental Discovery Disclosures by _________, 2004. PTO 114 requires the PSC and Defendants to submit to the Court a stipulated list of Plaintiffs whose Supplemental Discovery Disclosure is still delinquent within 30 days of this deadline, and PTO 114 further warns that the Court will dismiss such cases with prejudice.

Pursuant to PTO 114, the parties have submitted a list of Plaintiffs who have not complied with their Supplemental Discovery obligation as of

________, 2004. These Plaintiffs are listed in Exhibit A attached to this Order. The purpose of this Order is to warn those Plaintiffs that the District Court will dismiss with prejudice the cases of any Plaintiffs listed on Exhibit A from whom defendants have not received the required discovery pursuant to PTO 114 by ___________, 2004.

Based on the foregoing, and on the files, records, and proceedings therein, **IT IS HEREBY ORDERED** that the parties will stipulate to a proposed order naming those Plaintiffs on the attached list from whom Defendants have not received the required discovery by ______________, 2004, 5:00 p.m., Central Standard Time, in accordance with Part VI of PTO 114. The proposed order will be submitted to the Court, which will then dismiss with prejudice the cases of the listed Plaintiffs.

Dated:

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ***In re BAYCOL PRODUCTS LITIGATION*** | : | **MDL No. 1431** |
| | : | **(MDL/JGL)** |
| **This Document Relates to:** | : | |
| | : | |
| *Plaintiff A v. Bayer Corp., et al.* | : | Case No. 03-XXXX |
| *Plaintiff B v. Bayer Corp., et al.* | : | Case No. 03-XXXX |
| *Plaintiff C v. Bayer Corp., et al.* | : | Case No. 03-XXXX |

**ORDER**

Based on the stipulated submissions pursuant to Pretrial Order No. 114 and this Court's Order of ____________________, 200_, and on the files, records, and proceedings therein, **IT IS HEREBY ORDERED:**

The above-captioned cases are **DISMISSED WITH PREJUDICE.**

Dated:

______________________________
The Honorable Michael J. Davis
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ***In re BAYCOL PRODUCTS LITIGATION*** | : | **MDL No. 1431 (MDL/JGL)** |
| **This Document Relates to:** | : | |
| *Lead Plaintiff, et al. v. Bayer Corp., et al.* | : | Case No. 03-XXXX |

**ORDER**

Based on the stipulated submissions pursuant to Pretrial Order No. 114 and this Court's Order of __________________, 200_, and on the files, records, and proceedings therein, **IT IS HEREBY ORDERED:**

The claims of Plaintiff A, Plaintiff B, and Plaintiff C are **DISMISSED WITH PREJUDICE** from the above-captioned case.

Dated:

______________________________
The Honorable Michael J. Davis
United States District Court