A CERTIFIED TRUE COPY
APR 8 2004
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
APR 0 8 2004
FILED
CLERK'S OFFICE

*DOCKET NO. 1431*

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE BAYCOL PRODUCTS LIABILITY LITIGATION*

*Ethel McGhee v. Bayer AG, et al.*, M.D. Alabama, C.A. No. 2:03-949

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by a defendant doctor in this Middle District of Alabama action to vacate the order conditionally transferring the action to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Defendant Bayer Corporation opposes the motion to vacate and favors inclusion of the action in MDL-1431.

On the basis of the papers filed and hearing session held, the Panel finds that this action involves common questions of fact with the actions in this litigation previously transferred to the District of Minnesota, and that transfer of this action to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Minnesota was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Baycol. *See In re Baycol Products Liability Litigation*, 180 F.Supp.2d 1378 (J.P.M.L. 2001). We also note that the motions for judgment on the pleadings and for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

* Judge Selya took no part in the decision of this matter.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Michael J. Davis for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman