UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION MDL No. 1431 (MJD/JGL)

This Document Relates to All Actions PTO No. 116

---

Charles S. Zimmerman, Ronald Goldser and Robert R. Hopper, Zimmerman Reed, PLLP, and Richard A. Lockridge, Hugh V. Plunkett, Robert K. Shelquist, Yvonne M. Flaherty, Lockridge Grindal Nauen, PLLP for and on behalf of the Plaintiffs' Steering Committee.

Jonathan W. Cuneo, Michael A. Waldman, David W. Stanley and Charles J. LaDuca, Cuneo, Waldman & Gilbert, LLP for and on behalf of Plaintiff Richard J. Medalie.

Susan A. Weber and Eugene A. Schoon, Sidley, Austin, Brown & Wood LLP for and on behalf of Bayer Corporation and Bayer AG.

Mary Trippler, Assistant United States Attorney and Cathy J. Burdette, Trial Attorney, Civil Division, Department of Justice, for and on behalf of the United States and the Centers for Medicare and Medicaid Services of the Department of Health and Human Services.

Sol H. Weiss, Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C., Lee Balefsky, Kline & Specter, Arnold Levin, Levin, Fishbein, Sedran & Berman filed an Amicus Curiae Brief in Support of the Plaintiffs' motion to declare non-existence of medicare lien.

---

On behalf of the plaintiffs involved in this multidistrict litigation, the Plaintiffs' Steering Committee ("PSC") brings this motion to declare the non-existence of a medicare lien in settlements reached between a number of

individual plaintiffs and Bayer Corporation, and settlements that may occur in the future. The basis for this motion is the plaintiffs' frustration of having to set aside a portion of the settlement for possible Medicare reimbursement and to indemnify Bayer against any Medicare claim that may arise in the future. According to the PSC, forcing this obligation upon settling plaintiffs is wrong because at the time of settlement, any potential rights Medicare has with regard to medical expenses incurred as a result of taking Baycol have not yet been established.

I. DISCUSSION

As the PSC concedes in its motion, Medicare has potential rights in personal injury actions involving allegedly defective prescription drugs stemming from two sources: the Medicare Secondary Provider statute ("MSP"), 42 U.S.C. § 1395y and the Medical Care Recovery Act ("MCRA"), 42 U.S.C. § 2651.

Generally, the MSP allows the United States to recover Medicare payments from third parties that are primary insurers. Mason v. American Tobacco Company, 346 F.3d 36, 38 (2nd Cir. 2003). "The Medicare Secondary Payer Program is intended to help the Medicare Program identify situations where another health care plan should be, or should have been, the primary payer for a beneficiary's health services." Mason, at 38 (quoting Hanoch Dagan and James J. White, Governments, Citizens and Injurious Industries, 75 N.Y.U.L. Rev. 354, 402, n. 201(2000). To this end, the MSP provides that the United States may bring an

action against primary payers, and provides the United States shall be subrogated to any right of an individual or other entity to payment with respect to such item or service under a primary plan. 42 U.S.C. § 1395y(b)(2)(B)(iii) and (iv).

The MSP also provides for a private right of action.

> There is a private right of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with such paragraphs (1) and (2)(A).

42 U.S.C. § 1395y(3)(A).

Recently, a case brought pursuant to the private right of action provided in the MSP was transferred to this District by the Judicial Panel on Multidistrict Litigation: Richard Medalie v. Bayer Corporation et al., Case No. 03-5589.

In addition to primary payers, the United States also has the right to recover medical expenses paid from third party tortfeasors under the MCRA. 42 U.S.C. § 2651. It is clear, however, that no such action has yet been brought.

A. *In Personum* Jurisdiction

The United States argues that this Court lacks *in personum* jurisdiction to address the merits of the PSC's motion to declare the non-existence of medicare liens. In response, both the PSC and counsel for plaintiff Richard Medalie argue that this Court has *in personum* jurisdiction to decide the substantive issues raised with regard to the MSP. Acknowledging that *in personum* jurisdiction has not been established regarding claims under the MCRA, the PSC argues that such

jurisdiction can be established by joining the United States pursuant to Rule 19 of the Federal Rules of Civil Procedure.

The Court finds that *in personum* jurisdiction exists over potential rights arising under the MSP in the Medalie action[1]. The Court does not, however, have *in personum* jurisdiction to decide the viability of any claim arising under the MCRA, and finds that an involuntary joinder of the United States as a plaintiff in any Baycol case is not appropriate.

Rule 19(a) provides that a person may be joined in an action if

> (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

The United States opposes the motion for joinder, thus the Court must decide if the United States can be joined as an involuntary plaintiff. As the rule states, however, joining a person as an involuntary plaintiff may only be done in a "proper case." Given the nature of the United State's interest in these Baycol

[1]Bayer raises an issue as to the scope of the Medalie case, arguing plaintiff Medalie does not have standing to represent the claims of the United States with respect to the other Baycol plaintiffs that have filed an action in federal or state court or to represent the interests of those plaintiffs. The Court need not address this issue to resolve the motion presently before it.

cases, its joinder as an involuntary plaintiff is not proper.

Whether or not the United States may have an interest in the personal injury action brought by an individual will depend on whether such individual is covered by Medicare. At this time, the PSC suggests that the United States be joined in every action, and later dismissed if it is determined that the plaintiff was not covered by Medicare. Rule 19, however, requires that the interest be demonstrated prior to joinder.

In addition, case law suggests that use of Rule 19 to join an involuntary plaintiff is appropriate only when: 1) the party to be joined has an obligation to permit its name or title to be used to protect rights asserted in the action; 2) is beyond the jurisdiction of the court; and 3) has refused to voluntarily join in the action following notification thereof. Sheldon v. West Bend Equipment Corporation, 718 F.2d 603, 606 (3rd Cir. 1983)(citing Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459 (1926). The practice of joining a party as an involuntary plaintiff began in response to a patent owner, outside the jurisdiction of the court, that refused to prosecute or join his exclusive licensee's infringement action. Caprio v. Wilson, 513 F.2d 837, 839 (9th Cir. 1975).

In the present case, the United States does not have the obligation or duty to allow the Baycol plaintiffs to use its name to assert a claim under the MCRA or

the MSP. There is no private right of action under the MCRA, and the private right of action provided in the MSP does not provide that such an action is brought on behalf of the United States. Cf. 31 U.S.C. § 3730 ("A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.") Accordingly, the motion to join the United States as an involuntary plaintiff must be denied.

B. Subject Matter Jurisdiction

The United States further argues that this Court lacks subject matter jurisdiction to address the merits of the PSC's motion. The PSC contends it is not seeking a declaration as to whether and in what amount Medicare is entitled to repayment, but rather they seek a "declaration that the releases Bayer requires Plaintiffs to sign should not contain a provision mandating repayment of Medicare." Memorandum Concerning the Court's Jurisdiction over Plaintiff's motion to Declare the Non-Existence of Medicare Lien, p. 4. Thus, the exhaustion of administrative remedies argument is immaterial.

The Court agrees that a determination as to Medicare's right to repayments under the MSP is not necessary in addressing the PSC's motion. Therefore, the Court need not address the arguments of the United States regarding subject

matter jurisdiction.

As Bayer points out, the relief sought by the PSC is injunctive in nature. A party seeking injunctive relief must first show such relief is warranted through a demonstration of the threat of irreparable harm, the balance of harms favors the movant, probability of success on the merits and the public interest. Dataphase Sys., Inc. v. C. L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). The PSC has made no attempt to show these factors. In fact, the PSC concedes that Medicare has potential rights to personal injury actions, and that Bayer, as the alleged tortfeasor, may be liable for Medicare repayments under the MSP and the MCRA. Given this potential liability, the PSC has presented the Court no authority for the proposition that Bayer cannot address such potential liability in reaching a settlement with individual plaintiffs.

IT IS HEREBY ORDERED that:

1. The motion of the Plaintiffs' Steering Committee to Declare the Non-Existence of a Medicare Lien is DENIED.

2. The motion of the Plaintiffs' Steering Committee to Join the United States as a Party Plaintiff is DENIED.

Date: April 13, 2004

Michael J. Davis
United States District Court