E-SERVED
04/13/04
09:54 AM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | ) | MDL No. 1431 (MJD/JGL) |
| This Document Relates To: | ) | |
| All Actions | ) | |

**THE PARTIES' STATUS REPORT AND PROPOSED AGENDA**

**April 13, 2004**

The parties herewith submit the following Joint Status Report and Agenda for the hearing on February 24, 2004.

**I. Pending Cases**

A. As of close of business on April 9, 2004, defendants have been served with 8,801 cases that remain active. Of that total, 6,095 cases are pending in federal court and 2,689 cases are pending in state court. At last count, the number of claimants (excluding spouses) exceeds 22,000 individuals but has been substantially reduced; the exact number is not known. Filed but unserved cases are not included in these totals. The totals also exclude cases in which dismissal is pending.

B. As of the last status conference in February, 2004, defendants had been served with 9,691 cases that were active. Of that total, 6,219 cases were pending in federal court and 2,689 cases were pending in state court. Filed but unserved cases were not included in these totals. The totals also excluded cases in which dismissal was pending.

C. An updated list of plaintiffs' counsel in pending cases has been provided to the

E-SERVED
04/13/04
09:54 AM ET
Baycol MDL 1431

PSC.

**II. Settlement**

A. To date, Defendants have settled 2,296 cases with a total value of $868,459,070.00. Of this total, 618 cases have been determined to be subject to the MDL assessment, with a total value of $221,700,348.00.

B. As of the January status conference, Defendants had settled 2,177 cases with a total value of $826,799,707. Of this total, 596 cases had been determined to be subject to the MDL assessment, with a total settlement value of $211,727,847.

C. Approximately 115 cases have been submitted to the MDL mediation process. The parties have provided the Court with letters regarding certain cases referred to mediation that have not settled. The PSC would like to discuss adjusting the mediation process to achieve greater value to the parties, and have provided a letter to the court. Defendants have provided comments.

D. In addition to the mediation program, the PSC is continuing to negotiate cases directly with Bayer.

E. Mediators' Report: Special Master Lew Remele.

**III. Discovery**

A. Document production by Bayer Corporation, Bayer AG, and GSK continues. On February 23, Bayer had suggested to plaintiffs that production be brought to a conclusion. Plaintiffs have not yet had an opportunity to respond as to whether production should be terminated.

B. On February 20, Bayer produced 32 CDs containing some new documents. These

E-SERVED
04/13/04
09:54 AM ET
Baycol MDL 1431

CDs contained materials that may relate to a number of individuals already deposed in Europe by the PSC (e.g. Ebsworth, Mueck, Plischke, Von Keutz, Weidman, Sprenger). The PSC is evaluating the documents and will communicate with Defendants. The parties will need to meet and confer on this re-notice issue.

C. Pursuant to PTO 99, defendants are reviewing documents previously marked as confidential to determine whether such documents should retain a confidentiality designation. The deadline for re-designation of documents is April 30, 2004. Production of such documents will be on a rolling basis. The PSC intends to report to the Court on the progress and any reasons that have arisen to date. Defendants object that the PSC has not advised Defendants of any such problems or issues.

D. Discovery is proceeding in cases being prepared under PTOs 89 and 96. The parties have provided the Court with reports on the status of the cases.

E. The PSC has received copies of settlements reached with third party payor insurance carriers. The PSC has advised Plaintiffs counsel they may be entitled to a refund or no further withholding as to the settling insurance companies.

F. Recently at the meet and confer the PSC requested informally that Bayer produce copies of documents seized by Italian Authorities. Bayer is considering the request of the PSC.

G. Generic expert reports have been provided by the PSC to Bayer and GSK. Bayer and GSK had provided generic reports to the PSC. A dispute has arisen over the scope of this exchange of reports.

H. A meeting with Weitz and Luxenburg is set for April 15, 2004 with Special Master Haydock.

E-SERVED
04/13/04
09:54 AM ET
Baycol MDL 1431

I. Defendants have provided Chief Magistrate Judge Lebedoff with a letter reporting on their compliance with Judge Lebedoff's March 9 order interpreting this Court's October 17, 2003, Supplemental Order for Preservation of Records. The PSC has responded to Defendant's letter to Magistrate Judge Lebedoff by requesting further information.

## IV. Motions

A. The following are fully briefed, have been submitted to the Court, and are under advisement by the Court:

1. Defendants' Motion for Sanctions against Kenneth Moll and Associates (Italian prosecutor matter)

2. Plaintiffs' Motion to Join U.S. (Medicare issues)

3. The PSC Motion re: TPP Interventions and Assessments.

4. Plaintiffs Motion to Declare the Non-Existence of Medicare Liens.

5. Motion for PSC to participate in third party payor settlement negotiations

B. PTO 114.

1. Parties will report on status to date.

2. Motion for relief.

## V. Trial Settings

A. The cases randomly selected by the Court under PTO 89 are in the deposition process. The parties have provided status reports to the Court.

B. A list of state court trial settings has been provided to the Court and the PSC.

C. The PSC has proposed an alternative plan for trial of cases under the auspices of the MDL Court. Defendants object to the PSC's Proposal and have sent a letter brief to the

E-SERVED
04/13/04
09:54 AM ET
Baycol MDL 1431

Court.

D. Plaintiffs' wish to advise the Court of the Pennsylvania Court's Certification of a Medical Monitoring Class.

**VI. Liaison Advisory Committee/Special Masters' Report**

A. European expense share issues.

B. Re-notice of Bayer, Bayer A.G. witnesses and coordination.

**VII. Defense Deponent/FDA Investigation**

A. Update to the Court on this matter.

Respectfully submitted,

| | | |
|---|---|---|
| Charles S. Zimmerman<br>Richard A. Lockridge | Philip Beck<br>Adam Hoeflich<br>Susan Weber<br>Gene Schaerr<br>Peter Sipkins | Fred Magaziner<br>Tracy Van Steenburgh |
| *Co-Lead Counsel for Plaintiffs* | *Counsel for Bayer* | *Counsel for GlaxoSmithKline* |