E-SERVED
05/17/04
04:36 PM ET
Baycol MDL 1431

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re: Baycol Products Litigation MDL No. 1431

This Document Relates to:

Diane Mason, an Individual v. Bayer AG, et al., Circuit Court of The State of Tennessee, County of Williamson, Case No. 02484.

**MOVANT DIANE MASON'S MOTION TO VACATE SPECIAL MASTER PTO 78 ASSESSMENT DECISION NO. 34**

Movant Diane Mason ("Mason") moves the Court pursuant to Rule 53(g)(2), Fed.R.Civ.P., for an Order vacating Special Master PTO 78, Assessment Decision No. 34 (the "Mason Decision"). In the Mason Decision, Special Master Roger S. Haydock found that a 6% assessment in the amount of $6,000 should have been withheld from the proceeds of a settlement reached between Mason and Bayer Corporation, et al. ("Bayer"). The Special Master further found that the assessment should be paid by Leif, Cabraser, Heimann and Bernstein ("Leif Cabraser"), the law firm that signed the Mason Complaint, which was filed in Tennessee state court. The Complaint was signed and filed by Leif Cabraser as a courtesy for Mason's counsel, Federman & Sherwood, Strong & Martin and Woska & Hasbrook. Because this Court was and is completely without jurisdiction over the Mason action, the Mason Decision should be vacated.

## I. BACKGROUND AND FACTS

On August 7, 2002 Mason filed a Complaint in the Circuit Court of the State of Tennessee, County of Williamson, Case No. 02484, seeking to recover damages from Bayer for injuries resulting from Mason's ingestion of Baycol. A true and correct copy of the Mason Complaint is attached hereto as Exhibit 1. In July 2003, Bayer and Mason reached a settlement of the lawsuit. A 6% MDL assessment was not withheld from the settlement proceeds.

E-SERVED
05/17/04
04:36 PM ET
Baycol MDL 1431

However, the Complaint was signed by the Leif Cabraser law firm, a member of the PSC, and thus Bayer was or should have been aware of Leif Cabraser's limited involvement in the case.[1] Moreover, at the time the lawsuit was settled, it was still pending in the Circuit Court of Tennessee. The lawsuit could not have been removed to federal court because it involved purely state law claims between non-diverse plaintiffs and defendants. See Mason Complaint.

On March 16, 2004, Bayer, claiming that it had just then become aware of Leif Cabraser's involvement in the lawsuit, petitioned the Special Master for an order requiring that the 6% assessment be paid by Mason and/or her counsel. Mason, responded and objected to Bayer's request, among other reasons, for the reason that the Court lacked jurisdiction over the action. A copy of the string of e-mails which served as the pleadings before the Special Master is attached hereto as Exhibit 2. The Special Master disagreed and found that "an assessment is warranted in this case and should have been withheld." Assessment Decision No. 34, Exhibit 3, attached. The Special Master further found that "[t]he Leif Cabraser firm is responsible for the assessment and it is to pay $6,000 to the Common Benefit Fund." Id.

## II. THE COURT LACKED JURISDICTION OVER THE MASON CASE AND THEREFORE THE SPECIAL MASTER ERRED IN ORDERING THE 6% ASSESSMENT

PTO No. 53 enumerates six categories of cases to which the 6% assessment applies:

a) all cases transferred to this MDL, except those remanded by order of the Court to state court for lack of jurisdiction;

b) all cases filed in federal court not yet transferred, except those dismissed for lack of jurisdiction;

c) all cases with lawyers voluntarily submitting to the jurisdiction of this Court pursuant to a written joint prosecution agreement;

[1] As noted by Leif Cabraser in a March 16, 2004 e-mail to the Special Master, Leif Cabraser's involvement in the case involved only filing the complaint as a courtesy to Mason's counsel.

E-SERVED 05/17/04 04:36 PM ET Baycol MDL 1431

> d) all cases with lawyers voluntarily submitting to the jurisdiction of this Court by signing a written engagement letter agreeing to participate in settlement conferences arranged by the PSC and the PSC Settlement Committee;
>
> e) all cases of Plaintiffs lawyers and their law firms who are a member of the PSC or a member of a committee of the PSC (other than LAC); and
>
> f) all cases subsequently ordered by this Court to be subject to this Order.

PTO No. 53 at 1, ¶2.

PTO No. 53 further provides:

> **No State Court case will be subject to an assessment or other charge in this Court unless such State Court case comes within the jurisdiction of this Court** as set forth in paragraph 1 of this Order.

PTO No. 53 at 3, ¶7 (emphasis added).[2]

PTO No. 106, attached hereto as Exhibit 4, is dispositive of the issue presented by this motion. In PTO No. 106 the Court vacated Assessment Decision No. 15. In Assessment Decision No. 15, the Special Master overruled the plaintiff's objections to Bayer's withholding 6% of the proceeds from the plaintiff's settlement with Bayer. Although the plaintiff's case was pending in the United States District Court for the Northern District of Texas, it had not been transferred to the MDL Court. The Court found that the MDL Court lacked jurisdiction to make the 6% assessment. PTO No. 106 at 3. The Court stated:

> While § 1407 provides for a procedure for transferring cases filed in different districts to a single district court for pretrial proceedings, nowhere does it expand the jurisdiction of either the transferor or the transferee court. As in any other case, a transferee court's jurisdiction is limited to cases and controversies between persons who are properly parties to the cases transferred.

---

2 Paragraph 1 of PTO No. 53 does not address jurisdiction.

E-SERVED
05/17/04
04:36 PM ET
Baycol MDL 1431

Id. (quoting In Re Showa Denka K.K. L-Trypotophan Products Liability Litigation – II, 953 F.2d 162, 165-66 (4th Cir. 1992)). Accordingly, the Court held that "it appears this Court does not have jurisdiction to order a holdback in cases not transferred to this Court, [and therefore] PTO No. 53 must be amended to exclude cases filed in federal court and not transferred to this Court by the JPML." Id. In the present case, the facts are even more favorable for Mason than they were for the plaintiff in PTO 106. The Mason case was pending in state court at the time of the settlement. It did not involve federal claims or diverse parties and federal subject matter jurisdiction was wholly absent.

The authority for consolidating cases on the order of the Judicial Panel on multi-district litigation is merely procedural and does not expand the jurisdiction of the district court to which the cases are transferred. Showa Denko K.K. L-Tryptophan Products Liability Litigation – II, 953 F.2d at 155 ("Claimants who have not sued and Plaintiffs in state and untransferred federal cases have not voluntarily entered the litigation before the District Court nor have they been brought in by process. The District Court simply has no power to extend the obligations of its Order to them."). See also In re Linerboard Anti-Trust Litigation, 292 F.Supp.2d. 644, 664-65 (E.D.Penn. 2003); Hartland v. Alaska Airlines, 544 F.2d 992, 1001-1002 (9th Cir. 1976). Federal courts are of limited and congressionally-defined jurisdiction. Vincent v. Hughes Air West, Inc., 557 F.2d. 759, 766 (9th Cir. 1977). If the parties to a suit cannot confer subject matter jurisdiction on a federal court by agreement, and they cannot, certainly non-parties cannot. Id.

The Mason case was not before the Court and could not have been brought before the Court because both diversity and federal question jurisdiction was absent. In short, the Special Master simply lacked jurisdiction over the Mason case to make the 6% assessment. Accordingly, Assessment Decision No. 34 should be vacated.

E-SERVED
05/17/04
04:36 PM ET
Baycol MDL 1431

## III. CONCLUSION

For the reasons set forth above, Movant Diane Mason's Motion To Vacate Special Master PTO 78 Assessment Decision No. 34 should be granted.

Respectfully submitted,

______s/William B. Federman____________

William B. Federman
Bar Number: OK 2853
Attorney for Movant
FEDERMAN & SHERWOOD
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
Telephone: (405) 235-1560
Fax: (405) 239-2112

Don Strong
G. Stephen Martin, II
STRONG, MARTIN &
ASSOCIATES, PLLC
120 N. Robinson, Suite 2700
Oklahoma City, OK 73102

and

T. David Hasbrook
HASBROOK & HASBROOK
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102

E-SERVED
05/17/04
04:36 PM ET
Baycol MDL 1431

## CERTIFICATE OF SERVICE

This is to certify that on May 17, 2004, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and a true and correct copy was sent via U.S. mail, postage pre-paid to the following:

Donald Arbitblit
Wendy Fleishman
Leif, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Douglas Beck
Shook Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613

Robert H. Alexander
The Law Office of Robert H. Alexander, P.C.
120 N. Robinson, 24th Floor
Oklahoma City, OK 73102

Amy Sherry Fischer
John Shears
Foliart, Huff, Ottaway & Bottom
120 N. Robinson, 20th Floor
Oklahoma City, OK 73102

Ronald S. Goldser
Zimmerman Reed PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

s/William B. Federman
William B. Federman