**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | ) | MDL No. 1431 (MJD/JGL) |
| This Document Relates To: | ) | |
| All Actions | ) | |

**PRE-TRIAL ORDER NO. 120**

This Order provides a protocol for the completion in this MDL of discovery of all generic experts, establishes timetables and procedures for expert disclosures and depositions and for *Daubert* and other motion practice concerning those experts, sets forth procedures governing generic expert testimony for trials of all cases in this MDL, and provides for the distribution and posting of generic expert reports.

It is hereby ORDERED that:

1. Generic experts are those experts whose testimony covers issues that are common to multiple cases and does not relate specifically to a particular plaintiff.

2. No party to a case that is part of this MDL or to any Baycol case filed in the District of Minnesota shall be permitted at trial, whether in this Court or in a transferor court, to present testimony from a generic expert witness except by a generic expert designated pursuant to the procedures in this Order, unless that party makes a showing of good cause to this Court or, after remand, to the transferor court.

3. All discovery of generic experts shall be completed in this MDL and all generic reports and depositions will be available to the entire MDL and apply to all cases.

4. A case-specific expert is an expert whose testimony applies only to an individual plaintiff's particular case, such as an expert whose testimony concerns specific cause(s) of a plaintiff's alleged injuries and damages. This Order does not preclude a case-specific medical expert from explaining his or her case-specific opinion on injury or causation based on general principles of medicine and human physiology. Also, this Order does not prohibit a case-specific expert from offering testimony that may overlap with testimony from a generic expert witness, provided that:

A. The testimony of the generic expert has not been excluded as unreliable pursuant to *Daubert* or other evidentiary rulings in this MDL; and

B. The testimony of the case-specific expert is:

i) no broader than the testimony of the generic expert permitted by the MDL court, and

ii) is relevant to the issues as to which the case-specific testimony is proffered, and

iii) is otherwise permissible under the Federal Rules of Evidence and applicable case law.

This provision does not waive any objections that may be made with

respect to a case-specific expert's report or testimony.

5. This Order does not preclude a party from presenting:

A. Case-specific experts who have not been designated as generic experts; or

B. Case-specific testimony from experts who also have provided generic testimony; or,

C. Expert testimony permitted following a ruling allowing such testimony upon a showing of good cause.

6. This Court will conduct the discovery of case-specific experts for MDL cases as appropriate.

7. The completion of generic expert disclosure and discovery shall proceed in two stages, subject to the timetables and procedures set forth in Paragraphs 8 and 9.

8. Stage One Generic Experts: These generic experts are those designated by the PSC and defendants as set forth in the following sub-paragraphs.

A. On or before June 14, 2004, the PSC shall designate all generic experts it intends to use in MDL cases and shall provide defendants with expert reports in compliance with Fed.R.Civ.P. 26. If the PSC intends to rely on a previously submitted expert report, it is to inform opposing counsel in writing

B. On or before July 2, 2004, the defendants shall designate all generic experts that they intend to use in MDL cases and shall provide the PSC with

expert reports in compliance with Fed.R.Civ.P. 26. If defendants intend to rely on a previously submitted expert report, they are to inform the PSC in writing.

C. On or before July 16, 2004, the PSC and defendants shall designate any rebuttal experts and provide opposing counsel with expert reports in compliance with Fed.R.Civ.P 26. If a party intends to produce a supplemental or rebuttal report of an expert designated pursuant to paragraphs 8(A) or 8(B), such a report must be served by July 16, 2004.

D. After July 16, 2004, neither the PSC nor defendants shall designate any supplemental or rebuttal experts or serve any supplemental or rebuttal reports for Stage One generic experts designated pursuant to paragraphs 8(A), 8(B), or 8(C), except upon a showing of good cause to the Court.

i. If the Court grants leave to designate a supplemental or rebuttal expert under this paragraph, the parties shall meet and confer to establish a schedule for deposing the expert.

ii. If the Court grants leave to serve a supplemental or rebuttal report under this paragraph, and the report is served fewer than 7 days before a scheduled deposition, deposing counsel shall have the option of continuing the deposition.

iii. If the Court grants leave to serve a supplemental or rebuttal report after a deposition has been completed, opposing counsel shall have the right to reopen the deposition of that expert.

iv. Depositions that are continued or reopened under paragraphs 8(D)(ii). or 8(D)(iii) shall be limited to the subject matter of the newly served supplemental or rebuttal report.

E. If a Stage One generic expert has already been fully deposed with regard to a previously submitted report in this MDL, no additional deposition shall be allowed. If a Stage One generic expert has not been deposed or if the deposition was not completed, then that deposition will be completed pursuant to the schedule set forth below.

i. With the exception of depositions already completed in this MDL, depositions of generic experts designated by the PSC shall begin July 19, 2004 and shall be completed by August 20, 2004.

ii. With the exception of depositions already completed in this MDL, depositions of generic experts designated by defendants shall begin August 23, 2004 and shall be completed by September 24, 2004.

F. After depositions of Stage One generic experts have been completed, the Court will establish a schedule for the briefing and argument of motions challenging those generic experts on Daubert grounds or any other basis (other than relevance to a particular case). A party who fails to file a motion under this paragraph cannot thereafter challenge the admissibility of the expert testimony except upon grounds of relevance or upon showing of good cause to this Court or, after remand, to the transferor court.

G. Subsequent to this Court's ruling on Daubert and related motions, any party that wishes to preserve the testimony of a Stage One generic expert for possible use at trial may notice a trial deposition of that expert. The timetable and procedures for trial depositions, if any, shall be established by future order of this Court.

9. Stage Two Generic Experts. These generic experts are those proposed by plaintiffs who intend to use generic experts other than those designated by the PSC and defendants in Stage One. The procedures for these generic experts are set forth in the following sub-paragraphs.

A. On or before July 19, 2004, plaintiffs who intend to use generic experts other than those designated by the PSC and defendants in Stage One shall serve on defendants and the PSC reports from generic experts whose testimony covers issues that are common to multiple cases and does not relate to only one plaintiff.

B. On or before August 20, 2004 defendants shall identify their generic experts on issues relating to the topics covered by plaintiffs' Stage Two generic expert reports. Defendants can designate an expert previously designated in Stage One. If a defendant intends to rely on a previously submitted expert report, it should so inform opposing counsel in writing.

C. On or before September 10, 2004, plaintiffs who intend to use generic experts other than those designated by the PSC and defendants shall designate any rebuttal experts and provide opposing counsel with expert

reports in compliance with Fed.R.Civ.P 26. If a party intends to produce a supplemental or rebuttal report of an expert designated pursuant to paragraphs 9(A) or 9(B), such a report must be served by September 10, 2004

D. After September 10, 2004, neither plaintiffs who intend to use generic experts other than those designated by the PSC nor defendants shall designate any supplemental or rebuttal experts or serve any supplemental or rebuttal reports for Stage Two generic experts designated pursuant to paragraphs 9(A), 9(B), or 9(C), except upon a showing of good cause to the Court.

i. If the Court grants leave to designate a supplemental or rebuttal expert under this paragraph, the parties shall meet and confer to establish a schedule for deposing the expert.

ii. If the Court grants leave to serve a supplemental or rebuttal report under this paragraph, and the report is served fewer than 7 days before a scheduled deposition, deposing counsel shall have the option of continuing the deposition.

iii. If the Court grants leave to serve a supplemental or rebuttal report after a deposition has been completed, opposing counsel shall have the right to reopen the deposition of that expert.

iv. Depositions that are continued or reopened under paragraphs 9D)(ii). or 9(D)(iii) shall be limited to the subject matter of the newly served supplemental or rebuttal report.

E. If a Stage Two generic expert has been fully deposed with regard to a previously submitted report no additional deposition shall be allowed. If the expert has not been deposed or if the deposition was not completed, then that deposition will be taken pursuant to the schedule set forth below:

i. Depositions of Stage Two generic experts designated by plaintiffs shall begin October 1, 2004 and shall be completed by October 22, 2004.

ii. Depositions of generic experts designated by defendants shall begin October 25 and shall be completed by November 12, 2004.

F. After depositions of Stage Two generic experts have been completed, the Court will establish a schedule for the briefing and argument of motions challenging those generic experts on *Daubert* grounds or any other basis (other than relevance to a particular case). A party who fails to file a motion under this paragraph cannot thereafter challenge the admissibility of the expert testimony except upon grounds of relevance or upon showing of good cause to this Court or, after remand, to the transferor Court.

G. Subsequent to this Court's ruling on *Daubert* and related motions, any party that wishes to preserve the testimony of a Stage Two generic expert for possible use at trial may notice a trial deposition of that expert. The

timetable and procedures for trial depositions, if any, shall be established by future order of this Court.

10. This Order does not apply to evidence about the defendants' profits, retained earnings, or net worth, even though common to multiple cases. Discovery on these issues shall be subject to a separate Order of this Court.

11. All plaintiffs lawyers with cases filed in the MDL are entitled to have access to the generic expert reports that have been provided in this litigation. It is appropriate to control access to those expert witnesses in order to preserve the integrity of their work product and to allocate the scarce resource that is the time of an expert witness.

A. The PSC shall post summaries of the reports of its generic experts as well as summaries of the defense generic expert reports on the PSC website so that they will be available for review by all plaintiffs' counsel, and make those reports available to MDL plaintiffs' counsel subject to the Confidentiality Orders of this Court.

B. The PSC shall, upon request, provide full copies of all generic expert reports provided in this litigation to plaintiffs' counsel, in accord with this Court's confidentiality orders. The PSC may make reports available by whatever means the PSC deems appropriate, including the Document Depository, a CD, or hard copy. The requesting lawyer shall be responsible for the payment of any reproduction costs.

C. Any plaintiff's lawyer entitled to receive a copy of the expert reports may designate a PSC-retained expert as a generic expert in his or her case.

D. Any plaintiff's lawyer who wishes to contact any PSC-designated expert shall do so only through the PSC. The use of a PSC designated expert for generic or case specific testimony in an individual case will be at the sole expense of the lawyer utilizing such expert testimony.

Date: May 25, 2004

/s/ Michael J. Davis
Judge Michael J. Davis
United States District Court