UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD/JGL) |
| This Document Relates To: | |
| Edwin Ronwin v. Bayer Corp. | Case No. 02-0200 |
| Chester T. Hennington, et al. v. Bayer Corp., et al. | Case No. 03-2936 |
| Kevin Hughes v. Bayer Corp., et al. | Case No. 03-5910 |
| Luberta Lawson, et al. v. Bayer Corp., et al. | Case No. 03-5912 |
| James Richardson v. Bayer Corp., et al. | Case No. 02-4823 |
| Donald Randall v. Bayer Corp., et al. | Case No. 02-4827 |
| Mary Bynum, et al. v. Bayer Corp., et al. | Case No. 03-1176 |
| Willard Watts v. Bayer Corp., et al. | Case No. 03-2935 |
| Joseph Holifield v. Bayer Corp., et al. | Case No. 03-4969 |
| Jeffrey Varas v. Bayer Corp., et al. | Case No. 03-4977 |
| Rosa Lee Jackson v. Bayer Corp., et al. | Case No. 03-4989 |
| Azell Green v. Bayer Corp., et al. | Case No. 03-4991 |
| Ruth Hodge v. Bayer Corp., et al. | Case No. 03-5092 |
| Barbara Anderson, et al. v. Bayer Corp., et al. | Case No. 03-5945 |
| Vadie Mae Alexis, et al. v. Bayer Corp., et al. | Case No. 03-6225 |
| Lucretia Lazere et al. v. Bayer Corp., et al. | Case No. 04-1241 |
| Jose Guerra, et al. v. Bayer Corp., et al. | Case No. 04-1242 |
| Muriel Parilla v. Bayer Corp., et al. | Case No. 04-1243 |
| Annie Andrews, et al. v. Bayer Corporation | Case No. 03-4932 |
| Maney Anglin, et al. v. Bayer Corporation | Case No. 03-4942 |
| Judy Baldwin, et al. v. Bayer Corporation | Case No. 03-4930 |
| Dorothy Bennett, et al. v. Bayer Corporation | Case No. 03-4938 |
| Sharon Carter, et al. v. Bayer Corporation | Case No. 02-1361 |
| Curtis Coates, et al. v. Bayer Corporation | Case No. 03-1175 |
| Cindy Dickerson, et al. v. Bayer Corporation | Case No. 03-1173 |
| Alice Dowling et al. v. Bayer Corporation | Case No. 03-4931 |
| Mary Ellis, et al. v. Bayer Corporation | Case No. 03-4933 |

| | |
|---|---|
| Sis Grubbs, et al. v. Bayer Corporation | Case No. 03-4934 |
| David Hester, et al. v. Bayer Corporation | Case No. 02-0871 |
| George Jenkins, et al. v. Bayer Corporation | Case No. 03-4943 |
| Kenneth Michael, et al. v. Bayer Corporation | Case No. 03-6415 |
| Mary Richardson, et al. v. Bayer Corporation | Case No. 03-4935 |
| Charles Rogers, et al. v. Bayer Corporation | Case No. 03-4936 |
| Verlean Toles, et al. v. Bayer Corporation | Case No. 03-1174 |
| Clarence Wheeler, et al. v. Bayer Corporation | Case No. 03-4941 |
| Albert Williams, et al. v. Bayer Corporation | Case No. 03-4937 |
| Willie Womack, et al. v. Bayer Corporation | Case No. 03-4939 |
| Jeffery Woods, et al. v. Bayer Corporation | Case No. 03-4940 |
| Hattie Ruth Wright, et al. v. Bayer Corporation | Case No. 02-0870 |
| Toni Andress, et al. v. Bayer Corp., et al. | Case No. 03-5853 |
| Mateo Aolmarez, et al. v. Bayer Corp., et al. | Case No. 03-5396 |
| Leticia Arellano, et al. v. Bayer Corp., et al. | Case No. 04-864 |
| Kathleen Bagnato, et al. v. Bayer Corp., et al. | Case No. 03-5425 |
| Anthony Beam, et al. v. Bayer Corp., et al. | Case No. 03-5078 |
| Laura Beavers, et al. v. Bayer Corp., et al. | Case No. 03-5906 |
| Freda Bledsoe, et al. v. Bayer Corp., et al. | Case No. 03-5864 |
| Beverly Bryant, et al. v. Bayer Corp., et al. | Case No. 04-866 |
| Sigrid Carpenter, et al. v. Bayer Corp., et al. | Case No. 03-5393 |
| Guadalupe Castillo, et al. v. Bayer Corp., et al. | Case No. 03-5414 |
| Gary Chenette, et al. v. Bayer Corp., et al. | Case No. 03-5326 |
| Elfie Clark, et al. v. Bayer Corp., et al. | Case No. 03-5394 |
| Benny Cox, et al. v. Bayer Corp., et al. | Case No. 03-5327 |
| Norma Dean Damron, et al. v. Bayer Corp., et al. | Case No. 04-208 |
| Leo Danforth, et al. v. Bayer Corp., et al. | Case No. 03-5392 |
| Elva Dikes, et al. v. Bayer Corp., et al. | Case No. 03-5391 |
| Jose Espinoza, et al. v. Bayer Corp., et al. | Case No. 03-5421 |
| Carol Etame, et al. v. Bayer Corp., et al. | Case No. 04-0221 |
| Carl Frey, et al. v. Bayer Corp., et al. | Case No. 03-5894 |
| Michael Frisnia, et al. v. Bayer Corp., et al. | Case No. 03-5389 |
| Ramona Garcia, et al. v. Bayer Corp., et al. | Case No. 03-5395 |
| Teresa Galloway, et al. v. Bayer Corp., et al. | Case No. 03-5887 |
| Irene Gosch, et al. v. Bayer Corp., et al. | Case No. 03-5417 |
| David Goss, et al. v. Bayer Corp., et al. | Case No. 04-226 |
| Sidney Gottlieb, et al. v. Bayer Corp., et al. | Case No. 03-5867 |
| Mary Greenhill, et al. v. Bayer Corp., et al. | Case No. 03-5329 |
| Frances Gregg, et al. v. Bayer Corp., et al. | Case No. 04-211 |
| Francine Gunder-Bricq v. Bayer Corp., et al. | Case No. 04-223 |

| | |
|---|---|
| Willard Hall, et al. v. Bayer Corp., et al. | Case No. 03-5357 |
| Nancy Hamlin, et al. v. Bayer Corp., et al. | Case No. 03-5355 |
| Dorothy Harris, et al. v. Bayer Corp., et al. | Case No. 03-5067 |
| Laura Hornback, et al. v. Bayer Corp., et al. | Case No. 03-5076 |
| Evelyn Husband, et al. v. Bayer Corp., et al. | Case No. 03-5412 |
| Dorothy Jemmison, et al. v. Bayer Corp., et al. | Case No. 03-5886 |
| Cardell Jones, et al. v. Bayer Corp., et al. | Case No. 03-5905 |
| Henry Jones, et al. v. Bayer Corp., et al. | Case No. 03-5073 |
| Martha Jones, et al. v. Bayer Corp., et al. | Case No. 03-5069 |
| Rosa Jones, et al. v. Bayer Corp., et al. | Case No. 04-227 |
| Rose Jones, et al. v. Bayer Corp., et al. | Case No. 04-210 |
| Virginia Killen, et al. v. Bayer Corp., et al. | Case No. 03-5335 |
| Delores King, et al. v. Bayer Corp., et al. | Case No. 03-5419 |
| Charles Kruse, et al. v. Bayer Corp., et al. | Case No. 03-5390 |
| Sylvia Landrum, et al. v. Bayer Corp., et al. | Case No. 03-5873 |
| Helen Lanier, et al. v. Bayer Corp., et al. | Case No. 03-5885 |
| Mary Lumpkin, et al. v. Bayer Corp., et al. | Case No. 03-5888 |
| William Matthews, et al. v. Bayer Corp., et al. | Case No. 03-5328 |
| Hubert Medlock, et al. v. Bayer Corp., et al. | Case No. 03-5388 |
| Donald Wayne Mills, et al. v. Bayer Corp., et al. | Case No. 03-5890 |
| Samual Moore, et al. v. Bayer Corp., et al. | Case No. 03-5332 |
| Joann Nelson, et al. v. Bayer Corp., et al. | Case No. 03-5415 |
| Sally Nielsen, et al. v. Bayer Corp., et al. | Case No. 03-5897 |
| Alfred Nwokobia, et al. v. Bayer Corp., et al. | Case No. 03-5359 |
| Inez Orta, et al. v. Bayer Corp., et al. | Case No. 04-1296 |
| Dorothy Pampell, et al. v. Bayer Corp., et al. | Case No. 03-5416 |
| Bertha Porter, et al. v. Bayer Corp., et al. | Case No. 03-5325 |
| Geraldine Pulaski, et al. v. Bayer Corp., et al. | Case No. 03-5420 |
| Lisa Ann Renfroe, et al. v. Bayer Corp., et al. | Case No. 03-5072 |
| Maragarita Reyes et al. v. Bayer Corp., et al. | Case No. 03-5418 |
| Joe Rice, et al. v. Bayer Corp., et al. | Case No. 03-5422 |
| Margaret Roberts, et al. v. Bayer Corp., et al. | Case No. 03-5904 |
| Annie Sanders, et al. v. Bayer Corp., et al. | Case No. 03-5863 |
| Thelma Scales, et al. v. Bayer Corp., et al. | Case No. 03-5907 |
| Argatha Scarlato, et al. v. Bayer Corp., et al. | Case No. 03-5865 |
| Joy Shadley, et al. v. Bayer Corp., et al. | Case No. 03-5070 |
| Iris Shepherd, et al. v. Bayer Corp., et al. | Case No. 03-5387 |
| Sheri Simmons, et al. v. Bayer Corp., et al. | Case No. 03-5077 |
| Mary Smith, et al. v. Bayer Corp., et al. | Case No. 03-5386 |
| Doris Spearman, et al. v. Bayer Corp., et al. | Case No. 03-5333 |

| | |
|---|---|
| Mary Sprouse, et al. v. Bayer Corp., et al. | Case No. 03-5075 |
| James Tennyson, et al. v. Bayer Corp., et al. | Case No. 04-865 |
| James Tucker, et al. v. Bayer Corp., et al. | Case No. 03-5895 |
| Eduardo Villnueva, et al. v. Bayer Corp., et al. | Case No. 03-5424 |
| William Weekley, et al. v. Bayer Corp., et al. | Case No. 03-5426 |
| Wilma White, et al. v. Bayer Corp., et al. | Case No. 03-5857 |
| Bonard Wilborn, et al. v. Bayer Corp., et al. | Case No. 03-5364 |
| Kenneth Williams, et al. v. Bayer Corp., et al. | Case No. 03-5358 |
| Beverly Willingham, et al. v. Bayer Corp., et al. | Case No. 03-5889 |
| Martha Willingham, et al. v. Bayer Corp., et al. | Case No. 03-5365 |
| Carrie Woliver, et al. v. Bayer Corp., et al. | Case No. 04-0206 |
| Mildred Wright, et al. v. Bayer Corp., et al. | Case No. 03-5896 |

---

Edwin Ronwin, Plaintiff pro se.

Jonathan W. Cartee, R. Stan Morris and Julie M. Rooksberry, Shelby, Roden & Cartee for and on behalf of Plaintiffs.

James D. Shannon and Renee C. Harrison, Shannon Law Firm, PLLC, for and on behalf of Plaintiffs.

E. Frank Woodson and Melissa Prickett, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. for and on behalf of Plaintiffs.

Craig P. Niedenthal and Jon C. Conlin, Cory, Watson, Crowder & Degaris, P.C. for and on behalf of Plaintiffs.

Peter W. Sipkins and Elizabeth S. Wright, Dorsey & Whitney, Philip S. Beck and Adam Hoeflich, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber and James W. Mizgala, Sidley Austin Brown & Wood, Gene C. Shaerr, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC and Douglas R. Marvin, Williams & Connolly, LLP for and on behalf of Bayer Corporation.

Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

These matters are before the Court upon the Plaintiffs' motions for relief from parts I(A) and I(B) of PTO No. 114, which require that Plaintiffs submit either a case-specific expert report from a medical expert attesting that Baycol caused the plaintiff injury or a letter and supporting documents, followed by a case-specific expert report, that identifies and highlights the medical records, samples or prescriptions that document Baycol use, states the specific injury alleged, and copies of relevant medical, sample or prescription records.

The issue raised in all of Plaintiffs' motions is whether the state law governing their claims requires a case-specific expert report to prove causation in fact. Plaintiffs assert that the Baycol cases are analogous to vehicular accident and other personal injury cases, and that in such cases, expert testimony is not necessary to prove causation where there is an obvious causal relationship between the injury complained of and the alleged act. Plaintiffs argue that general causation is not an issue in these cases, therefore they can establish causation in fact through lay testimony that they ingested Baycol, that they suffered injury subsequent to that ingestion, whether some other event in their lives could have caused such injury and whether Baycol was in fact the case of the injury.

Analysis

The Court has reviewed the case law cited by Plaintiffs in their briefs, and

finds that the relevant state law concerning the plaintiff's burden of proof as to causation in personal injury actions is consistent. Generally, to prove a negligence claim, state law requires that the plaintiff prove injury and a causal connection between the claimed injury and the event sued upon. See eg., Morgan v. Compugraphic Corporation, 675 S.W.2d 729, 732 (Tex. 1984); Dennis v. Prisock, 221 So.2d 706, 710 (Miss. 1969); Page v. Cox & Cox, Inc., — So.2d —, 2004 WL 406085, *7 (Ala. Civ. App. 2004); Eannottie v. Carriage Inn of Steubenville, 799 N.E.2d 189, 192 (Ohio Ct. App. 2003); Orman v. Williams Sonoma, Inc., 803 S.W.2d 672, 676 (Tenn. 1991); Simmons v. King, 833 So.2d 1148, 1150 (La. Ct. App. 2002); Parker v. Elco Elevator Corp., 462 S.E.2d 98, 100 (Va. 1995); Hurd v. Windsor Garden Convalescent Hospital, 2002 WL 1558600 (Ca. App. 2 Dist. 2002); Lattanze v. Silverstrini, 448 A.2d 605, 608 (Pa. 1982); Wyoming Medical Center, Inc., 27 P.3d 266, 268-269 (Wyo. 2001); Aspiazu v. Orgera, 535 A.2d 338, 341 (Conn. 1987); M.M.D. v. B.L.G., 467 N.W.2d 645, 646 (Minn. Ct. App. 1991).

A medical expert may be utilized to prove that the event sued upon caused the alleged injury. However, in some cases, state law recognizes that a medical expert may not be necessary to prove causation. "Lay testimony is adequate to prove causation in cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship

between the event and the condition." Dawson v. Briggs, 107 S.W.3d 739, 753-754 (Tex. App. 2003). See also, Eannottie, 799 N.E.2d at 192 ("in a negligence action involving conduct within the common knowledge and experience of jurors, expert testimony is not required."); Orman, 803 S.W.2d at 676 ("Except in the most obvious, simple and routine cases, the claimant in a worker's compensation action must establish by expert medical evidence the causal relationship alluded to above between the claimed injury . . . and the employment activity."); Atchison, 391 P.2d at 579 ("The accepted rule is that negligence on the part of the physician or surgeon, by reason of his departure from the proper standard of practice, must be established by expert medical testimony, unless the negligence is so grossly apparent that a layman would have no difficulty in recognizing it."); Lattanze, 448 A.2d at 608 (generally plaintiff must prove causation by expert medical testimony except where there is an obvious causal relationship - one where injuries are immediate and direct or the natural and probable result of the alleged negligent act."); Aspiazu, 535 A.3d at 342 (expert testimony not needed if the medical condition is obvious or common in every day life or if evidence creates a probability so strong that a jury can form a reasonable belief without aid of an expert); M.M.D., 467 N.W.2d at 647 (expert testimony necessary where the "question involves obscure and abstruse medical factors such that the ordinary laymen cannot reasonably possess well-founded knowledge of the matter and

could only indulge in speculation in making a finding.").

There are two reasons why this Court cannot agree that the Baycol cases before it fall within the exception to the expert testimony requirement. First, the Court notes that Plaintiffs do not cite to a single state law opinion that supports their position that personal injury cases involving pharmaceuticals, toxins or medical devices are analogous to vehicle accidents or other personal injury cases. Second, pursuant to one of the medical experts retained by the Plaintiffs' Steering Committee ("PSC"), the alleged injuries sustained by the plaintiffs that ingested Baycol, including muscle pain and weakness, require a physician to perform a differential diagnosis to determine the origin of such injury. Deposition of Thomas M. Zizic, M.D. at 184. Relevant to the causation inquiry is a particular plaintiff's medical history, and any medications taken at the same time as Baycol to determine whether concomitant illnesses or medications could be the cause of such injuries. Id. at 185. Similarly, another medical expert retained by the PSC testified at his deposition that it is important to investigate alternative causes of injury when making a diagnosis. Deposition of George Kaysen, M.D. at 38-39, 41. The ability to perform a differential diagnosis is clearly beyond the ability or experience of a lay person.

For these reasons, this Court finds that the Baycol cases are not analogous

to vehicle accident or other personal injury actions which do not require a differential diagnosis. Rather, this Court joins with those courts that have held personal injury cases involving pharmaceuticals, toxins or medical devices involve complex questions of medical causation beyond the understanding of a lay person. See eg. McClain v. Metabolife Int'l, Inc., 193 F. Supp.2d 1252, 1258 (N.D. Al. 2002)(expert is required to prove causation in this case, as interplay between ephedrine, caffeine and the other ingredients in Metabolife 356, the varying states of pre-existing ill-health of Plaintiffs, and their various ultimate injuries is "complex and technical in nature"); Sanderson v. Int'l Flavors and Fragrances, Inc., 950 F. Supp. 981, 985 (C.D. Cal. 1996)(case involving exposure to aldehydes involved scientific issues beyond the experience of laymen); Blinn v. Smith & Nephew Richards, Inc., 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999)(case involving bone screw required expert testimony to prove defect and causation); Wintz v. Northrop Corporation, 110 F.3d 508, 515 (7th Cir. 1997)(applying Illinois law, case involving in utero exposure to bromide required expert testimony to prove causation); In re: Propulsid Products Liability Litigation, 261 F. Supp.2d 603, 618 (E.D. La. 2003)(summary judgment in favor of defendant appropriate where plaintiff failed to submit admissible expert testimony to prove plaintiff's injuries caused by ingestion of Propulsid); Graham v. American Cyanamid Company, 350 F.3d 496, 507 (6th Cir. 2003)(whether oral polio

vaccine caused injury involved technical and scientific issues, expert testimony needed to prove causation); Sayer v. Williams, M.D., 962 P.2d 165, 167 (Wyo. 1998)(expert testimony necessary to prove doctor's negligence caused injury where plaintiff's high blood pressure or Hepatitis C could have caused the symptoms of which plaintiff complained).

The above analysis applies equally to the motion of Plaintiff Edwin Ronwin[1]. The case cited by Plaintiff Ronwin in support of his motion involves injuries resulting from a slip and fall. Wyoming Medical Ctr, 27 P.3d at 267. In Wyoming Medical, the plaintiff slipped and fell in a parking structure, hitting the back of her head, her back and dislocating her knee. Id. at 268. At trial, the plaintiff and her doctor testified that injuries to her back and knee were caused by the slip and fall. Id. On appeal from a verdict in favor of the plaintiff, the defendant argued that the plaintiff needed an expert to prove causation. The Wyoming Supreme Court disagreed, finding that "the testimony of the plaintiff may be sufficient, without the use of experts, to establish the element of causation between an *accident* and the plaintiff's injuries." Id. at 269 (emphasis added). Based on the particular facts in the Wyoming Medical case, the court held that an

[1]Plaintiff Ronwin has also submitted a letter in addition to his motion for relief under PTO No. 114, raising the question of how to file a motion for an extension of time to comply with the discovery deadlines contained in PTO No. 114. Section VII of PTO No. 114 provides that the parties may stipulate to such an extension, or that the plaintiff may move for an extension. If a motion for an extension is filed, such motion will be heard by this Court.

expert was not needed to prove causation. Id.

Plaintiff Ronwin's Baycol case is not an accident case, nor does it involve facts in which causation is obvious. Rather, his case raises the issue of whether the pharmaceutical, Baycol, caused his particular injuries, which include left arm pain, blurred vision, leg pain, slight caterax in both eyes, and a torn rotator cuff. Exhibit A to Bayer Opposition to Plaintiffs' Motions for Relief from Parts I(A) and I (B) of PTO 114. Contrary to Plaintiff Ronwin's assertions, whether Baycol caused such injuries is beyond the understanding and experience of a lay person, and will require a differential diagnosis. See, Sayer 962 P.2d at 167 (expert testimony necessary where multiple medical conditions could have caused alleged injury).

IT IS HEREBY ORDERED that the above named Plaintiffs' Motion for Relief From Parts I(A) and I(B) are DENIED.

Date: June 10, 2004

/s/ Michael J. Davis
Michael J. Davis
United States District Court