E-SERVED
06/21/04
04:59 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: BAYCOL PRODUCTS LITIGATION<br><br>This Document Relates To:<br><br>All Actions | )<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 1431<br>(MJD/JGL) |

**THE PARTIES' STATUS REPORT AND PROPOSED AGENDA**

**June 22, 2004**

The parties herewith submit the following Joint Status Report and Agenda for the hearing on June 22, 2004.

## I. Pending Cases

A. As of close of business on June 18, 2004, defendants have been served with 7,642 cases that remain active. Of that total, 6,046 cases are pending in federal court and 1,596 cases are pending in state court.

B. As of the last status conference in April, 2004, defendants had been served with 8,801 cases that were active. Of that total, 6,095 cases were pending in federal court and 2,689 cases were pending in state court. Filed but unserved cases were not included in these totals.

C. There are pending, certified statewide class actions in Oklahoma regarding personal injury and in Pennsylvania regarding medical monitoring. Judge Bernstein has certified the Pennsylvania medical monitoring class for interlocutory appeal, and defendants have petitioned the Pennsylvania appellate court for leave to appeal. Richard Lockridge will report on

E-SERVED
06/21/04
04:59 PM ET
Baycol MDL 1431

the PSC's participation in these cases.

D. A hearing is scheduled for next week in Pennsylvania on certain plaintiffs' motion to certify a third party payer class. To date, third party payers representing at least 73 percent of private health plan beneficiaries have chosen to settle their claims with Bayer. The Allied Services case remains pending in the MDL. The Blue Cross Minnesota case, filed directly in this Court, has settled; the PSC has negotiated a special agreement with Kim West regarding the withholding on that case.

E. An updated list of plaintiffs' counsel in pending cases has been provided to the PSC.

**II. Settlement**

A. To date, Defendants have settled 2,716 cases with a total value of $1,043,919,200. Of this total, 675 cases have been determined to be subject to the MDL assessment, with a total value of $234,259,607. The parties will report *in camera* on the funds held in the Common Benefit Fund.

B. As of the last status conference, Defendants had settled 2,296 cases with a total value of $868,459,070. Of this total, 618 cases had been determined to be subject to the MDL assessment, with a total settlement value of $221,700,348.

C. Approximately 116 cases have been submitted to the MDL mediation process. The parties have provided the Court with letters regarding certain cases referred to mediation that have not settled. The PSC continues to believe that the mediation program should be modified; at the appropriate time, the PSC would like to address the issues previously raised in correspondence with the Court. As defendants previously have explained, they object to the PSC's attempt to modify the mediation program.

E-SERVED 06/21/04 04:59 PM ET Baycol MDL 1431

D. In addition to the mediation program, the PSC is continuing to negotiate a limited number of cases directly with Bayer.

E. Mediators' Report: Special Master Remele.

**III. Discovery**

A. The first deadline for submitting reports under PTO 114 passed on June 7, 2004. Cases subject to this deadline had file numbers in the range of 01-1594 to 02-4433. There were approximately 1910 plaintiffs subject to this deadline. Of these plaintiffs, 1259 were granted extensions, leaving 651 plaintiffs subject to the June 7 deadline. As of June 18, defendants had received submissions from 231 plaintiffs. 116 served letters with medical records and 115 served case specific expert reports. Most of these expert reports were two-page form reports. Defendants believe that these forms do not comply with PTO 114; the PSC contends that the forms meet the requirements of the order. The parties will be discussing this and other PTO 114 implementation issues with Special Masters Haydock and Remele on Monday, June 21. Deadlines for reports in the second (case file numbers 02-4434 to 03-2581) and third (case file numbers 03-2583 to 04-1312) rounds are July 30, 2004 and September 20, 2004.

B. The Pennsylvania state court has required plaintiffs to submit case specific expert reports for all remaining non-rhabdo cases. At the status conference, defendants will provide a short report on the Pennsylvania program.

C. Bayer and Bayer AG recently produced more than 60 CDs of documents, including documents for people previously deposed. Defendants note that most of these documents are duplicates of documents previously produced. Subsequent to the document production, the PSC re-noticed the depositions of Von Keutz, Sprenger and Mueck. The PSC

E-SERVED 06/21/04 04:59 PM ET Baycol MDL 1431

also noticed the deposition of Hommering for the first time and is considering seeking additional testimony from Ernst Weidmann. The PSC and defendants are engaged in discussions regarding these matters.

D. The PSC also has noticed the depositions of Mr. Wenning and Dr. Schneider. Defendants believe there is no basis for conducting "apex" depositions in this litigation and will be moving for a protective order.

E. Pursuant to PTO 99, Bayer has completed its de-designation of previously designated confidential documents. GSK has not completed its production of such documents. The PSC has done a random selection review of those documents. Both Bayer and GSK have now de-designated as non-confidential approximately 80% to 90% of documents previously designated as confidential. The PSC intends to file a motion to recover costs associated with defendants' de-designation pursuant to PTO 99. Defendants will oppose any such motion, if it is filed.

F. Before the Court is the PSC's request for letters rogatory. The Court has indicated that this matter will be discussed at the status conference. Defendants were not contemporaneously served with the document(s) the PSC provided to the Court and therefore are not in a position to comment on the PSC's request. Defendants have been provided a copy of the PSC submission regarding this third party discovery.

G. The PSC has filed a motion to compel Defendants to produce the mailing list to whom each mailed PTO 6, regarding preservation of sales force records. Defendants will be filing a brief in opposition. This motion has been referred to Chief Magistrate Judge Lebedoff.

E-SERVED 06/21/04 04:59 PM ET Baycol MDL 1431

H. The parties will be discussing PTO 120 generic expert discovery with Special Masters Haydock and Remele during a meeting on Monday, June 21. The Special Masters and parties will report to the Court.

I. Defense Department/FDA Investigation. The PSC will update the Court on this matter. Bayer continues to cooperate in the investigation.

**IV. Motions**

A. The following motions are fully briefed, have been submitted to the Court, and are ready for argument:

1. Plaintiff Lehmann motion to remand

B. Various plaintiffs have pending motions for relief from PTO 114. Defendants will be filing a consolidated opposition addressing those issues not resolved by this Court's order of June 15.

B. The following motion has been referred to Magistrate Judge Lebedoff:

1. Plaintiffs' Motion to Compel Production of Detail Sales Representative Mailing

**V. Trial Settings and Remand Issues**

A. There are presently no trial settings for cases in the MDL.

B. A list of state court trial settings has been provided to the Court and the PSC.

* Discuss cases set for trial.

C. The PSC believes that discussion of a method for categorizing cases with reports, pursuant to PTO 114, should commence, and that mandatory mediation, or other alternative dispute resolution, should be undertaken pursuant to PTO 59 ¶6. Defendants believe that the

E-SERVED
06/21/04
04:59 PM ET
Baycol MDL 1431

discussion on categorization, as required by PTO 114, may be hampered by many plaintiffs' submission of form expert reports. As noted above, this matter will be discussed on Monday, in advance of the status conference.

**VI. Liaison Advisory Committee/Special Masters' Report**

A. European expense sharing issue.

Respectfully submitted,

| | | |
|---|---|---|
| s/ Charles S Zimmerman | s/Peter Sipkins for Defendants | |
| Charles S. Zimmerman | Philip Beck | Fred Magaziner |
| Richard A. Lockridge | Adam Hoeflich | Tracy Van Steenburgh |
| | Susan Weber | |
| | Gene Schaerr | |
| | Peter Sipkins | |
| *Co-Lead Counsel for Plaintiffs* | *Counsel for Bayer* | *Counsel for GlaxoSmithKline* |