**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**PRETRIAL ORDER NO. 125**

**This Document Also Relates to:**
**Ilse Lehmann & Felix Lehmann v. Bayer et al.** **Civil No. 01-5324**

---

Wendy R. Fleishman, Lieff Cabraser Heimann & Bernstein, LLP, for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney LLP, and Adam L. Hoeflich, Barlit Beck Herman Palenchar & Scott, for and on behalf of Bayer Corporation.

Fred T. Magaziner, Dochert LLP, for and on behalf of GlaxoSmithKline.

---

Before the Court is Plaintiffs' Expedited Motion for Suggestion of Remand or, in the Alternative, for Expedited Trial Before the MDL Court by Designation (Doc. No. 26). Defendants Bayer Corporation and GlaxoSmithKline oppose the motion. The motion was argued at the June 22, 2004 status conference.

## I. BACKGROUND

Plaintiff Ilse Lehmann, age 80, developed rhabdomyolysis ("rhabdo") as a result of taking Baycol, and in October 2001 Plaintiffs filed the instant lawsuit seeking damages for Ms. Lehmann's injuries. The case was originally filed in the

Eastern District of Pennsylvania, and was transferred into this MDL by the Judicial Panel on Multidistrict Litigation.

In the instant motion, Plaintiffs request that this matter be remanded to the originating jurisdiction for trial as expeditiously as possible in light of Plaintiffs' age. In the alternative, Plaintiffs request that the Court hear this case while sitting by designation in Pennsylvania. Plaintiffs also request that the Court issue an expedited discovery schedule in this case. For the following reasons, Plaintiffs' motion is denied.

## II. DISCUSSION

28 U.S.C. § 1407 provides, in pertinent part, the following:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]

28 U. S.C. § 1407(a). Thus, remand at the conclusion of pretrial proceedings is mandatory, whereas remand prior to the conclusion of pretrial proceedings is discretionary with the transferee court. See In re Bridgestone/Firestone, Inc., 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001) (citation omitted).

In resolving the instant issue, the Court finds the Third Circuit's ruling in In re Patenaude, 210 F.3d 135 (3rd Cir. 2000) instructive. In Patenaude, part of the asbestos litigation, the Third Circuit declined to issue a writ of mandamus ordering the Judicial Panel on Multidistrict Litigation ("The Panel") to remand certain MDL cases to their respective transferor courts. See Patenaude, 210 F.3d at 146. The Third Circuit reasoned that The Panel did not abuse its discretion by refusing to remand the cases when discovery on overlapping issues affecting many asbestos cases was on-going in the MDL, and when settlement negotiations were continuing and often successful. See id.

The instant case is similar to Patenaude insofar as both core discovery and case-specific discovery is still on-going. (Pl. Mot. Remand ¶ 4; Def. Joint Opp. Mot. Remand at 2-3.) In their motion papers and during oral argument, the Parties stated that discovery is continuing in this MDL, including, but not limited to, production of previously confidential documents; depositions of top Bayer A.G. executives; generic expert discovery; and the PSC's attempts to secure documents seized by a certain Italian Prosecutor's office in its investigation of Bayer. In addition, although the Parties have failed to reach a mediated settlement thus far, it cannot be said that a settlement cannot ever be reached. Bayer characterizes settlement negotiations as "on-going," and is willing to attempt another mediation. The Court notes the success Bayer has had in reaching settlement in other rhabdo

cases. See Patenaude, 210 F.3d at 145 (finding remand to the transferor court inappropriate when "the possibility exist[ed] that even individual settlement negotiations will be more efficient if facilitated by a judge who is intimately familiar with the general issues and many of the parties, and where in fact the record reflects that settlements are successfully being negotiated"). Therefore, the Court finds that this case should appropriately remain a part of this MDL. Both Parties will benefit from the yet to be completed discovery and, possibly, from future settlement negotiations. See id. at 146 (refusing to find denial of remand inappropriate even when remaining coordinated pretrial proceedings did not affect plaintiffs' cases); Bridgestone/Firestone, 128 F. Supp.2d at 1197 (stating that propriety of remand is usually based on whether the case will benefit from further coordinated MDL proceedings).

The Court is not unsympathetic to the fact that Plaintiffs are 80 years old. However, the reality of this MDL is that the vast majority of Plaintiffs are in their senior years. Allowing remand based on the age of individual plaintiffs and age of individual cases, without any other compelling or special circumstances, would harm this MDL. To that end, the Court agrees with Defendants that granting this remand request would be tantamount to opening the floodgates to thousands of other similar requests. (Def. Joint Opp. Mot. Remand at 1.) The Court declines to create a situation wherein remand motion practice could overtake this litigation,

and threaten "the just and efficient conduct" of this MDL. See 28 U.S.C. § 1407(a). This is especially improper when pretrial proceedings are not yet completed.

In conclusion, the Court finds that this case will benefit from the yet to be completed pretrial proceedings of this MDL. The Court also finds that remand of this case will not "serve the goal of expeditious disposition of this litigation," Manual for Complex Litigation (Fourth) § 20.133 (2004), but will instead slow it down and create an inefficient quagmire that will consume inordinate amounts of judicial time and resources. Therefore, this portion of Plaintiffs' motion is denied.

The Parties are currently in mediation, and are close to a settlement in this case. Therefore, Plaintiffs' requests for the Court to conduct an expedited trial while sitting by designation, and for an expedited discovery schedule are also denied.

**IT IS HEREBY ORDERED** that Plaintiffs' Expedited Motion for Suggestion of Remand or, in the Alternative, for Expedited Trial Before the MDL Court by Designation [Doc. No. 26 in Civil Case No. 01-5324] is **DENIED**.

Date: June 29, 2004

s/ Michael J. Davis
MICHAEL J. DAVIS
United States District Court