E-SERVED
07/06/04
06:17 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LIABILITY LITIGATION**

MDL No. 1431 (MJD/JGL)

**This Document Relates to:**
***ALL CASES***

**BAYER'S MEMORANDUM IN SUPPORT MOTION TO QUASH PLAINTIFFS' REQUEST FOR A LETTER ROGATORY PURSUANT TO THE HAGUE CONVENTION**

Defendants Bayer Corporation and Bayer AG (collectively "Bayer") respectfully submit this motion to quash plaintiffs' request that this Court issue a letter rogatory requesting production of documents from Italian Prosecutor Raffaele Guariniello.

## INTRODUCTION AND SUMMARY

As this Court is well aware, the Plaintiffs' Steering Committee ("PSC") has been trying for some time to join forces with Italian prosecutor Raffaele Guariniello for the purpose of gaining access to documents he has gathered in a criminal investigation in Torino, Italy. The desired collaboration having failed to materialize, the PSC now seeks compulsory process. The PSC thus asks this Court to issue a letter rogatory, pursuant to the Hague Convention, requesting that Dr. Guariniello be ordered by an Italian court to turn certain documents seized from a Bayer AG affiliate, Bayer SpA, over to the PSC for use in the MDL litigation. This request should be denied for three separate reasons.

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

First and foremost, the Italian government has expressly stipulated that it will not honor requests under the Convention for documents to be used in pretrial discovery in the U.S. or other common law countries. Thus the PSC's requested letter rogatory would be futile, a waste of this Court's time, and (at best) an irritant to the Italian authorities.

Second, the documents in question are under seal. Under Italian law, documents gathered in a criminal investigation may not be disclosed until the investigation is closed and a formal complaint is issued. Dr. Guariniello has not completed his investigation or issued a formal complaint. Therefore, even if the Italian government were otherwise amenable to requests for pretrial document discovery, an Italian court could not honor the PSC's request in this case (nor could Dr. Guariniello produce the documents voluntarily) without violating Italian law. For this additional reason, the PSC's request is futile— and an even clearer affront to the Italian authorities.

Finally, even if the PSC's request were not barred by Italian law, the request is woefully inadequate to justify the extraordinary measure of a letter rogatory. Discovery under the Hague Convention requires more than the threshold showing of relevance required by the Federal Rules of Civil Procedure. The requesting party must also show, *inter alia*, that the documents sought are of *particular* importance to the litigation. *See Société Nationale Industrielle Aérospatiale* v. *United States District Court*, 482 U.S. 522, 544 n.28 (1987). Here, the PSC has not made, and indeed cannot make, the stringent showing required under the Convention, particularly in light of the

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

fact that the documents at issue are from Bayer SpA, not from the defendants here, Bayer AG and Bayer Corporation.

For all of these reasons, the PSC's request for a letter rogatory should be denied.

**ARGUMENT**

The Hague Convention, to which the United States and Italy are parties, provides a mechanism for a court in one country to request, by way of a letter rogatory (or "letter of request"), evidence from a court in another country. *See* Convention Art. 1 (28 U.S.C. § 1781) (attached at Exh. A). The Convention embodies important principles of respect and comity between signatory nations and between their judicial authorities. Accordingly, requests for evidentiary assistance under the Convention are subject to a "particularized analysis of the respective interests of the foreign nation and the requesting nation," and should be honored only "'so far as they do not occasion a prejudice to the rights of other governments, or their citizens.'" *Aérospatiale*, 482 U.S. at 543-44 (quoting *Emory* v. *Grenough*, 3 Dall. 369, 370, 1 L. Ed. 640 (1797)). Thus, as the Supreme Court has cautioned, U.S. courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. . . . When it is necessary to seek evidence abroad, . . . the district court must supervise pretrial proceedings particularly closely to prevent discovery

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

abuses."[1] As explained below, the PSC's request should be denied because, for two separate reasons, it cannot be granted by the Italian authorities, and because it fails to satisfy the Convention's stringent relevancy requirement.

## I. AS A MATTER OF ITALIAN LAW, ITALY WILL NOT HONOR REQUESTS FOR DOCUMENTS TO BE USED IN PRETRIAL DISCOVERY IN UNITED STATES LITIGATION.

One reflection of the Convention's concern for international comity is Article 23, which, in acknowledgment of the significant differences between the civil law and common law procedures for pretrial document discovery, provides for signatory nations to withhold their cooperation in that regard: "A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pretrial discovery of documents in Common Law countries." Convention Art. 23. As is plain from its terms, Article 23 "enables a contracting party to revoke its consent to the treaty's procedures for pretrial discovery." *Aérospatiale*, 482 U.S. at 537.

That is precisely what Italy did. It ratified the Hague Convention with the following reservation:

> The Italian Government declares, in accordance with Article 23, that it will *not* execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries.

---

[1] *Aérospatiale* (like other cases involving discovery under the Convention) involved a request propounded to private litigants in the foreign country. Given that comity among nations is the driving principle behind the Convention, it should go without saying that the Court's counsel of vigilance applies with special force where, as here, the request is directed at the foreign government itself.

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

Convention note 2c (emphasis added). In other words, Italy "will not grant requests for pre-trial discovery of documents." U.S. Dep't of State, "Judicial Assistance – Italy," available at http://travel.state.gov/italy_legal.html. That conclusion is confirmed in the attached declaration of Italian lawyer and law professor Mario Zanchetti. See Declaration of Mario Zanchetti ("Zanchetti Decl.") (Exh. B) ¶ 8.

Plaintiffs may rejoin that a reservation under Article 23 does not really mean what it says. They may even rely upon the comment in Justice Blackmun's separate opinion in the *Aérospatiale* case that "a reservation is not the significant obstacle to discovery under the Convention that the broad wording of Article 23 would suggest." *Aérospatiale*, 482 U.S. at 564 (Blackmun, J., concurring in part and dissenting in part). Any such argument, as applied to this case, is meritless for two reasons.

First, Justice Blackmun's caveat—and similar statements in the jurisprudence and the academic literature—had to do with countries that "have modified the declarations made pursuant to Article 23 to limit their reach," as many Convention signatories have done. *Id.* at 563-64. Italy, however, has not done so. Italy, among a few other signatory nations, has not qualified its Article 23 reservation. *See id.* at 564 n.22; Zanchetti Decl. ¶ 8; *accord* D. Prescott & E. Alley, *Effective Evidence-Taking Under the Hague Convention*, 22 Int'l Law. 939, 954 n.74.

Secondly, even those countries that have modified their Article 23 reservations do not allow free rein when it comes to pretrial document

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

discovery. They still generally require "carefully drafted, specific document requests" and a specific representation by the U.S. court "that the documents requested are relevant to matters that will be in issue *at trial*." *Id.* at 954 (emphasis added). Here, the PSC has made no showing that the requested documents (even if they could be identified) satisfy this stringent standard.

## II. THE ITALIAN AUTHORITIES COULD NOT HONOR THE PROPOSED REQUEST FOR DOCUMENTS WITHOUT VIOLATING ITALIAN LAW.

Even if the Italian government had not foresworn all cooperation with requests for pretrial document discovery, the request at issue here could not be honored under Italian law. As explained in Mr. Zanchetti's declaration, documents gathered by an Italian prosecutor during a criminal investigation must be kept under seal until and unless the prosecutor officially closes his investigation and issues a complaint. *See* Zanchetti Decl. ¶ 5. Until that moment, the documents collected by the prosecutor cannot be disclosed, on pain of criminal penalty. *Id.* ¶ 6. In this case, Dr. Guariniello has not closed his investigation and therefore no portions of his investigative file can be disclosed. *Id.* ¶ 5.

Bearing in mind the Supreme Court's injunction against requests that "occasion a prejudice to the rights of other governments," *Aérospatiale*, 482 U.S. at 544 n.27,[2] this Court may not properly submit a request that would

---

[2] *Cf.* Convention Art. 9 (providing that the judicial authority of each signatory nation "will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution").

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

require the Italian authorities to break their own law—most especially when there is no demonstrated need for the documents in question.

## III. PLAINTIFFS HAVE NOT SATISFIED THEIR BURDEN OF JUSTIFYING A LETTER ROGATORY.

In all events, plaintiffs' request does not come close to satisfying their burden of justifying the extraordinary measure of a letter rogatory. To be sure, plaintiffs assert that they "believe [the requested] discovery is relevant and that such documents are material to their claims." June 10, 2004, letter from Robert R. Hopper to Hon. Michael J. Davis. But they offer nothing to support this statement, evidently because they have no idea what Dr. Guariniello has seized at Bayer SpA's premises. Indeed, plaintiffs do not even know how many documents Dr. Guariniello has seized—*see id.* (referring to "the so-called '100,000 documents' (or pages of documents)")—much less what information the documents contain. (Neither Defendants nor Bayer SpA knows what is in those documents either, inasmuch as the originals were seized from Bayer SpA's premises with no opportunity for duplication.) The bald assertion that the documents are relevant and material is thus utterly unjustified.[3]

Even under the most liberal construction, the federal rules do not condone what this court has previously called "fishing expeditions in discovery." As the court noted, "[s]ome threshold showing of relevance must be

---

[3] More egregiously, the PSC would have this Court represent, in a formal letter to the Italian government, that "[t]he requested evidence is necessary for the continuance [sic] of these proceedings." Proposed Letter of Request at 4. On no conceivable understanding of this litigation could that be considered true.

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Prokosch* v. *Catalina Lighting, Inc.*, 193 F.R.D. 633, 635 (D. Minn. 2000) (quoting *Hofer* v. *Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Plaintiffs have not even tried to make such a showing, and Bayer doubts they could do so under any circumstances. If ever there was a discovery fishing expedition, this is it.

In all events, requests for assistance under the Hague Convention require much more than the bare threshold showing of relevance required by the U.S. discovery rules. In *Aérospatiale*, the Supreme Court identified the following factors for a court to consider in determining whether to issue a letter rogatory:

> (1) the importance to the . . . litigation of the documents or other information requested;
>
> (2) the degree of specificity of the request;
>
> (3) whether the information originated in the United States;
>
> (4) the availability of alternative means of securing the information; and
>
> (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Aérospatiale*, 482 U.S. at 544 n.28 (ellipsis in original) (quoting Restatement of Foreign Relations Law of the United States (Revised) § 437(1)(c) (Tentative Draft

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

No. 7, 1986)). Here, as shown below, *all* of these factors militate against issuance of the requested letter rogatory.

1. *Importance of the information.* As shown above, the PSC has not even tried to show that the documents in question are relevant to the MDL litigation; a fortiori, it has not shown that the documents are *important* to the litigation. And there is no hint that either relevance or importance could be shown. While it is not known what Dr. Guariniello has seized at Bayer SpA, there simply is no reason to believe that these documents contain anything of importance that are not already part of, or very similar to, the millions of pages of documents that Defendants have already produced in this litigation.

2. *Specificity of the request.* Plaintiffs' request for an unspecified "so-called '100,000 documents'" is absurdly vague, and would be improper under the most liberal construction of the Federal Rules. Plainly it falls far short of the higher standard applicable to Hague Convention requests.

3. *Origin of the information.* Nor is there any indication that any of the requested documents originated in the United States. Absent contrary information, those documents should not be presumed to have originated here.

4. *Alternative means of securing the information.* Although the documents plaintiffs seek are, as explained above, not currently available (to the PSC or anyone else), they would become public if Dr. Guariniello in fact issues a complaint. Plaintiffs could seek access to the documents at that

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

time—subject, of course, to Bayer SpA's right to object to their release in Italy, and to their production and admission in these proceedings.

5. *Interests of the United States and Italy.* Finally, plaintiffs offer no reason to suppose that the interests of *either* the United States or Italy will be advanced by their request. Plaintiffs do not and could not assert that disclosure of the documents seized from Bayer SpA is necessary to vindicate "important interests of the United States." On the other hand, disclosure of the files undeniably would undermine Italy's important interest in maintaining pre-complaint secrecy of prosecutorial files.

In short, the PSC has not even tried to demonstrate that its yearning to see the documents Dr. Guariniello seized from Bayer SpA warrants the extraordinary measure of invoking this Court's prestige to reach into the legal system of a foreign sovereign. And the PSC likely could not make that showing if it tried. The request is without warrant and should be denied.

## CONCLUSION

For the foregoing reasons, Bayer Corporation and Bayer AG respectfully submit that plaintiffs' request for a letter rogatory to Italian prosecutor Raffaele Guariniello should be denied.

Respectfully submitted,

July 6, 2004

//Original Signature On File//
Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

E-SERVED
07/06/04
06:17 PM ET
Baycol MDL 1431

Gene C. Schaerr
Frank R. Volpe
Richard H. Menard Jr.
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Susan A. Weber
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich

BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

*Counsel for Bayer Corporation and Bayer AG*

E-SERVED
07/06/04
06:17 PM ET
Baycol MDL 1431

**CERTIFICATE OF SERVICE**

I, Amy Haberman, certify that a true and correct copy was electronically served to counsel of record via Verilaw on July 6, 2004.

Amy L. Haberman