E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LIABILITY LITIGATION**

MDL No. 1431 (MJD/JGL)

**This Document Relates to:**
***ALL CASES***

**DECLARATION OF MARIO ZANCHETTI**

I, Mario Zanchetti, declare the following under penalty of perjury:

1. I have been a licensed attorney in Italy for 16 years, am a full professor of criminal law at the Carlo Cattaneo University in Castellanza, Italy, and am familiar with Italian law.

2. I represent Bayer AG and Bayer SpA in Italy.

3. I have been informed that on June 10, 2004, the plaintiffs in Baycol Products Litigation MDL No. 1431 asked the Honorable Michael J. Davis to sign a "Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil and Commercial Matters" ("Letter of Request"). With this Letter of Request, the Plaintiffs seek production of "approximately 100,000 documents (or pages of documents) obtained by Dr. Raffaele Guariniello from the offices of Bayer AG, Milan, Italy, in or about July 2002" (Letter of Request at 3).

4. Dr. Raffaele Guariniello, Public Prosecutor in the Court of Torino, Italy, is conducting a criminal investigation. In connection with this investigation, Dr. Guariniello issued on July 15, 2002 a Search and

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

Seizure Order for Bayer SpA, Milan, Italy (a wholly-owned subsidiary of Bayer AG). The Order was executed on July 16, 2002 and resulted in the seizure of a substantial number of documents. No premises or offices of Bayer AG were searched pursuant to this Order, and Bayer AG has not produced any document to the Prosecutor.

5. Under the Italian Code of Criminal Procedure, investigations by a Public Prosecutor are secret, and the defendants and their counsel have no right to discovery of the Prosecutor's files, or of the collected evidence, until the investigations are completed and a complaint is issued.[1] Until that moment, the file remains under seal. No complaint has issued here. Therefore, Bayer AG, its employees and its counsel do not have in their possession the documents seized by the Prosecutor from Bayer SpA. Bayer SpA was not allowed to retain copies, or to make a list, of the seized documents.

6. It is reasonable to believe that Dr. Guariniello did not provide Attorney Charles S. Zimmermann with a copy of the documents as requested on October 29, 2002, so as to avoid violating the rule of

---

[1] Art. 329 Code of Criminal Procedure states: "The acts of investigation, accomplished by the Public Prosecutor and by the Judiciary Police are covered by secret until the moment in which the defendant can have knowledge of them, and anyway not beyond the closing of the preliminary investigations".

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

secrecy concerning the investigations. Violation of this rule can constitute a criminal offense in Italy.[2]

7. The plaintiffs are now seeking the production of the same documents through a Request for International Judicial Assistance, pursuant to the Hague Convention of 18 March 1970 (the "Hague Convention"). In my opinion, this request cannot be honored under Italian and international law.

8. Italy ratified the Hague Convention of 18 March 1970 through the Law No. 745 of October 24, 1980, but Italy issued a reservation under Article 23 of the Hague Convention declaring that it will not honor requests for documents to be used in pre-trial discovery in the U.S. And Italy has not qualified its Article 23 reservation. Thus, even a request in which the documents sought were precisely identified, but that is

[2] Art. 326 penal code "Revelation and utilization of official secret": "Any Public Officer or person charged with a Public Service who, violating the duties of their function or service, or anyway abusing of their official charge, reveals an information regarding his office, that is deemed to remain secret, or helps somebody to get the knowledge of this information, is punished with imprisonment from six months to three years … ; art. 379 bis penal code: "Revelation of a secret pertaining to a criminal proceeding": "Providing that the fact does not constitute a more serious crime, whoever unduly reveals any information that is to remain secret, regarding a criminal proceeding, which he has acquired because of his participation or assistance to an act of the proceeding, is punished with imprisonment up to one year … ".

E-SERVED 07/06/04 06:17 PM ET Baycol MDL 1431

connected to pre-trial discovery, will not be honored by the Italian Authority.

9. As stated above, the documents seized by the Prosecutor during a criminal investigation are secret and unavailable, even as to the defendants and their lawyers, until the Prosecutor closes the investigation and officially notifies the defendants, which has not yet occurred. Prior to this notification, only the Prosecutor has access to the seized documents.

10. Since the documents are still subject to a rule of secrecy, it is my firm opinion that the Prosecutor cannot produce these documents to a third party, even in response to a request under the Hague Convention, and an Italian Court could not order him to do so.

11. In addition, allowing third parties (such as the plaintiffs here) to access documents regarding a criminal investigation that are not in possession of the defendants themselves would be a patent violation of the principle of "fairness" of criminal proceeding, granted by Article 6 of the European Convention of Human Rights (under which all the National and International legislations that are to be applied in Europe are to be read). Therefore, the Italian Authority and any Italian Court would refuse such a Request.

12. More generally speaking, under Italian law, a public authority of any kind (not only a Court or a Prosecutor) cannot produce a document

E-SERVED
07/06/04
06:17 PM ET
Baycol MDL 1431

that is protected by "official secrecy" to a Court for use in a civil litigation.

I declare under penalty perjury that the foregoing is true and correct.

Executed on July 6, 2004

Mario Zanchetti