**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LIABILITY LITIGATION** **MDL No. 1431**
**MJD/JGL**

**This Document Relates to All Cases** **Pretrial Order No. 127**

---

Pursuant to Pretrial Order No. 114, Paragraph VIII, The PSC, Bayer, and GSK met with Special Masters Haydock and Remele and submitted proposals regarding the categorization of claims. Based on those submissions and the file and record of this litigation, IT IS ORDERED:

1. The case of each plaintiff who has filed supplemental discovery pursuant to PTO 114 shall be placed in one of the following categories by stating the plaintiff's name, case name, MDL Case No., plaintiff's law firm, and date of PTO 114 submission:

   A. Rhabdomyolysis.

   B. Documented Muscle Complaints/Symptoms with Objective Evidence of Elevated CK, EMG, NCS, elevated Liver Enzymes, Dark Urine or Muscle Biopsy.

      (1) Documented During the Period of Baycol Use.

      (2) Documented within 30 days Following Discontinuation of Baycol.

   C. Documented Muscle Complaints/Symptoms without Objective Evidence of Elevated CK, EMG, NCS, or Liver Enzymes or Dark Urine or Muscle Biopsy.

      (1) Documented During the Period of Baycol Use.

(2) Documented within 30 days Following Discontinuation of Baycol.

D. Documented Muscle Complaints/Symptoms not During the Period of Baycol Use or within 30 days Following Discontinuation of Baycol.

E. Undocumented Muscle Complaints/Symptoms.

F. Elevated Labs Other Than CK or Liver Enzymes.

G. Other (not alleging Muscle Complaints/Symptoms).

H. Unable to Categorize Because of Inadequate and Insufficient Submissions as Required by PTO 114.

2. No later than July 19, 2004, the PSC, Bayer, and GSK shall jointly or, if unable to agree, individually propose a categorization list to Special Masters Haydock and Remele of all plaintiffs who submitted supplemental discovery under the First Phase of PTO 114, along with the total number of individual cases in a category and subcategory. Subsequently, the Special Masters shall place each plaintiff in one of the categories and/or subcategories listed in Paragraph 1 of this Order and may modify or add categories and subcategories consistent with this Order and place plaintiffs accordingly.

3. All plaintiffs who file Second and Third Phase supplemental PTO 114 discovery and those who received an extension of time from Special Master Haydock to file Phase I supplemental PTO 114 discovery shall also in their individual submissions identify which one of the categories and subcategories, if any subcategory, listed in Paragraph I of this Order their case falls within.

4. Special Masters Haydock and Remele shall, after acquiring sufficient information from this categorization process and after sufficient discovery has occurred, confer with the PSC, Bayer, and GSK and provide this Court with proposed procedures to resolve or try the categorized cases in this MDL.

5. Subsequently, this Court will determine what categorized cases may be submitted to alternative dispute resolution methods including mandatory mediation and summary jury trials or what cases may be tried in this MDL.

6. No party waives any available rights by submitting proposals to the Special Masters and this Court regarding the categorization of cases or their resolution or trial.

Dated: July 8, 2004

s/ Michael J. Davis
Michael J. Davis
United States District Court