E-SERVED
07/08/04
06:05 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: *All Actions* | : | |

**DECLARATION OF JAMES W. MIZGALA**

1. I am an attorney in the law firm of Sidley Austin Brown & Wood LLP, attorneys for Defendants, Bayer Corporation and Bayer AG, in MDL-1431. The matters stated in this declaration are based on my personal knowledge, and if called to testify I could and would competently testify to each of them.

2. On May 17, 2004, I sent an e-mail to Ronald S. Goldser, with a copy to Jean M. Geoppinger, advising them of Bayer's position that the PSC's report form discourages compliance with Rule 26(a)(2). We requested that the PSC instruct plaintiffs' counsel to not use the PSC's form and that, if the PSC would not agree, Bayer would raise the matter with Special Master Haydock. A true and correct copy of the e-mail is attached hereto as Exhibit A.

3. On May 21, 2004, confirming a prior telephone discussion, I sent a letter to Robert L. Roundtree, Esq., counsel for plaintiffs Ernest Garrett (No. 02-3482) and Walter Gardner (03-5336), advising him of Bayer's position that the PTO 114 submissions for plaintiffs Garrett and Gardner failed to meet the requirements of Rule 26(a)(2) and, therefore, the requirements of PTO 114.

E-SERVED 07/08/04 06:05 PM ET Baycol MDL 1431

I further advised Mr. Roundtree that unless the reports were supplemented, Bayer would seek relief from the Court. Ms. Geoppinger and Deanna Dailey were sent a copy of such letter. A true and correct copy of the letter is attached hereto as Exhibit B.

4. On July 1, 2004, Sidley Austin Brown & Wood sent a letter to counsel representing the plaintiffs at issue, asking them to commit by July 7, 4:00 p.m. (CDT) to serving experts reports which comply with Rule 26(a)(2) within 30 days. In response, we received requests from certain plaintiffs' counsel to specify the deficiencies which, according to defendants, exist in the reports. I conferred with or left detailed messages for each plaintiffs' counsel who made such a request explaining defendants' position. None of the plaintiffs' counsel with whom I conferred committed to produce disclosures which comply with Rule 26(a)(2).

5. Based on the foregoing, I hereby certify pursuant to Local Rule 37.1 that Bayer's undersigned counsel attempted to resolve the discovery dispute underlying this motion to compel with the PSC and plaintiffs' counsel. Counsel were unable to resolve the issues in dispute.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of July, 2004, at Chicago, Illinois.

James W. Mizgala

E-SERVED
07/08/04
06:05 PM ET
Baycol MDL 1431

# Exhibit A

E-SERVED
07/08/04
06:05 PM ET
Baycol MDL 1431

**From:** Mizgala, James W.
**Sent:** Monday, May 17, 2004 12:08 PM
**To:** 'rsg@zimmreed.com'
**Cc:** Weber, Susan A.; 'Jean Geoppinger (E-mail)'
**Subject:** RE: PTO 114 reports

PTO114 Gardner Walter.pdf | PTO114 Garrett Ernest.pdf | Expert Dec of Zizic Thomas (Ol... | Expert Witness Affidavit of Th... | Zizic Expert Report on Lehaman...

Ron, as you know, PTO 114 requires that each plaintiff serve a Rule 26(a)(2) case-specific report. Rule 26(a)(2)(B) provides that an expert's "report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." It is our position that, by its design (i.e., use of blanks and preselected options), the PSC's "Case Specific Expert Report Pursuant to PTO 114" form discourages the provision of such a complete statement. As examples, see the attached reports relating to Walter Gardner and Ernest Garnett. In contrast to these clearly deficient efforts are the reports we have received previously from the PSC relating to Florence Olander, Randy Pierce and Ilse Lehmann (also attached).

Moreover, Susan has told me that the issue of form reports was specifically raised with J. Davis during negotiations regarding PTO 114, and he clearly chose not to adopt that practice.

Therefore, please let us know if you will agree to instruct plaintiffs' counsel to not use the PSC's form. (BTW, we have already contacted counsel for Gardner and Garnett, Robert Rountree, and explained our position.) If you will not agree, then we intend on taking the matter to Special Master Haydock.

-----Original Message-----
From: Ronald S. Goldser <rsg@zimmreed.com>
To: saweber@Sidley.com <saweber@Sidley.com>
CC: jeangeoppinger@wsbclaw.com <jeangeoppinger@wsbclaw.com>
Sent: Sun May 16 12:15:55 2004
Subject: PTO 114 reports

I am traveling Mon and Tues. Can you and James give me a clue why you think the PTO 114 reports are inappropriate? Is it a generic response, or is it on a case by case basis?

NOTICE: Information in this e-mail or its attachment(s) may be CONFIDENTIAL, legally privileged, or exempt from disclosure under applicable law and is intended ONLY for particular clients, parties, or entities involved in litigation or dealings with the Zimmerman Reed, PLLP law firm. If the reader of this message is NOT the intended recipient, you have received this message in error; be aware that any disclosure, dissemination, copying, distribution, or use of the contents of this e-mail or its attachment(s) is prohibited by law. If you have received this e-mail in error, please notify us by telephone (800-755-0098) and by reply e-mail (info@zimmreed.com) immediately and delete ALL copies of the message and its attachment(s).

E-SERVED
07/08/04
06:05 PM ET
Baycol MDL 1431

# Exhibit B

E-SERVED
07/08/04
06:05 PM ET
Baycol MDL 1431

SIDLEY AUSTIN BROWN & WOOD LLP

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON

BANK ONE PLAZA
10 S. DEARBORN STREET
CHICAGO, ILLINOIS 60603
TELEPHONE 312 853 7000
FACSIMILE 312 853 7036
www.sidley.com

FOUNDED 1866

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER
(312) 853-7081

WRITER'S E-MAIL ADDRESS
jmizgala@sidley.com

May 21, 2004

**By Fax and Mail**

Robert L. Rountree, Esq.
Gary Eubanks & Associates
708 West Second Street
P.O. Box 3887
Little Rock, AR 72203-3887

Re: Ernest Garrett v. Bayer Corporation, et al., MDL No. 02-3482
Walter Gardner v. Bayer Corporation, et al., MDL No. 03-5336

Dear Robert:

To confirm our recent telephone conversation, it is Bayer's position that the "Case Specific Expert Reports Pursuant to PTO 114" served in the above-captioned matters fail to meet the requirements of FRCP26(a)(2)(B) and therefore the requirements of PTO 114.

Please let me know whether or not you intend supplementing these reports, for if you choose not to, we will seek relief from the Court.

Very truly yours,

James W. Mizgala

JWM:olb

cc: Jean M. Goeppinger
Deanna Dailey
Fred Magaziner