E-SERVED
07/21/04
06:20 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: *All Actions* | : | |

**DEFENDANTS' JOINT BRIEF IN SUPPORT OF MOTION TO COMPEL MATERIALS FROM PSC EXPERT MEETING**

A few months ago, the PSC held a meeting at which plaintiffs' generic experts gave presentations on the medicine and science relating to Baycol. The PSC has refused to produce videotapes, electronic documents, and written materials used at or generated during that meeting because the PSC claims that such materials are subject to the work-product protection. The PSC is wrong. Any *possible* work-product protection was waived by attendance of testifying expert witnesses at the Expert Meeting. *See In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001) (documents and information disclosed to a testifying expert are discoverable by the opposing party under Rule 26); *see also Manufacturing Admin. & Mgmt. Sys., Inc., v. ICT Group, Inc.,* 212 F.R.D. 110, 113-15 (E.D.N.Y. 2002); *TV-3, Inc. v. Royal Ins. Co. of America*, 194 F.R.D. 585, 587 (S.D. Miss. 2000). Defendants' attempts to obtain such discovery without court intervention have failed, and therefore it is time for this Court to compel its production, before depositions of these experts are completed pursuant to PTO 120. Effective cross-examination cannot be conducted unless these materials are produced in advance of such depositions.

E-SERVED 07/21/04 06:20 PM ET Baycol MDL 1431

## BACKGROUND

On February 17 through 20, 2004, the PSC held a meeting at the Mandarin Oriental Hotel in Miami, Florida, that was attended by plaintiffs' counsel, a jury consultant, and several of the PSC's recently designated generic experts — Drs. Thomas Zizic, Richard Kapit, R. Samuel Mayer, Charles Boult, Stephen Raskin, John Farquhar, David Richman, and Bruce Carlson. Deposition of Thomas Zizic ("Zizic Dep."), Feb. 23, 2004, (Ex. A) at 291-93, 304-05; *see also* Letter of June 14, 2004 from Randy Hopper to defense counsel (Ex. B) (designating generic experts). Each of these doctors gave a presentation on medicine and science relating to Baycol. *Id.* at 289-94. The live presentations were videotaped, and PowerPoint slides were used. Id. at 289-90, 300-01. A videotaped presentation by Dr. Martyn Smith was also shown. *Id.* at 292. The PSC told Dr. Zizic that the lectures were being videotaped in order to instruct the judge as to the medicine and science relating to Baycol. *Id.* at 289, 295-96.

Some of the doctors watched the lectures of other presenters. *Id.* at 291-94. For example, Dr. Zizic testified that he saw all of the presentations. *Id.* at 294. None of the lawyers gave a presentation at the conference. *Id.* at 295. The conference attendees had an opportunity to ask questions of some of the presenters. *Id.* at 295.

Dr. Zizic testified that presentations "pretty much" followed the reports tendered to date. *Id.* at 301-02. However, Dr. Zizic admitted that there were "several things" discussed in his presentation that may not have been included in his report because he "realized as [he] went through [his] report and made the slides that there were other things . . . that [he] hadn't fully elaborated on because [he] thought [his] report was already too lengthy when [he] wrote it." *Id.* at 296-97.

E-SERVED
07/21/04
06:20 PM ET
Baycol MDL 1431

During the deposition of Dr. Zizic, Wendy Fleishman informed defense counsel that it was her understanding that the videotape of the presentations would be produced to defendants, and that the PSC would make copies of the slides used during the presentations available to defendants. On March 2, 2004, Bayer's counsel sent a letter to Ms. Fleishman, inquiring when the videotapes and presentation materials from the PSC Expert Meeting would be produced. *See* Ex. C. Ms. Fleishman sent a letter to Bayer's counsel dated March 8, 2004, in which she indicated that the video of Dr. Zizic's presentation would "be presented to you and Judge Davis when we provide for the tutorial exchange. . . . In the meantime, we are taking the position that the tutorial videotape is privileged as work product." *See* Ex. D. On July 7, 2004, Bayer's counsel sent a letter to Randy Hopper, asking the PSC to inform them by July 12 whether the PSC would produce the materials from the Expert Meeting. *See* Ex. E. The PSC refused to produce the Expert Meeting materials, asserting that the work-product doctrine protects such materials. *See* Ex. F. Therefore, despite efforts to confer in good faith, defendants' attempts to obtain the discovery without court intervention have failed.

**ARGUMENT**

Pursuant to Rule 26(b)(1), defendants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The scope of Rule 26 is broad, "extending to all matters reasonably calculated to lead to admissible evidence." *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692 (D. Minn. 1989); *see also* Rule 26(b)(1).[1]

---

1 A party objecting to discovery on relevance grounds bears the burden to sustain the objections. *E.g., Kramer*, 126 F.R.D. at 692.

E-SERVED 07/21/04 06:20 PM ET Baycol MDL 1431

Here, the disputed materials are relevant and therefore discoverable. The doctors gave presentations on their views of the medicine and science relating to Baycol. The presentations elaborated on their reports submitted in this MDL. As a result, production of the videotapes, electronic documents, and written materials used at or generated during the PSC Expert Meeting is reasonably calculated to lead to admissible evidence — in particular, discovery of the complete opinions of the PSC's generic experts.

Further, the PSC cannot make any legitimate claim that the materials at issue are protected by the work-product doctrine. The work-product doctrine provides that "a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials." Rule 23(b)(3); *accord Simon v. G.D. Searle & Co*. 816 F.2d 397, 400 (8th Cir. 1987). The doctrine was designed to prevent "unwarranted inquiries into the files and mental impressions of an attorney," and recognizes that it is "essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Simon*, 816 F.2d at 400 (*quoting Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)).

The discovery at issue does not constitute work product. The PSC's generic experts – not plaintiffs' counsel – gave presentations at the Miami meeting. Therefore, production of the materials generated for or at the meeting will not involve an inquiry into the mental impressions of counsel. Moreover, these materials were created for the express purpose of producing them to this Court. *See* Zizic Dep. at 289,

E-SERVED 07/21/04 06:20 PM ET Baycol MDL 1431

295-96; Ex. D (Fleishman 3/8/04 letter). Accordingly, the PSC had no expectation that these materials would be kept private and confidential.

Moreover, any *possible* work-product protection was waived by attendance of testifying expert witnesses at the Expert Meeting. *See In re Pioneer Hi-Bred Int'l,* 238 F.3d at 1375 (applying Eighth Circuit law). "[T]he 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure make clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report." *Id.*; *accord, e.g., Manufacturing Admin. & Mgmt. Sys., Inc.,* 212 F.R.D. at 113-15 (all information shared with a testifying expert must be disclosed pursuant to Rule 26); *TV-3, Inc.*, 194 F.R.D. at 587 (same). The revisions to Rule 26 were based "on the assumption that fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony." *Pioneer Hi-Bred Int'l*, 238 F.3d at 1375. Any disclosure of materials to an expert, therefore, assumes that the materials will be made public. *Id.* As one court has explained: "It is the lawyer who retains the expert and who decides whether to provide that expert with material that might otherwise be protected by the work product doctrine. If an attorney wants to keep her opinions private, she should not communicate them to her expert witness." *Weil v. Long Island Savings Bank FSB*, 206 F.R.D. 38, 42 (E.D.N.Y. 2001).

Materials disclosed to testifying experts must be produced to opposing counsel because, "[w]ithout pre-trial access to attorney-expert communications, opposing counsel may not be able to uncover and reveal effectively the influence that counsel has achieved over the expert's testimony." *Manufacturing Admin. & Mgmt. Sys.*, 212 F.R.D. at 117. Therefore, production of such materials is essential to promote

E-SERVED 07/21/04 06:20 PM ET Baycol MDL 1431

effective cross-examination. *Id*. As one court applying Eighth Circuit law has explained: "Indeed, we are quite unable to perceive what interests would be served by permitting counsel to provide core work product to a testifying expert and then to deny discovery of such material to the opposing party." *Pioneer Hi-Bred Int'l*, 238 F.3d at 1375.

The Expert Meeting was attended by several of the PSC's generic experts, who watched each other's presentations. Zizic Dep. at 291-94. The experts may have influenced each other's opinions through their presentations. Under these circumstances, any potential work-product protection has been waived by disclosure of the presentations and meeting materials to testifying experts. *See Pioneer Hi-Bred Int'l*, 238 F.3d at 1375; *Manufacturing Admin. & Mgmt. Sys., Inc.*, 212 F.R.D. at 113-15; *TV-3, Inc.*, 194 F.R.D. at 587. Defendants are entitled to explore at deposition how the meeting may have influenced each expert's opinions. However, unless the Expert Meeting materials are produced in advance of such deposition, defendants will not be able to uncover and reveal effectively the influence that the Meeting may have had on each expert.

E-SERVED
07/21/04
06:20 PM ET
Baycol MDL 1431

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court enter an order compelling plaintiffs to produce videotapes, electronic documents, and written materials used at or generated during the PSC Expert Meeting held in Miami, Florida, on February 17 through 20, 2004.

Dated: July 21, 2004

/signature on file/
Susan A. Weber
James W. Mizgala
Sherry A. Knutson
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

*Counsel for Bayer Corporation and Bayer AG*

/signature on file/
Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402-4501
(612) 338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline and GlaxoSmithKline plc*