**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**IN RE BAYCOL PRODUCTS LITIGATION**

Civil No. 01-md-1431 (MJD/JGL)

This document relates to
All Actions

**ORDER**

APPEARANCES

Ronald Goldser, Esq. for Plaintiffs
Peter Sipkins, Esq. and Joseph O'Connor, Esq. for Defendants

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion to Compel Defendants to Provide Mailing List (Doc. No. 3861). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636, D. Minn. LR 72.1, and Pretrial Order 52.

In this motion, Plaintiffs ask the Court to compel the Bayer Defendants and the GlaxoSmithKline Defendants (collectively known as "Defendants") to provide the names and mailing addresses of detail sales representatives to whom notice of Pretrial Order 6 was sent. Pretrial Order 6 required Defendants to preserve potentially relevant documents during the course of this litigation. The Court later required Defendants to mail to non-

employees, including former employees, a copy of the document preservation order. Defendants sent letters to over 5600 former sales representatives, many of whom had never sold Baycol, but were included to insure that Defendants complied fully with the order.

There is no dispute that some of the names and addresses sought by Plaintiffs are relevant to this litigation. However, the Court finds that the motion to compel is premature and overbroad, and on those grounds, the motion is denied.

First, it would be inappropriate for Plaintiffs to begin contacting former sales representatives at this time. Pursuant to Plaintiffs' own request, case-specific discovery in the MDL was stayed. Plaintiffs have not explained how information from Defendants' former sales representatives would pertain to general issues in the MDL. Defendants have already produced general discovery concerning sales representative training and marketing practices. Plaintiffs have deposed nineteen of Defendants' marketing executives. Thus, given the stay in discovery and the amount of general discovery already provided, Plaintiffs' motion is untimely.

As to the overbreadth of Plaintiffs' requests, the Court notes that large numbers of cases are being dismissed as a result of Pretrial Order 114; consequently, many names and addresses of former sales representatives will be irrelevant to this litigation. As Plaintiff conceded at the hearing, only 200-

300 cases thus far have passed the narrowing requirements of Pretrial Order 114. Moreover, under the trial plan established in Pretrial Order 89, full discovery has commenced in all Minnesota resident cases and in 200 additional program cases. Defendants have promptly provided case-specific discovery regarding former sales representatives in these cases. Defendants have manifested their continued willingness to provide former representatives' names and addresses during case-specific discovery. Even with respect to case-specific discovery, it is likely that only one or two former representatives would have information relevant to a particular plaintiff's case. Finally, many of the 5600 former employees Plaintiffs want to contact never sold Baycol. They were included in the mass notification of Pretrial Order 6 only as a cautionary measure.

As a concluding note, the Court observes that Plaintiffs did not formally request the information in an interrogatory. Nor is there any indication that Plaintiffs' counsel met and conferred in good faith with Defendants' counsel prior to bringing the motion, as required by Pretrial Order 4 § V.D.2.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Mailing List (Doc. No. 3861) is **DENIED**.

Dated: July 28, 2004

s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge