E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD/JGL) |
| This Document Relates To: | |
| Donald Bell, et al., v. Bayer, et al., No. 02-1053, Plaintiffs LaVerne Kull and Marlene Bohn; Dwight Siu et al., v. Bayer, et al., No. 02-3897, Plaintiff Danny Holbrooks; Dale White v. Bayer, et al., No. 03-4297; Brent Belliston v. Bayer, et al., No. 03-4308; Jerry Sherman v. Bayer, et al., No. 03-4381; Edith Corbin et al., v. Bayer, et al., No. 03-4438, Plaintiff Loretta Rebh; Christine Becker, et al., v. Bayer, et al., No. 03-4492, Plaintiff Daisy Thompson; Karen Black, et al., v. Bayer, et al., No. 03-4496, Plaintiffs Karen Black and Kathleen Kunesh; Carlos de la Trinidad, et al., v. Bayer, et al., No. 03-4497, Plaintiff Marilyn Smith; Emery Mitton v. Bayer, MDL File No. 03-3577. | |

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION TO COMPEL EXPERT REPORTS, PURSUANT TO PTO 114, WHICH COMPLY WITH RULE 26(a)(2)(B).**

Defendants filed a Motion to Compel Plaintiffs to produce reports complying with Pre-Trial Order 114 and Rule 26(a)(2). Defendants allege that the reports produced by Plaintiffs do not adequately meet the requirements of that Order and Rule. The PSC is responding to that motion in a generic fashion, discussing the adequacy of the form report to satisfy Rule 26. This response specifically addresses the reports provided to Defendants for the above named plaintiffs (identified on Exhibit A of Defendant's motion and memorandum as 17, 18, 61, 67, 70, 71, 72, 73, 74, 75, 76, and 77). Each of these reports satisfies PTO 114 and Rule 26.If the Defendants have specific deficiency claims regarding these reports, these specific deficiencies should be itemized. In

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

addition, several of these reports do not have deadlines until September 20, 2004 and as such, this motion is premature.

Defendants' motion spends considerable time detailing the background of PTO 114. However, Defendants fail to adequately describe the events subsequent to the submission of the specific reports to which this Memorandum responds. In the spirit of cooperation and in a good-faith effort to comply with PTO 114, case-specific expert reports were served for the above named plaintiffs pursuant to PTO 114 (I)(B). Shortly thereafter, counsel for Bayer, Mr. Mizgala, sent a notice of deficiency concerning these reports. See *Exhibit A*. This letter arrived after the close of business on Thursday, July 1, 2004. Notably, Mr. Mizgala gave less than three business days (given the holiday weekend of July 4, 2004) to respond to the claimed deficiency. Mr. Mizgala's letter contained no mention of specific deficiencies in the above named plaintiffs' reports. *See Id.* It merely gave a deadline to respond indicating whether new reports would be served and threatening to bring the present motion. *See Id.* This strong-arm approach left plaintiffs' counsel unsure as to how to respond and very little time to respond.

In an effort to determine exactly how the reports were deficient, Plaintiffs submitted a response within the given deadline. *See Exhibit B.* This response requested notice of specific deficiencies. *See Id.* The following day, Mr. Mizgala responded; again, his answer did not address the request. *See Exhibit C.* In support of Defendants' motion, Mr. Mizgala executed a declaration which states in paragraph 5 that he provided detailed messages concerning Defendants' position. *See Exhibit D.* His "detailed" response speaks for itself; it simply does not identify in what way the identified reports are deficient. *See Exhibit C.* There are no specific details of how any aspect of any of the above named plaintiffs' reports fail to comply with Rule 26. *See Id.* As to Zimmerman Reed clients, we submitted a number of reports using the contested form; only a small number of

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

them are listed on Exhibit A of Defendants' motion.[1] One can only conclude that Defendants believe there are specific reasons why these reports subject to this motion are deficient and why the other reports are not. It would only be appropriate for Defendants to explain why this is so; otherwise we are left to speculate and are unable to respond.

Fed.R.Civ.P. 26 (a)(2)(B) states:

> "...this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

The report form explicitly tracks this language in the rule.

After PTO 114 was entered, a number of plaintiffs requested relief from that Order, arguing that case specific medical experts were not required. In denying this Motion, this Court said:

> "[T]he alleged injuries sustained by the plaintiffs that ingested Baycol, including muscle pain and weakness, require a physician to perform a differential diagnosis to determine the origin of such injury. Deposition of Thomas M. Zizic, M.D. at 184. Relevant to the causation inquiry is a particular plaintiff's medical history, and any medications taken at the same time as Baycol to determine whether concomitant illnesses or medications could be the cause of such injuries. Id. at 185. Similarly, another medical expert retained by the PSC testified at his deposition that it is important to investigate alternative causes of injury when making a diagnosis. Deposition of George Kaysen, M.D. at 38-39, 41.

*See Exhibit F page 8.* As will be seen, the reports at issue, to which this Memorandum responds,

---

[1]Zimmerman Reed served approximately 43 case specific expert reports pursuant to PTO 114. Approximately 40 of these 43 reports utilized the same format. However, only 12 of the reports are subject to this motion. A representative report is attached as an example of one that we presume Defendants believe is adequate. *See Exhibit E.*

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

address the question of differential diagnosis. Accordingly, all these reports satisfy the requirements of PTO 114 and Rule 26.

Plaintiff LaVerne Kull served a case-specific expert report prepared by Dr. R. Samuel Mayer.[2] *See Exhibit G.* In this report, Dr. Mayer has indicated he reviewed Ms. Kull's medical records thereby indicating the basis for his opinion as required by the rule. ("My opinion is based on my review of these records.") These medical records provide the patient's medical history. These records also provide the other medications taken by the patient. These medical records would also identify any other potential, alternative causes of the injury about which the patient complains. Dr. Mayer notes that the injury suffered by Ms. Kull is proximal muscle weakness and lower limb pain. In making this statement, Dr. Mayer has declared: "It is my opinion that this patient has suffered injuries or damages related to this patient's ingestion of Baycol. These injuries include the following: proximal muscle weakness, lower limb pain." Dr. Mayer continues to note several reasons for his opinion: "There is a claim of injury as described above in the patient's medical records. The claim of injury in the medical records is reasonably contemporaneous with the patient's ingestion of Baycol. The injury described is of new onset with the taking of Baycol. The described injury did not grow worse after Baycol was removed." These statement of reasons finding a Baycol related injury are causation statements. Dr. Mayer could not, and would not, make this statement if he believed there were other drugs, or other alternative causes for his finding of injury. Thereafter, Dr. Mayer signed the report. Accordingly, the report complies with Rule 26.

Plaintiff Marlene Bohn also served a case-specific expert report was prepared by Dr. Mayer. *See Exhibit H.* Dr. Mayer states that he has reviewed records from the Allina Clinic and Meeker

---

[2]Dr. Mayer also has prepared a generic expert report produced the MDL. Accordingly, Dr. Mayer is intimately familiar with the causation and diagnosis of Baycol related myalgias and myopathies.

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

County Hospital and indicates that these records are the basis for his opinion, as required by the rule. The medical records provided document medical visits before, during, and after Baycol use. As detailed above, these records document other prescription drug use, Ms. Bohn's medical history, and would identify other alternative causes of injury. Dr. Mayer states that Ms. Bohn has multiple injuries related to her Baycol use Dr. Mayer's report states: "It is my opinion that this patient has suffered injuries or damages related to this patient's ingestion of Baycol. These injuries include the following: back pain, right hip pain, left thigh pain, elevated CK, and weakness." Dr. Mayer's report continues to offer six grounds as the basis of his opinion. "The grounds for my opinion are as follows: There is a claim of injury as described above in the patient's medical records. The claim of injury in the medical records is reasonably contemporaneous with the patient's ingestion of Baycol. There is no other explanation for this injury apparent in the medical records I have reviewed. The injury described is of new onset with the taking of Baycol. The described injury did not grow worse after Baycol was removed. CK decreased after Baycol discontinued." These statements enumerate the factors Dr. Mayer considered when making a differential diagnosis to ascribe the injuries to Ms. Bohn's Baycol ingestion. Dr. Mayer signed this report as required by the rule. His curriculum vitae and a list of prior testimony was also attached to the report. As such, the report complies with each and every requirement of Rule 26.

Plaintiff Donny Holbrooks' report was prepared by his treating physician, Corrine Basch. See *Exhibit I*. A curriculum vitae was attached as evidence of her qualifications There was no charge for this report as she was his treating physician. As a basis for her opinion, as required by the rule, Dr. Basch states: "My opinion is based on a review of these records [All records at HFMC]. My opinion is based on my examination of the patient." Dr. Basch states her opinion that the injury Mr. Holbrooks suffered as a result of his ingestion of Baycol is an ongoing nodule myositis. Dr.

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

Basch's report states four factors as the grounds for her opinion. "The grounds for my opinion are as follows: There is a claim of injury as described above in the patient's medical records. The claim of injury in the medical records is reasonably contemporaneous with the patient's ingestion of Baycol. There is no other explanation for this injury apparent in the medical records I have reviewed. The injury described is of new onset with the taking of Baycol. The described injury did not grow worse after Baycol was removed." These statements demonstrate the basis for Dr. Basch's opinion that Baycol caused the injury. Dr. Basch has been - and continues to be - Mr. Holbrooks treating physician, and as such, has first hand knowledge to offer an opinion as to the cause of Mr. Holbrooks injury. After completion of the report, Dr. Basch signed it. This report includes all the elements required by satisfies the rule.

The remainder of the above-named plaintiffs are cases where the reports were submitted prior to the deadline established by PTO 114. Since none of these reports has a deadline under PTO 114 until September 20, 2004, these reports can be supplemented until that deadline. If this Court requires additional reporting, these Plaintiffs have time to provide such reports. As such, it is inappropriate that these reports should be subject to this motion at this time.

The PSC will shortly file a response to the Defendant's motion. We join in that motion as to the generic issues of the form reports and further believe the above information of our specific reports shows they satisfy the rule and can be used to appropriately categorize these cases pursuant to PTO 127. For the foregoing reasons, we respectfully request that the Court enter an Order denying Defendants' Motion to Compel Expert Reports, Pursuant to PTO 114, Which Comply With Rule 26(a)(2)(B).

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

Dated: July 29, 2004.

ZIMMERMAN REED, P.L.L.P.

Charles S. Zimmerman, #120054
Ronald S. Goldser, #35932
Robert R. Hopper, #208760
Stacy K. Hauer, #317093
651 Nicollet Mall, Suite 500
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

**Counsel for Plaintiffs**