E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT A

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

SIDLEY AUSTIN BROWN & WOOD LLP

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON

BANK ONE PLAZA
10 S. DEARBORN STREET
CHICAGO, ILLINOIS 60603
TELEPHONE 312 853 7000
FACSIMILE 312 853 7036
www.sidley.com

FOUNDED 1866

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER
(312) 853-7081

WRITER'S E-MAIL ADDRESS
jmizgala@sidley.com

July 1, 2004

**By Facsimile**

Ronald Goldser, Esq.
Jennifer K. Sustacek, Esq.
Zimmerman Reed P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

Re: *Donald Bell, et al., v. Bayer, et al.*, No. 02-1053, Plaintiffs LaVerne Kull and Marlene Bohn
*Dwight Siu, et al., v. Bayer, et al.*, No. 02-3897, Plaintiff Danny Holbrooks
*Dale White v. Bayer, et al.*, No. 03-4297
*Brent Belliston v. Bayer, et al.*, No. 03-4308
*Jerry Sherman v. Bayer, et al.*, No. 03-4381
*Edith Corbin, et al., v. Bayer, et al.*, No. 03-4438, Plaintiff Loretta Rebh
*Christine Becker, et al., v. Bayer, et al.*, No. 03-4492, Plaintiff Daisy Thompson
*Karen Black, et al., v. Bayer, et al.*, No. 03-4496, Plaintiffs Karen Black and Kathleen Kunesh
*Carlos de la Trinidad, et al., v. Bayer, et al.*, No. 03-4497, Plaintiff Marilyn Smith

Dear Mr. Goldser

We received PTO 114 § I.A. Submissions on behalf of the above-mentioned plaintiffs. This letter serves to inform you that it is defendants' position that such submissions do not comply with PTO 114 or Fed. R. Civ. P. 26(a)(2).

Unless we receive written confirmation by 4:00 p.m. (CDT) on Wednesday, July 7, 2004, of your intent to submit an expert report which complies with Fed. R. Civ. P. 26(a) on behalf of the above-mentioned plaintiffs within 30 days thereafter (*i.e.*, August 6), we will move the Court for appropriate relief.

SIDLEY AUSTIN BROWN & WOOD LLP IS AN ILLINOIS LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431



Very truly yours,

James W. Mizgala

cc: Jean M. Geoppinger
Deanna Dailey
Fred Magaziner

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT B

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

ZIMMERMAN REED
ATTORNEYS AT LAW

July 7, 2004

**STACY K. HAUER**
ADMITTED IN MINNESOTA
skh@zimmreed.com

REPLY TO MINNEAPOLIS

*VIA FACSIMILE & FIRST CLASS MAIL*

James Mizgala, Esq.
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Re: **In re:Baycol Products Litigation, MDL 1431**

*Donald Bell, et al., v. Bayer, et al.*, No. 02-1053, Plaintiffs LaVerne Kull and Marlene Bohn
*Dwight Siu et al., v. Bayer, et al.*, No. 02-3897, Plaintiff Danny Holbrooks
*Dale White v. Bayer, et al.*, No. 03-4297
*Brent Belliston v. Bayer, et al.*, No. 03-4308
*Jerry Sherman v. Bayer, et al.*, No. 03-4381
*Edith Corbin et al., v. Bayer, et al.*, No. 03-4438, Plaintiff Loretta Rebh
*Christine Becker, et al., v. Bayer, et al.*, No. 03-4492, Plaintiff Daisy Thompson
*Karen Black, et al., v. Bayer, et al.*, No. 03-4496, Plaintiffs Karen Black and Kathleen Kunesh
*Carlos de la Trinidad, et al., v. Bayer, et al.*, No. 03-4497, Plaintiff Marilyn Smith

Dear Mr. Mizgala:

I am in receipt of your letter dated July 1, 2004 regarding the PTO 114 § I.A. submissions on behalf of the above-named plaintiffs. I have reviewed each claim and have detailed my review below. In short, I believe that each report submitted with a June 7, 2004 deadline complies with Fed.R.Civ.P. 26(a). However, your letter does not cite specific deficiencies in the reports submitted. Without more specific information, it is difficult to determine exactly what you believe is deficient in each report. As such, I request that you identify specific deficiencies in each report.

In addition, several reports were submitted that do not have a deadline until September 20, 2004 under PTO 114. Pursuant to PTO 114 § I.D., these reports can be supplemented. As such, we may supplement the reports as necessary up to September 20, 2004. I do not believe it is appropriate to move the Court for relief on these cases until after their deadline has passed.

As to Plaintiff LaVerne Kull, we believe that the report submitted pursuant to PTO 114 satisfies Fed.R.Civ.P. 26(a). Please provide a specific area in which you believe this report is deficient.

As to Plaintiff, Marlene Bohn, we believe that the report submitted pursuant to PTO 114 satisfies Fed.R.Civ.P. 26(a). Please provide a specific area in which you believe this report is deficient.

As to Plaintiff, Danny Holbrooks, we believe that the report submitted pursuant to PTO 114 satisfies Fed.R.Civ.P. 26(a). Please provide a specific area in which you believe this report is deficient.

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431



As to Plaintiff, Dale White, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary. However, we believe that the report submitted pursuant to PTO 114 satisfies Fed.R.Civ.P. 26(a). The report indicates that Dr. Alan Rogers has testified in approximately 5 cases. As this does not include a listing of the individual cases where Dr. Rogers has provided testimony, we will attempt to identify these cases and supplement the report with this information.

As to Plaintiff, Brent Belliston, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Jerry Sherman, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Loretta Rebh, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Daisy Thompson, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Karen Black, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Kathleen Kunesh, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Marilyn Smith, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

If you have any further questions or concerns, please contact me at 612.341.0400.

Very truly yours,

Stacy K. Hauer

SKH/kym
Enclosures

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431



cc: Deanna Dailey, Esq. (via Facsimile only)
Jeanne Geoppinger (via Facsimile only)
Fred Magaziner (via Facsimile only)

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT C

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

**From:** "Mizgala, James W." <jmizgala@Sidley.com>
**To:** "'skh@zimmreed.com'" <skh@zimmreed.com>
**Date:** 7/8/2004 1:48:42 PM
**Subject:** FW: PTO 114 reports

Stacy, in response to your letter of July 7, and as we previously detailed to your colleague, Ron Goldser, here the specific areas in which we believe the form reports for Laverne Kull, Marlene Bohn, Danny Holbrooks, Dale White, Brent Belliston, Jerry Sherman, Loretta Rebh, Daisy Thompson, Karen Black, Kathleen Kunesh and Marilyn Smith are deficient. As you in your July 7 letter, and previously Mr. Goldser (see attached), have already expressed the belief to the contrary, your clients will be included on any motion we file requesting appropriate relief from the Court relating to PTO 114.

James W. Mizgala, Esq.
Sidley Austin Brown & Wood LLP
10 S. Dearborn
Chicago, IL 60603
(312) 853-7081
(312) 853-7036 FAX

-----Original Message-----
From: Mizgala, James W.
Sent: Monday, May 17, 2004 12:08 PM
To: 'rsg@zimmreed.com'
Cc: Weber, Susan A.; Jean Geoppinger (E-mail)
Subject: RE: PTO 114 reports

Ron, as you know, PTO 114 requires that each plaintiff serve a Rule 26(a)(2) case-specific report. Rule 26(a)(2)(B) provides that an expert's "report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." It is our position that, by its design (i.e., use of blanks and preselected options), the PSC's "Case Specific Expert Report Pursuant to PTO 114" form discourages the provision of such a complete statement. As examples, see the attached reports relating to Walter Gardner and Ernest Garnett. In contrast to these clearly deficient efforts are the reports we have received previously from the PSC relating to Florence Olander, Randy Pierce and Ilse Lehmann (also attached).

Moreover, Susan has told me that the issue of form reports was specifically raised with J. Davis during negotiations regarding PTO 114, and he clearly chose not to adopt that practice.

Therefore, please let us know if you will agree to instruct plaintiffs' counsel to not use the PSC's form. (BTW, we have already contacted counsel for Gardner and Garnett, Robert Rountree, and explained our position.) If you will not agree, then we intend on taking the matter to Special Master

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

Haydock.

-----Original Message-----
From: Ronald S. Goldser <rsg@zimmreed.com>
To: saweber@Sidley.com <saweber@Sidley.com>
CC: jeangeoppinger@wsbclaw.com <jeangeoppinger@wsbclaw.com>
Sent: Sun May 16 12:15:55 2004
Subject: PTO 114 reports

I am traveling Mon and Tues. Can you and James give me a clue why you think the PTO 114 reports are inappropriate? Is it a generic response, or is it on a case by case basis?

NOTICE: Information in this e-mail or its attachment(s) may be CONFIDENTIAL, legally privileged, or exempt from disclosure under applicable law and is intended ONLY for particular clients, parties, or entities involved in litigation or dealings with the Zimmerman Reed, PLLP law firm. If the reader of this message is NOT the intended recipient, you have received this message in error; be aware that any disclosure, dissemination, copying, distribution, or use of the contents of this e-mail or its attachment(s) is prohibited by law. If you have received this e-mail in error, please notify us by telephone (800-755-0098) and by reply e-mail (info@zimmreed.com) immediately and delete ALL copies of the message and its attachment(s).

Sidley Austin Brown & Wood LLP mail server made the following annotations on 07/08/2004, 01:49:41 PM
----------------------------------------------------------------------

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

**CC:** "Knutson, Sherry A." <SKnutson@Sidley.com>, "Jean Geoppinger (E-mail)" <jeangeoppinger@wsbclaw.com>, "Deanna Dailey (E-mail)" <ddailey@larsonking.com>

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT D

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : MDL No. 1431 |
| | : (MJD/JGL) |
| This Document Relates to: *All Actions* | : |

**DECLARATION OF JAMES W. MIZGALA**

1. I am an attorney in the law firm of Sidley Austin Brown & Wood LLP, attorneys for Defendants, Bayer Corporation and Bayer AG, in MDL-1431. The matters stated in this declaration are based on my personal knowledge, and if called to testify I could and would competently testify to each of them.

2. On May 17, 2004, I sent an e-mail to Ronald S. Goldser, with a copy to Jean M. Geoppinger, advising them of Bayer's position that the PSC's report form discourages compliance with Rule 26(a)(2). We requested that the PSC instruct plaintiffs' counsel to not use the PSC's form and that, if the PSC would not agree, Bayer would raise the matter with Special Master Haydock. A true and correct copy of the e-mail is attached hereto as Exhibit A.

3. On May 21, 2004, confirming a prior telephone discussion, I sent a letter to Robert L. Roundtree, Esq., counsel for plaintiffs Ernest Garrett (No. 02-3482) and Walter Gardner (03-5336), advising him of Bayer's position that the PTO 114 submissions for plaintiffs Garrett and Gardner failed to meet the requirements of Rule 26(a)(2) and, therefore, the requirements of PTO 114.

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

I further advised Mr. Roundtree that unless the reports were supplemented, Bayer would seek relief from the Court. Ms. Geoppinger and Deanna Dailey were sent a copy of such letter. A true and correct copy of the letter is attached hereto as Exhibit B.

4. On July 1, 2004, Sidley Austin Brown & Wood sent a letter to counsel representing the plaintiffs at issue, asking them to commit by July 7, 4:00 p.m. (CDT) to serving experts reports which comply with Rule 26(a)(2) within 30 days. In response, we received requests from certain plaintiffs' counsel to specify the deficiencies which, according to defendants, exist in the reports. I conferred with or left detailed messages for each plaintiffs' counsel who made such a request explaining defendants' position. None of the plaintiffs' counsel with whom I conferred committed to produce disclosures which comply with Rule 26(a)(2).

5. Based on the foregoing, I hereby certify pursuant to Local Rule 37.1 that Bayer's undersigned counsel attempted to resolve the discovery dispute underlying this motion to compel with the PSC and plaintiffs' counsel. Counsel were unable to resolve the issues in dispute.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of July, 2004, at Chicago, Illinois.

James W. Mizgala

CHI 2992304v1

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT E

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

In Re: BAYCOL PRODUCTS LITIGATION MDL 1431

This Document Relates to:

Name of Plaintiff: Patricia Mathwig

---

**CASE SPECIFIC EXPERT REPORT PURSUANT TO PTO 114**

---

1. My name is: Steven Trobiani, M.D.

2. My curriculum vitae, including all my publications for the past ten years, is attached. My charges for this review and report are $500.

3. Attached is a list of cases in which I have testified as an expert, either at trial or in deposition, in the past four years. If no such list is attached, I have not testified as an expert in the past four years.

4. I have reviewed the following medical records of the above patient. My opinion is based upon my review of these records. [CHECK HERE IF APPLICABLE: ____ My opinion is based on my examination of the patient.] I understand that there may be other records for this patient beyond those which I have reviewed;

   a. Patricia Mathwig was begun on Baycol in a dose of 0.3 mg per day for treatment of hypercholesterolemia on May 29, 1998. Because of persistent elevation in her cholesterol and triglycerides, Lopid in a dose of 600 mg

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

b.i.d. was added on July 31, 1998. The Lopid was discontinued on November 24, 1998 by Dr. Harrison when, per her report, "a combination of Baycol and Lopid gave her myalgias". She was also at that time taken off of Baycol and started on Lipitor.

5. It is my opinion that this patient has suffered injuries or damages related to the patient's ingestion of Baycol. These injuries include the following:

a. Myalgia.

6. The grounds for my opinion are as follows:

a. There is a claim of injury as described above in the patient's medical records.

b. The claim of injury in the medical records is reasonably contemporaneous with the patient's ingestion of Baycol.

c. There is no other explanation for this injury apparent in the medical records I have reviewed.

d. The injury described is of new onset with the taking of Baycol.

e. The described injury did not grow worse after Baycol was removed.

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

7. I understand, pursuant to PTO 114, that I may supplement this report pursuant to ongoing discovery, including my review of additional medical records.

Date: May 26, 2004.

NAME: Steven Trobiani, M.D.

ADDRESS: Northstar Pain Care/
Northstar Neurological Clinic
12000 Elm Creek Boulevard
Suite 330
Maple Grove, Minnesota 55369

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT F

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re: BAYCOL PRODUCTS LITIGATION** | **MDL No. 1431 (MJD/JGL)** |
| **This Document Relates To:** | |
| Edwin Ronwin v. Bayer Corp. | Case No. 02-0200 |
| Chester T. Hennington, et al. v. Bayer Corp., et al. | Case No. 03-2936 |
| Kevin Hughes v. Bayer Corp., et al. | Case No. 03-5910 |
| Luberta Lawson, et al. v. Bayer Corp., et al. | Case No. 03-5912 |
| James Richardson v. Bayer Corp., et al. | Case No. 02-4823 |
| Donald Randall v. Bayer Corp., et al. | Case No. 02-4827 |
| Mary Bynum, et al. v. Bayer Corp., et al. | Case No. 03-1176 |
| Willard Watts v. Bayer Corp., et al. | Case No. 03-2935 |
| Joseph Holifield v. Bayer Corp., et al. | Case No. 03-4969 |
| Jeffrey Varas v. Bayer Corp., et al. | Case No. 03-4977 |
| Rosa Lee Jackson v. Bayer Corp., et al. | Case No. 03-4989 |
| Azell Green v. Bayer Corp., et al. | Case No. 03-4991 |
| Ruth Hodge v. Bayer Corp., et al. | Case No. 03-5092 |
| Barbara Anderson, et al. v. Bayer Corp., et al. | Case No. 03-5945 |
| Vadie Mae Alexis, et al. v. Bayer Corp., et al. | Case No. 03-6225 |
| Lucretia Lazere et al. v. Bayer Corp., et al. | Case No. 04-1241 |
| Jose Guerra, et al. v. Bayer Corp., et al. | Case No. 04-1242 |
| Muriel Parilla v. Bayer Corp., et al. | Case No. 04-1243 |
| Annie Andrews, et al. v. Bayer Corporation | Case No. 03-4932 |
| Maney Anglin, et al. v. Bayer Corporation | Case No. 03-4942 |
| Judy Baldwin, et al. v. Bayer Corporation | Case No. 03-4930 |
| Dorothy Bennett, et al. v. Bayer Corporation | Case No. 03-4938 |
| Sharon Carter, et al. v. Bayer Corporation | Case No. 02-1361 |
| Curtis Coates, et al. v. Bayer Corporation | Case No. 03-1175 |
| Cindy Dickerson, et al. v. Bayer Corporation | Case No. 03-1173 |
| Alice Dowling et al. v. Bayer Corporation | Case No. 03-4931 |

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

| | |
|---|---|
| Mary Ellis, et al. v. Bayer Corporation | Case No. 03-4933 |
| Sis Grubbs, et al. v. Bayer Corporation | Case No. 03-4934 |
| David Hester, et al. v. Bayer Corporation | Case No. 02-0871 |
| George Jenkins, et al. v. Bayer Corporation | Case No. 03-4943 |
| Kenneth Michael, et al. v. Bayer Corporation | Case No. 03-6415 |
| Mary Richardson, et al. v. Bayer Corporation | Case No. 03-4935 |
| Charles Rogers, et al. v. Bayer Corporation | Case No. 03-4936 |
| Verlean Toles, et al. v. Bayer Corporation | Case No. 03-1174 |
| Clarence Wheeler, et al. v. Bayer Corporation | Case No. 03-4941 |
| Albert Williams, et al. v. Bayer Corporation | Case No. 03-4937 |
| Willie Womack, et al. v. Bayer Corporation | Case No. 03-4939 |
| Jeffery Woods, et al. v. Bayer Corporation | Case No. 03-4940 |
| Hattie Ruth Wright, et al. v. Bayer Corporation | Case No. 02-0870 |
| Toni Andress, et al. v. Bayer Corp., et al. | Case No. 03-5853 |
| Mateo Aolmarez, et al. v. Bayer Corp., et al. | Case No. 03-5396 |
| Leticia Arellano, et al. v. Bayer Corp., et al. | Case No. 04-864 |
| Kathleen Bagnato, et al. v. Bayer Corp., et al. | Case No. 03-5425 |
| Anthony Beam, et al. v. Bayer Corp., et al. | Case No. 03-5078 |
| Laura Beavers, et al. v. Bayer Corp., et al. | Case No. 03-5906 |
| Freda Bledsoe, et al. v. Bayer Corp., et al. | Case No. 03-5864 |
| Beverly Bryant, et al. v. Bayer Corp., et al. | Case No. 04-866 |
| Sigrid Carpenter, et al. v. Bayer Corp., et al. | Case No. 03-5393 |
| Guadalupe Castillo, et al. v. Bayer Corp., et al. | Case No. 03-5414 |
| Gary Chenette, et al. v. Bayer Corp., et al. | Case No. 03-5326 |
| Elfie Clark, et al. v. Bayer Corp., et al. | Case No. 03-5394 |
| Benny Cox, et al. v. Bayer Corp., et al. | Case No. 03-5327 |
| Norma Dean Damron, et al. v. Bayer Corp., et al. | Case No. 04-208 |
| Leo Danforth, et al. v. Bayer Corp., et al. | Case No. 03-5392 |
| Elva Dikes, et al. v. Bayer Corp., et al. | Case No. 03-5391 |
| Jose Espinoza, et al. v. Bayer Corp., et al. | Case No. 03-5421 |
| Carol Etame, et al. v. Bayer Corp., et al. | Case No. 04-0221 |
| Carl Frey, et al. v. Bayer Corp., et al. | Case No. 03-5894 |
| Michael Frisnia, et al. v. Bayer Corp., et al. | Case No. 03-5389 |
| Ramona Garcia, et al. v. Bayer Corp., et al. | Case No. 03-5395 |
| Teresa Galloway, et al. v. Bayer Corp., et al. | Case No. 03-5887 |
| Irene Gosch, et al. v. Bayer Corp., et al. | Case No. 03-5417 |
| David Goss, et al. v. Bayer Corp., et al. | Case No. 04-226 |
| Sidney Gottlieb, et al. v. Bayer Corp., et al. | Case No. 03-5867 |
| Mary Greenhill, et al. v. Bayer Corp., et al. | Case No. 03-5329 |

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

| | |
|---|---|
| Frances Gregg, et al. v. Bayer Corp., et al. | Case No. 04-211 |
| Francine Gunder-Bricq v. Bayer Corp., et al. | Case No. 04-223 |
| Willard Hall, et al. v. Bayer Corp., et al. | Case No. 03-5357 |
| Nancy Hamlin, et al. v. Bayer Corp., et al. | Case No. 03-5355 |
| Dorothy Harris, et al. v. Bayer Corp., et al. | Case No. 03-5067 |
| Laura Hornback, et al. v. Bayer Corp., et al. | Case No. 03-5076 |
| Evelyn Husband, et al. v. Bayer Corp., et al. | Case No. 03-5412 |
| Dorothy Jemmison, et al. v. Bayer Corp., et al. | Case No. 03-5886 |
| Cardell Jones, et al. v. Bayer Corp., et al. | Case No. 03-5905 |
| Henry Jones, et al. v. Bayer Corp., et al. | Case No. 03-5073 |
| Martha Jones, et al. v. Bayer Corp., et al. | Case No. 03-5069 |
| Rosa Jones, et al. v. Bayer Corp., et al. | Case No. 04-227 |
| Rose Jones, et al. v. Bayer Corp., et al. | Case No. 04-210 |
| Virginia Killen, et al. v. Bayer Corp., et al. | Case No. 03-5335 |
| Delores King, et al. v. Bayer Corp., et al. | Case No. 03-5419 |
| Charles Kruse, et al. v. Bayer Corp., et al. | Case No. 03-5390 |
| Sylvia Landrum, et al. v. Bayer Corp., et al. | Case No. 03-5873 |
| Helen Lanier, et al. v. Bayer Corp., et al. | Case No. 03-5885 |
| Mary Lumpkin, et al. v. Bayer Corp., et al. | Case No. 03-5888 |
| William Matthews, et al. v. Bayer Corp., et al. | Case No. 03-5328 |
| Hubert Medlock, et al. v. Bayer Corp., et al. | Case No. 03-5388 |
| Donald Wayne Mills, et al. v. Bayer Corp., et al. | Case No. 03-5890 |
| Samual Moore, et al. v. Bayer Corp., et al. | Case No. 03-5332 |
| Joann Nelson, et al. v. Bayer Corp., et al. | Case No. 03-5415 |
| Sally Nielsen, et al. v. Bayer Corp., et al. | Case No. 03-5897 |
| Alfred Nwokobia, et al. v. Bayer Corp., et al. | Case No. 03-5359 |
| Inez Orta, et al. v. Bayer Corp., et al. | Case No. 04-1296 |
| Dorothy Pampell, et al. v. Bayer Corp., et al. | Case No. 03-5416 |
| Bertha Porter, et al. v. Bayer Corp., et al. | Case No. 03-5325 |
| Geraldine Pulaski, et al. v. Bayer Corp., et al. | Case No. 03-5420 |
| Lisa Ann Renfroe, et al. v. Bayer Corp., et al. | Case No. 03-5072 |
| Maragarita Reyes et al. v. Bayer Corp., et al. | Case No. 03-5418 |
| Joe Rice, et al. v. Bayer Corp., et al. | Case No. 03-5422 |
| Margaret Roberts, et al. v. Bayer Corp., et al. | Case No. 03-5904 |
| Annie Sanders, et al. v. Bayer Corp., et al. | Case No. 03-5863 |
| Thelma Scales, et al. v. Bayer Corp., et al. | Case No. 03-5907 |
| Argatha Scarlato, et al. v. Bayer Corp., et al. | Case No. 03-5865 |
| Joy Shadley, et al. v. Bayer Corp., et al. | Case No. 03-5070 |
| Iris Shepherd, et al. v. Bayer Corp., et al. | Case No. 03-5387 |

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

| | |
|---|---|
| Sheri Simmons, et al. v. Bayer Corp., et al. | Case No. 03-5077 |
| Mary Smith, et al. v. Bayer Corp., et al. | Case No. 03-5386 |
| Doris Spearman, et al. v. Bayer Corp., et al. | Case No. 03-5333 |
| Mary Sprouse, et al. v. Bayer Corp., et al. | Case No. 03-5075 |
| James Tennyson, et al. v. Bayer Corp., et al. | Case No. 04-865 |
| James Tucker, et al. v. Bayer Corp., et al. | Case No. 03-5895 |
| Eduardo Villnueva, et al. v. Bayer Corp., et al. | Case No. 03-5424 |
| William Weekley, et al. v. Bayer Corp., et al. | Case No. 03-5426 |
| Wilma White, et al. v. Bayer Corp., et al. | Case No. 03-5857 |
| Bonard Wilborn, et al. v. Bayer Corp., et al. | Case No. 03-5364 |
| Kenneth Williams, et al. v. Bayer Corp., et al. | Case No. 03-5358 |
| Beverly Willingham, et al. v. Bayer Corp., et al. | Case No. 03-5889 |
| Martha Willingham, et al. v. Bayer Corp., et al. | Case No. 03-5365 |
| Carrie Woliver, et al. v. Bayer Corp., et al. | Case No. 04-0206 |
| Mildred Wright, et al. v. Bayer Corp., et al. | Case No. 03-5896 |

---

Edwin Ronwin, Plaintiff pro se.

Jonathan W. Cartee, R. Stan Morris and Julie M. Rooksberry, Shelby, Roden & Cartee for and on behalf of Plaintiffs.

James D. Shannon and Renee C. Harrison, Shannon Law Firm, PLLC, for and on behalf of Plaintiffs.

E. Frank Woodson and Melissa Prickett, Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. for and on behalf of Plaintiffs.

Craig P. Niedenthal and Jon C. Conlin, Cory, Watson, Crowder & Degaris, P.C. for and on behalf of Plaintiffs.

Peter W. Sipkins and Elizabeth S. Wright, Dorsey & Whitney, Philip S. Beck and Adam Hoeflich, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber and James W. Mizgala, Sidley Austin Brown & Wood, Gene C. Shaerr, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC and Douglas R. Marvin, Williams & Connolly, LLP for and on behalf of Bayer Corporation.

Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A.

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

and Fred T. Magaziner, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

These matters are before the Court upon the Plaintiffs' motions for relief from parts I(A) and I(B) of PTO No. 114, which require that Plaintiffs submit either a case-specific expert report from a medical expert attesting that Baycol caused the plaintiff injury or a letter and supporting documents, followed by a case-specific expert report, that identifies and highlights the medical records, samples or prescriptions that document Baycol use, states the specific injury alleged, and copies of relevant medical, sample or prescription records.

The issue raised in all of Plaintiffs' motions is whether the state law governing their claims requires a case-specific expert report to prove causation in fact. Plaintiffs assert that the Baycol cases are analogous to vehicular accident and other personal injury cases, and that in such cases, expert testimony is not necessary to prove causation where there is an obvious causal relationship between the injury complained of and the alleged act. Plaintiffs argue that general causation is not an issue in these cases, therefore they can establish causation in fact through lay testimony that they ingested Baycol, that they suffered injury subsequent to that ingestion, whether some other event in their lives could have caused such injury and whether Baycol was in fact the case of the injury.

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

Analysis

The Court has reviewed the case law cited by Plaintiffs in their briefs, and finds that the relevant state law concerning the plaintiff's burden of proof as to causation in personal injury actions is consistent. Generally, to prove a negligence claim, state law requires that the plaintiff prove injury and a causal connection between the claimed injury and the event sued upon. See eg., Morgan v. Compugraphic Corporation, 675 S.W.2d 729, 732 (Tex. 1984); Dennis v. Prisock, 221 So.2d 706, 710 (Miss. 1969); Page v. Cox & Cox, Inc., — So.2d —, 2004 WL 406085, *7 (Ala. Civ. App. 2004); Eannottie v. Carriage Inn of Steubenville, 799 N.E.2d 189, 192 (Ohio Ct. App. 2003); Orman v. Williams Sonoma, Inc., 803 S.W.2d 672, 676 (Tenn. 1991); Simmons v. King, 833 So.2d 1148, 1150 (La. Ct. App. 2002); Parker v. Elco Elevator Corp., 462 S.E.2d 98, 100 (Va. 1995); Hurd v. Windsor Garden Convalescent Hospital, 2002 WL 1558600 (Ca. App. 2 Dist. 2002); Lattanze v. Silverstrini, 448 A.2d 605, 608 (Pa. 1982); Wyoming Medical Center, Inc., 27 P.3d 266, 268-269 (Wyo. 2001); Aspiazu v. Orgera, 535 A.2d 338, 341 (Conn. 1987); M.M.D. v. B.L.G., 467 N.W.2d 645, 646 (Minn. Ct. App. 1991).

A medical expert may be utilized to prove that the event sued upon caused the alleged injury. However, in some cases, state law recognizes that a medical expert may not be necessary to prove causation. "Lay testimony is adequate to

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

prove causation in cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." Dawson v. Briggs, 107 S.W.3d 739, 753-754 (Tex. App. 2003). See also, Eannottie, 799 N.E.2d at 192 ("in a negligence action involving conduct within the common knowledge and experience of jurors, expert testimony is not required."); Orman, 803 S.W.2d at 676 ("Except in the most obvious, simple and routine cases, the claimant in a worker's compensation action must establish by expert medical evidence the causal relationship alluded to above between the claimed injury . . . and the employment activity."); Atchison, 391 P.2d at 579 ("The accepted rule is that negligence on the part of the physician or surgeon, by reason of his departure from the proper standard of practice, must be established by expert medical testimony, unless the negligence is so grossly apparent that a layman would have no difficulty in recognizing it."); Lattanze, 448 A.2d at 608 (generally plaintiff must prove causation by expert medical testimony except where there is an obvious causal relationship - one where injuries are immediate and direct or the natural and probable result of the alleged negligent act."); Aspiazu, 535 A.3d at 342 (expert testimony not needed if the medical condition is obvious or common in every day life or if evidence creates a probability so strong that a jury can form a reasonable belief without aid of an expert); M.M.D., 467 N.W.2d at 647 (expert testimony necessary where the

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

"question involves obscure and abstruse medical factors such that the ordinary laymen cannot reasonably possess well-founded knowledge of the matter and could only indulge in speculation in making a finding.").

There are two reasons why this Court cannot agree that the Baycol cases before it fall within the exception to the expert testimony requirement. First, the Court notes that Plaintiffs do not cite to a single state law opinion that supports their position that personal injury cases involving pharmaceuticals, toxins or medical devices are analogous to vehicle accidents or other personal injury cases. Second, pursuant to one of the medical experts retained by the Plaintiffs' Steering Committee ("PSC"), the alleged injuries sustained by the plaintiffs that ingested Baycol, including muscle pain and weakness, require a physician to perform a differential diagnosis to determine the origin of such injury. Deposition of Thomas M. Zizic, M.D. at 184. Relevant to the causation inquiry is a particular plaintiff's medical history, and any medications taken at the same time as Baycol to determine whether concomitant illnesses or medications could be the cause of such injuries. Id. at 185. Similarly, another medical expert retained by the PSC testified at his deposition that it is important to investigate alternative causes of injury when making a diagnosis. Deposition of George Kaysen, M.D. at 38-39, 41. The ability to perform a differential diagnosis is clearly beyond the ability or experience of a lay person.

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

For these reasons, this Court finds that the Baycol cases are not analogous to vehicle accident or other personal injury actions which do not require a differential diagnosis. Rather, this Court joins with those courts that have held personal injury cases involving pharmaceuticals, toxins or medical devices involve complex questions of medical causation beyond the understanding of a lay person. See eg. McClain v. Metabolife Int'l, Inc., 193 F. Supp.2d 1252, 1258 (N.D. Al. 2002)(expert is required to prove causation in this case, as interplay between ephedrine, caffeine and the other ingredients in Metabolife 356, the varying states of pre-existing ill-health of Plaintiffs, and their various ultimate injuries is "complex and technical in nature"); Sanderson v. Int'l Flavors and Fragrances, Inc., 950 F. Supp. 981, 985 (C.D. Cal. 1996)(case involving exposure to aldehydes involved scientific issues beyond the experience of laymen); Blinn v. Smith & Nephew Richards, Inc., 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999)(case involving bone screw required expert testimony to prove defect and causation); Wintz v. Northrop Corporation, 110 F.3d 508, 515 (7th Cir. 1997)(applying Illinois law, case involving in utero exposure to bromide required expert testimony to prove causation); In re: Propulsid Products Liability Litigation, 261 F. Supp.2d 603, 618 (E.D. La. 2003)(summary judgment in favor of defendant appropriate where plaintiff failed to submit admissible expert testimony to prove plaintiff's injuries caused by ingestion of Propulsid); Graham v. American

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

Cyanamid Company, 350 F.3d 496, 507 (6th Cir. 2003)(whether oral polio vaccine caused injury involved technical and scientific issues, expert testimony needed to prove causation); Sayer v. Williams, M.D., 962 P.2d 165, 167 (Wyo. 1998)(expert testimony necessary to prove doctor's negligence caused injury where plaintiff's high blood pressure or Hepatitis C could have caused the symptoms of which plaintiff complained).

The above analysis applies equally to the motion of Plaintiff Edwin Ronwin[1]. The case cited by Plaintiff Ronwin in support of his motion involves injuries resulting from a slip and fall. Wyoming Medical Ctr, 27 P.3d at 267. In Wyoming Medical, the plaintiff slipped and fell in a parking structure, hitting the back of her head, her back and dislocating her knee. Id. at 268. At trial, the plaintiff and her doctor testified that injuries to her back and knee were caused by the slip and fall. Id. On appeal from a verdict in favor of the plaintiff, the defendant argued that the plaintiff needed an expert to prove causation. The Wyoming Supreme Court disagreed, finding that "the testimony of the plaintiff may be sufficient, without the use of experts, to establish the element of causation between an *accident* and the plaintiff's injuries." Id. at 269 (emphasis added).

---

[1]Plaintiff Ronwin has also submitted a letter in addition to his motion for relief under PTO No. 114, raising the question of how to file a motion for an extension of time to comply with the discovery deadlines contained in PTO No. 114. Section VII of PTO No. 114 provides that the parties may stipulate to such an extension, or that the plaintiff may move for an extension. If a motion for an extension is filed, such motion will be heard by this Court.

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

Based on the particular facts in the Wyoming Medical case, the court held that an expert was not needed to prove causation. Id.

Plaintiff Ronwin's Baycol case is not an accident case, nor does it involve facts in which causation is obvious. Rather, his case raises the issue of whether the pharmaceutical, Baycol, caused his particular injuries, which include left arm pain, blurred vision, leg pain, slight caterax in both eyes, and a torn rotator cuff. Exhibit A to Bayer Opposition to Plaintiffs' Motions for Relief from Parts I(A) and I (B) of PTO 114. Contrary to Plaintiff Ronwin's assertions, whether Baycol caused such injuries is beyond the understanding and experience of a lay person, and will require a differential diagnosis. See, Sayer 962 P.2d at 167 (expert testimony necessary where multiple medical conditions could have caused alleged injury).

IT IS HEREBY ORDERED that the above named Plaintiffs' Motion for Relief From Parts I(A) and I(B) are DENIED.

Date:

Michael J. Davis
United States District Court

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT G

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

In Re: BAYCOL PRODUCTS LITIGATION MDL 1431

This Document Relates to:

Name of Plaintiff: [ Laverne Kull ]

---

**CASE SPECIFIC EXPERT REPORT PURSUANT TO PTO 114**

---

1. My name is: R. Samuel Mayer, MD

2. My curriculum vitae, including all my publications for the past ten years, is attached. My charges for this review and report are $ 500 .

3. Attached is a list of cases in which I have testified as an expert, either at trial or in deposition, in the past four years. If no such list is attached, I have not testified as an expert in the past four years.

4. I have reviewed the following medical records of the above patient. My opinion is based on my review of these records. [CHECK HERE IF APPLICABLE: ____ My opinion is based on my examination of the patient.] I understand that there may be other records for this patient beyond those which I have reviewed:

a. Affiliated Community Medical Centers

b. ______

5. It is my opinion that this patient has suffered injuries or damages related to this patient's ingestion of Baycol. These injuries include the following:

a. Proximal muscle weakness

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

b. lower limb pain

c.

6. The grounds for my opinion are as follows:

a. There is a claim of injury as described above in the patient's medical records.

b. The claim of injury in the medical records is reasonably contemporaneous with the patient's ingestion of Baycol.

c. There is no other explanation for this injury apparent in the medical records I have reviewed.

d. The injury described is of new onset with the taking of Baycol.

e. The described injury did not grow worse after Baycol was removed.

f.

g.

7. I understand, pursuant to PTO 114, that I may supplement this report pursuant to ongoing discovery, including my review of additional medical records.

Date: 5/27/04

[signature]

NAME: R. Samuel Mayer MD

ADDRESS: 600 N Wolfe
Meyer 1-164
Baltimore MD 21287

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT H

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

In Re: BAYCOL PRODUCTS LITIGATION MDL 1431

This Document Relates to:

Name of Plaintiff: [ Marlene Bohn ]

**CASE SPECIFIC EXPERT REPORT PURSUANT TO PTO 114**

1. My name is: R. Samuel Maye MD

2. My curriculum vitae, including all my publications for the past ten years, is attached. My charges for this review and report are $ 500 .

3. Attached is a list of cases in which I have testified as an expert, either at trial or in deposition, in the past four years. If no such list is attached, I have not testified as an expert in the past four years.

4. I have reviewed the following medical records of the above patient. My opinion is based on my review of these records. [CHECK HERE IF APPLICABLE: ____ My opinion is based on my examination of the patient.] I understand that there may be other records for this patient beyond those which I have reviewed:

a. WD Shepard MD / Allina Clinic

b. Meeker County Hospital

5. It is my opinion that this patient has suffered injuries or damages related to this patient's ingestion of Baycol. These injuries include the following:

a. back pain, right hip pain, left thigh pain

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

b. Elevated CK

c. Weakness

6. The grounds for my opinion are as follows:

a. There is a claim of injury as described above in the patient's medical records.

b. The claim of injury in the medical records is reasonably contemporaneous with the patient's ingestion of Baycol.

c. There is no other explanation for this injury apparent in the medical records I have reviewed.

d. The injury described is of new onset with the taking of Baycol.

e. The described injury did not grow worse after Baycol was removed.

f. CK decreased after Baycol discontinued

g. __________

7. I understand, pursuant to PTO 114, that I may supplement this report pursuant to ongoing discovery, including my review of additional medical records.

Date: 5/27/04

[signature]

NAME: R. Samuel Mayer MD

ADDRESS: 600 N Wolfe
Meyer 1-164
Baltimore, MD 21287

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

# EXHIBIT I

E-SERVED 07/29/04 05:47 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

In Re: BAYCOL PRODUCTS LITIGATION MDL 1431

This Document Relates to:

Name of Plaintiff: [ DANNY HOLBROOKS ]

**CASE SPECIFIC EXPERT REPORT PURSUANT TO PTO 114**

1. My name is: Corinne V. Basch

2. My curriculum vitae, including all my publications for the past ten years, is attached. My charges for this review and report are $__________.

3. Attached is a list of cases in which I have testified as an expert, either at trial or in deposition, in the past four years. If no such list is attached, I have not testified as an expert in the past four years.

4. I have reviewed the following medical records of the above patient. My opinion is based on my review of these records. [CHECK HERE IF APPLICABLE: X My opinion is based on my examination of the patient.] I understand that there may be other records for this patient beyond those which I have reviewed:

a. All records at HFMC

b.

5. It is my opinion that this patient has suffered injuries or damages related to this patient's ingestion of Baycol. These injuries include the following:

a. Initiation of a nodule myositis which has been ongoing.

E-SERVED
07/29/04
05:47 PM ET
Baycol MDL 1431

b. ______________________________

c. ______________________________

6. The grounds for my opinion are as follows:

(a) There is a claim of injury as described above in the patient's medical records.

(b) The claim of injury in the medical records is reasonably contemporaneous with the patient's ingestion of Baycol.

(c) There is no other explanation for this injury apparent in the medical records I have reviewed.

(d) The injury described is of new onset with the taking of Baycol.

e. The described injury did not grow worse after Baycol was removed.

f. ______________________________

g. ______________________________

7. I understand, pursuant to PTO 114, that I may supplement this report pursuant to ongoing discovery, including my review of additional medical records.

Date: 6/10/04

______________________________
Signature

NAME: Corinne V. Basch, M.D.
ADDRESS: 1733 Central Avenue
Mckinleyville, CA 95519