E-SERVED
08/11/04
11:29 AM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to:

ALL CASES

---

# PSC'S RESPONSE TO BAYER'S MOTION TO QUASH PLAINTIFFS' REQUEST FOR A LETTER ROGATORY PURSUANT TO THE HAGUE CONVENTION

## INTRODUCTION

The PSC submits this response to Bayer's Motion to Quash Plaintiffs' Request for a Letter Rogatory Pursuant to the Hague Evidence Convention. Plaintiffs seek relevant Baycol/Lipobay documents seized in the Italian criminal investigation of Defendant Bayer A.G.'s affiliate, Bayer SpA ("Bayer SpA documents").

Plaintiffs' exercise of the procedures set forth in the Hague Convention ("Convention") is far from "futile, a waste of this Court's time, and (at best) an irritant to the Italian authorities," as Bayer contends. Bayer's Mem. Supp. Mot. to Quash, at 2.[1] To the contrary, the Letter Rogatory is the most appropriate and reasonable course of action, which also serves the principles of international comity set forth by the Convention. Indeed, the Letter Rogatory is the only mechanism

---

[1]Plaintiffs deny Defendants' highly inflammatory allegation that Plaintiffs seek "compulsory process" as a result of a collaboration with Italian prosecutor Raffaele Guariniello "having failed to materialize."

E-SERVED 08/11/04 11:29 AM ET Baycol MDL 1431

by which Plaintiffs may obtain discovery of the Baycol (Lipobay) documents seized in the July 2002 raid of Defendant Bayer A.G.'s Milan, Italy office.[2]

The only issue before the Court is whether Plaintiffs satisfy the procedural requirements of the Letter Rogatory. Defendants' efforts to confuse the issues by interpreting Italian law are clearly misplaced. Bayer's Motion to Quash should be denied and Plaintiffs request for a Letter Rogatory should be granted.

## ARGUMENT

### A. THE LETTER ROGATORY IS SIMPLY A REQUEST TO THE ITALIAN COURT.

Bayer confuses this matter by asking this Court to reach the merits of Plaintiffs' request for a Letter Rogatory and thereby deny the Italian government and court the right to decide the matter as provided by the Hague Convention procedures. The Letter Rogatory is far from the "extraordinary measure" Defendants claim it to be.[3] Bayer's Mem. Supp. Mot. to Quash, at 10. In *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. S.D. Iowa*, 482 U.S. 522, 529 (1987), the Supreme Court clearly rejected the "extreme position" that the Convention's procedures were mandatory or exclusive. In delegating the Convention as an alternative route for international

---

[2]Defendants disavow any knowledge regarding the nature or content of the seized documents. Bayer's Mem. Supp. Motion to Quash, at 7. Not only is defendants' professed ignorance suspect, but it also stands contrary to public announcements regarding the investigation's focus on Lipobay (Baycol) injuries and Defendant Bayer's alleged willful harm and misconduct in the handling and marketing of Lipobay (Baycol). *See* Hopper Aff., Ex. A. Moreover, defendants' conclusory assumption that the seized documents bear no relevance to the pending claims before this Court challenges the scope of the Italian prosecutor's investigation and falls just short of accusing the Italian government of engaging in a "fishing expedition," yet another inflammatory remark by Bayer.

[3]Although the Hague Convention procedures are not exclusive or mandatory, courts in the United States have determined that it is "virtually compulsory" when discovery is sought from a non-party. *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp.2d 469, 474 (D. Del. 2003)(quoting *Orlich v. Helm Bros., Inc.*, 160 A.D.2d 135, 143, 560 N.Y.S.2d 10 (App. Div. 1990)).

E-SERVED 08/11/04 11:29 AM ET Baycol MDL 1431

discovery issues, the Court does not in any way suggest that the Convention is a delicate procedural device only to be used in the rarest of occasions.

Defendants' "arguments go more particularly to the scope of the discovery [Plaintiffs] seek pursuant to the Hague Evidence Convention," rather than the Letter Rogatory itself. *Tulip Computers Int'l B.V. v. Dell Computer*, 254 F.Supp.2d 469, 474 (D.Del. 2003). In *Tulip Computers*, the plaintiff objected to the Letter Rogatory on the ground that the evidence sought was not discoverable and, thus, requested that the court deny the Letter Rogatory *in toto*. *Id*. Relying on the Supreme Court's guidance in *Aerospatiale*, the *Tulip Computers* Court rejected plaintiff's argument, noting "if [defendant's] document requests are overly broad under the law of the Netherlands, . . . then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced." *Id*. at 475. This analysis is equally applicable in the present case.[4]

The purpose of the Convention is to reconcile, not further antagonize, the international legal systems. By issuing a Letter Rogatory, this Court and the parties respectfully defer to Italian sovereignty. Thus, if there exists uncertainty as to the interpretation of Italian law, whether Italy will execute the Letter Rogatory, or the scope of Plaintiffs' request, this letter affords the Italian court the opportunity to interpret its own laws and Article 23 reservation - rather than relying on Defendants' biased interpretations of Italian law. Plaintiffs are making a simple request to this Court to issue a Letter Rogatory to the Italian government and court, both of whom are more than capable of

---

[4]Assuming *arguendo*, that Plaintiffs' Letter Rogatory is overly broad, which Plaintiffs' expressly deny, the proper remedy is for Plaintiffs to revise their request to include any limiting language this Court deems appropriate, as opposed to *in toto* denial of Plaintiffs' request. *See Tulip Computers*, 254 F. Supp.2d at 475.

E-SERVED 08/11/04 11:29 AM ET Baycol MDL 1431

protecting their own interests and interpreting their own laws.[5] Defendants' motion to quash should be denied and Plaintiffs' Letter Rogatory signed by Your Honor so that it may be considered by the Italian authorities.

### B. "PRETRIAL DISCOVERY" DOES NOT HAVE A UNIFORM MEANING AMONG THE HAGUE CONVENTION SIGNATORIES AND DOES NOT PRECLUDE THE ISSUANCE OF A LETTER ROGATORY.

Even if Defendants' assertions of Article 23 limitations on Plaintiffs' request for a Letter Rogatory were procedurally ripe for determination by this Court, which Plaintiffs expressly deny, Defendants' efforts to narrowly interpret Italian law and Italy's Article 23 reservation under the Convention are contrary to established precedent.[6]

Since the ratification of the Convention, a dilemma over Article 23 and the definition of "pretrial discovery" has developed among the Convention signatories. "Pretrial discovery" has different meanings between the United States and the civil law signatories to the Convention. "Of particular import is the fact that discovery conducted by the parties, as is common in the United States, is alien to the legal systems of civil-law nations, which typically regard evidence gathering as a judicial function." *Aerospatiale*, 482 U.S. at 549-50 (Blackmun, J., concurring in part and dissenting in part); *see also* Bernard H. Oxman, *The Choice Between Direct Discovery and Other Means of Obtaining Evidence Abroad: The Impact of the Hague Evidence Convention*, 33 U. MIAMI

---

[5]"[W]e are satisfied that foreign tribunals will recognize that the final decision on the evidence to be used in litigation conducted in American courts must be made by those [foreign tribunals] courts." *Tulip Computers*, 254 F. Supp.2d at 475, quoting *Aerospatiale*, 482 U.S. at 542, 107 S.Ct. 2542.

[6]Italy ratified the Hague Convention in June 1982 with an Article 23 reservation, which states that Italy "will not execute Letters of Request issued for the purpose of obtaining pretrial discovery of documents as known in Common Law countries." Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, art. 23, TIAS 7444, 23 UST 2555, reproduced in 28 U.S.C.A. following § 1781. The Italian government has not qualified this reservation.

E-SERVED 08/11/04 11:29 AM ET Baycol MDL 1431

L. REV. 733, 773-74 (1983)(Years after ratification, the U.S. reported that "their colleagues from the civil law countries revealed a 'gross misunderstanding' of the meaning of 'pre-trial discovery,' thinking that it was something used before the institution of a suit to search for evidence that would lead to litigation."). "Pre-trial" as the term is used in Article 23 reservations may be "understood as referring to discovery requests that are neither specific nor judge-supervised, at least as to probable relevance." Oxman, *supra*, at 773. *Accord Tulip Computers*, 254 F. Supp.2d at 475 (granting motion for discovery under the Hague Convention in the Netherlands, despite that country's qualified Article 23 reservation).

In addition to the differences in definition, there is questionable inconsistency in the procedural practices of the Convention. As all discovery under the U.S. system occurs "pre-trial," civil law signatories, with or without the Article 23 reservation, must perform some type of "pre-trial" discovery under the terms of the Convention. Otherwise, "reciprocal obligations" under the Hague Convention could not function properly. *See* Oxman, *supra*, at 772-73.

Defendants take this Article 23 reservation and presume, without any legal or analytical support, that the lack of qualification by Italy infers that the reservation of no "pretrial discovery" is definitive and bars the Letter Rogatory.[7] However, as Bernard Oxman discusses in his article, *supra*, at 771-77, and Justice Blackmun points out in *Aerospatiale*, "in practice, a reservation is not the significant obstacle to discovery under the Convention that the broad wording of Article 23 would suggest." *Aerospatiale*, 482 U.S. at 563 (Blackmun, J., concurring in part and dissenting in part). Defendants' interpretation is contrary to the guidance articulated by Justice Blackmun and

[7]Bayer cites to a web-page of the U.S. Department of State re-iterating Italy's Article 23 reservation. However, the re-iteration is a desperate grasp for support by Defendants as the Agency "does not intend by the contents of this flyer to take a position on any aspect of any pending litigation." http://travel.state.gov/law/italy_legal.html.

E-SERVED 08/11/04 11:29 AM ET Baycol MDL 1431

expressed by Oxman. Rather, an Article 23 reservation actually allows the Italian court to choose whether or not to enforce the requests for pretrial discovery. *See Tulip Computers*, 254 F. Supp.2d at 473 (allowing the Dutch authorities to decide). The reservations do not, as Defendants wrongfully assume, preclude this Court from issuing a Letter Rogatory pursuant to the Hague Convention. By signing the Letters Rogatory, this Court will act consistent with the *Tulip Computers* court by deferring to the Italian court. *Id.* at 474-75 ("The Court is content that [Dutch] officials will make the appropriate determination under their own law."); *see also* Geffers Aff. ¶ 4 (attached to Hopper Aff. as Ex. B).

### C. ARTICLE 329 OF THE ITALIAN CODE OF CRIMINAL PROCEDURE DOES NOT BAR THE ISSUANCE OF A LETTER ROGATORY FOR PRODUCTION OF DOCUMENTS.

According to Bayer, the Bayer SpA documents collected by the Turin Public Prosecutor are secret under Article 329 of the Italian Code of Criminal Procedure. Zanchetti Decl. ¶ 5. Bayer then curiously assumes that the Letter Rogatory, therefore, should be quashed because the Letter automatically "require[s] the Italian authorities to break their own law." Bayer's Mem. Supp. Mot. to Quash, at 7. Defendants provide no support for this assumption.

Bayer cannot presume that Article 329's prohibition automatically operates to nullify the opportunity to present a Letter Rogatory to the Italian court. Foreign laws are subject to international agreements and applicable laws even if a conflict arises between the two. In *Aerospatiale*, the Supreme Court made clear that the potential for a foreign tribunal to permit a party to withhold

E-SERVED 08/11/04 11:29 AM ET Baycol MDL 1431

production of evidence did not preclude use of Convention procedures. 482 U.S. 542.[8] Similarly, Plaintiffs should not be denied access to such procedure here.

Bayer, once again, assumes it can speak for the Italian court by using Article 329 as a shield and complete bar to the letter request. This is precisely the type of action Justice Blackmun warns against in his discussion of the Hague Convention, when he states, "[A]ll too often . . . courts have simply *assumed* that resort to the Convention would be unproductive and have embarked on speculation about foreign procedures and interpretations." *Aerospatiale*, 482 U.S. at 567.

In addition to Article 329 being subject to the Hague Convention, the prohibition, in accordance with Italian law, may not even apply to the documents requested. *See* Geffers Aff. ¶¶ 3.1 - 3.3. First, Article 329 is subject to the Italian court's review of the investigation.[9] Depending on the circumstances of the request, the documents may be produced prior to the closing of the Italian prosecutor's preliminary investigation. Geffers Aff. ¶¶ 3, 3.2. Second, the Italian prosecutor's office issued the Search and Seizure Order for the Bayer SpA documents more than two years ago on July 15, 2002. The "preliminary investigation" stage that Article 329 refers to should be completed. As a general rule, the "preliminary investigation" concludes no later than six months,

---

[8] Even when discovery occurs under the Federal Rules of Civil Procedure rather than the deferential process articulated by the Hague Convention, possible prohibitions and laws have not prevented required production by U.S. courts. "It is not *ipso facto* a defense to a discovery request that the law of a foreign country may prohibit production or disclosure." *Laker Airways Ltd. v. Pan American World Airways*, 103 F.R.D. 42, 47 (D.D.C. 1984)(citing *United States v. Bank of Nova Scotia*, 691 F.2d 1384 (11th Cir. 1982)); *see, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992)(upholding discovery order and imposition of sanctions even though compliance would purportedly violate China's secrecy laws and subject defendant's employees to criminal sanctions).

[9] Article 329 states: "The acts of investigation carried out by both the Public Prosecutor and by the Judiciary Police are under seal until the indicted person may be aware of their content, and, in any case, no later than the closing of the preliminary investigation." Geffers Aff. ¶ 3 (emphasis added).

E-SERVED 08/11/04 11:29 AM ET Baycol MDL 1431

and in some cases twelve months, from the day when the name of the indicted is entered into the Italian Registry of Crimes. Geffers Aff. ¶ 3.3 (citing Article 405 of the Italian Code of Criminal Procedure). Although Plaintiffs are not aware of the exact date when Defendants were entered into the Registry prior to July 15, 2002, the preliminary investigation should have ended or be near completion. *Id.* With no preliminary investigation ongoing, Article 329's prohibition would not apply and the documents should be available for production. *Id.*

Here, by issuing the Letter Rogatory pursuant to the Convention's procedures, the Italian court will have an opportunity to decide whether or not the documents particular to this MDL litigation may be produced. The letter is simply a request that the Italian government and courts are more than capable to affirm or deny. *See Tulip Computers*, 254 F. Supp.2d at 475 (holding that issuance of letters rogatory was warranted despite any issues of privilege under the law of the Netherlands. Any overly broad discovery requests could be narrowed by the judicial authorities in the Netherlands.). In furtherance of the principles and purposes of the Convention, the Italian court should be afforded the discretion and opportunity to weigh its interests with the Letter Rogatory and, therefore, the motion to quash should be denied.

### D. A LETTER ROGATORY IS NOT AN "EXTRAORDINARY MEASURE" AND DOES NOT REQUIRE A HIGHER STANDARD.

The Letter Rogatory is a joint effort to accommodate U.S. federal rules of civil procedure and Italian discovery procedures under civil law. The letter serves as an opportunity for the Italian Court to interpret, analyze and rule in this specific request. "[H]olding that the Convention does not apply . . . would deprive domestic litigants of access to evidence through treaty procedures to which the contracting states have assented." *Aérospatiale*, 482 U.S. at 547.

In addition to the blanket assertions regarding Italian law, Bayer argues that the letter is an "extraordinary measure" and that Plaintiffs must make a showing that the documents are of particular

E-SERVED
08/11/04
11:29 AM ET
Baycol MDL 1431

importance to the litigation. Bayer's Mem. Supp. Mot. to Quash, at 2. First, the Letter Rogatory pursuant to the Hague Convention is not an unusual discovery device. "An attempt to use the Convention will open a dialogue with the authorities in the foreign state and in that way a United States court can obtain an authoritative answer as to the limits on what it can achieve with a discovery request in a particular contracting state." *Aerospatiale*, 482 U.S. at 567 (Blackmun, J., concurring in part and dissenting in part). Second, Defendants' assertion of a high burden of showing is severely misplaced. To wit, the *Aerospatiale* citation referenced by defendants does not apply in this context. 482 U.S. at 534-44. The issue before this Court is not whether the Convention's procedures are mandatory, but whether the issuance of a Letter Rogatory is warranted.[10]

Neither party disputes the use of the Hague Convention nor do they argue that the District Court should "order foreign discovery in the face of objections by foreign states." 482 U.S. at 544 n. 28. In fact, Plaintiffs here are requesting the Italian court's guidance and assistance in light of the definitions of "pre-trial discovery" and the prohibitions set forth in Article 329 of the Italian Code of Criminal Procedure. The burden to request the Letter Rogatory is subject to a basic standard as ""Convention procedures are available whenever they will facilitate the gathering of evidence by means authorized in the Convention."' *Tulip Computers*, 254 F. Supp.2d at 474 (quoting *Aerospatiale*, 482 U.S. at 541). It is this standard that the Plaintiffs meet. Accordingly, Bayer's Motion to Quash should be denied.

---

[10]The burden Plaintiffs must meet to warrant issuance of a Letter Rogatory is not high. *Tulip Computers*, 254 F. Supp.2d at 474, Similar to Dell in *Tulip Computers*, Plaintiffs request discovery from a non-party who has not voluntarily subjected itself to discovery, is located in the country where the letter is directed, and is not otherwise subject to the jurisdiction of this Court. With the restrictive availability of the Bayer SpA documents, the Hague Evidence Convention procedures are available to Plaintiffs.

E-SERVED
08/11/04
11:29 AM ET
Baycol MDL 1431

**CONCLUSION**

International comity is "a principle under which judicial decisions reflect the systemic value of reciprocal tolerance and goodwill." *Aerospatiale*, 482 U.S. at 555 (Blackmun, J., concurring in part and dissenting in part). By respectfully deferring to the Italian government and court through a Letter Rogatory, this Court and Plaintiffs uphold and further this principle and the goals of the Hague Convention. For the foregoing reasons, the PSC respectfully requests that Bayer's motion to quash Plaintiffs' request for a Letter Rogatory pursuant to the Hague Convention be denied in its entirety.

Dated: August 9, 2004

ZIMMERMAN REED, P.L.L.P.

By: /s/ Signature on File
Charles S. Zimmerman, #120054
Ronald S. Goldser, #35932
Robert R. Hopper, #208760
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Tel: (612) 341-0400

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Richard A. Lockridge, #64117
Robert K. Shelquist, #21310X
Yvonne M. Flaherty, #267600
Sunny H. Kim, #3984622 (NY)
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
Tel: (612) 339-6900

***Co-Lead Counsel for Plaintiffs***

E-SERVED
08/11/04
11:29 AM ET
Baycol MDL 1431

***Plaintiffs' Executive Committee***

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
30th Floor, 275 Battery St.
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Stanley M. Chesley
Waite, Schneider, Bayless & Chesley Co.
1513 Fourth and Vine Tower
One West Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-0267

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.
1226 Euclid Avenue
Suite 900
Cleveland, OH 44115-1891
Telephone: (216) 621-8484

Dianne M. Nast
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000