E-SERVED
08/12/04
04:23 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

This Document Relates to All Actions

MDL No. 1431
(MJD/JGL)

---

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL MATERIALS FROM PSC EXPERT MEETING

### INTRODUCTION

In February, the PSC held a meeting with its' designated generic experts. The experts were invited to give presentations of the substance of their Rule 26 expert reports. This meeting was held in an effort to produce a DVD video presentation pursuant to the Court's interest and desire for a tutorial on the science and medicine of the drug Baycol and Baycol related injuries. Defendants now seek to compel the videotapes of these presentations. Defendants have rejected attempts by the PSC to meet and confer on this tutorial as requested by the Court. Now, Defendants seek the motion as a mechanism to see the PSC tutorial video before they produce their own. The PSC further believes that until the Defendants' tutorial is finished, it would be unduly burdensome and prejudicial to the PSC to give Defendants a preview of the PSC tutorial. Once Defendants have finished their own tutorial, the tutorials for both parties should be provided to the Court. In the interest of fair play and fair dealing, the only way to accomplish the goal of a science tutorial without an unfair advantage to either party, is to require simultaneous production of materials by both parties.

E-SERVED
08/12/04
04:23 PM ET
Baycol MDL 1431

**BACKGROUND**

At the December 9, 2004 status conference, the PSC brought to the attention of the Court a proposal to do a tutorial to assist the Court in understanding the basis for the science and medicine underlying Baycol and Baycol-related injuries. See December 9, 2003 *In re Baycol Products Litigation: MDL 1431* Status Conference Transcript (Attached as Exhibit A to Hauer Affidavit) at 51-53. In discussing the expert reports and a possible tutorial, The Court stated: "It would be helpful to the Court and so whether or not – it doesn't have to be in motion form, but I would want both of you to meet and confer and put that on your agenda and figure out when you are going to do it and how you are going to do it. So that we can do that within the next couple of months." *Id.* When asked if he would like further information on the tutorials used in the Welding Rod MDL as background on how Courts have utilized tutorials, the Court stated: "Well, that's where both sides are going to meet and confer and educate the Judge." *Id.* During the January status conference, the Court was again informed in open court that the PSC was working on a tutorial. See January 15, 2004 *In re Baycol Products Litigation: MDL 1431* Status Conference Transcript (Exhibit B, Hauer Affidavit) at 59.

Following the December status conference, the PSC immediately began preparations to produce a video tutorial for the Court. A meeting was held in Miami in which PSC experts gave presentations of the substance in their expert reports that had already been served on Defendants. These presentations, which were videotaped, were given purely for the purpose of creating a tutorial pursuant to the Court's request. The PSC had no other reason to videotape its' experts except to produce the tutorial for the Court. Dr. Zizic testified at his deposition that he was told the purpose of the

E-SERVED 08/12/04 04:23 PM ET Baycol MDL 1431

presentation was to inform the Judge. *Deposition of Thomas Zizic*, Feb. 23, 2004, (Exhibit C, Hauer Affidavit) at 289. These presentations were given to a limited number of PSC attorneys who were present at the videotaping. In fact, only a few science committee and executive committee members were present during these presentations. While Dr. Zizic testified he saw several presentations, the majority of the expert witnesses were present only for their own presentation. All experts were instructed to give a Powerpoint presentation regarding the substance of their expert report. Indeed, Dr. Zizic testified that he was told to give a lecture to the judge and to follow the report that he had written. *Id.* at 295-296. As the substance of the presentation was already present in their reports, there was nothing to be learned from the presentation that wasn't already present in their respective reports.

During the February status conference, the present dispute was brought to the Court's attention in open court. See February 24, 2004 *In re Baycol Litigation: MDL 1431* Status Conference Transcript (Exhibit D, Hauer Affidavit) at 56. Mr. Zimmerman explained the plaintiffs position that the video was being created in accordance what the PSC believed to be the Court's direction, to which Defendants responded they would be filing a motion to compel the information. *Id.* at 56-57. With this motion now before the Court, Defendants are seeking access to the PSC's material before preparing their own tutorial. The Court stated: "I thought you were just going to put something together quickly and it would be…" *Id.* at 59. Mr. Zimmerman, on behalf of the PSC responded: "That's precisely what we wanted to do. All we did was we got the experts to tell us what they are going to say so we know what they are going to say, and we are happy to provide what they are going to say to defense counsel. There's no mystery to it." *Id.* at

E-SERVED
08/12/04
04:23 PM ET
Baycol MDL 1431

60. To this end, the PSC was acting in good faith to produce a tutorial video pursuant to the direction from and previous discussions with the Court.

The concept of the science and medicine tutorial is not new. Variations on this concept have been utilized by several MDL courts including breast implants (MDL 926) many years ago and more recently in the Welding Rods litigation (MDL 1535) venued in the Northern District of Ohio, Hon. Kathleen O'Malley presiding. Judge O'Malley received video tutorials simultaneously from both Plaintiffs and Defendants in the welding rods litigation. After a meet and confer process, both sides were Ordered to produce a video of approximately one hour in length. In a Case Management Order, Judge O'Malley Ordered: "On or before December 22, 2003, plaintiffs and defendants shall each present to the Court (and serve on each other) an audio/video background tutorial not to exceed one hour in duration." See Case Management Order, Paragraph XIV (Exhibit E, Hauer Affidavit). Recognizing the potential for prejudice and one party gaining an advantage over the other, Judge O'Malley ordered that the tutorials be served simultaneously on the same day. This is precisely what the PSC now asks this Court to do.

**ARGUMENT**

Certainly, not everything in litigation is discoverable. There are recognized exceptions to the discovery rules, including such doctrines as work product and privileged documents. Fed.R.Civ.P. 26 contains the general provisions that govern discovery. 26(b) begins with the statement: "*Unless otherwise limited by order of the court in accordance with these rules*, the scope of discovery is as follows:"(emphasis

E-SERVED
08/12/04
04:23 PM ET
Baycol MDL 1431

added) and continues to detail the scope and limits on discovery. *Fed. R.Civ.P. Rule 26.* As Defendants point out, Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense. However, Rule 26(b)(2) sets forth limitations on discovery.

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought, or (iii) *the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.* (emphasis added)

Fed.R.Civ.P. 26(b)(2)(iii) contains a provision which gives the Court discretion to weigh the burden of the proposed discovery, taking into account the relevant factors of the litigation. In the Baycol MDL, it is clear that there is an unfair advantage to Defendants in providing them with the substance of the PSC tutorial before producing their own. Importantly, the Court in this MDL has recognized the value of a tutorial and in learning more about the complicated science and medicine in this case. In that regard, the Court should consider the procedure Ordered by Judge O'Malley and direct the parties to follow this same path.

Alternatively, even if the Court finds these tapes are discoverable, courts have broad discretion in limiting discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). *See also Credit Lyonnais v. SGC Int'l, Inc.* 160 F.3d 428, 431 (8th Cir. 1998); *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 898 (8th Cir. 1978); *Roberts v. Albright-Roberts Chevrolet, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003); *WDSI, Inc. v. The*

E-SERVED
08/12/04
04:23 PM ET
Baycol MDL 1431

*County of Steele*, 672 N.W.2d 617, 622 (Minn Ct. App 2003). Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. *Crawford-El at 598.* The Court has many options to limit discovery as permitted by Rule 26 and the Court may also set the timing and sequence of discovery. *Fed. R.Civ.P. Rule 26(d).* Federal Rule 26(d) provides:

> Unless the court upon motion, for the convenience of the parties and witnesses and *in the interests of justice*, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery. (emphasis added)

*Id.* This rule provides a mechanism for delay of discovery if it is in the interest of justice. Courts have recognized that Fed. R. Civ. P 26(d) clearly permits the court to set the timing of discovery "for the convenience of the parties and the witnesses and in the interests of justice. *See Marresse et al. v. Am. Academy Orthopedic Surgeons*, 726 F.2d 1150, 1159 (7th Cir. 1984); *See also Harbour v. Armstrong World Indus., Inc.*, 1991 U.S. App. LEXIS 10867, No 90-1414, 15 (6th Cir. 1991) (Ex. F, Hauer Affidavit); *Mascieri v. Penn. College of Podiatric Med. et al.*, 1995 U.S.Dist LEXIS 17032, No 95-4355 (E.D. Pa. 1995) (Ex. G, Hauer Affidavit); *Banco Del Estado v. Navistar Int'l Transp. Corp. et. al.*, 1996 U.S. Dist. LEXIS 19148, No. 95 C 5889, 11 (N.D. Ill. 1996) (Ex. H, Hauer Affidavit); "[T]he "interest of justice" element must be considered in light of the circumstances of the particular case and, more importantly, the posture of the case when the issue arises." *See Klesch & Co., Ltd v. Liberty Media Corp.*, 217 F.R.D. 517 (D. Colo. 2003). The court in *Klesch* also notes:

> The court has well-established authority to regulate discovery procedures to promote the interests of justice. For example, Fed. R. Civ. P 26 (d) states that a court may regulate the sequence and timing of discovery 'in the interests of justice.' Similarly, Fed. R. Civ. P 26 (c) authorizes the

E-SERVED 08/12/04 04:23 PM ET Baycol MDL 1431

> court to issue any protective 'which justice requires.' Such a protective order may be necessary to protect a person or party from annoyance, embarrassment, oppression or undue burden.

*Id.* Defendants' effort to seek PSC material from the PSC tutorial, before creating their own, is an attempt to create an unfair advantage for themselves and is an undue burden on the PSC. Therefore, this Court should use its discretion to Order simultaneous production of the video/DVD tutorials. Previously, courts have utilized the method of simultaneous production of materials regarding expert testimony.

> The Court believes that the mutual and simultaneous exchange of factual information and opinions of the parties' respective experts, in the manner provide for in the rules (omitted), will best facilitate a clarification of the issues and prepare all counsel for orderly and expeditious presentation at trial.

*U.S. v. John R.-Piquette Corp.*, 52 F.R.D. 370, 373 (E.D Mich. 1971). Judge O'Malley did so in the Welding Rods litigation as well. This Court asked for the same thing as Judge OMalley requested in a video/DVD tutorial and we followed the tenor of her Order in complying with this court's wishes. Therefore, it would be in the interest of justice for the Court to Order simultaneous production of the tutorial videos so as to create an even playing field for all parties.

**CONCLUSION**

For the foregoing reasons, the PSC respectfully requests that the Court enter an Order denying Defendants' Motion to Compel Materials from PSC Expert Meeting. In addition, the PSC requests that the Court enter an Order requiring both the PSC and Defendants to simultaneously produce science tutorials to the Court on a date certain of the Court's choice.

E-SERVED
08/12/04
04:23 PM ET
Baycol MDL 1431

Respectfully Submitted,

August 12, 2004

ZIMMERMAN REED, P.L.L.P

By: /s/ Signature on File
Charles Zimmerman #120054
Robert R. Hopper #208760
Ronald S. Goldser #35932
Stacy K. Hauer #317093

651 Nicollet Mall
Suite 501
Minneapolis, MN 55401
Telephone: (612) 341-0400

LOCKRIDGE GRINDAL NAUEN, P.L.L.P.

By: /s/ Signature on File
Richard A. Lockridge #64117
Robert K. Shelquist #21310X

100 Washington Avenue South, Ste. 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

***Plaintiffs' Co-Lead Counsel***

RODA & NAST, P.C.
Dianne M. Nast
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser
Wendy R. Fleishman
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

CLIMACO, LEFKOWITZ, PECA, WILCOX & GAROFOLI CO., L.P.A.
John R. Climaco
1226 Euclid Avenue, Suite 900
Cleveland, OH 44115-1891
Telephone: (216) 621-8484

WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., LPA
Stanley M. Chesley
Central Trust Tower, Suite 1513
One West Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-0267

BRANCH LAW FIRM
Turner W. Branch
2025 Rio Grande Blvd. N.W.
Albuquerque, NM 87104
Telephone: (505) 243-3500