E-SERVED
08/13/04
01:34 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAYCOL PRODUCTS LITIGATION ) | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: ) | |
| *Thomas Boris, et.al v. Bayer et. al. 02-2137* ) | |
| *(Plaintiffs George Benko, Ronnie Dailey, Mary Eddy, Lonell Fisher, Delores Kidd, Gerald Papesh and Joseph Valenti only)* ) | |
| *Dawn Zalud, et.al v. Bayer et. al. 02-2820* ) | |
| *(Plaintiff Dawn Zalud only)* ) | |
| *Cindy Hunkapiller, et.al v. Bayer et. al. 02-2821* ) | |
| *(Plaintiff Cindy Hunkapiller only)* ) | |
| *Lynda Nelson, et.al v. Bayer et. al. 02-2822* ) | |
| *(Plaintiff Lynda Nelson only)* ) | |
| *Nancy McBride, et.al v. Bayer et. al. 02-3921* ) | |
| *(Plaintiff Edward J. Lobbes only)* ) | |
| *Robert Bayerl, et.al v. Bayer et. al. 02-2823* ) | |
| *(Plaintiff Robert Bayerl only)* ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF MOTION TO COMPEL EXPERT REPORTS, PURSUANT TO PTO 114, WHICH COMPLY WITH FED. R. CIV. P. 26(a)(2)(B) AND TO PROHIBIT USE OF FORM REPORTS**

Climaco, Lefkowitz, Peca, Wilcox & Garofoli, Co., L.P.A. respectfully submits this response as it specifically applies to the following plaintiffs (as identified by Exhibit A to Defense Counsels' Joint Memorandum): George Benko (02-2137), Ronnie Dailey (02-2137), Mary Eddy (02-2137), Lonell Fisher (02-2137), Delores Kidd (02-2137), Gerald Papesh (02-2137), Joseph Valenti (02-2137), Dawn Zalud (02-2820), Cindy Hunkapiller (02-2821), Lynda Nelson (02-2822), Robert Bayerl (02-2823), and

E-SERVED
08/13/04
01:34 PM ET
Baycol MDL 1431

Edward J. Lobbes (02-3921) (the "Climaco Plaintiffs"). Furthermore, Respondents join in the General Response to Defendants' Motion to Prohibit Use of Form Reports being filed by the Baycol MDL Plaintiffs' Steering Committee (PSC).

## INTRODUCTION

Defendants characterized the PTO 114 reports submitted by the Climaco Plaintiffs with June 7, 2004 due dates as "a hollow exercise." Defendants, without merit, claim plaintiffs' counsel has not been instructed by the PSC to review its cases and dismiss those cases that do not warrant discovery. Defendants' claim is without merit and evidence to the contrary exists.

Defendants further allege use of the "form report" or "fill in the blank check-off form", as they characterize it, violates PTO 114 and does not comply with Fed. R. Civ. P. 26(a)(2)(B). To the contrary, the instructional report was created with the purpose of ensuring compliance with Fed. R. Civ. P. 26(a)(2)(B).

Defendants request the Court to compel all the named Phase I Climaco Plaintiffs to submit unique, case specific expert reports on injury and causation in compliance with Fed. R. Civ. P. 26(a)(2)(B). However, defendants have failed to raise any specific challenges or objections to these twelve reports. Defendants' argument painted with a broad brush is overstated, clearly misplaced and based on the mere appearance of the reports as a whole rather than the actual substance of each report.

## BACKGROUND

When discussions surrounding a narrowing protocol began, and the predecessor to PTO 114 (PTO 102) was first circulated, undersigned counsel undertook an analysis of each of its individual client's claim in light of the enhanced requirements. In accordance with the Court's directive and after due diligence including appropriate client communications, Plaintiffs' counsel worked with defense counsel and

E-SERVED 08/13/04 01:34 PM ET Baycol MDL 1431

agreed to stipulations for dismissal of several individuals. Subsequently, a list of plaintiffs, Exhibit A, was provided to Mr. James Mizgala, Esq. by Lisa Ann Gorshe, Esq. in order to negotiate Stipulations for Dismissal without Prejudice. Dismissal orders for each of these Plaintiffs have been granted by the Court.

Following this Court's issuance of PTO 114 on March 18, 2004, counsel contacted their clients as to the requirements of PTO 114 which had to be met in order to maintain a claim for damages. As the June 7, 2004 deadline approached, counsel prepared two additional lists of plaintiffs for Stipulations for Dismissal. These lists were forwarded to James Mizgala, Esq. by Lisa Gorshe, Esq. on approximately June 7, 2004, Exhibit B, and June 11, 2004, Exhibit C. Dismissal orders for each of these Plaintiffs have been filed with the Court.

Counsel received a number of reports that they believed were not in compliance with PTO 114. Therefore, counsel advised those clients that because of lack of compliance with PTO 114 their case would be dismissed. Consequently, twenty-one additional Climaco Plaintiffs will be dismissed pursuant to Magistrate Judge Lebedoff's Order filed on July 28, 2004 for non-compliance with PTO 114. These Plaintiffs provided either an insufficient report or no report. Accordingly, defendants blanket accusations concerning the effectiveness of the narrowing protocol are not applicable.

**ARGUMENT**

PTO 114 was issued as a measure of efficient case management . The purpose for the Order, as detailed in PTO 114 are to:

> *(a) supplement discovery procedures and deadlines for the parties, (b) identify, evaluate, and categorize the claims of those plaintiffs who have and those who do not have factually and legally sufficient support for their alleged claims and injuries or damages, (c) review available medical documents and submitted expert reports, (d) expand the pool of cases for potential trial in this MDL, (e) further develop an efficient and effective settlement and mediation program,*

E-SERVED 08/13/04 01:34 PM ET Baycol MDL 1431

> *and (f) prepare cases for the transfer back to transferor courts for trial.*

Simply put, PTO 114 is a *Lone Pine* order initiated to narrow the pertinent claims and a procedural hoop created to eliminate cases that do not warrant further discovery.

The basis for defendants' argument lies in the boilerplate appearance of the reports without attacking the specificity of each report. Of the 115 total plaintiffs named by defendants, they challenge only three reports with any specificity and one physician is broadly charged based on the volume of reports submitted and a single example of one such report. No specific challenge has been raised regarding the above named Climaco Plaintiffs.

Each report submitted in compliance with PTO 114 for each of the Climaco Plaintiffs named in Exhibit A to Defendants Joint Motion provides a specific attestation that Baycol caused them to suffer a specific injury or specific damages. Thus, Plaintiffs have fully complied with PTO 114 which states: *"Each plaintiff must serve a Rule 26(a)(2) case-specific report from a medical expert attesting that Baycol caused the plaintiff to suffer injuries or damages."*

Furthermore, an analysis of each report submitted on behalf of the Climaco Plaintiffs named in Exhibit A to Defendants Joint Motion is in compliance with the requirements of Fed. R. Civ. P. 26 and illustrates the specifics outlined in Fed. R. Civ. P. 26(a)(2)(B).

> *The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions ; any exhibits to be used as a summary of or support for the opinions ; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.*

E-SERVED 08/13/04 01:34 PM ET Baycol MDL 1431

The reports submitted are as precise as possible, identifying any condition which the named plaintiff may have suffered as well as the basis for the treating physician's opinion. The reports comply and specifically provide the materials reviewed, including if examinations of the patient were performed. The physicians provided their qualifications and backgrounds and in many instances a resume. The physicians identified if they were compensated and the amount of compensation. The physicians also provided background information including cases in which they had testified as an expert at trial or by deposition.

The broad based challenges offered by Defendants fail to articulate the specific shortcomings for each report and are as "vague and ambiguous" as they allege Climaco Plaintiff's reports to be. As described above, the reports explicitly track the language provided in Fed. R. Civ. P. 26.

## CONCLUSION

At bottom of each submitted report, a qualified physician with his/her professional reputation at stake, has set forth an attestation that a particular person has suffered injury as a result of Baycol. At best, defendants are attacking physician reliability and reason over qualifications and sufficiency.

Each report, with medical records as previously secured by Defendants, must be reviewed. Subsequently, if defendants do not agree with the reports regarding the reliability and substance of the expert's opinion in each report the proper place to address those issues would be in deposition or *Daubert* motion.

PTO 114 further adds that *"expert reports may be supplemented by other expert reports, or additional expert reports may be submitted pursuant to ongoing discovery, pretrial, and trial preparation procedures and pretrial orders."* Thus the PTO 114 reports, as submitted, are not the be all end all. The Order contemplates, if necessary and appropriate, plaintiffs submitting or defendants obtaining additional information *"pursuant to ongoing discover, pretrial, and trial preparation*

E-SERVED
08/13/04
01:34 PM ET
Baycol MDL 1431

*procedures and pretrial orders."* The methods employed by Plaintiff's Counsel are in compliance with the requirements of PTO 114 and the spirit of the narrowing process.

For the foregoing reasons, Respondents respectfully request this Honorable Court deny Defendants' Joint Motion to Compel. The reports submitted on behalf of the twelve named Climaco Plaintiffs set forth in Exhibit A to Defendants Motion comply with PTO 114 and Fed. R. Civ. P. 26(a)(2)(B). Furthermore, Respondents respectfully request this Honorable Court deny Defendants' Joint Motion to Prohibit Use of Form Reports.

Dated: August 13, 2004

Climaco, Lefkowitz, Peca,
Wilcox & Garofoli Co., L.P.A.

Original Signature on File with Filing Attorney
John R. Climaco (OH #0011456)
Keith T. Vernon (OH #0067337)
Climaco, Lefkowitz, Peca,
Wilcox & Garofoli Co., L.P.A.
1226 Euclid Avenue
Suite 900
Cleveland, OH 44115-1891
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
jrclim@climacolaw.com
ktvern@climacolaw.com

**Counsel for Plaintiffs**

E-SERVED
08/13/04
01:34 PM ET
Baycol MDL 1431