E-SERVED 08/13/04 04:26 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **IN RE: BAYCOL PRODUCTS LITIGATION** | : | **MDL No. 1431** |
| | : | |
| **This Document Relates to All Actions** | : | |
| | : | |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO COMPEL EXPERT REPORTS, PURSUANT TO PTO 114, WHICH COMPLY WITH RULE 26(a)(2)(B), AND TO PROHIBIT USE OF FORM REPORTS**[1]

> A Shepherd-boy, who watched a flock of sheep near a village, brought out the villagers three or four times by crying out, "Wolf! Wolf!" and when his neighbors came to help him, laughed at them for their pains. The Wolf, however, did truly come at last. The Shepherd-boy, now really alarmed, shouted in an agony of terror: "Pray, do come and help me; the Wolf is killing the sheep"; but no one paid any heed to his cries, nor rendered any assistance. The Wolf, having no cause of fear, at his leisure lacerated or destroyed the whole flock. There is no believing a liar, even when he speaks the truth.

*The Shepherd-Boy and the Wolf*, Aesop's Fables.

As the Court and defendants are well aware, the narrowing process established in PTO 114 was the brainchild of the Plaintiffs' Steering Committee. Memorandum at 4-5 ("the PSC proposed that the parties confer about a protocol for eliminating . . . cases [lacking factually and legally sufficient support] from the MDL").[2] For defendants to now accuse the PSC of purposely

---

[1] This memorandum in opposition is limited to the generic issue raised by defendants in their Joint Motion to, and Memorandum in Support of, Compel Expert Reports and to Prohibit Use of Form Reports [the "Motion" or "Memorandum"], to wit: defendants' motion "for an order prohibiting all plaintiffs in MDL-1431 from submitting "form" reports under PTO 114." Motion at 1. The PSC does not address the merits of defendants' motion for an order compelling individual plaintiffs to produce expert reports which purportedly comply with PTO 114 and Federal Rule of Civil Procedure 26(a)(2)(B). *Id.*

[2] *See also* Transcript of February 24, 2004 Status Conference at 29-33:

> MR. ZIMMERMAN: [N]arrowing . . . is really taking a new approach to the question of what's out there, what's the quality of it, what are the categories of it and how are we going to deal with it, which is why I stood before Your Honor and took kind of a difficult position with –

E-SERVED 08/13/04 04:26 PM ET Baycol MDL 1431

"attempt[ing] . . . to turn the PTO 114 narrowing process into a hollow exercise[,]" and "transform[ing] . . . a groundbreaking case management mechanism to an empty bureaucratic exercise[,]" as the result of which "this litigation will be needlessly protracted," is nothing more than defendants crying, "Wolf!" *Id.* at 1-2 & 6.

By order of the Court, "[e]ach plaintiff must serve a Rule 26(a)(2) case-specific report from a medical expert attesting that Baycol caused the plaintiff to suffer injuries or damages; OR . . . a letter and supporting documents subsequently followed by a case-specific expert report . . . ." PTO 114 at § I.A. & B. Consistent with its responsibility to coordinate and conduct this multidistrict litigation on behalf and for the benefit of all plaintiffs, and to facilitate compliance with PTO 114, the PSC developed and circulated the attached Exhibit A, which defendants disparage as a "concocted . . . two-page-fill-in-the-blank and check-off form that can be completed with little or no case review, and that provides no meaningful evidence on injury or causation." Memorandum at 1. Defendants'

---

THE COURT: Not kind of. You took a very difficult position. You know, I've told you that. And you saw very respectful responses and I think we are moving forward on these issues, but without your direction we would still be floundering around for another year or so trying to figure out what we're going to do with this. Your direction in this matter was welcomed and appreciated by the court.

* * * * *

MR. HOEFLICH: [I]n late 2003 Mr. Zimmerman and I sat down and he talked to me about his desire at that point to distinguish between the sea of what he called aches and pains cases and what the defendants had called aches and pains cases and a narrow class of what he called severe muscle injury cases. And he talked about people who had severe pain and then were discontinued from Baycol because of that pain and he said that he understood defendants' position on those cases because they were short of rhabdo, but that that's what he wanted to narrow the MDL to and go forward with. From there we proceeded to spend countless hours working on a narrowing protocol, with the help of Mr. Zimmerman and the leadership of Mr. Zimmerman, to get it down to what the parties agreed on and we presented that to the court at the last status conference and it was something all of us favored.

E-SERVED
08/13/04
04:26 PM ET
Baycol MDL 1431

protests notwithstanding, Exhibit A is a template for plaintiffs to utilize in preparing Rule 26(a)(2) compliant PTO 114 submissions.

Federal Rule of Civil Procedure 26(a)(2) provides:

> **(2) Disclosure of Expert Testimony.**
>
> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. *The report shall contain* ***a complete statement of all opinions to be expressed and the basis and reasons therefor****;* ***the data or other information considered by the witness in forming the opinions****;* ***any exhibits to be used as a summary of or support for the opinions****;* ***the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years****;* ***the compensation to be paid for the study and testimony****; and* ***a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years****.*

(emphasis added).

Consistent with Rule 26(a)(2)(B), the PSC template provides for the inclusion of a complete statement of all opinions expressed, and the basis and reasons therefor. *See* Exhibit A at § 5. It, likewise, provides for the inclusion of: the data or other information considered by the witness in forming his or her opinions; a listing of the exhibits used as a summary of or support for the opinions proffered; the qualifications of the witness, including a list of all publications authored by him or her within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. *Id.* at §§ 2-4 & 6.

E-SERVED 08/13/04 04:26 PM ET Baycol MDL 1431

Thus, the issue is not whether the PSC template complies with Rule 26(a)(2)(B), but rather whether the expert reports prepared utilizing the template comply with that rule. *See* Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee's Note (1993 amendments) ("Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed . . . this assistance may be needed."). *See also Salgado v. General Motors Corp.*, 150 F.3d 735, 742, n.6 (7th Cir. 1998) ("The [Advisory Committee] comments also indicate that . . . the rule does not preclude counsel from assisting in preparing the report . . . ."). The PSC respectfully suggests that such determination must be made on a case-by-case basis, taking into account the fact that PTO 114 specifically provides for the supplementation of such reports. *See* PTO 114 at §I.D. ("A case specific expert report may be supplemented by other expert reports, or additional expert reports may be submitted pursuant to ongoing discovery, pretrial, and trial preparation procedures and pretrial orders.").

Defendants, furthermore, concede that expert reports prepared utilizing the template can comply with Rule 26(a)(2). *See* Memorandum at 7, n.5 ("Additional PTO 114 submissions have utilized the form report but complied with PTO 114 and Rule 26(a)(2) . . . ."). Indeed, to date, many reports prepared using the PSC template have even met defendants' stringent Rule 26(a)(2) criteria. *See, e.g.*, Case Specific Expert Report Pursuant to PTO 114 for Norma Andersen (Exhibit B); Case Specific Expert Report Pursuant to PTO 114 for Samuel Beck (Exhibit C); Case Specific Expert Report Pursuant to PTO 114 for Ann Brizula (Exhibit D); Case Specific Expert Report Pursuant to PTO 114 for Caroline Cowart (Exhibit E); Case Specific Expert Report Pursuant to PTO 114 for Willie Curtis (Exhibit F); Case Specific Expert Report Pursuant to PTO 114 for Horace Fowler (Exhibit G); Case Specific Expert Report Pursuant to PTO 114 for Edwin McGee (Exhibit H); Case Specific Expert Report Pursuant to PTO 114 for Mack McGhee, Jr. (Exhibit I); Case Specific Expert Report Pursuant to PTO 114 for Vicia McKinney (Exhibit J); Case Specific Expert Report Pursuant to PTO 114 for Debra Norwood (Exhibit K); Case Specific Expert Report Pursuant to PTO 114 for

E-SERVED 08/13/04 04:26 PM ET Baycol MDL 1431

Diane Ogan (Exhibit L); Case Specific Expert Report Pursuant to PTO 114 for Isabel E. Arocho Oramas (Exhibit M); Case Specific Expert Report Pursuant to PTO 114 for Howard W. Wrigley (Exhibit N). Defendants' motion for an order prohibiting the use of the PSC template should, therefore, be denied.

The PSC also cannot stand silent in the face of defendants' unfounded allegation that "the majority of plaintiffs' counsel and their experts are not conducting a thorough examination of their cases," and "instead . . . are dashing off boilerplate reports in an attempt to jump through what they see as nothing more than a procedural hoop." Memorandum at 5. Contrary to defendants' dire prediction – that "[i]f the situation is not remedied now, this litigation will be needlessly protracted because use of form reports will impair the ability of the parties and the Court to narrow this MDL by eliminating cases that do not warrant further discovery" – the PTO 114 narrowing process is working efficiently and well. *Id.* at 6.

As the Court is aware, the deadline for plaintiffs in "First Phase" cases (01-1594 to 02-4433) to submit their supplemental discovery pursuant to PTO 114 was June 7, 2004. PTO 114 at § III.A. That phase included 2,157 individual plaintiffs. Of those plaintiffs, 1,543 sought and were granted extensions by Special Master Haydock. Of the remaining 614 plaintiffs, 251 submitted reports or letters by the First Phase final deadline on June 28, 2004. And, at this juncture, those 251 cases (plus 86 additional cases in which reports or letters were submitted prior to the applicable PTO 114 deadline) are in the final stages of being categorized. Moreover, ***the PSC and defendants have reached agreement regarding the categorization of more than 98% of those cases***. Meanwhile, the PSC and defendants have also been engaged in the First Phase overdue supplemental discovery follow-up process. *See* PTO 114 at §§ V & VI. By virtue of that process, approximately 271 cases, which plaintiffs' counsel have examined and determined cannot comply with PTO 114, will be

E-SERVED
08/13/04
04:26 PM ET
Baycol MDL 1431

dismissed with prejudice. *See* E-mail from Mizgala to Geoppinger dated August 10, 2004 (Exhibit O). Thus, the underlying purposes of PTO 114 are clearly being fulfilled. *See generally* PTO 114.

Finally, defendants' motion should be denied in that they have failed to comply with Federal Rule of Civil Procedure 37 and Local Rule 37.1, both of which require ***good faith*** efforts to resolve discovery disputes without court action. *Struzyk v. Prudential Ins. Co.*, 2003 WL 21302966 (D. Minn. 2003) (copy attached) (denying motion to compel where movant failed to satisfy the requirements of Federal Rule 37 and Local Rule 37.1). *See also White Consolidated Ind., Inc. v. Waterhouse*, 158 F.R.D. 429, 431, n.3 (D. Minn. 1994) ("Needless to say, we strongly commend adherence to the letter and spirit of Local Rule 37.1 to counsel for the parties in their continuing appearances in the Federal Courts of this District.").

In their Memorandum, defendants "certify pursuant to Local Rule 37.1 that Bayer's undersigned counsel attempted to resolve the discovery dispute underlying this motion to Compel with the PSC and plaintiffs' counsel." Memorandum at Exhibit E, ¶ 5. In support of such certification, counsel for Bayer identifies one e-mail message as evidence of their attempts to resolve the "form report" issue. *Id.* at ¶ 2. However, they fail to detail the extensive overtures by the PSC to resolve this issue, which they summarily rejected. *See* E-mail from Ronald S. Goldser, Esq. to James W. Mizgala, Esq. dated May 18, 2004 (Exhibit P) ("suggesting a call with SM Haydock on the issue"); E-mail from Jean M. Geoppinger, Esq. to Special Master Roger Haydock dated May 20, 2004 (Exhibit Q) (echoing suggestion of a conference call and offering the opinion that "everyone would benefit if we can find a middle ground between the competing interests of the parties – defendants, who want to make compliance with PTO 114 as difficult as possible . . . and the PSC, which wants to make compliance as easy as possible . . . .").

Defendants, likewise, failed to make good faith efforts to resolve the issue of the allegedly deficient 115 reports. After the close of business on Thursday, July 1, 2004 – immediately before the

E-SERVED 08/13/04 04:26 PM ET Baycol MDL 1431

long Fourth of July holiday weekend – defendants began faxing form letters to plaintiffs' counsel notifying them of alleged deficiencies in their PTO 114 reports. *See* E-mail from Geoppinger to Special Masters Haydock and Lewis Remele dated July 2, 2004 (Exhibit R); Letters from Mizgala to Plaintiffs' Counsel dated July 1, 2004 (Exhibit S). Each of the form letters notified plaintiffs' counsel that "it is defendants' position that [their PTO 114 § I.A] submission does not comply with PTO 114 or Fed. R. Civ. P. 26(a)(2)[,]" and gave counsel less than three business days (on either side of the holiday weekend), until "4:00 p.m. (CDT) on Wednesday, July 7, 2004," to provide "written confirmation . . . of [their] intent to submit an expert report which complies with Fed. R. Civ. P. 26(a) on behalf of the above-mentioned plaintiff," or defendants "[would] move the Court for appropriate relief." *Id.* And a mere one minute after PTO 127 was docketed,[3] they did so move – but only after rebuffing all of plaintiffs' counsel's attempts to resolve the discovery dispute.

When plaintiffs' counsel sought clarification of defendants' "positions" regarding their specific expert reports, they were met with recalcitrance. *See, e.g.,* Letter from Sean M. Foldenauer, Esq. to Mizgala dated July 6, 2004 (Exhibit T); Letter from Kevin E. Giebel, Esq. to Mizgala dated July 7, 2004 (Exhibit U); Letter from Stacy K. Hauer, Esq. to Mizgala dated July 7, 2004 (Exhibit V); Letter from Patrick J. Mulligan, Esq. to Mizgala dated July 7, 2004 (Exhibit W); Letter from A. David Fawal, Esq. to Mizgala dated July 7, 2004 (Exhibit X). Rather than responding to counsel's requests that defendants specifically identify the alleged deficiencies, defendants repeatedly responded to such inquiries with another form letter or e-mail, quoting Rule 26(a)(2) and PTO 114, that provided no detail whatsoever:

> As we previously have informed the PSC, PTO 114 requires that each plaintiff serve a Rule 26(a)(2) case-specific expert report, including "an explanation of the bases for attestation that Baycol caused the plaintiff to suffer injuries or damages and a specific description of the

[3] After defendants rejected the PSC overtures, Special Master Haydock asked defendants to refrain from filing their motion until after the parties had met and conferred regarding the categories established in PTO 127.

E-SERVED 08/13/04 04:26 PM ET Baycol MDL 1431

> injuries or damages suffered." PTO 114, Part I.C. Rule 26(a)(2)(B) further provides that an expert's "report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinion; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." It is our position that, by its design (i.e., use of blanks and preselected options), the PSC's "Case Specific Expert Report Pursuant to PTO 114" form discourages the provision of such a complete statement. It is also our opinion that the case-specific report you submitted for [insert name] provides an example of such non-compliance, and thus [s/]he will be included on any motion we file to enforce the provisions of PTO 114.

*See, e.g.*, E-mail from Mizgala to Giebel dated July 8, 2004 at 4:02 p.m. CDT (39 minutes before defendants filed their motion to compel) (Exhibit Y); E-mail from Mizgala to Hauer dated July 8, 2004 at 1:52 p.m. CDT (3 hours and 49 minutes before defendants filed their motion to compel) (Exhibit Z); E-mail from Mizgala to Robert Jenner, Esq. dated July 14, 2004 (Exhibit AA). In short, it strains defendants' credibility to characterize such correspondence as "conferring," much less conferring in good faith.

In conclusion, for all of the reasons set forth above, the Plaintiffs' Steering Committee respectfully requests that the Court deny defendants' Motion.

August 13, 2004

Respectfully submitted,

ZIMMERMAN REED, P.L.L.P.

/s/ Signature on File

Charles S. Zimmerman #120054
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55401
Telephone: (612) 341-0400

LOCKRIDGE GRINDAL NAUEN, P.L.L.P.

/s/ Signature on File

Richard A. Lockridge #64117
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900

***Plaintiffs' Co-Lead Counsel***

E-SERVED
08/13/04
04:26 PM ET
Baycol MDL 1431

WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.

/s/ Signature on File

Jean M. Geoppinger
1513 Fourth & Vine Center
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267

***Member, Plaintiffs' Executive and Steering Committees***

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Opposition to Defendants' Joint Motion to Compel Expert Reports, Pursuant to PTO 114, Which Comply with Rule 26(a)(2)(B) and to Prohibit Use of Form Reports was filed electronically and served, via Verilaw, upon:

Susan A. Weber, Esq.
SIDLEY, AUSTIN, BROWN & WOOD, LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

and

Fred T. Magaziner, Esq.
DECHERT
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Pennsylvania 19103

this 13th day of August, 2003.

/s/ Signature on File

Jean M. Geoppinger