E-SERVED
08/13/04
04:26 PM ET
Baycol MDL 1431

# UNREPORTED CASE

E-SERVED
08/13/04
04:26 PM ET
Baycol MDL 1431

Westlaw.



H
Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.

Terry STRUZYK, Plaintiff,
v.
THE PRUDENTIAL INSURANCE CO. OF AMERICA, Defendant.

**No. 99-1736(JRT/FLN).**

May 16, 2003.

John M. Degnan, Murnane, Conlin, White & Brandt, St. Paul, MN, and Theresa A. Freeman, Neff Law Office, Bloomington, MN, for plaintiff.

Howard L. Ganz, Proskauer Rose LLP, New York, NY, and Charles O. Lentz and Thomas C. Kayser, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for defendant.

ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE DATED JANUARY 30, 2003

TUNHEIM, J.

*1 Plaintiff has sued defendant Prudential Insurance Company of America ("Prudential") alleging employment discrimination. This matter is now before the Court on plaintiff's appeal of the Order of United States Magistrate Judge Franklin L. Noel dated January 30, 2003. An order of a magistrate judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); D. Minn. LR 72.1(b)(2). The Court has reviewed the Magistrate Judge's Order and the parties' submissions, and now affirms the Order.

BACKGROUND

As part of his discovery in this case, plaintiff requested a variety of documents from Prudential. Prudential objected to aspects of these requests, prompting plaintiff to file a motion to compel. On August 2, 2002, the Magistrate Judge granted portions of plaintiff's motion, compelling further production by Prudential (the "August 2 Order"). After receiving Prudential's further production, plaintiff's counsel informed Prudential by letter dated December 16, 2002 that Prudential did not adequately produce two categories of documents required under the August 2 Order. Prudential's counsel responded with explanations about those two categories of documents. In January 2003, plaintiff filed another motion to compel, seeking production of the two categories identified in its December 16 letter and other materials that were not mentioned in the letter. On January 30, 2003, the Magistrate Judge ordered Prudential to produce clean copies of any document already produced but that had been only partially copied. The Magistrate Judge also ordered Prudential to produce an entire category of documents known as the "32604 forms," of which Prudential had produced only one subset. In all other respects, the Magistrate Judge denied plaintiff's motion. Plaintiff now appeals the January 30, 2003 Order, claiming that it is clearly erroneous and contrary to law.

ANALYSIS

Plaintiff's argument on appeal is thin. His brief primarily argues that Prudential did not comply with the Magistrate Judge's August 2 Order. His contention that the Order now on appeal is clearly erroneous and contrary to law is limited to the fact that the Order did not provide extensive findings. While it may be useful in some cases to include detailed reasoning behind a discovery order, a Magistrate Judge's failure to do so does not render the Order clearly erroneous or contrary to law.

Prudential also notes several other reasons why plaintiff's appeal fails. First, the Court agrees with

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

E-SERVED 08/13/04 04:26 PM ET Baycol MDL 1431



Prudential that plaintiff's motion to compel was inappropriate because he did not satisfy the requirements of Rule 37 of the Federal Rules of Civil Procedure and of **Local** Rule **37.1**. Rule 37 provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed.R.Civ.P. 37(a)(2)(B). **Local** Rule **37.1** also provides that no motion regarding discovery disputes may be entertained "unless it is accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the matter without Court action." D. Minn. LR 37.1. The Court finds that plaintiff has not met these requirements.

*2 Plaintiff's motion before the Magistrate Judge did not contain a certification that plaintiff engaged or attempted to engage in the "meet and confer" process. The only thing coming close was its inclusion of the December 16 letter from plaintiff's counsel, which is characterized as "requesting a meet and confer with respect to the missing discovery." (Freeman 12/31/02 Aff. ¶ 2 & Ex. B.) This brief statement does not meet plaintiff's obligations under the Federal or Local Rule. "A conclusory statement in an affidavit asserting that the movant fulfilled the meet and confer requirement is insufficient." *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.,* No. 96-Civ.-7590, 1998 U.S. Dist. LEXIS 1826 at * *6-7 (S.D.N .Y. Feb. 18, 1998). Plaintiff "must include more than a cursory recitation that counsel have been 'unable to resolve the matter." ' *Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D.166, 171 (D.Nev.1996). "Rather, the movant must detail the efforts to confer and explain why they proved fruitless." *Prescient Partners,* 1998 U.S. Dist LEXIS 1826 at *7. Here, plaintiff has done no more than provide the most cursory reference to its efforts to resolve this discovery dispute as required by the Federal and Local Rules.

Even if plaintiff had provided a detailed explanation of its meet-and-confer efforts, such efforts would still be insufficient. This is because the record shows that plaintiff made no effort at all to meet and confer regarding several issues in its motion to compel. As evidence of his effort to resolve the dispute, plaintiff points only to his counsel's December 16 letter. This letter points to only two categories of disputed documents. The motion, however, includes several more categories, which plaintiff never addressed before bringing his motion. Therefore, the Court concludes that plaintiff's failure to meet his obligations under Rule 37 of the Federal Rules of Civil Procedure and **Local** Rule **37.1** show that his motion to compel was improper. This is ample evidence that the Magistrate Judge's Order denying the bulk of plaintiff's motion was not clearly erroneous or contrary to law.

Second, the Court finds that even if plaintiff did satisfy the meet-and-confer requirements, his appeal would still fail. Prudential argues here, as it did before the Magistrate Judge, that it produced all the documents plaintiff requested to the extent that such documents existed or could be located. Prudential also submitted detailed affidavits explaining its efforts to produce all necessary documents. The Magistrate Judge's ruling affirmed Prudential's position. Plaintiff nevertheless contends that Prudential is trying to evade the Magistrate Judge's previous discovery orders, but provides no evidence that Prudential has done so. "Denial of a motion to compel discovery is proper if the evidence sought was almost certainly nonexistent or the object of pure speculation." *Schroeder v. Kaleo-Lum,* No. 90-15583, 1991 U .S.App. LEXIS 7919 at * *11-12 (9th Cir. Apr. 25, 1991). Plaintiff's argument here that Prudential is withholding some documents amounts to no more than speculation. This is not enough to grant a motion to compel, and it is certainly not enough to find that the Magistrate Judge's Order was clearly erroneous or contrary to law. *See Wright v. State Farm Mutual Automobile Ins. Co.,* Civil No. 94-2401 at *2 (D.Kan. Dec. 4, 1995) ("[T]he court will not order production of documents the existence of which is only speculative.") Therefore, the Court must affirm the Magistrate Judge's Order.

ORDER

*3 Based on the foregoing, all the records, files, and proceedings herein, IT IS HEREBY ORDERED that plaintiff's appeal [Docket No. 129] is DENIED and the Magistrate Judge's Order dated

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

E-SERVED
08/13/04
04:26 PM ET
Baycol MDL 1431



January 30, 2003 [Docket No. 127] is AFFIRMED.

2003 WL 21302966 (D.Minn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works