E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

# EXHIBIT T

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

FRANTZ • TOWNSEND • FOLDENAUER LLP
LAWYERS

July 6, 2004

VIA FACSIMILE & U.S. MAIL

James W. Mizgala, Esq.
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, IL 60603
Facsimile: (312) 853-7036

Re: *Elich v. Bayer, et al.*
Case No.: 02-0434

Dear Mr. Mizgala:

I have received and reviewed your letter of July 1, 2004 advising that "it is defendants' position that [Plaintiff's PTO 114 §1.A submission] is not in compliance with PTO 114 or Fed. R. Civ. 26(a)(2)." It is certainly our intent to submit an expert report that complies with the Court's Order. However, I have reviewed the submission and it appears to be precisely what the Court contemplated when issuing PTO 114. Please advise as to the specific nature of the claimed non-compliance so we may consider your objection(s) and attempt to resolve this dispute without resorting to needless court intervention.

Sincerely,

Sean M. Foldenauer, Esq.
of **FRANTZ, TOWNSEND & FOLDENAUER LLP**

cc: Fred T. Magaziner, Esq. (via U.S. Mail)
Deanna D. Dailey, Esq. (via U.S. Mail)
Tracy D. Rezvani, Esq. (via U.S. Mail)
Eric J. Benink, Esq. (via U.S. Mail)
Jeffrey E. Estes, Esq. (via U.S. Mail)
Patrick N. Keegan, Esq. (via U.S. Mail)

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

# EXHIBIT U

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

GIEBEL
GILBERT
WILLIAMS
&KOHL

ATTORNEYS AT LAW

Broadway Place West
1300 Godward St. NE, Suite 6200
Minneapolis, Minnesota 55413

(651) 633-9000 telephone
(651) 639-1551 facsimile
ggwklaw.com

A Professional Limited Liability Partnership

**KEVIN E. GIEBEL***

July 7, 2004

James W. Misgala, Esq.
SIDLEY AUSTIN BROWN WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Ill 60603
**VIA FAX AND U.S. MAIL**
**(312) 853-7036**

Re: MDL 1431; John ("Jack") Hartman

Dear Mr. Mizgala:

We are in receipt of your letter of July 1, 2004 (courtesy copy attached).

So that we may evaluate your position, please identify at your earliest convenience all factual and/or legal grounds upon which you rely to assert that "it is Defendants' position that (Mr. Hartman's PTO 114) submission does not comply with PTO 114 or Fed. R. Civ. P. 26(a)(2)."

Feel free to contact this office with any questions.

Very truly yours,

**GIEBEL, GILBERT, WILLIAMS & KOHL, P.L.L.P.**

Kevin E. Giebel
Attorney at Law

KEG:sop

Encl.

cc: Fred T. Magaziner, Esq. (W/Encl. via Fax and U.S. Mail)
Deanna D. Dailey, Esq. (W/Encl. via Fax and U.S. Mail)
Mr. Jack Hartman (W/Encl.)

*Admitted to practice in Minnesota and Wisconsin

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

# EXHIBIT V

E-SERVED 08/13/04 04:30 PM ET Baycol MDL 1431

ZIMMERMAN REED
ATTORNEYS AT LAW

July 7, 2004

STACY K. HAUER
ADMITTED IN MINNESOTA
skh@zimmreed.com

REPLY TO MINNEAPOLIS

*VIA FACSIMILE & FIRST CLASS MAIL*

James Mizgala, Esq.
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Re: **In re:Baycol Products Litigation, MDL 1431**

*Donald Bell, et al., v. Bayer, et al.*, No. 02-1053, Plaintiffs LaVerne Kull and Marlene Bohn
*Dwight Siu et al., v. Bayer, et al.*, No. 02-3897, Plaintiff Danny Holbrooks
*Dale White v. Bayer, et al.*, No. 03-4297
*Brent Belliston v. Bayer, et al.*, No. 03-4308
*Jerry Sherman v. Bayer, et al.*, No. 03-4381
*Edith Corbin et al., v. Bayer, et al.*, No. 03-4438, Plaintiff Loretta Rebh
*Christine Becker, et al., v. Bayer, et al.*, No. 03-4492, Plaintiff Daisy Thompson
*Karen Black, et al., v. Bayer, et al.*, No. 03-4496, Plaintiffs Karen Black and Kathleen Kunesh
*Carlos de la Trinidad, et al., v. Bayer, et al.*, No. 03-4497, Plaintiff Marilyn Smith

Dear Mr. Mizgala:

I am in receipt of your letter dated July 1, 2004 regarding the PTO 114 § I.A. submissions on behalf of the above-named plaintiffs. I have reviewed each claim and have detailed my review below. In short, I believe that each report submitted with a June 7, 2004 deadline complies with Fed.R.Civ.P. 26(a). However, your letter does not cite specific deficiencies in the reports submitted. Without more specific information, it is difficult to determine exactly what you believe is deficient in each report. As such, I request that you identify specific deficiencies in each report.

In addition, several reports were submitted that do not have a deadline until September 20, 2004 under PTO 114. Pursuant to PTO 114 § I.D., these reports can be supplemented. As such, we may supplement the reports as necessary up to September 20, 2004. I do not believe it is appropriate to move the Court for relief on these cases until after their deadline has passed.

As to Plaintiff LaVerne Kull, we believe that the report submitted pursuant to PTO 114 satisfies Fed.R.Civ.P. 26(a). Please provide a specific area in which you believe this report is deficient.

As to Plaintiff, Marlene Bohn, we believe that the report submitted pursuant to PTO 114 satisfies Fed.R.Civ.P. 26(a). Please provide a specific area in which you believe this report is deficient.

As to Plaintiff, Danny Holbrooks, we believe that the report submitted pursuant to PTO 114 satisfies Fed.R.Civ.P. 26(a). Please provide a specific area in which you believe this report is deficient.

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431



As to Plaintiff, Dale White, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary. However, we believe that the report submitted pursuant to PTO 114 satisfies Fed.R.Civ.P. 26(a). The report indicates that Dr. Alan Rogers has testified in approximately 5 cases. As this does not include a listing of the individual cases where Dr. Rogers has provided testimony, we will attempt to identify these cases and supplement the report with this information.

As to Plaintiff, Brent Belliston, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Jerry Sherman, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Loretta Rebh, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Daisy Thompson, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Karen Black, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Kathleen Kunesh, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

As to Plaintiff, Marilyn Smith, a report has been submitted. However, this deadline for this report under PTO 114 is not until September 20, 2004. As such, we believe that under PTO 114 we have until that date to supplement the report submitted if necessary.

If you have any further questions or concerns, please contact me at 612.341.0400.

Very truly yours,

Stacy Hauer

Stacy K. Hauer

SKH/kym
Enclosures

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431



cc: Deanna Dailey, Esq. (via Facsimile only)
Jeanne Geoppinger (via Facsimile only)
Fred Magaziner (via Facsimile only)

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

# EXHIBIT W

E-SERVED 08/13/04 04:30 PM ET Baycol MDL 1431

# THE LAW OFFICE OF PATRICK J. MULLIGAN, P.C.

2911 TURTLE CREEK BLVD., SUITE 900
DALLAS, TEXAS 75219
TELEPHONE: (214) 219-9779
TELECOPIER: (214) 520-8789
E-MAIL: office@mulliganlaw.com
WEBSITE: www.mulliganlaw.com

PATRICK J. MULLIGAN
ERIC N. ROBERSON*
REID STEWART*
JASON H. FOX*
Licensed in Pennsylvania & Texas†
Licensed in Texas*

July 7, 2004

Mr. James W. Mizgala
Sidley Austin Brown & Wood, L.L.P.
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603

*Sent Via United States Certified Mail & Facsimile to 1-312-853-7036*

**Re:** ***Fran Artall, et al. vs. Bayer Corporation, et al.*; No. 02-cv-556**

Dear Mr. Mizgala:

Since you are out of town, my associate Mr. Jason H. Fox left a message with your paralegal Mr. David Barlett concerning your letter dated July 1, 2004, in which you assert that our Case Specific Expert Report for Plaintiff Fran Artall did not comply with PTO 114 or FED. R. CIV. P. 26(a)(2).

We are confused regarding your position since our case specific expert reports for both Plaintiffs Fran Artall and Mary Pettiette were similar for both clients but you only objected to the Case Specific Expert Report submitted on behalf of Plaintiff Fran Artall. Further, both case specific expert reports were in accordance to the recommendations of the Plaintiff's Steering Committee.

However, this letter serves as express notice that we have every intention to comply with PTO 114 and will amend the Case Specific Expert Report for Fran Artall, if necessary. Please contact me at your earliest convenience so that may discuss your position towards Ms. Artall's Case Specific Expert Report and any deficiencies.

Should you have any questions, please do not hesitate to contact our office. Thank you for your prompt assistance with this matter.

Very truly yours,

THE LAW OFFICE OF PATRICK J. MULLIGAN, P.C.

Patrick J. Mulligan

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

PJM: ds
CC:

*Sent Via Facsimile to 1-513- 621-0262 & Via Regular Mail*
Jean M. Geoppinger, Esq.
Waite Schneider Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202

*Sent Via Facsimile to 1-651-312-6615 & Via Regular Mail*
Deanna D. Dailey, Esq.
Larson King, L.L.P.
2800 Minnesota Word Trade Center
30 East Seventh Street
St. Paul, Minnesota 55101

Sent *Via Facsimile to 1-215-994-2222 & Via Regular Mail*
Fred T. Magaziner, Esq.
Dechert, L.L.P.
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Pennsylvania 19103

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

# EXHIBIT X

E-SERVED 08/13/04 04:30 PM ET Baycol MDL 1431

archie lamb
Law Offices of Archie Lamb, LLC

July 7, 2004

**VIA FACSIMILE AND US MAIL**

Mr. James W. Mizgala
Sidley, Austin, Brown & Wood, LLP
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603

**RE: Beatrice King v. Bayer AG, et al**

Dear Mr. Mizgala:

Thank you for your letter of July 1, 2004, regarding the above referenced matter. As I understand it, the defendants claim that Ms. King's submission of an expert report from Dr. Marks does not comply with PTO 114 or Fed. R. Civ. P. 26(a)(2). Not surprisingly, you provide no basis for defendants' position, leading me to the inescapable conclusion that defendants' position is simply incorrect. In fact, even a cursory review of Fed. R. Civ. P. 26(a)(2) shows that Dr. Marks' report complies fully. If you care to identify the purported deficiencies, I will be happy to address them.

Sincerely,

LAW OFFICES OF ARCHIE LAMB, LLC

A. DAVID FAWAL

ADF/cdl
cc: Mr. F. M. Haston, III
Ms. Susan A. Weber
Mr. Fred T. Magaziner
Ms. Deanna D. Dailey
Mr. Ron Goldser

2017 2nd Ave. North
P.O. Box 2088
Birmingham, AL 35201
Tel. 205-324-4644
Fax. 205-324-4649
1-800-324-4425
www.archielamb.com

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

# EXHIBIT Y

Baycol MDL -- John ("Jack") Hartman Page 1 of

E-SERVED 08/13/04 04:30 PM ET Baycol MDL 1431

## Jean Geoppinger

**From:** Mizgala, James W. [jmizgala@Sidley.com]

**Sent:** Thursday, July 08, 2004 5:02 PM

**To:** 'kgiebel@ggwklaw.com'

**Cc:** Jean Geoppinger (E-mail); Deanna Dailey (E-mail)

**Subject:** Baycol MDL -- John ("Jack") Hartman

Kevin, as we previously have informed the PSC, PTO 114 requires that each plaintiff serve a Rule 26(a)(2) case-specific report, including "an explanation of the bases for attestation that Baycol caused the plaintiff to suffer injuries or damages and a specific description of the injuries or damages suffered." PTO 114, Part I.C. Rule 26(a)(2)(B) further provides that an expert's "report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." It is our position that, by its design (i.e., use of blanks and preselected options), the PSC's "Case Specific Expert Report Pursuant to PTO 114" form discourages the provision of such a complete statement. It is also our opinion that the case-specific expert report you submitted for Mr. Hartman provides an example of such noncompliance, and thus he will be included on any motion we file to enforce the provisions of PTO 114.

James W. Mizgala, Esq.
Sidley Austin Brown & Wood LLP
10 S. Dearborn
Chicago, IL 60603
(312) 853-7081
(312) 853-7036 FAX

Sidley Austin Brown & Wood LLP mail server made the following annotations on 07/08/2004, 03:58:44 PM

------------------------------------------------------------------

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

# EXHIBIT Z

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

**Jean Geoppinger**

**From:** Mizgala, James W. [jmizgala@Sidley.com]
**Sent:** Thursday, July 08, 2004 2:52 PM
**To:** 'skh@zimmreed.com'
**Cc:** Knutson, Sherry A.; 'Jean Geoppinger (E-mail)'; 'Deanna Dailey (E-mail)'
**Subject:** RE: PTO 114 reports

please add Emery Mitton to the list below

-----Original Message-----
From: Mizgala, James W.
Sent: Thursday, July 08, 2004 1:50 PM
To: 'skh@zimmreed.com'
Cc: Knutson, Sherry A.; Jean Geoppinger (E-mail); Deanna Dailey (E-mail)
Subject: FW: PTO 114 reports

Stacy, in response to your letter of July 7, and as we previously detailed to your colleague, Ron Goldser, here the specific areas in which we believe the form reports for Laverne Kull, Marlene Bohn, Danny Holbrooks, Dale White, Brent Belliston, Jerry Sherman, Loretta Rebh, Daisy Thompson, Karen Black, Kathleen Kunesh and Marilyn Smith are deficient. As you in your July 7 letter, and previously Mr. Goldser (see attached), have already expressed the belief to the contrary, your clients will be included on any motion we file requesting appropriate relief from the Court relating to PTO 114.

James W. Mizgala, Esq.
Sidley Austin Brown & Wood LLP
10 S. Dearborn
Chicago, IL 60603
(312) 853-7081
(312) 853-7036 FAX

-----Original Message-----
From: Mizgala, James W.
Sent: Monday, May 17, 2004 12:08 PM
To: 'rsg@zimmreed.com'
Cc: Weber, Susan A.; Jean Geoppinger (E-mail)
Subject: RE: PTO 114 reports

Ron, as you know, PTO 114 requires that each plaintiff serve a Rule 26(a)(2) case-specific report. Rule 26(a)(2)(B) provides that an expert's "report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." It is our position that, by its design (i.e., use of blanks and preselected options), the PSC's "Case Specific Expert Report Pursuant to PTO 114" form discourages the provision of such a complete statement. As examples, see the attached reports relating to Walter Gardner and Ernest Garnett. In contrast to these clearly deficient efforts are the reports we have received previously from the PSC relating to Florence Olander, Randy Pierce and Ilse Lehmann (also attached).

Moreover, Susan has told me that the issue of form reports was specifically raised with J. Davis during negotiations regarding

E-SERVED 08/13/04 04:30 PM ET Baycol MDL 1431

PTO 114, and he clearly chose not to adopt that practice.

Therefore, please let us know if you will agree to instruct plaintiffs' counsel to not use the PSC's form. (BTW, we have already contacted counsel for Gardner and Garnett, Robert Rountree, and explained our position.) If you will not agree, then we intend on taking the matter to Special Master Haydock.

-----Original Message-----
From: Ronald S. Goldser <rsg@zimmreed.com>
To: saweber@Sidley.com <saweber@Sidley.com>
CC: jeangeoppinger@wsbclaw.com <jeangeoppinger@wsbclaw.com>
Sent: Sun May 16 12:15:55 2004
Subject: PTO 114 reports

I am traveling Mon and Tues. Can you and James give me a clue why you think the PTO 114 reports are inappropriate? Is it a generic response, or is it on a case by case basis?

NOTICE: Information in this e-mail or its attachment(s) may be CONFIDENTIAL, legally privileged, or exempt from disclosure under applicable law and is intended ONLY for particular clients, parties, or entities involved in litigation or dealings with the Zimmerman Reed, PLLP law firm. If the reader of this message is NOT the intended recipient, you have received this message in error; be aware that any disclosure, dissemination, copying, distribution, or use of the contents of this e-mail or its attachment(s) is prohibited by law. If you have received this e-mail in error, please notify us by telephone (800-755-0098) and by reply e-mail (info@zimmreed.com) immediately and delete ALL copies of the message and its attachment(s).

Sidley Austin Brown & Wood LLP mail server made the following annotations on 07/08/2004, 01:51:13 PM

------------------------------------------------------------------------

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

# EXHIBIT AA

E-SERVED
08/13/04
04:30 PM ET
Baycol MDL 1431

**Jean Geoppinger**

**From:** Robert Jenner [rjenner@medlawlegalteam.com]
**Sent:** Wednesday, July 14, 2004 12:52 PM
**To:** 'rsg@zimmreed.com'
**Cc:** Heather Hill
**Subject:** FW: Michael Rau v. Bayer, et al., MDL No. 02-4314

Ron: Your thoughts? What should I do?

rob
-----Original Message-----
**From:** Mizgala, James W. [mailto:jmizgala@Sidley.com]
**Sent:** Wednesday, July 14, 2004 12:52 PM
**To:** 'rjenner@medlawlegalteam.com'
**Cc:** Jean Geoppinger (E-mail); Deanna Dailey (E-mail)
**Subject:** Michael Rau v. Bayer, et al., MDL No. 02-4314

Mr. Jenner, this serves as a response to your letter of July 14, 2004. As we previously have informed the PSC, PTO 114 requires that each plaintiff serve a Rule 26(a)(2) case-specific report, including "an explanation of the bases for attestation that Baycol caused the plaintiff to suffer injuries or damages and a specific description of the injuries or damages suffered." See PTO 114, Part I.C. Rule 26(a)(2)(B) further provides that an expert's "report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." It is our position that, by its design (i.e., use of blanks and preselected options), the PSC's "Case Specific Expert Report Pursuant to PTO 114" form discourages the provision of such a complete statement. It is also our opinion that the case-specific expert report you submitted for Mr.Rau provides an example of such noncompliance, and thus he was included on the motion we filed to enforce the provisions of PTO 114 last Thursday.

**James W. Mizgala, Esq.**
**Sidley Austin Brown & Wood LLP**
**10 S. Dearborn**
**Chicago, IL 60603**
**(312) 853-7081**
**(312) 853-7036 FAX**

Sidley Austin Brown & Wood LLP mail server made the following annotations on 07/14/2004, 11:51:36 AM

---

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.