E-SERVED
08/25/04
06:33 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LIABILITY LITIGATION** MDL No. 1431 (MJD/JGL)

**This Document Relates to:**
***ALL CASES***

**BAYER'S REPLY IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFFS' REQUEST FOR A LETTER ROGATORY PURSUANT TO THE HAGUE CONVENTION**

**INTRODUCTION AND SUMMARY**

None of the PSC's arguments in support of its proposed letter rogatory withstands analysis or meets the concerns raised in Bayer's motion to quash ("Motion").

First, the PSC argues that this Court should not even *consider* the provisions of Italian law that Bayer has identified because that, in the PSC's view, is a job for the Italian courts. *See* PSC's Response to Bayer's Motion to Quash ("Response") at 2-4. But that position ignores the Supreme Court's instruction that federal courts *should* and, indeed, must undertake a threshold inquiry into the propriety of a letter rogatory, with an eye to the law and policy of the foreign country. *Société Nationale Industrielle Aèrospatiale* v. *United States Dist. Court*, 482 U.S. 522, 544 n.28 (1987).

Second, the PSC argues that Italy's Article 23 reservation to the Hague Convention—stating "that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents"—does not mean what it says. *See* Response at 4-6. But that ignores the fact that in Italy, unlike some of the countries identified by the PSC, "pre-trial document discovery" means just that, and therefore Italy's Article 23 reservation means that it will not cooperate with letters rogatory seeking documents for use in pre-trial discovery, in the U.S. or elsewhere. Indeed, that understanding of Italian

E-SERVED
08/25/04
06:33 PM ET
Baycol MDL 1431

law is reflected in the letter rogatory the PSC has asked this Court to issue—a letter that would require this Court to misrepresent the purpose (and significance) of the requested discovery in order to evade Italy's Article 23 reservation. *See* Proposed Letter (stating that "Any responses and/or evidence returned to this court will be submitted as evidence at trial.").

Third, in an effort to dispute Bayer's showing that Italian criminal law forbids the pre-indictment disclosure of a prosecutor's investigative files, the PSC claims that Dr. Guariniello's files may now be disclosed because his preliminary investigation is over. But that is likewise wrong as a matter of Italian law. It is not the closing of the preliminary investigation but the formal *notification* to the persons under investigation (which has not happened here) that unseals a prosecutor's files. *See* Supplemental Declaration of Professor Mario Zanchetti ¶¶ 4, 6 ("Zanchetti Supp. Decl.") (Exh. A hereto). For this reason as well, issuance of the requested letter would simply create a waste of resources for all concerned.

Finally, the PSC asserts that it has met its burden of justifying a letter rogatory, which the PSC claims is no more than the showing of relevance required of U.S. civil litigants in general. Not only has the PSC failed to make the most rudimentary showing of relevance, however, but its premise is mistaken. In *Aèrospatiale*, the Supreme Court has made clear that the issuance of a letter rogatory depends on several showings, beyond the normal showing of relevance, that are *not* required of ordinary litigants. Those include the importance of the documents to the litigation; the degree of specificity of the request; whether the information originated in the U.S.; whether alternative means exist for securing the information; and the extent to which compliance or non-compliance would undermine the interests of the United States and the foreign state. See *Aèrospa*

E-SERVED
08/25/04
06:33 PM ET
Baycol MDL 1431

*tiale*, 482 U.S. at 544 n.28. The PSC has not even disputed Bayer's showing that these factors all weigh *against* the PSC's request, and that failure alone is both telling and dispositive.

## ARGUMENT

### I. THIS COURT MAY AND SHOULD MAKE A THRESHOLD DETERMINATION WHETHER THE REQUESTED LETTER ROGATORY WOULD BE WELL RECEIVED BY THE ITALIAN AUTHORITIES.

Betraying the weakness of its position on the interpretation of Italian law, the PSC first urges this Court not even to *consider* whether the Italian authorities would be amenable to the PSC's discovery request. The PSC argues that such a threshold inquiry would somehow deny "the Italian court the opportunity to interpret its own laws and Article 23 reservation." Response at 3. This argument is contrary to controlling U.S. law.

To begin with, the Italian authorities have no dog in this fight. It is the PSC, not Dr. Guariniello, that wants to make Dr. Guariniello's files public. Bayer has explained why Italian law precludes compliance with the requested letter rogatory. The suggestion that this Court would somehow offend its Italian counterpart by considering the relevant provisions of Italian law, and saving the Italian court the trouble of dealing with a baseless fishing expedition by the PSC, cannot be taken seriously.[1]

The argument also cannot be reconciled with controlling precedent, which not only allows but compels this Court to conduct a threshold examination of the foreign country's law and its interest in the litigation. In *Aèrospatiale*, the Supreme Court in

---

[1] Contrary to the PSC's suggestion (Response at 2 n.2), Bayer is not, of course, accusing the Italian authorities of engaging in a fishing expedition.

E-SERVED 08/25/04 06:33 PM ET Baycol MDL 1431

structed district courts facing rogatory requests to undertake a "particularized analysis of the respective interests of the foreign nation and the requesting nation." *Aèrospatiale*, 482 U.S. at 543-44. Where relevant, that "particularized analysis" obviously includes a threshold examination of the law of the foreign nation to determine where its "interests" lie. *See id.* at 546 ("The exact line between reasonableness and unreasonableness in each case must be drawn by the trial court, based on its knowledge of the case and of the claims and interests of the parties and the governments whose statutes and policies they invoke."). The PSC would have this Court ignore that instruction.

The PSC's argument would, indeed, preclude any federal court from conducting a threshold inquiry into the propriety of a letter rogatory under the foreign country's law and policy. For such an inquiry, if it concluded that the foreign law precluded compliance with the request, would always deny the foreign tribunal "the opportunity to interpret its own laws." Response at 3. Thus, as the PSC would have it, a federal court must simply issue a letter rogatory upon request, no questions asked. But the instruction of *Aèrospatiale* is squarely to the contrary. The PSC's plea that this Court dispense with the "particularized analysis" directed by the Supreme Court must be rejected.[2]

---

[2] The PSC's reliance on *Tulip Computers Int'l, B.V.* v. *Dell Computer Corp.*, 254 F. Supp. 2d 469 (D. Del. 2003), is misplaced. In that case, it was undisputed that the foreign government (the Netherlands, whose Article 23 reservation to the Hague Convention is qualified) *would* respond to requests of the sort propounded by the U.S. litigant (Dell), and that at least some of the discovery requested by Dell *would* be allowed under Dutch law. *See id.* at 473-74 (summarizing Tulip's position that the law of the Netherlands "prohibits the *broad* document inquiry sought by Dell" and that some, but not all, of the requested documents were privileged) (emphasis added). The only open issue was the breadth of Dell's request. The court determined that the appropriate course was to issue the letter rogatory and rely on the foreign authorities to narrow the discovery if they deemed the request too broad. In this case, by contrast, the principal failing of the PSC's proposed letter rogatory is not "the scope of the discovery" the PSC seeks, *id.* at

E-SERVED 08/25/04 06:33 PM ET Baycol MDL 1431

In sum, the suggestion that this Court should turn a blind eye to the policies of the foreign government in reviewing a request for a letter rogatory is baseless and contrary to controlling law.

## II. THE PSC HAS NOT REFUTED BAYER'S SHOWING THAT ITALIAN LAW PRECLUDES COMPLIANCE WITH THE PROPOSED LETTER ROGATORY.

Nor is there, as the PSC next suggests, any "uncertainty as to the interpretation of Italian law." Response at 3. As shown in Bayer's opening brief, Italy's reservation to the Hague Convention and its internal law precluding disclosure of prosecutors' files are clear and are dispositive. The PSC has not countered these showings.

### A. Italy's Article 23 Reservation Precludes Compliance with the Proposed Letter Rogatory.

First, as Bayer has explained, Article 23 of the Hague Convention allows contracting states to reserve the right "not [to] execute Letters of Request issued for the purpose of obtaining pretrial discovery of documents in Common Law countries." Convention Art. 23; *see Aèrospatiale*, 482 U.S. at 537 (Article 23 "enables a contracting party to revoke its consent to the treaty's procedures for pretrial discovery"). When it ratified the Convention, Italy expressly declared that, "in accordance with Article 23, [Italy] will *not* execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries." Hague Convention Note 2c (emphasis added).

---

474—though the request is absurdly broad and vague. The problem, rather, is that the Italian authorities could not honor the request without contravening Italian law and public policy, as embodied in both Italy's criminal law and its treaty commitments.

E-SERVED 08/25/04 06:33 PM ET Baycol MDL 1431

The PSC insists that these plain words do not mean what they say. As Bayer predicted (*see* Motion at 4), the PSC seeks shelter in Justice Blackmun's comment, in his separate opinion in the *Aèrospatiale* case, that "a reservation is not the significant obstacle to discovery under the Convention that the broad wording of Article 23 would suggest." *Aèrospatiale*, 482 U.S. at 564 (Blackmun, J., concurring in part and dissenting in part). As Bayer explained, Justice Blackmun's comment had specifically to do with countries that "have *modified* the declarations made pursuant to Article 23 to limit their reach," as most civil-law signatories to the Hague Convention have done. *Id*. at 563-64 (emphasis added).

But Italy, unlike these signatories, has *not* "modified the declarations made pursuant to Article 23." Instead, Italy's Article 23 reservation is unqualified—meaning that Italy "will not grant requests for pre-trial discovery of documents." U.S. Dep't of State, "Judicial Assistance – Italy," available at http://travel.state.gov/law/italy_legal.html.[3]

Significantly, moreover, the PSC has not directed the Court to any instance in which the Italian authorities have acceded to a Hague Convention request for pretrial document discovery. And Bayer's research has yielded none. In the words of Italian law professor Mario Zanchetti (who has 16 years of experience in Italian legal practice): "To my knowledge, the Italian Ministry of Foreign Affairs [the body charged with responding to Hague requests] has never honored a request for documents under the Hague

---

3 The PSC's assertion that discovery under the Hague Convention "could not function properly" if Article 23 were given effect, Response at 5, is likewise mistaken. The Article 23 reservation applies only to discovery of *documents*—not, for example, to depositions or interrogatories. And in any case, to the extent reciprocity of obligations is significant, U.S. courts may achieve it by withholding pretrial document discovery from those Hague signatories that withhold such discovery from U.S. litigants.

E-SERVED 08/25/04 06:33 PM ET Baycol MDL 1431

Convention in which the documents were to be used in a U.S. pre-trial discovery." Zanchetti Supp. Decl. ¶ 10.[4]

Finally, the PSC's suggestion that a letter rogatory seeking what U.S. litigants consider pretrial document discovery could be granted by the Italian authorities is belied by the very language of their proposed letter. That letter, which obviously reflects an awareness of the Article 23 reservation as to pretrial discovery, states: "**Any responses and/or evidence returned to this court will be submitted as evidence at trial.**" Proposed letter at 4 (emphasis in original). But without some pretrial vetting, this Court cannot truthfully represent that any of this evidence "*will be submitted* as evidence at trial." Such a representation could only be made after the Court reviews the evidence and determines its admissibility pursuant to the Federal Rules of Evidence.

Thus, apparently in an effort to evade Italy's Article 23 reservation, the PSC is proposing to have this Court misrepresent to the Italian authorities the true purpose of their proposed request, which at this point in these proceedings can only be for the pur

4 In any event, as explained in Bayer's opening brief (*see* Motion at 5), even those countries with qualified Article 23 reservations still require "carefully drafted, specific document requests" and a specific representation by the U.S. court "that the documents requested are relevant to matters that will be in issue at trial." D. Prescott & E. Alley, *Effective Evidence-Taking Under the Hague Convention*, 22 Int'l Law. 939, 954 (1988). As Professor Oxman puts it, even in the countries with liberal Article 23 reservations, the reservation still applies "to requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting court." Oxman, *supra* note 2, 37 U. Miami L. Rev. at 776. Thus, even in countries that (unlike Italy) allow some pretrial document discovery under the Hague Convention, a federal court should must first review the document request for relevancy. For reasons stated below, that there is no way the PSC could make the requisite showing of relevancy with respect to Dr. Guariniello's files.

E-SERVED 08/25/04 06:33 PM ET Baycol MDL 1431

pose of pre-trial discovery.[5] But that tactic merely confirms Bayer's showing that Italy's Article 23 reservation would preclude its officials from complying with a properly framed request.

**B. Italian Criminal Law Bars Compliance with the Proposed Letter Rogatory.**

In its Motion, Bayer also demonstrated that the documents to which the PSC wants access are under seal and thus cannot currently be disclosed under Italian law. *See* Motion at 5-6. As explained by Professor Zanchetti, documents gathered by an Italian prosecutor during a criminal investigation must be kept under seal until the subjects of the investigation have been formally notified that the investigation is closed. *See* Declaration of Mario Zanchetti ¶¶ 5-6 (Exh. B to Bayer's Motion). In this case, Dr. Guariniello has not issued such a notification and therefore his investigative file remains sealed. *Id.* ¶ 5.

As Professor Zanchetti explains in his supplemental declaration, the PSC's response reflects a gross misunderstanding of Italian law. The PSC argues that Dr. Guariniello's "preliminary investigation" is closed and therefore that his files may be made public. Response at 7-8. This is incorrect. It is true that the preliminary phase of Dr. Guariniello's investigation has ended (it was terminated in December 2003), but that has no effect on the disclosure of the documents. As Professor Zanchetti explains, the significance of the close of the preliminary investigation is that the prosecutor there

5 As pointed out in Bayer's motion (at p. 6 n.3), the PSC is asking the Court to make yet another misrepresentation when it proposes to have the letter state that "**<u>[t]he requested evidence is necessary for the continuance of these proceedings</u>**." Proposed letter at 4 (emphasis in original). Although the PSC apparently thinks this statement would make the Italian authorities more likely to grant the request, it is obviously inaccurate, and the PSC's response brief makes no attempt to defend it.

E-SERVED 08/25/04 06:33 PM ET Baycol MDL 1431

after is barred from gathering evidence for use at trial. Zanchetti Supp. Decl. ¶ 8 (Exh. A). The termination of the preliminary investigation does *not* unseal the documents in the prosecutor's files. *Id.*

Instead, the triggering event is the prosecutor's official notice to the subject of the investigation (here, current and former employees of Bayer AG) that the preliminary investigation is terminated. The subject does not gain access to the prosecutor's files until the prosecutor provides this notice. Dr. Guariniello has not done so. *Id.* ¶ 6.[6]

In short, the PSC has not succeeded in rebutting Bayer's showing that compliance with the proposed letter rogatory is barred by Italy's Article 23 reservation and by Italian criminal law. For these reasons, this Court should decline to send the letter.

## III. THE PSC STILL HAS NOT SATISFIED ITS BURDEN OF JUSTIFYING A LETTER ROGATORY.

Finally, the PSC has not countered Bayer's showing that the PSC's request falls far short of the justification required of a party seeking resort to the rogatory procedure. As the Supreme Court has instructed, a court facing a request for a letter rogatory should consider "(1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the infor

---

[6] The PSC and its Italian lawyer, Frank Geffers, are also mistaken in their assumption that Bayer knows the contents of the seized documents. *See* Response at 2 n.2 (calling "suspect" Bayer's assertion that it does not know the contents of the documents); Affidavit of Frank Geffers ¶ 3.1 ("said documents were certainly known by the indicted [sic] since they were in their possession until the moment when they were seized"). For one thing, the documents were seized from Bayer SpA, not from Bayer AG or Bayer Corporation. *See* Zanchetti Supp. Decl. ¶ 3. For another, Bayer SpA was not given the opportunity to make photocopies of the documents before they were seized. *Id.* ¶ 5. Considering that (by the PSC's own reckoning) about 100,000 documents were seized, it is patently unreasonable to assume that anyone at Bayer SpA knows their contents in anything but the most general terms.

E-SERVED 08/25/04 06:33 PM ET Baycol MDL 1431

mation originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Aèrospatiale*, 482 U.S. at 544 n.28 (ellipsis in original) (quoting Restatement of Foreign Relations Law of the United States (Revised) § 437(1)(c) (Tentative Draft No. 7, 1986)). As Bayer showed in its opening brief, all of these factors counsel against granting the PSC's request in this case. *See* Motion at 8-9. The PSC offers no rebuttal, and indeed makes no attempt to show that the *Aèrospatiale* factors weigh in favor of issuing the letter.

Instead, the PSC merely asserts that the issuance of a letter rogatory demands no more than the threshold showing of relevance required of civil litigants in the U.S. As support, the PSC offers *dicta* in a single district court opinion suggesting that the Hague procedures are not exacting. *See* Response at 8-9 (citing *Tulip Computers*, 254 F. Supp. 2d at 474). To the extent the *Tulip Computers* court decided to dispense with the analysis compelled by *Aèrospatiale* (the opinion does not indicate whether the court considered the *Aèrospatiale* factors), Bayer submits that the court was wrong to do so. In any event, this Court is bound by Supreme Court precedent, which is clear: a district court should undertake a "particularized analysis of the respective interests of the foreign nation and the requesting nation." *Aèrospatiale*, 482 U.S. at 543-44.

The PSC attempts to distinguish *Aèrospatiale* on the ground that that case also involved the question whether the Hague Convention procedures are mandatory, an issue not raised here. *See* Response at 9. But that is a smokescreen. The passage from *Aèrospatiale* quoted by Bayer has nothing to do with whether the Hague procedures are

E-SERVED 08/25/04 06:33 PM ET Baycol MDL 1431

mandatory, but rather concerns the nature of the analysis that a district court must undertake in deciding on a rogatory request. *See* 482 U.S. at 543-44 & n.28.

In short, Bayer has articulated the correct standard (compelled by Supreme Court precedent) by which to assess a request for a letter rogatory, and the PSC has plainly failed to meet that standard. That failure is alone sufficient to deny the PSC's request.[7]

[7] Indeed, as Bayer has demonstrated, the PSC does not approach even the lower threshold of relevance required under the Federal Rules. Supposedly to illustrate "the nature or content of the seized documents," Response at 2 n.2, the PSC offers printouts of four brief wire reports about Dr. Guariniello's investigation—two from the Chinese national news agency and two from European news agencies. *See id.* Exh. A (collecting news stories). But only one of the reports (from a German wire service) has anything to do with the Milan raid, and it says only that Bayer's "offices in Milan are said to have been searched." *Id.* There is not even a general description of the documents seized in the raid. The other three stories state only that an investigation is underway. *Id.*

In short, the PSC has not made a serious effort to show that the documents to which it seeks access are relevant to this litigation. That failing is also fatal to the PSC's request. As this Court put it in *Prokosch* v. *Catalina Lighting, Inc.*, 193 F.R.D. 633 (D. Minn. 2000), "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Id.* at 635 (quoting *Hofer* v. *Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

E-SERVED
08/25/04
06:33 PM ET
Baycol MDL 1431

## CONCLUSION

Bayer has demonstrated that the PSC's request for a letter rogatory to Italian prosecutor Raffaele Guariniello is unsupported and contrary to controlling law. Because the PSC has not countered Bayer's showing, Bayer respectfully submits that plaintiffs' request for a letter rogatory should be denied.

Respectfully submitted,

/S/ Signature on File

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Gene C. Schaerr
Frank R. Volpe
Richard H. Menard Jr.
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Susan A. Weber
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza, 10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT
54 West Hubbard Street, Suite 300
Chicago, Illinois 60603
(312) 494-4400

*Counsel for Bayer Corporation and Bayer AG*

E-SERVED
08/25/04
06:33 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing document was electronically served to counsel of record via Verilaw on August 25, 2004.

[signature]