E-SERVED
08/26/04
07:04 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: *All Actions* | : | |

**DEFENDANTS' JOINT REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL MATERIALS FROM PSC EXPERT MEETING**

The PSC has taken the position that "they will show us theirs when we show them ours" regarding production of materials from their Expert Meeting. This ignores the fact that *defendants did not hold any such meeting with their experts and do not intend to do so.*

This issue has arisen because the PSC rushed full-speed ahead to videotape presentations by their experts without first meeting and conferring with defendants and without any specific guidance from this Court. On December 9, 2003, this Court suggested that the parties should *meet and confer* regarding the presentation of information about both sides' experts to assist the Court in evaluating and screening out cases in the MDL. *See* Ex. A to Hauer Aff. The parties, however, never met and conferred, nor was any attempt made to meet and confer. Instead, unbeknownst to defendants and the Court, "the PSC immediately began preparations to produce a video tutorial for the Court." Pl. Opp. at 2. In fact, just two months after the Court asked the parties to meet and confer, the PSC went forward on their own and held their meeting with plaintiffs' counsel, a jury consultant, and several of the PSC's generic experts. Even the Court expressed some surprise at this course of events. See Ex. D to Hauer Aff. at 59 ("This tutorial to the court is becoming more complicated than I expected it to be. . . . I

E-SERVED 08/26/04 07:04 PM ET Baycol MDL 1431

don't know where you are going with this. I just don't want it to be – get too complicated. . . . I thought you were just going to put something together quickly. . . .").

Therefore, the issue at hand is quite distinct from the Welding Rods MDL. In that MDL, Judge O'Malley ***ordered*** the parties to produce a 1-hour video ***after a meet and confer***. See Pl. Opp. at 4. Here, the PSC held a three day meeting at a five-star hotel in Miami where they videotaped their experts without first conferring with defendants or the Court, and without being required to do so by an order.

The PSC does not attempt to argue that the materials are irrelevant. And the PSC seems to have abandoned their attempt to protect the Expert Meeting materials behind the work product doctrine.[1] Rather, the PSC suggests that this Court should protect the Expert Meeting materials from discovery due to an unspecified "burden" or "in the interests of justice." The PSC's exuberance, however, provides no legitimate reason to protect the relevant Expert Meeting materials from discovery.

This Court, therefore, should compel the PSC to produce videotapes, electronic documents, and written materials used at or generated during the PSC Expert Meeting. Defendants are entitled to explore at the experts' depositions how the Meeting may have influenced their opinions. Effective cross-examination cannot be conducted unless these materials are produced in advance of the generic expert depositions.

---

[1] To the extent that the PSC tries to cloud this issue by claiming that "the majority of the expert witnesses were present only for their own presentations," Pl. Opp. at 3, they offer no factual support for this claim and, in fact, Dr. Zizic testified to the contrary. Zizic Dep. at 291-94, attached as Ex. A to Defendants' Motion. The presence of plaintiffs' generic, testifying experts at the Expert Meeting destroys any legitimate claim that the materials at issue are protected by the work product doctrine.

E-SERVED 08/26/04 07:04 PM ET Baycol MDL 1431

## CONCLUSION

For the foregoing reasons, and those identified in defendants' initial motion, defendants respectfully request that the Court enter an order compelling plaintiffs to produce videotapes, electronic documents, and written materials used at or generated during the PSC Expert Meeting held in Miami, Florida, on February 17 through 20, 2004.

Dated: August 26, 2004

E-SERVED
08/26/04
07:04 PM ET
Baycol MDL 1431

Respectfully submitted,

/signature on file/
Susan A. Weber
James W. Mizgala
Sherry A. Knutson
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

*Counsel for Bayer Corporation and Bayer AG*

/signature on file/
Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402-4501
(612) 338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline and GlaxoSmithKline plc*

E-SERVED
08/26/04
07:04 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing document was electronically served to counsel of record via Verilaw on August 26, 2004.

[signature]