**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**IN RE BAYCOL PRODUCTS LITIGATION**

Civil No. 01-md-1431 (MJD/JGL)

This document relates to All Actions

**O R D E R**

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Defendants' Joint Motion to Compel Materials from the PSC Expert Meeting (Doc. No. 3887). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636, D. Minn. LR 72.1, and Pretrial Order 52.

In this motion, Defendants Bayer Corporation, Bayer AG, SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline, and GlaxoSmithKline PLC ask the Court to order Plaintiffs to produce videotapes, electronic documents, and written materials used at or generated during the Plaintiffs' Steering Committee ("PSC") generic expert meeting on February 17-20, 2004. The meeting resulted from a proposal by the PSC during a status conference in December 2003 that the parties produce tutorials to assist the District Court in understanding the scientific and medicinal bases underlying Baycol and Baycol-related injuries.

Plaintiffs' counsel, a jury consultant, and several of the PSC's generic experts attended the generic expert meeting. The purpose of the meeting was to create a tutorial DVD for the District Court. Plaintiffs' experts gave presentations on medicinal and scientific aspects of Baycol. A previously-videotaped presentation was also shown. None of the lawyers gave presentations. Some of the presentations incorporated PowerPoint slides, and the presentations were videotaped. There was an opportunity to ask questions to the presenters. Some of the doctors watched other experts' presentations.

Dr. Thomas Zizic, one of the presenters at the meeting, was deposed on February 23, 2004. Dr. Zizic testified that he discussed several matters in his presentation that were not in his report because he later realized that he had not fully elaborated on certain issues in his report. Also at Dr. Zizic's deposition, Plaintiffs' counsel Wendy Fleishman told defense counsel that she understood the videotaped presentations and copies of the slides would be produced to Defendants.

When Defendants later asked for the materials, Ms. Fleishman stated that Dr. Zizic's presentation would be produced to Defendants and the District Court when the parties provided for the tutorial exchange. Ms. Fleishman also stated the Plaintiffs' position that the videotape was currently protected as work product. To this, Defendants respond that the work-product

privilege does not apply, but even if it did, any work-product protection was waived by the attendance of testifying expert witnesses at the meeting.

There is no dispute that the materials sought are relevant. The position taken by the PSC in its memorandum is that Defendants would be unfairly advantaged if the PSC were compelled to produce its tutorial before the Defendants produced their tutorial. The PSC appears to have abandoned its argument that the materials are protected as work-product. Further, the Court agrees with Defendants that the materials were not protected by the work-product privilege in the first instance, but even if they were, the privilege was waived by attendance of testifying expert witnesses at the meeting. Thus, the real question is whether the PSC should have to produce their tutorial to Defendants before Defendants produce their tutorial to the PSC.

The Court has broad discretion in limiting discovery and in dictating the sequence of discovery. Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877, 898 (8th Cir. 1978). Here, the parties have failed to advise the Court of two crucial facts which would aid the Court in determining the discovery issue at hand. First, neither party has advised the Court of the status of Defendants' tutorial. This is significant because if Defendants' tutorial was complete, the Court could order immediate, simultaneous production and easily resolve the issue. In addition, neither party has told the Court the dates of the depositions of

Plaintiff's generic experts. The applicable Order is Pretrial Order No. 120, which states that depositions of Plaintiff's generic experts should occur between July 19, 2004 and August 20, 2004. This period of time expired during the parties' briefing of this motion. Neither party has suggested an alternative schedule for expert depositions. Because Defendants' motion is based on their alleged need for the videotapes and presentation materials before deposing Plaintiffs' generic experts, it would have been helpful to know when the depositions are scheduled in order to formulate an appropriate timetable for production.

Considering the limitations imposed by the parties' failure to advise the Court of certain facts, the Court will order the following. Defendants and the PSC should finalize their respective tutorials by October 7, 2004. The parties should simultaneously exchange the tutorials, as well as any videotapes and presentation materials such as slides, electronic documents, and written materials, by October 7, 2004. The parties should inquire of the District Court as to when they should present their tutorials to the Court.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Joint Motion to Compel Materials from PSC Expert Meeting (Doc. No. 3887) is **GRANTED IN PART**. The parties

should simultaneously exchange tutorials, videotapes, and presentation materials such as slides, electronic documents, and written materials by October 7, 2004.

Dated: September 3, 2004

s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge