E-SERVED
09/07/04
09:59 AM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| *In re BAYCOL PRODUCTS LITIGATION* | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: | |
| *All Cases* | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL RULE 26(a)(2) EXPERT REPORTS AND BAR FORM REPORTS**

In opposing defendants' motion to compel, the PSC not only misreads PTO 114 and Rule 26 but provides the Court with the wrong analogy from Aesop. The pertinent fable is the "The Eagle and the Arrow," in which an eagle is brought down by an arrow and discovers, to its dismay, that the shaft was feathered with its own plumes.

Having proposed the concept of a narrowing order, the PSC now tries to limit the impact of that order by making it as easy as possible for plaintiffs to continue warehousing the maximum number of cases in this MDL. Indeed, as of September 2, 1,293 Baycol cases remained active in state courts (down from a high of 5,703); in contrast, defendants have been served with 5,695 cases that remain active in federal court (down from a high of 8,415).

Enforcement of PTO 114 as written, including its requirement of a Rule 26 expert report, will weed out cases that should not have been filed and allow the Court and the parties to focus on cases genuinely in dispute. None of the PSC's or the individual plaintiffs' arguments provides a basis for writing the Rule 26 requirement out of this Court's carefully-considered order.

E-SERVED 09/07/04 09:59 AM ET Baycol MDL 1431

**First, the PSC contends that its form report complies with Rule 26(a)(2)(B).** In support of this argument, the PSC parrots the language of the Rule and baldly asserts that the form meets these requirements. *See* Pl. Op. at 3. The PSC makes no attempt to respond to the authorities interpreting Rule 26, which hold that expert reports must be detailed and complete and explain how and why an expert reached a particular result. *See* Def. Br. at 7 (and authorities cited therein).[1] Nor does the PSC explain how a physician's expert opinion can conform to Rule 26 when it omits any attempt at differential diagnosis, which plaintiffs' experts and this Court have recognized as the core of any expert opinion on causation. *Id.* at 8-9. In short, the PSC does not rebut any of defendants' arguments.[2]

**Second, plaintiffs argue that defendants cannot challenge the form report as such, but must file hundreds of separate motions arguing over and over again that the form reports are deficient.** To support this make-work argument, the plaintiffs argue that, because reports can be supplemented, they must be evaluated individually. *See* PSC Br. at 4.

---

[1] Zimmerman Reed has filed a brief on behalf of several of its individual clients quoting at length from the checkoff portion of the PSC form and asserting that this checkoff constitutes a causation opinion. But Zimmerman Reed does not and could not argue that checking boxes provides the "how" and "why" of an expert's analysis.

[2] Plaintiff Beatrice King argues that "more is better" in that, despite using a form report, her expert's opinion is based "on 16 factors, only two of which deal with the temporal relationship of Baycol use and injury." *See* Reply of Plaintiff Beatrice King at p. 4. Although this number is correct, none of the additional 14 factors, which include such things as "[t]he medical records," "known potential of Baycol to cause myalgias" and "mechanism of action of Baycol," do anything to explain how and why plaintiff's expert reached his conclusions.

E-SERVED 09/07/04 09:59 AM ET Baycol MDL 1431

However, the fact that the Court allowed plaintiffs to supplement their reports in no way relieved them of the duty to file reports, in the first instance, that comply with Rule 26.

Next, the PSC argues that the form reports must not be inherently flawed because defendants did not move to compel as to every plaintiff who used a form. PSC Br. at 4. This is only partially true. Defendants did not include in this motion plaintiffs who supplemented the form report by inserting new fields of information or by attaching supplemental information to the report.[3] *See* Def. Br. at 7 n.5. The reports subject to this motion are bare bones form reports, in which putative experts have checked off boxes and filled in blanks.

**Third, the PSC asserts that, because cases are being categorized, defendants should not be complaining about the form reports.** This argument fails for three reasons. First, PTO 114 was intended to do far more than sort cases into piles. Other objectives include supplementing discovery, identifying plaintiffs who do not have legal support for their claims, expanding the pool of trial cases, and preparing cases for transfer. *See* PTO 114 preamble. Indeed, PTO 114 expressly states that "[a] case specific expert report may be used for any purpose a Rule 26(a)(2) report may be used." PTO 114 § I.D. Thus, the PSC is engaging in an exercise in revisionism in suggesting that PTO 114 is about categorization and nothing more.

[3] This does not necessarily mean that these other reports comply with Rule 26(a)(2) and PTO 114, so further motions may be filed.

E-SERVED 09/07/04 09:59 AM ET Baycol MDL 1431

Second, the PTO 127 categories have nothing to do with causation. Cases are categorized based on symptoms and medical records. For instance, category B-1 includes plaintiffs who experienced slightly elevated laboratory results and body aches *prior to* and during use of Baycol. *See, e.g.*, Case Specific Expert Report Pursuant to PTO 114 for Joseph Cervone submitted in *Brangaitis,* No. 02-0171, at ¶ 5, (documenting a history of muscle pains and CK elevations before Baycol use (attached as Ex. A); Case Specific Exert Report Pursuant to PTO 114 for Kenneth Oestreich submitted in *Oestreich,* No. 02-3863, at ¶ 5, (same) (attached as Ex. B). But an explanatory expert report, including the bases for the opinion, is necessary to draw any conclusions about whether such a case is trial-worthy. A check-off form does not do the job. *See generally* Orders in *Ronwin*, No. 02-0200, and other cases dated June 10, 2004; *Akhtar*, No. 02-3850, and other cases dated June 29, 2004; *Creel*, No. 03-4968, dated July 9, 2004; *Willingham*, No. 03-2927, and *Dean*, No. 04-0701, dated July 19, 2004; *Shaw*, No. 02-0433, dated August 9, 2004; *Rowe*, No. 03-4947, and other cases dated August 9, 2004; *Kofsky*, No. 02-0141, dated August 9, 2004; *Medalie*, No. 03-5589, August 23, 2004 (holding that expert evidence is necessary to establish causation in Baycol cases).

Third, the form reports do not provide enough information to categorize claims. As Special Masters Haydock and Remele can confirm, cases have been categorized *despite* the forms, and only because the PSC has gone back to plaintiffs' counsel and extracted additional information, which plaintiffs and defendants have then reviewed. Therefore, even if the sole function of the

E-SERVED 09/07/04 09:59 AM ET Baycol MDL 1431

PTO 114 expert report requirement were to facilitate categorization – and it is not – the forms would be grossly deficient.

**Finally, the PSC and individual plaintiffs complain that defendants failed to meet and confer.** As the Special Masters will confirm, the parties engaged in extensive discussions about the form reports before this motion was filed, and it was clear that this dispute would not be resolved through negotiation. Indeed, at the June status conference, Mr. Zimmerman and the Court specifically referred to the need for motion practice to resolve this issue. *See* June 22, 2004 Tr. at 18-21. Given the constant stream of telephone calls and conferences involving the parties and the Court regarding PTO 114 during May, June, and July, the PSC's assertion that defendants failed to meet and confer is implausible.

The PSC and individual plaintiffs also complain that defendants failed to meet and confer with each plaintiff or to "itemize" their objections to each form report. *See* Zimmerman Reed Br. at 1; Larson King Br. at 2. Defendants sent a letter to individual plaintiffs because they knew the PSC was advising plaintiffs that the PSC forms complied with PTO 114. In response, a few plaintiffs agreed to file Rule 26(a)(2) compliant reports. These plaintiffs were removed from the motion. Writing hundreds of letters and filing hundreds of motions making the same argument would simply burden this Court and prolong the warehousing of cases in this MDL.

For the foregoing reasons and those in defendants' motion to compel, the Court should (1) order plaintiffs to produce expert reports that

E-SERVED 09/07/04 09:59 AM ET Baycol MDL 1431

comply with Rule 26(a)(2) and PTO 114 and (2) prohibit all plaintiffs in this MDL from submitting form reports under PTO 114.

Dated: September 7, 2004

E-SERVED
09/07/04
09:59 AM ET
Baycol MDL 1431

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Counsel for Bayer Corporation and Bayer AG*

/signature on file/

Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, Minnesota 55402-4501
(612) 338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline*