E-SERVED
09/17/04
06:11 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to:

ALL CASES

**AFFIDAVIT OF ROBERT R. HOPPER IN SUPPORT OF THE PSC'S SURREPLY TO BAYER'S MOTIONS TO QUASH PLAINTIFFS' REQUEST FOR A LETTER ROGATORY PURSUANT TO THE HAGUE CONVENTION**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Robert R. Hopper, being duly sworn, deposes and says:

1. I am a partner with the law firm of Zimmerman Reed, P.L.L.P.. I submit this Affidavit in support of the Plaintiffs' request for a letter rogatory pursuant to the Hague Convention.

2. Attached as Exhibit A is a true and correct copy of the Supplemental Declaration of Frank J. Geffers.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Robert R. Hopper

Sworn to before me this 17th day of
September, 2004.

Notary Public

TINA M. OLSON
NOTARY PUBLIC – MINNESOTA
ANOKA COUNTY
My Comm. Expires Jan. 31, 2005

E-SERVED
09/17/04
06:11 PM ET
Baycol MDL 1431

# EXHIBIT A

E-SERVED
09/17/04
06:11 PM ET
Baycol MDL 1431

# EXHIBIT A

E-SERVED
09/17/04
06:11 PM ET
Baycol MDL 1431

**PSGL** Studio Legale
Puopolo Geffers Luise & Associati

Roma
Via Lisbona 11
00198 Roma

Milano
Corso di Porta Nuova 18
20121 Milano

tel +39 06 884 1535
fax +39 06 884 2094
info@psglaw.com
www.psglaw.com

member
International
Amsterdam
Brussels
Hamburg
London
Madrid
Milan
Monaco
Paris
Rome

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

RE: BAYCOL PRODUCTS LITIGATION

MDL N.1431

SUPPLEMENTAL DECLARATION OF FRANK J. GEFFERS

1. This follows my affidavit in the above mentioned matter dated August 5, 2004 in which I have been requested to express a legal opinion, from the standpoint of the Italian applicable law, as to the likelihood for the Italian competent authority, to grant a request for Judicial assistance pursuant to the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters, relating to the documents obtained by the Public Prosecutor Mr. Guariniello in the course of a criminal proceeding in the matter Bayer AG, Bayer S.p.A, as a result of a search and seizure order executed in Italy.

2. The main issues that need to be addressed in the above matter are basically two:

   a. what is meant by the term "pre-trial" discovery;

   b. is the preliminary investigation in Italy closed or not?

**a. What is meant by the term "pre-trial" discovery**

In a multidistrict litigation action, consisting of over 10.000 product liability cases currently pending before the United States District

E-SERVED 09/17/04 06:11 PM ET Baycol MDL 1431

**PSGL** Studio Legale
Puopolo Geffers Luise & Associati

Court for the District of Minnesota, the Plaintiffs' Steering Committee ("PSC") issued a "Letter of Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters.

This "Letter of Request" or "Letter Rogatory" is a simple request to the Italian Authorities. As already mentioned in my former Affidavit, it is not possible to give an unequivocal and uniform meaning to the term "pre-trial discovery", reason for which it is very difficult to determine whether the Italian Authorities will interpret the above mentioned Letter Rogatory as a request related to a "pre-trial discovery" upon Art. 23 reservation made by Italy in the Hague Convention. It is my opinion that the legal arguments articulated by the Defendants to the proceeding MDL n. 1431 are not significant obstacles for the Italian Authority to grant the request object of the present opinion and that, in any event, the decision whether or not to accept the above mentioned Letter Rogatory should be taken by the Italian Authorities. Indeed, they will apply their standards and applicable tests pursuant to appropriate precedent in Italian law. Not only is this appropriate procedure, deference to the Italian authorities in matters of Italian law satisfies elements of comity between sovereigns.

**b. Is the preliminary investigation in Italy closed or not?**

As stated by Mr. Zanchetti on page 4 of his declaration "the term of Dr. Guariniello's investigation of these Bayer employees expired in December 2003".

E-SERVED
09/17/04
06:11 PM ET
Baycol MDL 1431

**PSGL** Studio Legale
Puopolo Geffers Luise & Associati

Therefore, since a year has passed, it may be presumed, that the prosecutor will soon notify the persons under investigation that the preliminary investigation is closed. The fact that Mr. Zanchetti is "aware of several investigations in which the prosecutor has waited for years before notifying the investigated person of the termination of the preliminary investigation" does not mean that this is going to happen also in this case. In fact, with all due respect to Mr. Zanchetti's opinion, as mentioned before, almost a year has elapsed since the term of the preliminary investigation has expired. Therefore, it is not unreasonable to presume that Mr. Guariniello will soon proceed with the notification in which he informs the investigated persons that the preliminary investigation has been concluded. Also please note, that by the time the Letter Rogatory makes its way through the process and related procedures at least another six months or more will have elapsed making it even more reasonable to presume that the above mentioned notification has been carried out prior to the time to effectuate the PSC's request.

3. It is still my opinion that the contents of most of the documents seized at Bayer Spa are also known to the investigated persons pertaining to Bayer AG. As a matter of fact it is very likely that Bayer AG, as a controlling company, is in possession of copies of all or most of the documents that were seized by Dr. Guariniello at the premises of Bayer Spa.

E-SERVED
09/17/04
06:11 PM ET
Baycol MDL 1431

**PSGL** Studio Legale
Puopolo Geffers Luise & Associati

**4.** Pertinent to the issue raised by Mr. Zanchetti on page 3 of his "supplemental declaration" regarding his claim that I misunderstood the case or Italian law due to the fact that I referred to the persons under investigation as "indicted", I would like to point out that the term "indicted" is the most litteral translation of the Italian term "imputato" used by the Italian Legislature in art 329 c.p.p. It is quite obvious that the choice of the term "imputato" is quite unhappy and that a non litteral but correct translation of the term should be "investigated". As a matter of fact Mr. Zanchetti also had problems translating the term "imputato": he chose "defendant" as a translation term which is typically used in civil and not criminal cases. Hence: when I use the term "indicted" I am referring to the "investigated persons".

* * *

I declare under perjury that the above is true and correct under my best knowledge.

September 16, 2004

Frank J. Geffers