E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431

SIDLEY AUSTIN BROWN & WOOD LLP

DALLAS
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.

BANK ONE PLAZA
10 S. DEARBORN STREET
CHICAGO, ILLINOIS 60603
TELEPHONE 312 853 7000
FACSIMILE 312 853 7036
www.sidley.com
FOUNDED 1866

BEIJING
GENEVA
HONG KONG
LONDON
SHANGHAI
SINGAPORE
TOKYO

WRITER'S DIRECT NUMBER
(312) 853-7820

WRITER'S E-MAIL ADDRESS
saweber@sidley.com

September 20, 2004

The Honorable Jonathan Lebedoff
Chief Magistrate Judge
U.S. Courthouse
300 South Fourth Street, Room 9E
Minneapolis, MN 55415

Re: *In re Baycol Products Litigation*, September 1, 2004 Order

Dear Judge Lebedoff:

Pursuant to Local Rule 7.1(g), defendants seek leave to move for partial reconsideration of this Court's September 3, 2004 Order Granting, in part, Defendants' Joint Motion to Compel Materials from Plaintiffs' Steering Committee ("PSC") Expert Meeting (the "Order"). The Order correctly held that the materials relating to the PSC's Expert Meeting are relevant, non-protected and discoverable. However, the Court tied production of these materials to cross-production of similar materials by defendants. Defendants do not have such materials.

Reconsideration is warranted because the linkage appears to be based on the Court's understanding that defendants would be conducting their own expert witness meeting. Indeed, the Court expressed dismay that the parties had not advised the Court of the date on which the defense expert conference would be held. *See* slip op. at 3. But there is no such date. *Judge Davis has not ordered a conference of defense experts, and defendants do not intend to hold any such conference.* Accordingly, a simple misunderstanding underlies the provision of the order requiring simultaneous cross-production of expert conference materials. In their motion to reconsider (appended hereto), defendants seek to clarify this matter, which – they believe – will lead the Court to delete the "linkage" requirement from its order.

Reconsideration should be granted because the order, as it now stands, would foreclose defendants from obtaining access to discovery pertinent to one of the central issues in this litigation. As this Court is aware, the parties are in fundamental disagreement over whether the muscle ache claims asserted by most plaintiffs have merit. PTO 120 contemplates *Daubert* hearings to address such issues. *See* PTO 120 ¶¶ 8.F. and 9.F. Defendants are entitled to the PSC expert conference materials, which will address this key issue (among others). This constitutes a "compelling circumstance" warranting reconsideration of the Court's order. Local

SIDLEY AUSTIN BROWN & WOOD LLP IS AN ILLINOIS LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS

E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431



Rule 7.1(g); *Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001).

For the foregoing reasons, defendants respectfully request the Court to grant leave for them to move for reconsideration. A copy of defendants' brief in support of said motion is appended hereto.

Very truly yours,

Susan A. Weber

SAW:sdp
Enclosure

cc: Charles S. Zimmerman, Esq.
Richard A. Lockridge, Esq.
Adam Hoeflich, Esq.
Fred T. Magaziner, Esq.
Peter W. Sipkins, Esq.
Tracy J. Van Steenburgh, Esq.