E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

This document relates to: *All Actions*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE DISCOVERY ORDER REGARDING MATERIALS FROM PSC EXPERT MEETING**

Defendants move the Court for the following relief:

1) To reconsider, and partially vacate the Order Granting, in part, Defendants' Joint Motion to Compel Materials from Plaintiffs' Steering Committee ("PSC") Expert Meeting entered September 3, 2004 (the "Order"), and

2) Upon reconsideration, to compel the PSC to produce immediately all videotapes, electronic documents and written materials generated for, or used during, the PSC Expert Meetings in February of 2004.

**Basis For Reconsideration**

This Court's order of September 3, 2004, correctly recognized that the materials used at or generated during the PSC Expert Meeting in February of 2004 were relevant and not protected as work-product. *See* Order at 3. However, this Court linked production of the PSC materials to production of materials from a similar defense expert conference. Defendants respectfully submit that the Order's grant of relief rests upon a misunderstanding. The PSC's videotaped expert conference was a voluntary undertaking. No defense

E-SERVED 09/20/04 08:01 PM ET Baycol MDL 1431

expert conference has been held, nor is there any intention to convene such a conference. Under such circumstances, the PSC should not be allowed to avoid producing relevant, discoverable materials by making that production contingent on a parallel defense document production.

At the December, 2003, status conference, a colloquy between the Court and the parties concerned the possible production of Rule 26 expert reports to the Court. *See* Tr. of Dec. 9, 2003 (Ex. A), at 49-51.[1] The Court directed the parties to meet-and-confer about this issue. The PSC proposed that the parties discuss presentation of summaries by the experts or by counsel. The Court directed the parties to add that proposal to the meet-and-confer agenda. *Id.* at 52. One PSC member proposed a video tutorial. *Id.* at 53. Judge Davis responded: "Well, that's where both sides are going to meet and confer and educate the judge." *Id.* at 53.

But before any meet-and-confer, defendants learned that the PSC "had a conference where the experts were brought together to start preparing for [the tutorial] and [the PSC] did some videotaping of their presentations to the court, for the court." Tr., Feb. 24, 2004 (Ex. B), at 56. The Court was taken aback by the PSC's videotape project:

> THE COURT: This tutorial to the court is becoming more complicated than I expected it to be. I thought you all would just meet and have the appropriate exchange of whatever it is that I am supposed to see. That's usually how it's done.
>
> MR. HOEFLICH**:** We did too, Judge.

---

[1] Ordinarily, such reports are served upon opposing counsel but not filed with or otherwise submitted to the Court, unless in conjunction with a pending motion.

E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431

> THE COURT: In patent cases it's just a basic outline. I don't know were you are going with this. I just don't want it to be – get too complicated and that I end up having a couple dozen motions dealing with this issue, because it's just easier for me to try the case. I can listen to the testimony at that point. I thought you were just going to put something together quickly and it would be –
>
> MR. ZIMMERMAN: That's precisely what we wanted to do. All we did was we got the experts to tell us what they are going to say so we know what they are going to say, and we are happy to provide what they are going to say to defense counsel. There's no mystery to it. It's just all of a sudden it's been elevated into some you must turn over kind of stuff. We will talk it through.

*Id.* at 59-60.

Thus, nothing in the court records imposed upon defendants any obligation to conduct the sort of expert conference that the PSC chose to undertake. Specifically, no court order obliges defendants to conduct such a conference. No agreement has been entered between defendants and the PSC. And nothing in the Federal Rules requires a party to convene a convocation of its experts for purposes of discussing their theories and presenting them on videotape. Although the PSC voluntarily undertook such an enterprise, defendants have chosen not to do so.

Under these circumstances, the PSC's obligation to produce its conference materials cannot and should not be linked to a parallel duty by defendants. Defendants have no materials to produce. And defendants should not be deprived of access to relevant, discoverable PSC materials simply because no parallel set of defense documents exists.

E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431

**CONCLUSION**

For the foregoing reasons, the Court should grant defendants' motion to reconsider and should order the PSC to produce immediately videotapes, electronic documents, and written materials used at or generated during the PSC expert meeting.

Dated: September 20, 2004

E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431

Respectfully submitted,

/signature on file/
Susan A. Weber
James W. Mizgala
Sherry A. Knutson
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Douglas R. Marvin
Williams & Connolly
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Counsel for Bayer Corporation and Bayer AG*

/signature on file/
Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402-4501
(612) 338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline and GlaxoSmithKline plc*