E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431

# Exhibit A

E-SERVED 09/20/04 08:01 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

| | | |
|---|---|---|
| In re: Baycol Products Litigation | ) | File No. MDL 1431 (MJD/JGL) |
| | ) | Minneapolis, Minnesota |
| | ) | December 9, 2003 |
| | ) | 10:00 a.m. |

---

BEFORE THE HONORABLE MICHAEL J. DAVIS
UNITED STATES DISTRICT COURT JUDGE
(STATUS CONFERENCE)

APPEARANCES

| | |
|---|---|
| For the Plaintiffs: | CHARLES ZIMMERMAN, ESQ.<br>RONALD GOLDSER, ESQ.<br>RANDY HOPPER, ESQ.<br>JOHN CLIMACO, ESQ.<br>MARGARET BRANCH, ESQ.<br>JAMES DUGAN, ESQ. |
| For Defendant Bayer: | ADAM HOEFLICH, ESQ.<br>PETER SIPKINS, ESQ.<br>KIMBERLY KOERNER, ESQ.<br>EUGENE SCHOON, ESQ. |
| For Defendant GlaxoSmithKline: | FRED MAGAZINER, ESQ. |
| For Blue Cross Blue Shield of Minnesota: | KIMBERLY WEST, ESQ. |
| For Richard Medalie: | DAVID STANLEY, ESQ.<br>ROBERT CYNKAR, ESQ. |
| For Weitz & Luxenberg | VICTORIA MANIATIS, ESQ. |
| Court Reporter: | LORI A. CASE, RMR-CRR<br>1005 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, Minnesota 55415 |

Proceedings recorded by mechanical stenography; transcript produced by computer.

LORI A. CASE, RMR-CRR
(612) 664-5104

E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431



occasionally seals -- she seals medical records as ordered by the Court. That process continues to go according to plan.

Third and last, Your Honor, are comments regarding the status of the trust fund for the holdbacks is now approximately $6,800,000. I understand there's a stipulated order in the process of being submitted to the Court. Approximately $975,000 will be added to that trust account through settlements by the Lopez/Robinson group, the combined group, California and Nevada. So that's soon to be on its way.

That's all I have, Your Honor.

THE COURT: All right. Any questions?

MR. ZIMMERMAN: When is that check coming? No questions.

THE COURT: Any questions?

MR. HOEFLICH: No, because I know when that check is coming.

MR. ZIMMERMAN: One thing I may have missed in -- well, no, I didn't miss it. I didn't know if -- we have now, as a matter of information, provided to the Defendants a comprehensive list of, I believe, 15 experts that are going to be MDL designated experts along with reports that are fairly thick.

I did not know if the Court or the Special Master

E-SERVED 09/20/04 08:01 PM ET Baycol MDL 1431



or anyone associated with the Court wanted those to be provided to the Court or provided to the Special Master. I don't believe we have done so, but I wasn't sure what we should do; and until I knew, we just didn't provide them to the Court.

Without getting into how grandiose we believe them to be, I'd just really ask if the Court wants us to deliver them to the Court at this time or if the Defendants have a position on that at all.

MR. HOEFLICH: Judge, normally expert reports are not something that's provided to the court. The plaintiffs serve theirs, we serve ours, then a deposition takes place, and what the court gets are either pretrial briefings or at trial potentially any Daubert motions that come before the court. This is discovery material, not appellate material that normally go to the courts. Personally, I would save the trees. I just don't see any value in getting one side's expert reports at this point.

MR. ZIMMERMAN: I wasn't excluding one side. I was saying ours are filed and yours would be filed, you have both sides. I'm not saying --

MR. HOEFLICH: I don't see a need for that at this point either. If either side thinks there's Daubert motions to file, then file motions with the Court.

THE COURT: And certainly you can bring this up

E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431



later on. I wouldn't mind seeing both sides' experts. That would help the Court in evaluating where it is going to go on certainly these -- not on the cases, but how we should deal with some of these issues on how we are going to screen out cases. That would be very helpful for me.

MR. ZIMMERMAN: And that was the offer, because I think it is very useful. At least you know where each side is coming from with regard to how we define what is and what isn't. And so it was in that spirit that I wanted to offer them.

THE COURT: It would be helpful. So if you can meet and confer and figure out a schedule that you can get them to me, that would be great.

Because, again, I don't want to be the odd man out when we start having discussions about -- at some point you all are going to discuss what cases should be dismissed out and what cases are going to be cases that are going to be tried. And so it would be nice for the Court to know how you're making that evaluation and who you relied on in making those decisions.

MR. ZIMMERMAN: One of the things we can also discuss, Your Honor, as has happened in other courts in these complex MDLs, is the courts have asked for -- not tutorials, that may not be the right word, but a presentation of summaries by the experts or by counsel so

E-SERVED
09/20/04
08:01 PM ET
Baycol MDL 1431



that the court does get a good snapshot of what it is and what divides them.

We would welcome the opportunity to explore that and provide that to the Court, because I think it's going to be helpful. I mean, this is important medicine and --

THE COURT: It would be helpful to the Court and so whether or not -- it doesn't have to be in a motion form, but I would want both of you to meet and confer and put that on your agenda and figure out when you are going to do it and how you are going to do it. So we can do that within the next couple months.

MR. ZIMMERMAN: John, you wanted to say --

MR. CLIMACO: Your Honor, if I may, in another MDL --

MR. ZIMMERMAN: Why don't you go to the mike, John.

MR. CLIMACO: In another MDL I am involved in before Judge O'Malley in Cleveland dealing with welding rod litigation, there will be a CMO coming out today and one of the provisions will be that both sides will be presenting a video tutorial to Judge O'Malley explaining our respective cases both from a factual and a medical standpoint. And this was discussed between counsel, discussed at length with the court. That is something that I had advised Mr. Zimmerman on and --

E-SERVED 09/20/04 08:01 PM ET Baycol MDL 1431



THE COURT: I think that's what I just agreed to.

MR. CLIMACO: Yes. I just wanted to explain that's --

THE COURT: Say hi to Judge O'Malley for me.

MR. CLIMACO: I will. That's where the tutorial came from and you may also want something, Your Honor, from a video standpoint.

THE COURT: Well, that's where both sides are going to meet and confer and educate the judge.

MR. ZIMMERMAN: Understood.

THE COURT: Thank you.

MR. ZIMMERMAN: I think that leaves us with the argument on the third party payer issues. Frankly, Your Honor, I think it's totally well briefed and out there. I don't know that there's much that I could or should really add to that, but I know that Gene probably has a lot and I might have something to respond.

But the bottom line is this: These third party payers would not be -- there would be no case for them to be making any claims for anything if it weren't for the claims of the victims or the claims of the people who are before this court in this MDL. They are totally and wholly contingent upon those claims and this litigation. And when I say "this litigation," obviously I include the state court litigation.