E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: | : | |
| Certain of Weitz & Luxenberg's Plaintiffs, | : | |
| Plaintiffs, | : | |
| -against- | : | |
| Bayer Corp., et al. | : | |
| Defendants | : | |

WEITZ & LUXENBERG'S MEMORANDUM OF LAW ON BEHALF OF INDIVIDUAL WEITZ & LUXENBERG PLAINTIFFS FOR AN ORDER PURSUANT TO RULE 41 FOR DISMISSALS WITHOUT PREJUDICE.

E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

TABLE OF CONTENTS: PAGE

I. Introduction and Background.................................................. 1

II. PTO 89: MDL Trial Selection Cases .......................................... 3

III. F.R.C.P. 41: Dismissal of Action (2) By Order of Court ........................ 5

IV. Conclusion ........................................................................ 6

E-SERVED 09/24/04 03:48 PM ET Baycol MDL 1431

## I. Introduction and Background

Weitz & Luxenberg is filing this motion in order to address several issues that have all come together over the last few months. Because of the nature of these issues, Weitz & Luxenberg has elected to file this motion under seal in order to protect the privacy interests of various Plaintiffs and parties.[1]

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, Weitz & Luxenberg is seeking dismissals without prejudice for approximately 2,700 of its clients. Attached as **Exhibit C** to the accompanying Affirmation of Paul J. Pennock, Esq. In Support of Weitz & Luxenberg's Motion On Behalf of Individual Weitz & Luxenberg Plaintiffs For an Order Pursuant to Rule 41 for Dismissals Without Prejudice ("Pennock Aff.") is a list of the cases for which the present motion is seeking Dismissals Without Prejudice.[2]

The above request is necessary due to the course of the litigation and events leading up to the last several months. Specifically, in April 2004, after nearly three years of working on Baycol cases, one year of extensive negotiations with the Defendants and approximately one year of preparing various cases for trial, Weitz & Luxenberg determined that it is no longer in the interest of our clients to pursue their cases if they did not develop Rhabdomyolysis as a result of taking Baycol. Weitz & Luxenberg, P.C. has proceeded, since early June 2004, to close the nearly 5000 cases we feel will not result in positive settlement value to our plaintiffs. This undertaking related to virtually all of our remaining inventory of

---

[1] On September 2, 2004, there was a telephone conference call between Magistrate Judge Lebedoff, Jeanne Geoppinger, Esq. on behalf of the PSC, James Mizgala, Esq. for Bayer, and Daniel C. Burke, Esq. and Victoria Maniatis, Esq. for Weitz & Luxenberg. During this call, Weitz & Luxenberg informed Judge Lebedoff that we were in the process of filing a motion seeking dismissal of a large number of cases without prejudice. See Affirmation of Daniel C. Burke, Esq. attached as **Exhibit D** to Pennock Aff. As laid out in Daniel C. Burke's affirmation, through this motion, Weitz & Luxenberg additionally seeks the dismissal without prejudice of those approximately 350 cases that had fact sheets due on August 19, 2004. A list of these cases is attached as **Exhibit D** to Pennock Aff.

E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

cases of plaintiffs whose history and/or medical records do not support a diagnosis of Rhabdomyolysis. The process by which we litigated our cases in the Philadelphia Court of Common Pleas, and through the MDL Trial selection process was instructive in that the Rhabdomyolysis cases were the only ones that had value in excess of the expenses that had to be incurred on each.

Upon advising our clients that while their cases certainly had merit, it was our feeling that they lacked value, we told them they had several options, specifically, they could: 1) agree to dismissal of their claims, 2) secure substitute counsel, or 3) be subject to a motion by our office to withdraw as counsel that they could oppose. The approximately 2,700 people subject to this motion agreed to the dismissal of their claims.

At the time of that massive rejection implementation and continuing today, Weitz & Luxenberg is confident that its assessment is accurate and that it is acting in its clients' best interests.

Weitz & Luxenberg has discussed with counsel for defendants the proposal to execute stipulations of dismissal without prejudice for the cases subject to this motion. Although defendants were willing to execute stipulations of dismissal without prejudice for cases in the past, they are unwilling to do so en mass for these cases. See Pennock Aff. at # 17.

E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

## II. PTO 89: MDL Trial Selection Cases

Just over one year ago this Court entered Pretrial Order 89 in order to establish a process by which Minnesota-filed cases and randomly-selected cases would be processed for trial. A brief examination of the ensuing months of work put forth by Weitz & Luxenberg in this regard is necessary to explain further handling of many of Weitz & Luxenberg's cases.

Of the over 220 selected cases[3] Plaintiffs were represented by PSC members, other Plaintiffs' lawyers and a majority were represented by Weitz & Luxenberg[4]. As of August 2003, Weitz & Luxenberg was engulfed in working up these trial-selection cases. We had no less than 45 attorneys and staff members working nearly full time on reviewing, processing and handling these cases. (See Pennock Aff. at paragraph # 9). Work-up included vigorous review of medical records and client contact to fully develop each individual's case's positive and negative points to evaluate the cases' trial-viability. Throughout that process, we determined that many cases did not merit moving on to trial for several different reasons. (See Pennock Aff. at paragraph # 5). Accordingly, over the ensuing weeks and months, Weitz & Luxenberg would confer with the client and proceed to drop certain cases from the trial-selection process. Of course, we attempted to do this whenever possible, before the time, expense and investment of depositions were conducted in each case. This, however, was not always possible.

Over the ensuing months we scheduled, confirmed, and attended sixty-four depositions for our Baycol MDL trial cases. These depositions included Rhabdomyolysis[5] and non-Rhabdomyolysis cases[6].

---

[3] There were several iterations of the list being generated as some cases were taken off the list for procedural reasons and others replaced them.

[4] Given the above iterations of the list it is approximated that at its largest number, Weitz & Luxenberg represented approximately 160 of the trial selection cases.

[5] 26 depositions were taken in Weitz & Luxenberg's Rhabdomyolysis trial-selection cases.

[6] 38 depositions were taken in Weitz & Luxenberg's non-Rhabdomyolysis trial-selection cases.

E-SERVED 09/24/04 03:48 PM ET Baycol MDL 1431

Conducting sixty-four depositions of MDL trial-selection cases over a several month period was a very time-consuming and expensive process, however, it was also an important step in evaluation. As the depositions were taken, more and more cases appeared to not be viable for trial.[7] As we continued to further evaluate the cases and the overall project it became more and more apparent that fewer and fewer cases could be considered worthy of trial. Ultimately, it came to a point when Weitz & Luxenberg determined that none of our MDL non-Rhabdomyolysis trial cases could withstand the ordeal of proceeding through the trial process. As such, each one was ultimately rejected and dismissed.

This analysis can not be taken in a vacuum. For example, not only did Weitz & Luxenberg make this decision but unilaterally so did each of the Plaintiffs' lawyers who handled the other MDL trial-selection cases, including cases handled by PSC members. (See MDL Baycol Status Conference "Transcript" from June 22, 2004 excerpt from page 48, **Exhibit B** to Pennock Aff.)

While this realization was certainly disappointing, it was valuable and enlightening. We can assume that with a group of over 200 cases being scrutinized to the highest level, that those cases are representative of the result that would be obtained for a larger population. In fact, this was a part of the Court's and certainly the Defendants' intent in preparing a random sampling of cases. (See MDL Baycol Status Conference "Transcript" from July 15, 2003 excerpt from pages 120-132, **Exhibit A** to Pennock Aff.) Accordingly, it was realized that to proceed with these claims would result in a situation that would not be in our clients' best interests.

---

[7] This figure excludes Weitz & Luxenberg's five Rhabdomyolysis cases that were included in the trial selection process.

E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

## III. F.R.C.P. 41: Dismissal of Action (2) By Order of Court

As previously stated, defendants are unwilling to execute stipulations of dismissal without prejudice for the majority of the 2,700 cases subject to this motion. As such, Weitz & Luxenberg respectfully moves pursuant to Rule 41 (a) (2) for an order dismissing these cases without prejudice.

In relevant part, Rule 41 (a)(2) reads: "[A]n action shall not be dismissed at the plaintiff's instance save upon an order of the court and upon such terms and conditions as the court deems proper."

All of Weitz & Luxenberg's clients, listed on **Exhibit C** to Pennock Aff., who are subject to this motion have agreed to have their case dismissed. Weitz & Luxenberg is merely attempting to carry out our client's wishes, yet at the same time provide them the utmost protection possible. Granting of the requested relief will not unduly prejudice the defendants.

E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

## IV. Conclusion

Based upon the foregoing, it is respectfully requested that the requested relief be granted and dismissals be entered without prejudice for those cases that are subject to this motion.

Dated: September 2, 2004
New York, New York

Respectfully Submitted,

Perry Weitz, Esq.
Arthur Luxenberg, Esq.
Robert Gordon, Esq.
Paul Pennock, Esq.
Victoria J. Maniatis, Esq.
Daniel C. Burke, Esq.
**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiffs
180 Maiden Lane
New York, NY 10038
(212) 558-5500