E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to:
Certain of Weitz & Luxenberg's Cases

## AFFIRMATION OF PAUL J. PENNOCK IN SUPPORT OF WEITZ & LUXENBERG PLAINTIFFS FOR AN ORDER PURSUANT TO RULE 41 FOR DISMISSALS WITHOUT PREJUDICE

Paul J. Pennock, an attorney duly admitted to practice law before all of the Courts of the State of New York, and federal Courts of the Southern District of New York and Eastern District of New York, affirms all of the following to be true under the penalties of perjury:

1. I am associated with the law firm of Weitz & Luxenberg, P.C. and am department chief of the Pharmaceutical Litigation Department, including the Baycol litigation, and as such I am familiar with the facts contained herein.

2. I submit this affirmation in support of Weitz & Luxenberg's Motion On Behalf Of Individual Weitz & Luxenberg Plaintiffs For an Order Pursuant to Rule 41 for Dismissals Without Prejudice.

3. Our office spent nearly three years actively litigating thousands of Baycol cases, including gathering data from clients, preparing Plaintiff Fact Sheets, conducting depositions of plaintiffs, non-party witnesses, treating and prescribing physicians,

E-SERVED 09/24/04 03:48 PM ET Baycol MDL 1431

and experts. We conducted extensive legal and medical research, and we were the largest participant in the MDL Trial Selection process pursuant to PTO 89.

4. Over the past year, we prepared and fully worked up several matters for trial, and were involved in extensive settlement negotiations with defendants.

5. After long and careful consideration, however, we reached the conclusion that for those clients who did not demonstrate objective indicia of Rhabdomyolysis, there was no prospect of settling their case, and we felt it was against their best interests to proceed to trial.

6. We informed referring counsel of our decision, and it was agreed that we would no longer pursue actions on behalf of these clients.

7. Accordingly, in June 2004, we proceeded to close nearly 5000 individual Baycol cases where our clients were not diagnosed with Rhabdomyolysis. We stand by our decision to close these matters as we feel there is no reasonable prospect for compensation for these clients over and above expenses.

8. Pursuant to PTO 89, this Court designated 220 cases as "trial selection" cases, of which Weitz & Luxenberg, P.C. represented approximately 160 clients (only 5 of whom were diagnosed with Rhabdomyolysis). These cases were selected as a random sampling of cases. Attached hereto as **Exhibit A** is an MDL Baycol Status Conference "Transcript" from July 15, 2003 excerpt from pages 120-132.

9. Upon entry of PTO 89, we had no less that 45 attorneys and staff members working full time on reviewing, processing and handling these cases, including extensive client contact and review of medical records for purposes of evaluating each individual claim for viability for trial.

E-SERVED 09/24/04 03:48 PM ET Baycol MDL 1431

10. Moreover, through the next months, we attended 64 depositions related to our Baycol MDL trial cases as a means to further evaluate those we thought had potential viability. A total of 26 depositions were taken in Rhabdomyolysis cases and 38 were taken in non-Rhabdomyolysis cases.

11. Ultimately, Weitz and Luxenberg, P.C. concluded that none of its non-Rhabdomyolysis trial selection cases could withstand a trial, and each one was eventually dismissed.

12. It should also be noted that the PSC and counsel for the remaining plaintiffs reached the identical conclusion with respect to each of their own non-rhabdomyolysis clients. Attached hereto as **Exhibit B** is a copy of MDL Baycol Status Conference "Transcript" from June 22, 2004, excerpt from page 48.

13. For over one year, Weitz & Luxenberg, P.C. has been involved in extensive settlement discussions with Shook, Hardy and Bacon on behalf of defendants. We have been told, in no uncertain terms, that non-rhabdomyolysis will not now, nor ever, be considered for settlement by Bayer.

14. Weitz & Luxenberg, P.C. has identified and has discussed with defendants, for settlement purposes, those cases designated by PTO 127 as "1.A." or "Rhabdomyolysis" cases. We initially presented for settlement those claims with document muscle complaints coupled with objective medical evidence, or those claims falling into PTO 127 categories 1.B.(1) and 1.B.(2)., which, as noted above, were flatly rejected for settlement by defendants.

15. We are aware that a total of three Baycol cases have proceeded to trial across the country, each of which has resulted in a defense verdict. Weitz & Luxenberg,

E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

P.C. has prepared three cases for trial in state courts, however, we ultimately determined that a trial in a non-Rhabdomyolysis case is not in the best interests of our clients.

16. With respect to our rejection process, we advised our clients that although they may have meritorious cases, their claims lacked value or the value would likely be far exceeded by expenses. We presented several options, specifically they may a) agree to dismissal of their claims, b) secure substitute counsel, or c) be subject to a motion by us to withdraw as counsel. Approximately 2,700 people responded that they agree to the dismissal of their claims. Attached hereto as **Exhibit C** is a list of those cases for which the present motion is seeking Dismissals Without Prejudice (The attached list currently consists of the claimants name, a list with the claimant's index number will be supplemented.)

17. Victoria Maniatis, Esq., of my office discussed with counsel for defendants our desire to enter into stipulations of dismissal without prejudice on the subject cases. Defendants advised that they are not agreeable to this proposal.

18. By reason of the foregoing and arguments more fully set forth in the brief filed herewith, it is respectfully submitted that the Plaintiffs' motion should be granted in all respects.

E-SERVED
09/24/04
03:48 PM ET
Baycol MDL 1431

19. Attached hereto as **Exhibit D** is an Affirmation of Daniel C. Burke, Esq.

Dated: September 2, 2004
New York, NY

Respectfully Submitted,

Paul J. Pennock, Esq.
**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiff(s)
180 Maiden Lane
New York, NY 10038
(212) 558-5904