E-SERVED
10/06/04
02:06 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**This Document Relates to:**
**Certain Weitz & Luxenberg's Plaintiffs**

---

**AFFIRMATION OF DANIEL C. BURKE IN SUPPORT OF CERTAIN PLAINTIFFS' EXPEDITED MOTION FOR A STAY OF THE ORDER OF HON. JONATHAN LEBEDOFF DATED SEPTEMBER 27, 2004.**

---

Daniel C. Burke, an attorney duly admitted to practice law before the Courts of the State of New York, and federal Courts of the Southern and Eastern Districts of New York, affirms all of the following to be true under the penalties of perjury:

1. I am associated with the law firm of Weitz & Luxenberg, P.C., and as such I am familiar with the facts set forth herein.

2. Weitz & Luxenberg is filing this motion seeking a sixty (60) day stay of the Order of the Hon. Jonathan Lebedoff dated September 27, 2004 which directs that certain plaintiffs serve upon defendants completed Plaintiff Fact Sheets, executed authorizations and responsive documents pursuant to PTO 81 no later than October 12, 2004 or their cases will be dismissed with prejudice. A copy of the order and its attached list of plaintiffs subject to it are annexed hereto collectively as Exhibit "A."

3. As the Court is aware, Weitz & Luxenberg has filed two motions which remain pending; one which seeks an order permitting us to withdraw as counsel for certain plaintiffs, and the other for an order dismissing certain cases without prejudice. Both are scheduled for oral argument before your Honor on October 25, 2004.

E-SERVED
10/06/04
02:06 PM ET
Baycol MDL 1431

4. Each and every case subject to Judge Lebedoff's September 27, 2004 order is addressed in one of the two (2) pending motions. For every case subject to Judge Lebedoff's order, Weitz & Luxenberg has expressed its intention to the Court that it seeks to either withdraw as counsel or seeks to have the matters dismissed without prejudice.

5. In fact, Weitz & Luxenberg requested a stay of all proceedings pending a hearing and determination of its motions. The Court thus far has not ruled on the stay request, necessitating the instant application.

6. At the status conference held on September 27, 2004 before your Honor, the question of Weitz & Luxenberg's pending motions was raised. Some discussion was held, however, the Court will recall it deferred oral argument until October 25, 2004.

7. Despite no formal decision or order being entered, your Honor suggested that you had concerns about whether to permit Weitz & Luxenberg to withdraw as counsel.

8. Accordingly, as of last week, Weitz & Luxenberg finds itself in a position where it must continue to litigate over 2,000 cases where it has advised its clients that it is not in their best interests to proceed, and that it intends to seek to withdraw as counsel.

9. The very same day the Court articulated its concerns about permitting Weitz & Luxenberg to withdraw, Judge Lebedoff entered an order requiring service of discovery on behalf of over 1,000 Weitz & Luxenberg plaintiffs, who are subject to the pending motions within two (2) short weeks, or face dismissal of their claims with prejudice.

10. Such a result would run directly counter to this Court's own stated concern

E-SERVED
10/06/04
02:06 PM ET
Baycol MDL 1431

that withdrawal as counsel would unfairly prejudice these plaintiffs. In anticipation of the Court's expected order to continue as counsel for these plaintiffs, Weitz & Luxenberg simply seeks an opportunity to comply with the discovery requirements of this Court.

11. Promptly following the Court's expression of it its position at the September 27, 2004 conference, Weitz & Luxenberg began to re-focus its efforts on actively litigating the claims in which we earlier intended to withdraw.

12. This requires that we obtain and serve upon defendants verified Plaintiff Fact Sheets, executed HIPAA compliant authorizations and medical records by Monday, October 12, 2004 for approximately 777 clients. (The remaining 520 clients subject to Judge Lebedoff's September 27, 2004 order have expressed an intention to discontinue their cases, and per our pending motion we have requested they be dismissed without prejudice).

13. Compliance with the Order in such a short time period is proving a daunting, if not impossible task. Several clients' family members have already advised us that our clients are out of town, and will not return in time to execute the authorizations we have forwarded. Many have questions regarding completion of Fact Sheets, and many Fact Sheets we have in hand are missing information we are seeking to have our clients complete.

14. Despite our best efforts, and a full time staff working day and night, we will likely have dozens, if not hundreds of cases where we simply will not have the information returned in time to comply with the October 12, 2004 deadline.

15. It is patently unfair and unduly prejudicial to the clients subject to the

E-SERVED
10/06/04
02:06 PM ET
Baycol MDL 1431

October 12, 2004 deadline to have their cases dismissed without prejudice for a lack of opportunity to comply.

16. Weitz & Luxenberg is working diligently to now comply with all necessary discovery pursuant to this Court's orders.

17. We have contacted Charles Zimmerman, Esq. on behalf of the Plaintiff's Steering Committee, and he has advised that the PSC supports the instant motion for a stay of the Order.

WHEREFORE it is respectfully requested that the Order of the Hon. Jonathan Lebedoff dated September 27, 2004 be stayed for a period of sixty (60) days to permit plaintiffs to comply with their obligations pursuant to PTO 81.

Dated: October 6, 2004
New York, New York

Respectfully Submitted,

Perry Weitz, Esq.
Arthur Luxenberg, Esq.
Robert Gordon, Esq.
Paul Pennock, Esq.
Victoria J. Maniatis, Esq.
Daniel C. Burke, Esq.
**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiffs
180 Maiden Lane
New York, NY 10038
(212) 558-5500