UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Baycol Products Litigation MDL No. 1431

This Document Relates to All Actions Pretrial Order No. 133

---

Charles S. Zimmerman, Ronald S. Goldser and Robert R. Hopper, Zimmerman Reed, P.L.L.P and Richard A. Lockridge, Robert K. Shelquist, Yvonne M. Flaherty and Sunny H. Kim, Lockridge, Grindal Nauen, P.L.L.P for and on behalf of the Plaintiffs' Steering Committee.

Peter W. Sipkins, Dorsey & Whitney, Gene C. Shaerr, Frank R. Volpe and Richard H. Menard, Sidley Austin Brown & Wood LLP, Susan A. Weber, Sidley Austin Brown & Wood LLP, and Philip S. Beck and Adam L. Hoeflich, Bartlit Beck Herman Palenchar & Scott LLP, for and on behalf of Bayer Corporation and Bayer AG.

---

On June 10, 2004, the Plaintiffs' Steering Committee ("PSC") submitted a Letter of Request for Judicial Assistance Pursuant to the Hague Convention ("Letter Request"). By this Letter Request, the PSC seeks to obtain documents from Dr. Raffaele Guariniello, the Italian prosecutor that investigated Bayer beginning in September 2001. Specifically, the PSC seeks approximately 100,000 documents that Dr. Guariniello obtained in July 2002 from Bayer AG, Milan relating to the withdrawal of Baycol from the worldwide market. In their letter accompanying the Letter Requests, the PSC asserts that they have asked Bayer for these documents, but Bayer had not responded. Bayer now moves to quash



SCANNED
NOV 10 2004
U.S. DISTRICT COURT MPLS

Plaintiffs' Letter Request.

Background

The Hague Evidence Convention (hereinafter "Convention") prescribes procedures by which judicial authority in one contracting state may request evidence located in another state. Societe Nationale Industrielle Aerospatiale v. United States District Court for the District of Iowa, 482 U.S. 522, 524 (1987). "The Convention's purpose was to establish a system for obtaining evidence located abroad that would be 'tolerable' to the state executing the request and would produce evidence 'utilizable' in the requesting state." Aerospatiale, at 530 (citing Amram, Explantory Report on the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, in S. Exec. Doc. A., p. 11). In this case, both the United States and Italy are contracting states under the Convention.

As the party seeking to pursue discovery through the Convention, the PSC bears the burden of persuading this Court that proceeding in this manner is necessary and appropriate. Tulip Computers International B.V. v. Dell Computer Corporation, 254 F. Supp. 2d 469, 474 (D. Del. 2003)(citation omitted). "That burden is not great, however, since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." Tulip Computers 254 F. Supp. 2d at 474 (citing Aerospatiale, 482 U.S. at 541). Factors the Court may take into consideration in determining

whether Convention procedures should be used include: 1) the importance of the documents to the litigation; 2) the degree of specificity of the request; 3) whether the information originated in the United States; 4) the availability of alternate means of securing the information; and 5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. Aerospatiale, 482 U.S. at 544, n. 28.

There is no dispute that the proposed Letter Request is a means available under the Convention. The PSC has also demonstrated that the requested documents, purporting to relate to the withdrawal of Baycol from the worldwide market, are relevant and important to this litigation which include claims of strict liability, negligence and misrepresentation against Bayer AG and Bayer Corporation related to the marketing, testing, distribution and sale of Baycol. It also appears that resort to the Convention is the only means available to obtain the requested discovery from Dr. Guariniello, as he is a foreign person that is not a party to this case, and who is not otherwise subject to the jurisdiction of this Court. See eg., Tulip Computers, 254 F. Supp.2d at 474 (citation omitted); The Gap, Inc. v. Stone International Trading, Inc., GAP-MA, 1994 WL 38651, *1 (S.D.N.Y. Feb. 4, 1994)(citing Torreblanca de Aguilar v. Boeing Co., 806 F. Supp. 139, 144 (E.D.Tex. 1992)).

Bayer nonetheless asks the Court to grant its motion to quash, arguing the Letter Request will not prove effective in light of Italy's Article 23 reservation. Article 23 of the Convention provides that "[a] Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pretrial discovery of documents in Common Law countries." When Italy ratified the Convention, it made the following reservation:

> The Italian Government declares, in accordance with Article 23, that it will not execute Letters of Request issued for the purpose of obtaining pretrial discovery of documents as known in Common Law countries.

Convention n.2c. It appears that the State Department has interpreted Italy's reservation as a complete refusal to execute Letter Requests for pretrial discovery pursuant to the Convention. U.S. Dept. of State, "Judicial Assistance - Italy" available at http://travel.state.gov/law/italy_legal.html. ("The Italian Central Authority has notified the Hague Conference on Private International Law that it will not grant requests for pre-trial discovery of documents.")

The PSC responds that this argument requires an interpretation of Italy's reservation under Article 23, and that the Italian court should be given the opportunity to make this interpretation. Even if interpretation of the Article 23 reservation were ripe for this Court to determine, the PSC argues that the reservation is not the substantial obstacle to discovery that the broad language of

Article 23 would suggest - because there is substantial debate over the definition of "pretrial discovery". See, Aerospatiale, at 563-565 (Blackmun, J., concurring in part, dissenting in part)(citing Bernard H. Oxman, The Choice Between Direct Discovery and Other Means of Obtaining Evidence Abroad: The Impact of the Hague Evidence Convention, 33 U. Miami L. Rev. 733, 773-74 (1983)(years after ratification, there appears to be a gross misunderstanding as to the definition of pre-trial discovery - that it was discovery used to search for evidence before institution of suit)). In his separate opinion, Justice Blackmun noted that many of the contracting states have modified the declarations made under Article 23, and that the emerging view is that these exceptions to discovery "applies only to 'requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting court.'" Id. at 565 (quoting Oxman, The Choice Between Direct Discovery and Other Means of Obtaining Evidence Abroad, at 777).

Bayer further argues that the Letter Request at issue here will not prove effective as Italian law would prevent the disclosure of the requested documents. The documents sought were seized by an Italian prosecutor as part of a criminal investigation. Bayer asserts that Italian law provides that such documents must be kept under seal until and unless the prosecutor officially closes the investigation and issues a complaint. Zanchetti Decl. ¶ 5-6 (citing to Article 329 of the Italian

Code of Criminal Procedure).

The PSC responds that this Court should not presume that Article 329 automatically operates to nullify the opportunity to present a Letter Request to the Italian authorities. Rather the Letter Request should issue, and the Italian authorities should determine whether Article 329 would prevent the documents from being produced. Further, Article 329 provides that the criminal investigation is secret "until the moment in which the defendant can have knowledge of them, and anyway not beyond the closing of the preliminary investigation." Plaintiffs assert that as the Italian prosecutor seized the documents at issue two years ago, it is likely the preliminary investigation is over. Geffers Decl. ¶ 3.3 Further, as the documents were in Bayer SpA's possession until they were seized, such documents were known to Bayer. Accordingly, the requested documents may not fall within the scope of Art. 329. Geffers Decl. ¶ 3.1.

The Court agrees that whether the Letter Request will be executed in light of Italy's Article 23 reservation, or whether the Letter Request conflicts with Article 329 of the Italian Code of Criminal Procedure, require interpretation of Italian law, which is best left to the appropriate Italian tribunal. <u>See</u>, <u>Tulip Computers</u> at 475 (with respect to Article 23 reservation, the court was satisfied that if requests are too broad under the law of the Netherlands, then the requests will be narrowed by the appropriate authorities in the Netherlands before documents are

produced); The GAP, Inc. v. Stone International Trading, Inc. et al., 1994 WL 38651, *2 (S.D.N.Y., Feb. 4, 1994)(foreign tribunal will first determine whether its laws regarding privileges is applicable to discovery request). Such arguments are thus not a basis for quashing the Letter Request at issue here.

Lastly, Bayer points out that the form Letter Request submitted to this Court by the PSC provides "**Any responses and/or evidence returned to this court will be submitted as evidence at trial. The requested evidence is necessary for the continuance of these proceedings."** However, without prior vetting of the requested documents, this Court cannot truthfully assert that all returned evidence will be relevant or admissible at trial. The Court agrees, and will amend the Letter Request accordingly.

IT IS HEREBY ORDERED that the Bayer's Motion to Quash Plaintiffs' Request for a Letter Rogatory Pursuant to the Hague Convention [Doc. No. ] is DENIED. The Court will issue the Letter Request in the Form Attached hereto.

Date: 11.10.04

Michael J. Davis
United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Baycol Products Litigation MDL No. 1431

This Document Relates to All Actions

---

**Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters**

TO: Ministero Degli Affari Esteri
Direzione Generale Emigrazione
Ufficio IX
00194 Rome, Italy

FROM: The United States District Court
District of Minnesota
U.S. Courthouse, Suite 14E
300 South Fourth Street
Minneapolis, MN 55415

PERSON TO WHOM THIS REQUEST FOR EVIDENCE IS DIRECTED:

Dr. Raffaele Guariniello
Torino Public Prosecutor
Procura della Repubblica
presso il Tribunale di Torino
C. so vittorio Emmanuelle 130 - Torino Italy

Please return the evidence directly to the attention of the requesting Judge - unless the information provided is not written in English. In that case, please return the evidence and all correspondence to:

Avv. Frank J. Geffers
Via Lisbona 11• 00198 Roma
Telephone: +39 06 884 1535
Fax: +30 06 884 2094
E-mail: f.geffers@psglaw.com

## I. Names and Address of the parties and their Representatives

Plaintiffs

Plaintiffs' Steering Committee, duly designated by the Court pursuant to Pretrial Order No. 3, dated February 1, 2002

Plaintiffs' Lead Counsel

Charles S. Zimmerman
ZIMMERMAN REED P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402

Richard A. Lockridge
LOCKRIDGE GRINDAL
NAUEN P.L.L.P.
100 Washington Avenue S.,
Suite 2200
Minneapolis, MN 55401

Defendants

Bayer AG
Werk Leverkusen
51368 Leverkusen
Germany

Bayer Corporation
100 Bayer Road
Pittsburgh, PA 15205

Glaxosmithkline PLC
Stockley Park West
Uxbridge
Middlesex, UB11 1BT

Smithkline Beecham Corporation
d/b/a Glaxosmithkline
One Franklin Plaza
Philadelphia, PA 19102

Lead Counsel, Bayer AG and Bayer Corporation

Philip Beck
Bartlit Beck Herman Palenchar & Scott
54 West Hubbard, Suite 300
Chicago, IL 60610

Lead Counsel, Glaxosmithkline PLC and Smithkline Beecham d/b/a Glaxosmithkline

Fred T. Magaziner
Hope S. Freiwald
Robert A. Limbacher
DECHERT
4000 Bell Atlantic Tower
Philadelphia, PA 19103-2793

## II. Summary of the Case

This is a Multidistrict Litigation action which consists of over 10,000 product liability cases currently pending before the United States District Court for the District of Minnesota. These cases involve allegations concerning a medication generically known

as Baycol (also known as Lipobay, Cholstate or Cerivastatin). Baycol was commonly prescribed to aide in lowering cholesterol and triglycerides. It is within a class of drugs referred to as "statins", which are commonly prescribed for high cholesterol and heart disease. The plaintiffs allege that Baycol caused rhabdomyolosis, a disease which results in damage to muscle tissue, kidney failure or other related systemic injuries. Baycol has been linked to over 100 deaths. It was withdrawn from the market in August 2001.

Plaintiffs allege that Defendants Bayer AG, Bayer Corporation, Glaxosmithkline PLC and Smithkline Beecham d/b/a Glaxosmithkline tested, marketed, distributed, promoted and sold Baycol/Lipobay.

The Judicial Panel on Multidistrict Litigation determined that the Baycol cases filed involved common questions of fact and that centralization of the Baycol cases was appropriate. All Baycol cases were then ordered to be transferred to the District of Minnesota, and assigned to this Court to coordinate discovery and other pretrial matters. For further information, see the U.S. District Court, District of Minnesota's Baycol website at www.mnd.uscourts.gov/Baycol_Mdl.

**III. Requested Evidence**

Plaintiffs seek production of documents from Dr. Raffaele Guariniello, Torino Public Prosecutor, which he obtained through his criminal investigation of Bayer AG relating to the withdrawal of Baycol from the worldwide market. The evidence sought consists of approximately 100,000 documents (or pages of documents) obtained by Dr. Raffaele Guariniello from the offices of Bayer AG, Milan, Italy, in or about July 2002. To the best of Plaintiffs' knowledge, the documents are still in the possession and/or control of Dr. Guariniello.

Attorney Charles S. Zimmerman made an informal request of Dr. Raffaele Guariniello for these documents on October 29, 2002. A copy of Mr. Zimmerman's October 29, 2002 letter is attached hereto as Exhibit A.

Plaintiffs have retained Italian counsel who will facilitate in the acquisition of these documents and any arrangements for copying, shipping and handling of the documents, in addition to any other matters which may arise regarding this request. +39 06 884 2094; e-mail: f.geffers@psglaw.com.

In addition to this request to Dr. Guariniello, Plaintiff will be seeking to obtain this information from Defendant Bayer through formal Requests for Production of Documents.

If any portion of this Request is deemed to be unacceptable under the laws of Italy, please disregard that portion and continue to comply with as much of the Request as is legally permissible.

**IV. Reimbursement for Costs**

This Court understands that any fees and costs incurred in the execution of this Request are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Evidence Convention.

These fees and costs will be reimbursed by the above-counsel for the Plaintiffs up to $5,000. Avv. Frank J. Geffers, Via Lisbona 11 • 00198 Roma, telephone +39 06 884 1535; fax: +39 06 884 2094; e-mail: f.geffers@psglaw.com and Robert R. Hopper, ZIMMERMAN REED P.L.L.P.,

telephone 1.612.341.0400; fax: 1.612.341.0844; e-mail: rrh@zimmreed.com, should be informed before the costs exceed this amount.

Date: Nov. 10, 2004

Michael J. Davis

Michael J. Davis
United States District Court

# Exhibit A

SCANNED
NOV 1 0 2004
U.S. DISTRICT COURT MPLS

ZIMMERMAN REED
ATTORNEYS AT LAW

October 29, 2002

CHARLES S. ZIMMERMAN
Admitted in Minnesota
csz@zimmreed.com

REPLY TO MINNEAPOLIS

*Via Federal Express*

Dr. Raffaele Guariniello
Torino Public Prosecutor
Procura della Repubblica
presso il Tribunale di Torino
C. so vittorio Emanuelle 130 - Torino
Italy

*RE:* *In re Baycol Products Litigation* - MDL No. 1431

Dear Dr. Guariniello:

As co-lead counsel of MDL No. 1431, *In re Baycol Products Litigation*, I am writing to make a formal request for you to produce the documents which your office has obtained as a result of your criminal investigation of Bayer AG relating to the withdrawal of Baycol from the worldwide market. On February 1, 2002, myself and Richard Lockridge, of Lockridge Grindal Nauen, P.L.L.P., were appointed by the Honorable Judge Michael Davis, Judge of the United States District Court for the District of Minnesota, as Co-Lead Counsel, as indicated in the attached Pre-trial Order No. 3.

Kenneth B. Moll, of KENNETH B. MOLL & ASSOCIATES, LTD., appointed by Judge Davis to the Plaintiffs' Steering Committee, has informed us of his recent meeting with you in Turino, Italy on October 14-15, 2002 and your generosity and hospitality. He has indicated that your office has managed to gather a significant number of documents from Bayer AG and Bayer Milan through your criminal investigation. We feel that those documents would also be extremely relevant in our legal proceedings in the United States.

At your earliest convenience, please arrange with the undersigned for copies of those documents to be produced. If you have any questions regarding the above, please contact us at any time.

Very truly yours,

ZIMMERMAN REED, P.L.L.P.

Charles S. Zimmerman
CSZ:clh
Enclosure

EXHIBIT
A

cc: Plaintiffs' Steering Committee