E-SERVED
01/25/05
10:54 AM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to:

ALL ACTIONS

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF PRETRIAL ORDERS 114, 127 AND 131**

## I. INTRODUCTION

What began as "a groundbreaking case management mechanism" has now run its course, deteriorating into an exercise in futility. Almost a year ago, the Plaintiffs' Steering Committee ("PSC") proposed a process by which the universe of Baycol injury claims could be measured, resulting, after substantial input from the defendants, in Pretrial Orders ("PTO") 114, 127, and 131 (collectively referred to herein as the "Categorization Process"). With over 3,000 PTO 114/131 submissions, and agreement regarding over 1,200 submissions to date, the initial purpose of the Categorization Process, to identify and categorize a large group of claims, has been accomplished.[1] However, rather than utilizing the knowledge and case definitions gleaned from the Categorization Process to advance this litigation, Defendants have seized upon the process as merely another opportunity to bring this litigation to a grinding halt. Accordingly, the PSC respectfully requests that the procedures of PTO's 114, 127 and 131 be held in abeyance indefinitely.[2]

[1] See Transcript of the July 20, 2004 Status Conference at 11:9-11: The Court: "It's great to see that we are getting some category definitions, and that will be helpful to the Court later on."

[2] Pursuant to PTO 131, the vast majority of Plaintiffs' submissions referenced herein are due on January 31 and February 28, 2005. Accordingly, Plaintiffs respectfully request an expedited briefing schedule and hearing date at the Court's earliest convenience.

E-SERVED 01/25/05 10:54 AM ET Baycol MDL 1431

## II. ARGUMENT

The purpose of the Categorization Process was to provide information to the parties, aid case management, and facilitate resolution of claims.[3] See e.g, PTO 114, Par. VIII, March 18, 2004 (PTO 114 provides for the categorization of all claims and instructs the parties to "propose to the court a system and procedures for further categorizing claims to *assist in the selection of an appropriate spectrum of cases for potential trial in the MDL and to fulfill the Court's MDL obligations*")(emphasis added). It was designed to facilitate an understanding of the definable categories for, *inter alia*, class certification, trial, remand, or settlement. However, Defendants clearly view the Categorization Process as an open invitation to nitpick every aspect of every report in order to vigorously challenge the merits of every individual claim.

While continuation of the Categorization Process may be viewed as beneficial from the Defendants' perspective, its operation now serves to greatly prejudice the Plaintiffs and impede settlement discussions. To date, over 1,200 claims have been categorized pursuant to the process described herein. This number reflects cases in which Plaintiffs and Defendants agree on the appropriate categories. Only a fraction of such claims, 28 to be exact, are for rhabdomyolysis. See Affidavit of Richard A. Lockridge. Thus, the vast majority of agreed upon categorizations are for non-rhabdomyolysis claims. Id.

However, notwithstanding the successful categorization of such claims, which are based on stipulated and Court-approved criteria, Defendants have failed to acknowledge the legitimacy of the

---

[3] Despite Defendants' interpretation to the contrary, the Categorization Process is not a so-called Lone Pine Order. See Lore v. Lone Pine Corp., 1986 WL 637507 (N.J.Super.L. 1986), attached as Exhibit 1. Indeed, many jurisdictions do not subscribe to the requirement set forth by the New Jersey trial court in Lone Pine and any effort by Defendants to impose such requirements via a single legal standard on all Plaintiffs, regardless of their place of residence and/or transferor jurisdiction, would appear disingenuous as Defendants vociferously opposed the application of a single legal standard in Plaintiffs' Motion for Class Certification. See Defendants' Mem. in Opposition to Class Certification.

E-SERVED 01/25/05 10:54 AM ET Baycol MDL 1431

muscle injury claims and routinely have rejected requests for voluntary mediation. Plaintiffs who have expended significant time, effort, and money to secure their case specific expert reports (which are not required in many of the transferor jurisdictions) are then faced with aggressive challenges regarding the sufficiency of the information or conclusions set forth therein.[4] Indeed, Defendants have challenged virtually every expert report.

Defendants are, and will continue to be, entirely disincentivized to discussing any form of case resolution, whether it be through voluntary negotiations, Court sponsored mediation, or trials for individuals or other similarly appropriate groupings[5] as long as they know that they can make a mockery of the Categorization Process by sitting back, waiting, and attacking virtually all expert reports on any and all bases. Under these circumstances, many Plaintiffs will lack the financial resources to obtain further reports or supplemental reports, and many of the muscle injury claims will thus be dismissed and those Plaintiffs who have not yet filed their claims, may simply conclude that they cannot afford their day in Court.

Unlike the doctors in Lone Pine – who "were unwilling to commit to a causal connection," Plaintiffs have submitted specific expert reports attesting to a causal relationship between Baycol and muscle injuries. Unlike the Lone Pine Defendant, Bayer is "much better off," as a result of PTO's 114,127 and 131, in evaluating the already 1200 categorized claims. Bayer, however, is avoiding evaluation through frivolous objections.

Fed. R. Civ. P. 60(b)(3) and (6) provide:

---

[4] For example, a person who has suffered muscle injury (which Defendants consistently claim have no value) must expend up to several thousand dollars to provide Defendants with medical records and obtain an expert report without any certainty that it will be deemed satisfactory to the Defendants or to the Court. Moreover, if Defendants, for any reason, conclude the report does not satisfy them, Plaintiffs must request review by the Special Master. If any deficiencies, as viewed by Defendants, remain following the Special Master's review, the Defendants will move to have the case dismissed with prejudice by this MDL Court. This is true even though the particular Plaintiff's state law in question may not require such expert reports and even though the case otherwise may have been subject to remand to the District from which it came and from there to state court.

[5] See e.g., Plaintiffs' Renewed Motion for Class Certification.

E-SERVED
01/25/05
10:54 AM ET
Baycol MDL 1431

> On motion and upon such terms as are just, the court may relieve a party … from a … order or proceeding for the following reasons: … (3) … misrepresentation, or other misconduct of an adverse party; … (6) any other reason justifying relief….

Despite Plaintiffs' good faith efforts to comply with this Court's order, Bayer continuously violates the spirit of PTOs 114, 127 and 131 by its intransigent attitude. Defendants' actions are a deliberate effort, through conscious interference, to place roadblocks to the successful completion of the Court-sponsored Settlement and Mediation Program.

## III. CONCLUSION

The purpose of the Categorization Process was to categorize cases for ADR, trial, remand, and settlement. The Categorization process has yielded a generous sample of agreed-category claims upon which to base informed comprehensive settlement discussions, and for use in the test-case, or summary jury trial procedures that Plaintiffs have suggested as techniques for obtaining real world case values (including decisions made, in these posture-free zones, about which categories of claims have positive value, and which may not), and facilitating over-all resolution of the litigation. However, it has evolved into an enormous burden to Plaintiffs that cannot be justified. Plaintiffs have provided more than ample information, through Plaintiff Fact Sheets, medical records, and case specific causation reports. Yet, Defendants continue to attack the credibility and substance of virtually all of Plaintiffs' submissions, demanding an ever increasing level of detail and information.

Despite Plaintiffs' ongoing efforts to satisfy Defendants' demands, Defendants fail to acknowledge the information derived from the Categorization Process and blatantly refuse to move beyond their initial position that only the rhabdomyolysis cases have merit. Defendants' one-sided approach stands contrary to the spirit of the Categorization Process and serves only to needlessly harass individual claimants and cause further delay. The time has come to advance this litigation. The Categorization Process has yielded the information it was designed to obtain – that there is a

E-SERVED
01/25/05
10:54 AM ET
Baycol MDL 1431

continuum of injury recognized in this Court's categories. Plaintiffs' Comprehensive Case Management Proposal outlines several of the options available to this Court for managing these categories. Unfortunately, the Categorization Process has deteriorated into a convention that is manifestly unfair and counter-productive to any form of case management designed to further advance this litigation. Thus, Plaintiffs respectfully request that the procedures set forth in PTO's 114, 127 and 131, be held in abeyance while this court selects and deploys the case management/case valuation techniques plaintiffs have recently proposed as constructive alternatives to the current deadlock.

Respectfully submitted,

January 25, 2005

By: /s/ Richard A. Lockridge
Richard A. Lockridge, #64117
Robert K. Shelquist, #21310X
Yvonne M. Flaherty, #267600
Plaintiffs' Co-Lead Counsel
LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
100 Washington Avenue South,
Ste. 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Charles Zimmerman
Plaintiffs' Co-Lead Counsel
ZIMMERMAN REED, P.L.L.P
651 Nicollet Mall
Suite 501
Minneapolis, MN 55401
Telephone: (612) 341-0400

Dianne M. Nast
RODA & NAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
Telephone: (717) 892-3000

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

E-SERVED
01/25/05
10:54 AM ET
Baycol MDL 1431

William Audet
ALEXANDER HAWES & AUDET
152 N. 3rd Street
Suite 600
San Jose, CA 95112
Telephone: (408) 289-1776

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., LPA
Central Trust Tower, Suite 1513
One West Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-0267

Don Barrett
Barrett Law Office, PA
404 Court Square North
P.O. Box 987
Lexington, MS 3095
Telephone: (662) 834-2376

Daniel E. Becnel
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh St., P.O. Drawer H
Reserve, LA 70084
Telephone: (985) 536-1186

Turner W. Branch
Branch Law Firm
2025 Rio Grande Blvd. N.W.
Albuquerque, NM 87104
Telephone: (505) 243-3500

W. James Singelton
Singleton Law Firm
4050 Linwood Ave.
Shreveport, LA 71108
Telephone: (318) 631-5200

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.
1226 Euclid Avenue, Suite 900
Cleveland, OH 44115-1891
Telephone: (216) 621-8484

James R. Dugan
Gauthier, Downing, LaBarre, Beiser & Dean
3500 North Hullen Street
Metairie, LA 70002
Telephone: (504) 456-8600

Walter Dumas
Dumas & Associates
1263 Government Street
P.O. Box 1366
Baton Rouge, LA 70821-1366
Telephone: (225) 383-4701

Frederic S. Fox
Kaplan Fox & Kilsheimer LLP
805 3rd Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 687-1980

Paul J. Geller
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: (561) 750-3000

Don Hildre
Dougherty, Hildre, Dudek & Haklar
2550 Fifth Ave., Suite 600
San Diego, CA 92103-5624
Telephone: (619) 232-9131

E-SERVED
01/25/05
10:54 AM ET
Baycol MDL 1431

Will Kemp
Harrison, Kemp & Jones
3800 Howard Hughes Pkwy, 17th Floor
Las Vegas, NV 89109
Telephone: (702) 385-6000

Plaintiffs' Steering Committee