E-SERVED
01/25/05
10:57 AM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to:

ALL ACTIONS

**AFFIDAVIT OF RICHARD A. LOCKRIDGE IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION TO STAY ENFORCEMENT OF PRETRIAL ORDERS 114, 127 AND 131**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Richard A. Lockridge, being duly sworn, deposes and says:

1. I am a partner with the law firm of Lockridge Grindal Nauen P.L.L.P. I submit this Affidavit in Support of Plaintiffs' Expedited Motion to Stay Enforcement of Pretrial Orders 114, 127, and 131.

2. Attached as Exhibit 1 is a true and correct copy of Lore v. Lone Pine Corp., 1986 WL 637507 (N.J.Super.L.)

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Richard A. Lockridge

Sworn to before me this 25 day of January, 2005.

Barbara R. Gilles
Notary Public

BARBARA R. GILLES
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

E-SERVED
01/25/05
10:57 AM ET
Baycol MDL 1431

# EXHIBIT 1

E-SERVED 01/25/05 10:57 AM ET Baycol MDL 1431



C
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of New Jersey, Law Division.

Joseph v. LORE, et als, Plaintiffs,
v.
**LONE PINE** CORPORATION, et als, Defendants

**No. L-33606-85.**

Nov. 18, 1986.

OPINION: JUDGMENT OF DISMISSAL WITH PREJUDICE

WICHMANN, J.S.C.

***1** This matter having come before this Court for the purpose of case management, and the Court having determined that, upon the face of the Complaint, no prima facie claim for personal injuries or property damage appears, the Court having ordered plaintiffs to provide sufficient information to establish the existence of a prima facie case, and the plaintiffs having failed to do so by June, 1986; and the time having been further extended by the Court to August 21, 1986, and the plaintiffs having again failed to comply with this Court's order; and the Court being of the opinion that the Complaint of the plaintiffs was filed without good grounds in violation of R. 1:4-8; and various defendants having moved for the entry of a Judgment of Dismissal; and for good cause shown:

IT IS on this 18th day of November 1986:

ORDERED AND ADJUDGED that the Complaint of plaintiffs, having failed to set forth a prima facie case, and having failed to plead a claim upon which relief may be granted, the Complaint is hereby dismissed with prejudice for the reasons more fully set forth in the written decision of this Court dated November 18, 1986.

This is a suit instituted by the plaintiffs against some 464 defendants. The first named defendant, **Lone Pine** Corporation, is alleged to have operated a landfill; the remaining defendants are alleged to have been generators and/or haulers of toxic materials.

Plaintiffs contend that their properties were depreciated in value because of polluted waters arising from the **Lone Pine** Landfill. They also sued for personal injuries caused by the same pollution, the nature of the injuries being allergies, skin rashes and similar ailments.

Suit was filed on April 23, 1985. In October of 1985 an order to show cause was brought by the multiple defendants. At that hearing the Court determined that because of the number of defendants, organization was required to manage the case. On November 12, 1985 Case Management Order # 1 was entered. It provided that since few defendants had been been served, discovery would not take place until most of the remaining defendants had been served and had the opportunity of filing answers or entering appearances.

As a result of that order a case management conference was held on January 31, 1986 with defendants' counsel and plaintiff's counsel present. At that time it was pointed out by defense counsel that the Environmental Protection Agency had prepared a Record of Decision (R.O.D.) which was a summary of sixteen studies on the **Lone Pine** Landfill. The R.O.D. cataloged and evaluated all the information available on the **Lone Pine** problem and the location of the resulting pollution.

After the conference, Case Management Order # 2 was issued. It ordered, in part, that on or before June 1, 1986:

(1) plaintiffs would provide the following documentation with respect to each claim for personal injuries:
(a) Facts of each individual plaintiff's exposure to alleged toxic substances at or from **Lone Pine** Landfill;
***2** (b) Reports of treating physicians and medical or other experts, supporting each individual plaintiff's claim of injury and causation by substances from **Lone Pine** Landfill;
(2) plaintiffs would provide the following with respect to each individual plaintiff's claim for diminution of property value;
(c) Each individual plaintiff's address, including

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

E-SERVED 01/25/05 10:57 AM ET Baycol MDL 1431



tax block and lot number, for the property alleged to have declined in value;
(d) Reports of real estate or other experts supporting each individual plaintiff's claim of diminution of property value, including the timing and degree of such diminution and the causation of same.

These were considered to be the basic facts plaintiffs must furnish in order to support their claims of injury and property damage.

On June 20, 1986, a case management conference was held with all attorneys present. A member of plaintiffs' counsel's firm represented to the Court that there had been a serious illness in the immediate family of plaintiffs' attorney which ultimately resulted in the death of a family member and that this circumstance prevented the submission of the reports and proofs required by CMO # 2. Case Management Order # 3 was entered on June 25, 1986 and, over the objections of defense counsel, extended until August 19, 1986 the time for plaintiffs to provide the documentation required by the prior order.

On August 18, 1986 plaintiffs' attorney forwarded to the Court information which purportedly complied with CMO # 3. A copy of said information is attached to this decision. The data submitted was woefully and totally inadequate.

It had been clearly understood in the earlier meetings that defense counsel required sufficient information to provide defenses and to determine which of the multiple defendants might have been involved in the alleged dumping of certain chemicals which could have brought about the pollution in the area, as well as its effect on the property and persons of the plaintiffs.

The report submitted concerning the depression in real estate values consisted of a two and one-half page letter from Herbert N. Tanzman, Realtor.

Mr. Tanzman admitted in the report that he had not inspected any of the properties which were the subject of the litigation. He also stated that he had not compared the values of the subject properties with comparable land. He quoted only hearsay and provided no documentation or any other evidence of compromised values.

He further stated that he could not offer an opinion until he had an opportunity to review the problem in greater detail. He indicated that the report was inadequate because he had only 30 days in which to investigate the properties and record his findings prior to the court-imposed deadline for the submission of such substantiation of plaintiffs' claims as to the diminution of property values. (Emphasis added)

The conclusions which were reached by Mr. Tanzman are completely contrary to the EPA R.O.D. which indicates that there was no problem with ground water contamination, nor indeed with the transport of pollution by air, ground water or surface water.

*3 Mr. Tanzman provided no evidence of contamination of plaintiffs' properties and no evidence that any such contamination is causally related to **Lone Pine.**

One of the properties involved is 20 miles from **Lone Pine** at the end of the Metedeconk River, four properties are at the outlet of the Manasquan River in Point Pleasant, and two more are each two miles from the landfill in different directions. The EPA R.O.D. suggests that contamination is confined to the landfill and its immediate vicinity.

The information submitted as to personal injury claims was so inadequate as to be deemed unbelievable and unreal. Plaintiffs merely listed a variety of illnesses such as allergies, itching, dryness of skin, and the like. No records were submitted to substantiate any physical problems, their duration or severity. No doctors' reports were provided.

Certainly where there is personal injury or illness it is possible to obtain adequate reports of treating physicians and an opinion as to whether or not exposure to toxic materials was a contributing factor.

Plaintiffs' attorney stated that the doctors and treating physicians contacted by him were unwilling to commit to a causal connection. If they are unwilling, who, then, can provide the information?

Thus defendants were no better off at the end of the seven months allowed plaintiffs to substantiate their cases then when suit was instituted.

In light of the foregoing, it is clear that the plaintiffs have not established by expert evidence or the R.O.D. report that they were damaged. Sixteen months after the start of the suit, plaintiffs' counsel has failed to provide anything that resembles a prima facie cause of action based upon property diminution or personal

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

E-SERVED 01/25/05 10:57 AM ET Baycol MDL 1431



injuries.

At the case management conference held on September 5, 1986, representative defense counsel moved for dismissal with prejudice of plaintiffs' complaint under Rule 4:23-2(b)(3) which provides that where discovery orders are violated (in this instance, two case management orders) the Court has sole discretion, including dismissal of the various causes of action. Further, Rule 4:37-2(a) permits dismissal with prejudice at the discretion of the Court for failure to comply with the Rules of Court.

In explanation of the delay in providing compliance with the orders, plaintiffs' attorney cited the serious illness and death of his father. While a death is always of great significance, the Court does not agree that this is an adequate explanation of the lengthy delay and of the ultimate submission of insufficient information. In such a case as this, preliminary expert reports should have been obtained prior to filing suit.

Plaintiffs' attorney also contends that in a conversation in chambers with lead counsel for defendants prior to the January 1986 meeting, he understood he would be permitted to provide something less than full and complete discovery. What counsel fails to indicate is that it was made clear to him that although the discovery need not be voluminous, it would have to be sufficiently clear and precise so that a cause of action for dimunition of property values and for personal injuries would be clearly set forth.

*4 A reading of the reports submitted by plaintiffs at the expiration of sixteen months clearly indicates their inadequacy in establishing a prima facie case and do not constitute reasonable discovery.

Attorney Russel Hewit, speaking as one of the counsel moving for dismissal, stated at page 62 of the transcript of the case management conference of September 5, 1986:

> "Mr. Lichtenstein has provided no evidence whatsoever for anybody to conclude, or even to infer, that the properties of the plaintiffs are polluted."

In referring to the doctors' statements (not reports), he continues at page 63:

> "With regard to the personal injuries, there is no evidence whatsoever of any toxic or chemical contamination of any of the bodies of the plaintiffs."

It was agrued at the September 5, 1986 case management conference that a trial judge assigned to handle a matter dealing with over 400 defendants and 120 attorneys should direct that at least a modicum of information dealing with damages and causal relationship should be established at the outset of the suit.

In this Court's opinion, it is time that prior to the institution of such a cause of action, attorneys for plaintiffs must be prepared to substantiate, to a reasonable degree, the allegations of personal injury, property damage and proximate cause.

With the hundreds of thousands of dollars expended to date in this case, it appears that plaintiffs' counsel is moving things along without complying with discovery orders, hoping that some of the defendants, to avoid further delay and expense, would recommend a settlement of the case. However, there is nothing to be settled because there is total and complete lack of information as to causal relationship and damages.

This Court is not willing to continue the instant action with the hope that the defendants eventually will capitulate and give a sum of money to satisfy plaintiffs and their attorney without having been put to the test of proving their cause of action.

Therefore, it is the decision of this Court that this cause of action is dismissed with prejudice and thereby terminated. An Order of Dismissal with Prejudice has been signed and filed.

1986 WL 637507 (N.J.Super.L.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.