E-SERVED
02/08/05
07:34 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

In re BAYCOL PRODUCTS LITIGATION MDL No. 1431 (MJD/JGL)

This Document Relates to:

ALL CASES

---

# MEMORANDUM IN SUPPORT OF BAYER AND GSK's MOTION TO STRIKE PSC's "SECOND AMENDED MASTER CLASS ACTION COMPLAINT"

Plaintiffs have stumbled coming out of the blocks in their second run at class certification. They have ignored that a plaintiff may not file an amended complaint without consent or leave of court after defendant has answered. Accordingly, this Court should strike plaintiffs' second amended master class action complaint.

Rule 15(a) provides that plaintiffs may amend a complaint only under three circumstances, none of which applies here. First, plaintiffs may amend a complaint before the defendant answers. Bayer, however, answered the first amended master class action complaint in October of 2002. Second, plaintiffs may amend a complaint if the defendant consents. Here, plaintiffs have not requested – and would not receive – defense consent to the PSC's attempt to relitigate class certification.

Third, plaintiffs may amend a complaint if granted leave of the Court. But plaintiffs have not filed a motion seeking leave. If plaintiffs had

E-SERVED
02/08/05
07:34 PM ET
Baycol MDL 1431

filed such a motion, defendants would oppose on the ground that the proposed amendment is futile. *See, e.g., Orthocraft, Inc. v. Sprint Spectrum L.P.*, 2002 WL 31640477 , *3 (E.D.N.Y. 2002) (denying motion to amend complaint where class certification previously denied, noting: "As a general rule, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again, absent a clear conviction of error") (internal citations, quotations omitted).

Because the PSC has not met any of the Rule 15 requirements for amending their master class action complaint, the Court should strike the complaint and, along with it, plaintiffs' renewed motion for class certification. Moreover, if plaintiffs do move for leave to refile their complaint, the Court should require the PSC at that time to address certain procedural irregularities about their attempt to relitigate class certification.[1]

**CONCLUSION**

For the foregoing reasons, the Court should strike the PSC's putative "Second Amended Master Class Action Complaint."

[1] Specifically, the Court should require the PSC to explain how eight new putative class representatives get to amend a long-pending complaint to which they were not parties without first moving to intervene. Further, the Court may wish the PSC to explain what happened to persons formerly named as plaintiffs in the putative master class action complaint, at least some of whom appear to pursue their claims.

E-SERVED
02/08/05
07:34 PM ET
Baycol MDL 1431

*February 8, 2004*

Respectfully submitted,

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

____/s/signature on file_____________
Susan A. Weber
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Counsel for Bayer Corporation and Bayer AG*

Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, Minnesota 55402-4501
(612) 338-1838

____/s/signature on file__________
Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline*