E-SERVED
04/07/05
05:49 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: BAYCOL PRODUCTS LITIGATION<br><br>This Document Relates To:<br><br>All Actions | )<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 1431<br>(MJD/JGL) |

**THE PARTIES' STATUS REPORT AND PROPOSED AGENDA**

**April 11, 2005**

The parties herewith submit the following Joint Status Report and Agenda for the hearing on April 11, 2005.

**I. Pending Cases**

A. As of April 6, 2005, defendants have been served with 5,776 cases that remain active, down from 14,583 cases filed since this litigation commenced. Eleven percent of the cases filed in state court remain active (that is, 653 of 5,696 filings); 58 percent of the cases filed in federal court remain active (5,123 of 8,887 filings).

B. As of the last status conference in September, 2004, defendants had been served with 6,653 cases that were active. Of that total, 5,777 active cases were pending in federal court and 871 active cases were pending in state court. Filed but unserved cases were not included in these totals.

C. An updated list of plaintiffs' counsel in pending cases has been provided to the PSC.

E-SERVED
04/07/05
05:49 PM ET
Baycol MDL 1431

## II. Settlement

A. Defendants have settled 2,968 cases with a total value of $1,130,668,591. Of this total, 875 cases have been determined to be subject to the MDL assessment, with a total value of $328,513,412.54.

B. As of the last status conference, Defendants had settled 2,856 cases with a total value of $1,096,030,128. Of this total, 727 cases had been determined to be subject to the MDL assessment, with a total settlement value of $284,689,774.

C. Approximately 136 cases have been submitted to the MDL mediation process.

D. In addition to the mediation program, the PSC is continuing to negotiate a limited number of cases directly with Bayer.

E. Mediators' Report: Special Master Remele.

F. Pursuant to PTO 99, Bayer and GSK have completed their de-designation of previously designated confidential documents. The PSC is considering whether to file a motion to recover costs associated with defendants' de-designation pursuant to PTO 99. Defendants will oppose any such motion.

## III. Discovery

A. This Court has stayed PTO 131. Defendants have requested the Court to reinstate PTO 114 and commence case-specific discovery. Plaintiffs oppose case specific discovery in the MDL and seek remand of all cases for further proceedings.

B. In Pennsylvania state court, where plaintiffs have been required to submit case specific expert reports for all non-rhabdo cases and where all cases are subject to discovery, only 21 active cases remain, of more than 4,000 cases filed there.

E-SERVED 04/07/05 05:49 PM ET Baycol MDL 1431

C. Depositions of generic expert witnesses are nearing completion. Defendants seek a Daubert briefing schedule pursuant to PTO 120, to be coordinated with case-specific discovery, which the PSC opposes.

D. Plaintiffs had noticed the depositions of Bayer AG witnesses Messrs. Wenning and Schneider. Defendants have moved for a protective order. The matter is being held in abeyance pursuant to PTO 138.

**IV. Motions**

A. The following motions are being briefed:

1. Plaintiff Norman V. Whiteside's Brief Regarding Discovery Order.

B. The following motions are being held in abeyance pursuant to PTO 138:

1. Plaintiff's Renewed Motion for Class Certification.

2. Bayer and GSK's Motion to Strike PSC's "Second Amended Master Class Complaint."

The PSC indicated that it may also pursue certification of statewide classes and/or a third party payor class. (A third party payor class has been certified in Philadelphia.) Defendants contend that the rationale set forth in this Court's previous class certification decision precludes certification of any such classes.

3. In Joyce Alfred Motion to Fix for Trial or in Alternative to Transfer to Alabama U.S. District Court.

4. Bayer AG's Motion for Protective Order Precluding Depositions of Bayer's Top Executives.

C. Plaintiffs intend to object Judge Lebedoff's Report and Recommendation

E-SERVED
04/07/05
05:49 PM ET
Baycol MDL 1431

declining to reinstate the claims of certain plaintiffs represented by the Branch firm. Those claims were dismissed for failure to comply with PTO 81. Zimmerman Reed has filed a motion pursuant to Rule 60 and seeks a briefing schedule on this motion. Defendants believe that Judge Lebedoff's recommendation is correct.

**V. Trial Settings**

A. There are no trial settings for cases in the MDL.

B. A list of state court trial settings has been provided to the Court and the PSC.

**VI. Special Master's Report**

Respectfully submitted,

| | | |
|---|---|---|
| Charles S. Zimmerman<br>Richard A. Lockridge | Philip Beck<br>Adam Hoeflich<br>Susan Weber<br>Peter Sipkins | Fred Magaziner<br>Tracy Van Steenburgh |
| *Co-Lead Counsel for Plaintiffs* | *Counsel for Bayer* | *Counsel for GlaxoSmithKline* |