UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re BAYCOL PRODUCTS LITIGATION MDL 1431 MJD

This document relates to All actions

**PRETRIAL ORDER NO. 143**
**ORDER AUTHORIZING ELECTRONIC**
**FILING AND SERVICE OF FILED DOCUMENTS**

IT IS HEREBY ORDERED that Pretrial Order No. 18 is hereby superseded by, and replaced with, this Pretrial Order.

Beginning on Monday, October 24, 2005, when a party to this Litigation wishes to file a document with the Court and to serve a document on attorneys of record, that party shall do so by the procedure set forth in this Order, subject to the exceptions outlined herein, and as may be further defined by the Clerk of the Court. All references to "document" in this Order shall be interpreted as referenced herein. All references to "this Litigation" in this Order shall be interpreted to include the Master File in MDL 1431 as well as individual case files transferred to this Court by the Judicial Panel on Multi-District Litigation.

1. All filings shall be filed and served by delivering the document to be filed to the Court pursuant to the terms set forth in this Order, except that any filing and service by a *pro se* litigant may be through the procedures set forth below or may be made in the traditional fashion authorized by the Federal Rules of Civil Procedure. Any filing and service made in the traditional manner by a *pro se* litigant shall be served in the manner set forth in PTO 4, ¶ II.B.

2. The Court shall make available to the attorneys in this litigation a system for providing electronic filing, service, storage and delivery of documents ("the system"). Any

user who wishes to file a document with the Court, shall send a copy of that document to the Court by one of the following methods in accordance with the procedures set forth on the system: (a) electronic transfer, by sending an email to baycolmdl@mnd.uscourts.gov with documents attached in Adobe Portable Document Format (PDF); (b) fax transmission (612-664-5044); or (c) hard copy received via overnight mail to United States District Court, Amy Linner, Room 202, 300 South Fourth Street, Minneapolis, MN 55415. The instructions for sending documents to the Court are set forth in detail in Exhibit A.

3. The email transmitting the document to be filed shall list: (a) the name of the filing law firm (b) a full title of the document and (c) the case-specific identifiers to which the document applies. All users shall title their documents to clearly identify the document and the party on who's behalf such document is being submitted. Multiple related documents may be transmitted in the same email, but each PDF file must be under two megabytes and each email may not exceed seven megabytes. Upon receipt of an email containing a document to be filed, the filing attorney shall receive from the Court an acknowledgement of receipt.

4. For each document transmitted to the system, the filer shall attach a Certificate of Service. Any document transmitted to the system shall certify in the Certificate of Service that a true and correct copy was electronically served on attorneys of record and liaison counsel.

5. The Court clerk shall post each filed document on the Court's Case Management/Electronic Case Filing System (CM/ECF). The CM/ECF system will then generate a "notice of electronic filing" (NEF) that will be transmitted via email to all attorneys of record and to liaison counsel. For purposes of complying with the Federal Rules

of Civil Procedure, electronic filing shall be deemed service of the document. Access to the system shall be limited by the local rules of this Court pertaining to CM/ECF.

6. PDF documents transferred to the Court via email will not contain visual representations of the filing attorneys' signatures. Attorneys shall, in place of a signature and where the signature would normally appear, place "Original Signature on File with Filing Attorney." A Filing Attorney shall make an original signature available to any attorney of record or liaison counsel upon request. The filer of any document requiring multiple signatures (e.g., stipulations, joint status reports) must list thereon all the names of other signatories by means of an "s/___________" block for each. By submitting such a document, the filer certifies that each of the other signatories has expressly agreed to the form and substance of the document and that the filer has their actual authority to submit the document electronically. The filer must maintain any records evidencing this concurrence for subsequent production to the Court if so ordered or for inspection upon request by a party. An attorney's use of the electronic filing methods serves as the attorney's signature on all electronic documents filed with the Court, as well as the attorney's signature for all other purposes under the Federal Rules of Civil Procedure and the Local rules of this Court.

7. The electronic filing of an opinion, order, judgment or other document by a judge (or authorized member of the judge's staff) shall be deemed the filing of a signed original document for all purposes.

8. Unless another Order specifies a time for filing and service, any document electronically sent to the Court via email for filing shall be deemed to have been served under Federal Rules of Civil Procedure 5(b) with the following modifications:

(a) Documents sent to the Court by e-mail or facsimile: Service is effective on the day the document is sent to the Court.

(b) Documents sent to the Court by overnight delivery: Service is effective on the date the document is sent, but the extension of time set forth in Federal Rule of Civil Procedure 6(e) will apply as though the document had been served by mail: three days shall be added to any prescribed period running from the date of service.

(c) The foregoing modifications to the Federal Rules of Civil Procedure shall not operate to change, alter or amend any court ordered schedule.

9. Filing documents electronically does not in any way alter any filing deadlines. An electronically submitted document is deemed filed upon completion of the transmission. All electronic transmissions of documents must be completed prior to midnight, Central Time, in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing must be completed by that time.

10. The Court's system shall be deemed to be subject to a technical failure on a given day if the system is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon (central time) that day, in which case, filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings must be accompanied by a declaration or affidavit attesting to the filer's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay because of such technical failure.

11. No documents that are filed under seal ("sealed documents") or require a filing fee shall be filed or served via the system. Rather, filing and service of the documents shall be made via traditional means. Documents that must be filed under seal shall be filed in the conventional manner.

SO ORDERED THIS 20th day of October, 2005.

s / Michael J. Davis
Michael J. Davis
United States District Judge