V.G. 90/05
Cron. 2530

**CORTE D'APPELLO DI TORINO**

La Corte d'appello di Torino, prima sez. civile, riunita in camera di consiglio nelle persone dei seguenti magistrati:

1) dr. Franco Gamba - Presidente

2) " Enzo Troiano - Consigliere

3) " Felice Manna - Consigliere rel.

Visti gli atti del procedimento n.90/05 R.V.G., avente ad oggetto la richiesta di assistenza giudiziaria, ai sensi della Convenzione dell'Aja del 18 marzo 1970 sull'acquisizione di prove in materia civile o commerciale, inoltrata dal Tribunale distrettuale statunitense, distretto del Minnesota, in data 24.1.2005, nell'ambito della controversia civile multidistrettuale ivi pendente tra il Comitato direttivo degli attori designato da detto Tribunale e la Bayer AG, con sede in Germania, avente ad oggetto l'esame di circa 100.000 documenti (o pagine di documenti) acquisiti dalla Procura della Repubblica di Torino (nella persona del Procuratore aggiunto, dr. Raffaele Guariniello) nell'ambito di un procedimento penale relativo al ritiro dal mercato di un medicinale (il Baycol) da parte della stessa Bayer AG;

vista la richiesta del Ministero degli affari esteri pervenuta il 23.2.2005 (codice mittente: 304/IV/LR 61859, datata 11.2.2005);

viste le memorie depositate dai procuratori delle parti nonché i rispettivi pareri tecnici allegati, in ordine alle nozioni rilevanti, nella specie, del diritto processuale statunitense;

**osserva**

SCANNED
DEC 01 2005
U.S. DISTRICT COURT MPLS

1. - Unico dato pacifico tra le parti è che la richiesta della Corte statunitense abbia ad oggetto un procedimento di *pre-trial discovery of documents*.

Quest'ultimo, secondo quanto si desume dalla letteratura sull'argomento, consiste in una fase preliminare al dibattimento – denominato *trial* – svolta e dominata dai soli avvocati (l'intervento del giudice rileva solo nel momento dell'eventuale autorizzazione) e diretta ad acquisire dalla stessa controparte o da terzi (attraverso informazioni testimoniali, esame di documenti e indagini di vario tipo) informazioni e documentazione da spendere nella fase di *trial*, nella quale soltanto si pone il problema, ulteriore, dell'ammissibilità e della rilevanza degli elementi di prova raccolti.

2. - Fonte normativa di riferimento è la Convenzione dell'Aja 18 marzo 1970, ratificata in Italia con legge 24 ottobre 1980, n.745, che regola la cooperazione giudiziaria reciproca in materia civile o commerciale.

2.1. - Devono ritenersi, invece, non immediatamente applicabili, per il loro carattere residuale, i commi 4° e 5° dell'art.69 legge 31 maggio 1995, n.218, che pongono limiti di compatibilità con i principi dell'ordinamento italiano, in quanto norme destinate ad operare, in base alla clausola generale espressa dall'art.2 della stessa legge, solo in assenza di fonti di diritto internazionale uniforme.

3. - In base all'art.23 della predetta Convenzione ogni Stato contraente può, al momento della firma, della ratifica o dell'adesione, dichiarare di non eseguire le rogatorie che hanno per oggetto una procedura conosciuta negli

una non esatta comprensione del concetto di *pre-trial*, poiché caratteristica di ogni norma di diritto positivo è di vivere al di fuori e al di là delle opinioni soggettive del suo autore.

4.1.3. - Infine, anche a voler disattendere quanto appena considerato e a voler ritenere che la riserva riguardi le sole *discovery* con connotati di *fishing expedition*, nella specie è evidente che ricorre proprio quest'ultima ipotesi.

Infatti, *a*) la richiesta ha per oggetto una mole ingente di documenti (circa 100.000); *b*) questi ultimi non sono minimamente designati (né potrebbe essere diversamente, per il carattere segreto delle indagini penali) per genere, categoria, tipologia, provenienza, epoca ecc., sicché la loro predefinizione, indispensabile perché possa anche solo avanzarsi l'ipotesi di una *discovery* fisiologica e, come tale, ipoteticamente sottratta alla riserva di cui all'art.23 della Convenzione, è del tutto assente; *c*) manca qualsivoglia criterio di selezione dei documenti, non potendosi considerare tale il riferimento al procedimento penale e alla persona fisica del magistrato addottovi, dati, questi, estrinseci e localizzanti.

Nessun dubbio, pertanto, è lecito nutrire sul fatto che la richiesta assolva una finalità puramente esplorativa, incompatibile con la lettera e lo spirito della riserva.

5. - In conclusione la richiesta non può essere accolta.

6. - Non v'è luogo a regolamento delle spese tra le parti, stante il carattere sostanzialmente amministrativo del procedimento per rogatoria internazionale.

**P.Q.M.**

Stati che applicano la *Common Law* sotto il nome di *pre-trial discovery of documents.*

Tale enunciazione da parte di uno Stato rientra nella categoria delle "riserve", che la Convenzione di Vienna del 21 marzo 1986 sul diritto dei trattati definisce quale "dichiarazione unilaterale, a prescindere dalla sua formulazione o dalla sua denominazione, apposta da uno Stato o da una organizzazione internazionale alla firma, alla ratifica, all'atto di conferma formale, all'accettazione o all'approvazione di un Trattato, o all'adesione a quest'ultimo, mediante la quale detto Stato o detta organizzazione intende escludere o modificare la portata legale di alcune disposizioni del trattato nella loro applicazione a detto Stato o a detta organizzazione" (art.2 lett.d).

3.1. - In conformità a quanto espressamente consentito dall'art.23 della Convenzione dell'Aja, il Governo italiano ha apposto una riserva, dichiarando di non eseguire rogatorie aventi per oggetto la procedura nota nei paesi della *Common Law* con il nome di *pre-trial discovery of documents.*

Tale riserva ha carattere eccettuativo poiché mira (non già a produrre effetti modificativi o interpretativi, ma) ad escludere *in toto* l'applicazione del trattato in ordine alla procedura anzidetta.

4. - Sostiene il Comitato direttivo degli attori, al fine di dimostrare l'ammissibilità della rogatoria, che tale riserva opera nel solo caso di c.d. *fishing expedition*, che ricorre quando l'attività di *discovery* è utilizzata per acquisire in maniera indiscriminata documentazione non predefinita e anche solo marginalmente attinente alla materia del contendere, nel tentativo di rinvenire elementi utili per un futuro giudizio. Sostiene, infatti, che nella

specie non è configurabile alcuna *fishing expedition*, atteso che la controversia civile è già pendente e che la *pre-trial discovery of documents* è la vera e propria fase istruttoria del processo statunitense.

4.1. - Ad avviso di questa Corte tale assunto, sostanzialmente paralogico e contrario al dato positivo, non è condivisibile.

4.1.1. - Innanzi tutto la c.d. *fishing expedition* non è un'ipotesi terza rispetto alla *discovery*, ma ne costituisce una ricorrente modalità d'essere quante volte quest'ultima procedura sia utilizzata in maniera puramente esplorativa, senza predefinizione della categoria di documenti che s'intende acquisire. Ne deriva che dal carattere istruttorio e processuale del *pre-trial discovery of documents* sostenuto da parte del Comitato direttivo degli attori (carattere, peraltro, tutt'altro che omogeneo alle relative nozioni proprie dei sistemi di *civil law* e dunque di difficile confronto) non è derivabile (se non a prezzo di una pura tautologia) la conseguenza che, per ciò stesso, quanto richiesto non rientri nel fenomeno della *fishing expedition*. In altri termini, deve sottolinearsi che non basta postulare che *la discovery* sia già fase del giudizio o del processo civile americano per poter affermare che nella fattispecie non ricorrano, pertanto, gli estremi di una *fishing expedition*.

4.1.2. - In secondo luogo – ed è questo l'argomento in ogni caso decisivo – è vano discutere se la richiesta in esame rientri o non nell'ipotesi di *fishing expedition*, poiché la riserva apposta dallo Stato italiano in merito, per il suo carattere assoluto ed eccettuativo copre, includendole, anche le ipotesi applicative di *discovery* meno estreme. In senso contrario non vale sostenere che la riserva sia o possa essere dipesa, all'epoca della firma Convenzione, da

Visto per presa visione, ~~ritiro~~ copie provv. ~~atti~~
atti e rilascio comunicazione
a mezzo ufficiale giudiziario.
Venezia, lì 25 OTT. 2005

per Prof. Avv. C.F. Grosso
dr.ssa Federica De Boni

# Corte d'Appello di Torino

SI COMUNICA A:

AVV. GEFFERS FRANK J.
AVV. GIANDOMENICO LORENZO
VIA LISBONA 11- ROMA

---

Sezione **01** - Pal. di Giustizia piano V sc. C - Aula n° 62 entrata 6 piano I - C.so V. Emanuele II 130

Comunicazione di cancelleria

Tipo proced. Volontaria

Numero di ruolo generale: **90/2005**

Giudice: STRAZZUSO GIUSEPPE

Data prossima udienza: Ore:

**Parti nel procedimento**

Ricorrente principale TRIBUNALE DISTRETTUALE STATUNITENSE - DISTRETTO DEL
**Avv.**

---

**Oggetto:** Scioglimento di riserva

**Testo comunicazione**

Vedi allegato

Torino 25/10/2005

IL CANCELLIERE

La Corte d'appello di Torino rigetta la richiesta e ordina che il presente provvedimento sia comunicato alle parti e al Ministero degli affari esteri per l'inoltro all'Autorità giurisdizionale rogante.

Nulla per le spese.

Torino, il 21.10.2005.

Il Presidente

dr. Franco Gamba

Il Consigliere estensore

dr. Felice Manna

CORTE D'APPELLO TOR

Depositato nella Cancelleria della Corte di Appello di Torino il 25 OTT. 2005

IL CANCELLIERE

Torino 27 OTT. 2005 IL CANCELLIERE