UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

In Re: Baycol Products Liability Litigation

MDL No. 1431
(MJD) (JGL)

This Document relates to the following Branch Law Firm Cases:

04-0821-MJD; 04-4627-MJD; 04-0821-MJD; 04-4617-MJD; 04-4620-MJD; 04-4623-MJD; 04-0818- MJD; 04-0825-MJD; 04-0815-MJD; 02-3492-MJD

MOTION FOR SUGGESTION OF REMAND TO THE JUDICIAL PANEL OF MULITDISTRICT LITIGATION PURSUANT TO 28 U.S.C. §1407(A)

COMES NOW, Plaintiffs Maria Sweeney, Ernest Chavez, Donald Roybal, Socorro Perez, Mary Montano, Jerry Keller, Tobias Valdez, Paul Sanasac, Gerardo Saenz, and Lance Westfall, by and through their counsel of record The Branch Law Firm (Turner W. Branch and Richard A. Sandoval) and state the following in support of their Motion for Conditional Remand Pursuant to 28 U.S.C. §1407(A):

AUTHORITY FOR SUGGESTION OF REMAND

Rule of Procedure 7.6(c) of The Judicial Panel of Multi-District Litigation provides that the Panel shall consider the question of remand on the suggestion of the transferee court. Rule 7.6(c), R.P.J.P.M.L., 199 F.R.D. 425 (2001). In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. See, e.g., *In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976). It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his

discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate. Thus, in considering remand of this action, the Panel is greatly influenced by the transferee judge's suggestion that remand of the action is appropriate. *In re Air Crash Disaster Near Dayton, Ohio*, 386 F. Supp. 908, 909 (J.P.M.L. 1975).

**LEGAL ARGUMENT**

Under binding authority from the New Mexico Supreme Court,[1] Plaintiffs are not required to prove Baycol caused them to suffer physical injuries to recover damages for emotional distress. This important distinction in New Mexico substantive law is protected by the United States Constitution which recognizes and preserves the autonomy of the states judicial departments.[2] Accordingly, Plaintiffs' claims differ entirely and greatly from the vast majority of all other Plaintiffs. Following four years of pre-trial proceedings, the Plaintiff's Steering Committee has done everything to secure a platform for trials of Plaintiffs' claims in the transferor courts. Moreover, Defendants "haven't paid a penny for aches and pains cases" and "that has been part of [their] program since the beginning,[3]" Under these circumstances, Plaintiffs respectfully request this Court enter a suggestion of remand to the Judicial Panel of Multi-District Litigation pursuant to 28 U.S.C. §1407(a).

---

1 *Madrid v. Lincoln County Med. Ctr.*, 122 N.M. 269, 923 P.2d 1154, (1996) (sound public policy supports recognition of a cause of action for emotional-distress damages in favor of one who fears that the negligence of another has caused him or her to suffer harm although such injury did not occur).

2 *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938).

3 *See* Transcript of December 19, 2005, Status Conference pages 32 - 33, lines 22 - 1 respectively.

## I. UNDER BINDING AUTHORITY FROM THE NEW MEXICO SUPREME COURT, PLAINTIFFS DO NOT HAVE TO PROVE PHYSICAL INJURY OR REQUIRE DAUBERT HEARINGS TO PROVE THEIR CLAIMS

Under the principle adopted *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938), this Court is bound by the decisional law of the New Mexico Supreme Court in deciding claims governed by New Mexico state law. "When an action involving state law claims is transferred pursuant to the MDL provision of 28 U.S.C. § 1407 (2000), "a transferee court applies the substantive state law, including choice-of-law rules, of the jurisdiction in which the action was filed." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993). This rule "furthers Erie's policies by insuring that a pre-trial transfer under § 1407 does not lead to the application of a state substantive law that differs from the law applicable in the jurisdiction where the case was properly filed." *Id.*

As the *Erie* court explained, whether the law of the state shall be declared by its legislature in a statute or by its highest court in a decision is not a matter of federal concern. *Id.* There is no federal general common law. *Id.* Congress has no power to declare substantive rules of common law applicable in a state, whether they be local in their nature or general, be they commercial law or a part of the law of torts. *Id.*

As part of New Mexico's law of torts, the New Mexico Supreme Court has followed a minority of jurisdictions that allow recovery for emotional distress in the absence of physical injuries. In *Madrid v. Lincoln County Med. Ctr.*, 122 N.M. 269, 923 P.2d 1154, (1996), the court reasoned that one's fear of physical injury in the future is a rational concern irrespective of actual injury. As long as there was a basis for the physical injury to be transmitted to Plaintiff, Plaintiff could recover damages for emotional distress.

Briefly, *Madrid* involved a nurse who was transporting medical samples, including blood products. At some point in transit, Madrid's hands were splashed with bloody fluid leaking from the sample containers. Madrid claimed that unhealed paper cuts present on her hands at the time of the incident came into contact with the bloody fluid. Madrid knew that it was possible to contract the causative virus (HIV) through contact between open wounds and bodily fluids, primarily HIV-infected blood. Not until nearly two years after the incident did she learn that only one specimen had leaked, and that it was HIV-negative. All of her test results came back HIV-negative.

Madrid sued Lincoln County Medical Center arising from her fear that she might have contracted HIV as a result of being negligently exposed to bloody fluid of unknown origin. She sought damages for medical and other expenses, lost wages, and for pain and suffering. The Medical Center moved for summary judgement, which the district court granted. The New Mexico Court of Appeals subsequently reversed the district court's entry of summary judgment. While acknowledging that the majority of jurisdictions throughout the United States had adopted the "actual exposure" rule, the court of appeals nonetheless concluded that proof of the presence of HIV in the disease-transmitting agent would not be required. The Supreme Court of New Mexico affirmed the court of appeals' decision holding that proof of actual exposure to HIV was not required to sustain a cause of action based on a fear of developing AIDS.

As in *Madrid*, Plaintiffs do not have to prove that Baycol caused them to suffer physical injuries. By ingesting Baycol, Plaintiffs have suffered emotional distress due to the fear of physical injury. Given that Baycol has been linked to over 100 deaths and rhabdomyolysis, their fear of physical injury is a rational concern irrespective of actual injury.

Finally, Plaintiffs do not require expert testimony to prove their damages for emotional distress. *Jacobs v. Meister,* 108 N.M. 488, 775 P.2d 254, (N.M. Ct. App. 1989) *citing Sweitzer v. Sanchez,* 80 N.M. 408, 456 P.2d 882 (Ct. App. 1969). Whether a plaintiff has established emotional distress and damages resulting from such injury is to be determined by the fact finder. *Id.* Where a plaintiff claims emotional distress, the New Mexico Court of Appeals relies on the experience of the trial judge to determine causation and magnitude of injury and to arrive at the appropriate compensation in damages. *Id.* The trial court can properly award substantial damages as compensation for harms that normally flow from a tortious injury without specific proof of their existence. *Id.*

## CONCLUSION

Given Defendant refuses to "pay a penny" on Plaintiffs' claims and this has been "part of [their] program since the beginning," remand to the transferor court is well warranted. Most importantly, Plaintiffs do not require proof of physical injury or expert testimony to prove their damages for emotional distress under New Mexico substantive law. As such, requiring Plaintiffs' to overcome *Daubert* violates the *Erie* doctrine because scientific proof is not required. Of equal importance, Plaintiffs' trials will show whether Defendant's refusal to pay a penny program is well conceived. Finally, Defendant's speculation that Plaintiffs will probably drop their cases as they did in Philadelphia rather than proceeding to trial is completely incorrect.[4] Accordingly, Plaintiffs respectfully request this Court enter a suggestion of Remand of Plaintiffs' claims to the Judicial Panel of Multi-District Litigation.

---

[4] *See* Transcript of December 19, 2005, Status Conference pages 68 - 69, lines 22 - 3 respectively.

WHEREFORE, Plaintiffs respectfully request this Court enter a suggestion of remand to the Judicial Panel of Multi-District Litigation. In accordance with Pre-Trail Order No. 29, Plaintiffs further request oral argument.

Dated: 1/18/06

BRANCH LAW FIRM

By [signature]

Turner W. Branch
2025 Rio Grande Blvd., NW
Albuquerque, NM 87104
Telephone: (505) 243-3500
Facsimile: (505) 243-3534