**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *All Actions* | : | |

# DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXCLUDE EXPERT TESTIMONY OF PAUL DAVID STOLLEY

Plaintiffs designated Paul David Stolley, M.D. as a rebuttal expert who, although he has reviewed none of the underlying data or clinical studies, intends to testify that "monotherapy with Baycol is more dangerous than monotherapy with alternative statins." *See* Report of Paul David Stolley (Ex. A); Deposition of Paul David Stolley (Ex. B) at 223, 299, 379. Dr. Stolley also has offered his subjective beliefs as to how Bayer "might" have responded to adverse event reports of rhabdomyolysis and muscle injury in Baycol users. Stolley Dep. (Ex. B) at 273-79.

Both of these opinions should be excluded pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), for several reasons. *First*, as a preliminary matter, although offered in rebuttal, Dr. Stolley's opinion regarding Baycol monotherapy is nothing more than the same opinion that plaintiffs' primary experts proffer.[1]

---

[1] *See, e.g.*, Report of John W. Farquhar, M.D. ¶ 43 (Ex. A to Farquhar Motion). Plaintiffs cannot offer expert testimony on rebuttal that merely reiterates their primary experts' opinions. Dr. Stolley was not timely designated as an expert in plaintiffs' case-in-chief and therefore his testimony on Baycol monotherapy should be excluded.

*Second*, Dr. Stolley now claims to base his views regarding Baycol monotherapy almost entirely upon a report issued by the European Medicines Agency ("EMEA"), and particularly upon the adverse event reporting data summarized in it. Stolley Dep. (Ex. B) at 72-73, 363, 379. Thus, his opinion on the relative risk of monotherapy Baycol is not based upon a reliable methodology, such as a controlled scientific study, but is instead a simple recitation of conclusions reached by a foreign regulatory agency (the EMEA).

*Third*, his opinion is inadmissible because it is based upon comparative adverse event reporting data that Dr. Stolley admits have "important" "methodological problems," including accuracy, and thus are no more than "reflective." *Id.* at 250, 253, 321-322. Such data cannot form the basis of an expert's opinion on causation. *See, e.g.*, *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1250 (11th Cir. 2005) (reversing a jury verdict because expert testimony was based upon AERs and other unreliable evidence); *Nelson v. American Home Prods. Corp.*, 92 F. Supp. 2d 954, 969 (W.D. Mo. 2000) (an AER "may be sufficient for formulation of a hypothesis that can later be tested and confirmed, but it is not proof of causation in the courtroom or the scientific community"). Thus, Dr. Stolley's opinion that Baycol monotherapy is "more dangerous" than other statins is inadmissible.

*Fourth,* Dr. Stolley's subjective and speculative beliefs about Bayer's behavior and intent are not based upon "scientific, technical or other specialized knowledge," and have no foundation, and therefore are not the proper subject of expert

testimony. *See* Fed. R. Evid. 702; *see also In re Rezulin Products Liability Litigation*, 309 F. Supp. 2d 531, 544 (S.D.N.Y. 2004).

## BACKGROUND

Dr. Stolley is an adjunct professor of medicine at the University of Maryland School of Medicine and a "semi-retired" internist at the Faculty Practice of the University of Maryland. Stolley Rep. (Ex. A) ¶ 1. The opinions set forth in Dr. Stolley's expert report are focused on his conclusory criticisms of the Pacificare study,[2] which Bayer conducted in response to adverse event report ("AER") data that gave rise to a signal that Bayer should investigate whether Baycol was associated with an increased risk of rhabdomyolysis. *See id*. ¶¶ 14-17.

Dr. Stolley opines that Pacificare is less reliable than analysis of AER data. *See id.*; Stolley Dep. (Ex. B) at 72-73, 222-24, 299, 363-79. Dr. Stolley, however, did not conduct any kind of systematic evaluation of AERs involving Baycol.[3] Stolley Dep. (Ex. B) at 93. Instead, Dr. Stolley relies almost entirely upon a report involving Baycol

---

2 Defendants disagree with Dr. Stolley's conclusions about Pacificare. However, this motion is not specifically directed to such testimony except to the extent that his Pacificare conclusions are duplicative of opinions expressed by primary plaintiffs' experts such as Harland Austin, D.Sc., and are therefore not a proper topic of rebuttal testimony.

3 The documents that Dr. Stolley reviewed when formulating his opinion were extremely limited, consisting mainly of Pacificare and the reports and depositions of other generic experts. *See* "Documents Provided to Paul D. Stolley" (Ex. C). Plaintiffs' counsel selected these documents for Dr. Stolley to review, with the exception of a few reports from PSC generic experts that Dr. Stolley requested a week before his own deposition. Stolley Dep. (Ex. B) at 105-06.

(cerivastatin) issued by the Committee for Proprietary Medicinal Products ("CPMP"), an arm of the EMEA[4], on March 21, 2002 ("CPMP Review") (Ex. E).[5] Stolley Dep. (Ex. B) at 72-73. The regulatory report is based upon the CPMP's analysis of various data involving cerivastatin, including spontaneous reports of adverse drug reaction (referred to as AERs in the U.S.). *See* CPMP Review (Ex. E) at BAYAG00910600-612. The CPMP's assessment of spontaneous adverse drug reports showed an increased reporting rate of rhabdomyolysis with cerivastatin as compared to other statins. *Id*. at BAYAG00910613. However, the CPMP acknowledged that "[d]ata from pharmacoepidemiological studies do not support an increased risk with cerivastatin monotherapy." *Id.*

Dr. Stolley testified that he considers the CPMP Review "adequate for [his] opinion." Stolley Dep. (Ex. B) at 299, 363-64. Based upon the CPMP Review, Dr. Stolley testified that "monotherapy with Baycol is more dangerous than monotherapy with alternative statins." *Id.* at 223. Dr. Stolley rendered this opinion even though he admits that (1) no controlled epidemiological study has shown an increased risk of rhabdomyolysis or myopathy for Baycol monotherapy compared to monotherapy with any other statin, *id.* at 223-224; (2) he reviewed none of the AER data for Baycol nor any

---

4 The EMEA "is a decentralised body of the European Union with headquarters in London," and "coordinates the evaluation and supervision of medicinal products throughout the European Union." *See* http://www.emea.eu.int/htms/aboutus/emeaoverview.htm (last accessed Mar. 28, 2006).

5 The EMEA decided, based upon the CPMP Review, to withdraw the marketing authorizations for cerivastatin in the European Union on March 21, 2002. CPMP Review (Ex. E) at BAYAG00910576-78. Of course, long before that, Bayer had voluntarily withdrawn cerivastatin from the European market.

of the clinical trial data that the CPMP review discussed, *id.* at 93, 94-95, 233; and (3) AER data is of questionable accuracy and has methodological problems, *id*. at 250, 253, 321-322.

Despite the fact that he did not review any depositions of company witnesses or internal company documents, *see* Document List (Ex. C); Stolley Dep. (Ex. B) at 381-382, Dr. Stolley also offers his subjective beliefs as to how Bayer "might" have appropriately responded to AERs involving Baycol. Among other things, Dr. Stolley opines that he "think[s]" a joint meeting with FDA would have been "appropriate," that he "think[s] the company probably should have looked for other [study] designs," that "temporary withdrawal might" have been "feasible," and describes how he would have reacted if he "were the head of the company." *Id*. at 273-75. He admits that "[a] little bit of that, I think, may have been done from what [he had] read, but perhaps not to the extent [he] would have favored." *Id*. at 274.

Dr. Stolley further testified, based solely upon his review of deposition testimony of one of Bayer's experts, that he thought Bayer took a "cavalier" attitude toward AER data.[6] *Id*. at 369, 381-82. Yet, he also acknowledged that Bayer did not act cavalierly when it added a gemfibrozil contraindication to Baycol in response to its analysis of AER data. *Id.* at 383.

---

6 Dr. Stolley further opined in his report that the Pacificare study was "*calculated* not to produce a definitive conclusion," but retracted that statement in his deposition, admitting that he has "no proof or evidence" as to Bayer's intent. Stolley Dep. (Ex. B) at 308 (emphasis added).

## ARGUMENT

### I. DR. STOLLEY MERELY PARROTS THE OPINIONS OF OTHERS.

Dr. Stolley conducted no independent analysis by which he reached the opinion that monotherapy Baycol is associated with a greater risk of rhabdo. Instead, he borrows certain opinions set forth in the CPMP's review of Baycol, without even reviewing the underlying data upon which those statements were made. This is not "scientific, technical or other specialized knowledge," but is instead a mere recitation of conclusions reached by the CPMP, and thus is inadmissible.

Proffered experts cannot parrot the opinions of others and present them as their own. "[W]hile Rule 703 was intended to liberalize the rules relating to expert testimony, it was not intended to abolish the hearsay rule and allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Loeffel Steel Prods. Inc. v. Delta Brands, Inc.*, 287 F. Supp. 2d 794, 808 (N.D. Ill. 2005) (citing *Dura Automotive Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 613 (7th Cir. 2002); *TK-7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 731-34 (10th Cir. 1993); *In re: James Wilson Assocs.*, 965 F.2d 160, 173 (7th Cir. 1992)); *see also In re TMI Litig.*, 193 F.3d 613, 715-16 (3d Cir. 1999) (finding reliance on the opinions of others without independent validation of those opinions flawed methodology and barred under *Daubert*); *American Key Corp. v. Cole Nat. Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985) ("Expert opinions ordinarily cannot be based upon the opinion of others whether those opinions are in evidence or not").

Even if the CPMP review were admissible (which it is not),[7] the proper method of presenting such evidence is through percipient witnesses and documentary evidence, not through an expert who does nothing more than propound a narrative in order to buttress plaintiff's theory of the case. *See Rezulin*, 309 F. Supp. 2d at 551-53. Dr. Stolley, therefore, should not be permitted to advance as "expert" testimony an opinion that is nothing more than an adoption and restatement of the conclusions of others.

## II. DR. STOLLEY'S OPINIONS BASED UPON ADVERSE EVENT DATA ARE INADMISSIBLE.

Dr. Stolley's opinion regarding Baycol monotherapy is inadmissible for the additional reason that he bases it upon the CPMP's use of underlying adverse event reporting data that cannot form the basis of an expert's opinion on causation. Stolley Dep. (Ex. B) at 72-73, 363, 379.

As defendants have explained more fully in their concurrently filed AER Motion, it is impermissible under the *Daubert* standard for an expert to rely on comparative AER data to make conclusions with respect to the risk presented by any given drug. As explained in that motion, the FDA itself has cautioned against using AERs "to calculate incidence or estimates of drug risk." FDA Office of Postmarketing Drug Risk Assessment, "Adverse Event Reporting System (AERS): Brief Description with Caveats of System" (Oct. 18, 1999) (Ex. F) at 2. Thus, because Dr. Stolley relies

---

[7] *See* Kapit Motion, Part IV (discussing exclusion of foreign regulatory matters from evidence).

upon AER data to form his opinion that monotherapy with Baycol is "more dangerous" than with other statins, his opinion in this regard is inadmissible under *Daubert*.

## III. DR. STOLLEY'S PERSONAL BELIEFS AND SPECULATION ABOUT BAYER'S CONDUCT ARE INADMISSIBLE AS EXPERT TESTIMONY.

Dr. Stolley's testimony about how Bayer "might" have responded to AERs, *see* Stolley Dep. (Ex. B) at 273-80, should be excluded because it does not satisfy the requirements of Fed. R. Evid. 702. This testimony has no grounding in "scientific, technical, or other specialized knowledge," but instead is based upon how Dr. Stolley claims he would have reacted if he "were the head of the company." *Id.* at 273-75. Dr. Stolley is not even certain about all of the actions that Bayer undertook in response to AER data, which is no surprise since he did not review a single Bayer document or deposition. Stolley Dep. (Ex. B) at 381-382.; Document List (Ex. C). Where an opinion utterly lacks foundation, it is speculative and conjectural, and therefore is inadmissible. *Sorensen v. Shaklee Corp.*, 31 F.3d 638, 649 (8th Cir. 1994).

Further, Dr. Stolley's testimony about Bayer's supposedly "cavalier" attitude is not only unsupported, but also is an improper subject of expert testimony. As the *Rezulin* court has explained, "experts should not be permitted to supplant the role of counsel in making arguments at trial, and the role of the jury in interpreting the evidence." 309 F. Supp. 2d at 541 (internal citation omitted); *see also United States* v. *Cruz*, 981 F. 2d 659, 663 (2d Cir. 1992) (finding that expert testimony was not admissible both because it was not helpful to the jury and because its sole purpose was to bolster the government's allegations); *United States* v. *Willis*, 322 F.2d 548, 551 (3d Cir. 1963) ("it

is nevertheless axiomatic that the expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility.") (internal quotations omitted). *Accord In re Diet Drugs Prods. Liab. Litig.*, 2001 WL 454586, *7 (E.D. Pa. Feb. 1, 2001) ("testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the jury."). Dr. Stolley should be precluded from being a mouthpiece for plaintiffs' counsel.

## CONCLUSION

For these reasons, defendant Bayer respectfully submits that this Court should grant its motion to exclude Dr. Stolley's proposed testimony about the relative risk of monotherapy with Baycol, as well as testimony regarding Dr. Stolley's personal and speculative beliefs about Bayer's conduct.

Dated: April 17, 2006

Respectfully submitted,

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

/Original signature on file with filing atty
Susan A. Weber
James W. Mizgala
Sherry A. Knutson
Nathan A. Huey
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

Catherine Valerio Barrad
SIDLEY AUSTIN LLP
555 W. Fifth Street
Los Angeles, CA 90013
(213) 896-6000

Richard K. Dandrea
ECKERT SEAMENS CHERIN
& MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402
(612) 338-1838

/Original signature on file with filing atty
Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline*

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Douglas R. Marvin
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

Joseph D. Piorkowski, Jr.
THE PIORKOWSKI LAW FIRM, PC
910 17th Street, N.W. Suite 800
Washington, D.C. 20006
(202) 223-5535

*Counsel for Bayer Corporation and Bayer AG*