**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| | : | |
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 |
| | : | (MJD) |
| This Document Relates to: | : | |
| | : | |
| ALL CASES | : | |

**GSK'S RESPONSE TO PLAINTIFF'S REQUEST TO STIPULATE TO AUTHENTICITY FOR LISTED EXHIBITS**

**GENERAL OBJECTIONS**

1. SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") objects to PSC's request to authenticate documents to the extent the PSC asks GSK to authenticate documents not created or maintained by employees of GSK.[1]

2. This response is limited to the authenticity of the documents. By stipulating to the authenticity of any document, GSK does not waive – and to the contrary expressly reserves – the right to object at trial to the admissibility of the contents of that document on any grounds other than its authenticity. In particular, GSK does not stipulate that any document is a business record or an admission. Further, GSK expressly reserves other evidentiary objections including, without limitation, relevance, materiality, prejudicial effect, hearsay or multiple hearsay, and/or such other grounds as may be available under the applicable Rules of Evidence.

3. GSK hereby incorporates its objections set forth above into each of the following responses.

**RESPONSE**

Subject to and without waiving its objections, GSK hereby incorporates by reference its responses in the chart attached as Exhibit 1.

---

1 GlaxoSmithKline PLC ("PLC") also objects to PSC's request to the extent the PSC asks PLC to authenticate documents not created or maintained by employees of PLC. Since none of the documents listed in PSC's request to authenticate documents was maintained by employees of PLC, PLC does not stipulate to the authenticity of any document listed in PSC's request.

By way of further response, and in explanation of the information contained on Exhibit 1 and certain principles applied in reviewing the documents as to which the PSC has requested authentication, GSK states:

**Explanation of Exhibit 1**

The first column on Exhibit 1, titled "Index #", contains the number reflected on PSC's PTO 149, Paragraph V, Index of Documents ("PSC's Index of Documents").

The second column on Exhibit 1, titled "PSC Beg. Bates #", reflects the beginning production number provided in PSC's Index of Documents.

The third column reflects GSK's response to PSC's Request that GSK stipulate to the authenticity of said document.

**Certain Principles Applied in Reviewing the Documents**

Each of the production numbers on PSC's Index of Documents identified only a single page, even when the entire document contained multiple pages. Where the single page was the first page of a document, GSK has assumed that the PSC was identifying the complete document (not just the first page of a document) and have responded to the request for authenticity as if the request included the document in its entirety.

Several documents identified on PSC's Index of Documents contain marginalia. As reflected in Exhibit 1, GSK has stipulated to the authenticity of marginalia that has been identified by the author of that marginalia. With respect to marginalia that had not been so identified, GSK has distinguished between nonsubstantive, administrative marginalia and substantive marginalia. To illustrate, handwritten notes to "cc" certain persons or copy a document to a "Baycol file" have been treated as administrative. GSK has stipulated to the

authenticity of such nonsubstantive, administrative marginalia, even though the author is unknown. However, GSK has not stipulated to the authenticity of substantive marginalia or other handwriting whose author is unknown.

Several documents identified on PSC's Index of Documents were produced by Bayer Corporation or Bayer AG with a production number prefix "BAYCORP" or "BAYAG." GSK does not stipulate to the authenticity of any of these documents. In addition, electronic media identified by index numbers 12116 through 12251 was produced by entities other than GSK, and GSK does not stipulate to the authenticity of any of those documents.

Several documents identified on PSC's Index of Documents contained a missing number or other typographical error preventing GSK from identifying the document for review. In these instances, GSK did not stipulate to the authenticity of the document and the following response is stated in the third column, "There appears to be some type of typographical error with this designation and, therefore, GSK was unable to examine the document to determine authenticity." If the PSC provides a correct production number, GSK will respond accordingly.

Dated: August 4, 2006

Respectfully submitted,

Michael T. Manuel

Fred T. Magaziner
Michael T. Manuel
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000

Counsel for GSK

CERTIFICATE OF SERVICE

I, Michael T. Manuel, certify that a true and correct copy of the foregoing GSK's Response to Plaintiff's Request to Stipulate to Authenticity for Listed Exhibits was electronically served on August 4, 2006.

Michael T. Manuel