UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE BAYCOL PRODUCTS LIABILITY LITIGATION | ) ) | MDL No. 1431 (MJD) |
| | ) | |
| This Document Relates to All Actions | ) | Pretrial Order No. 154 |

**SUPPLEMENT TO PTO 149, ESTABLISHING FURTHER DISCOVERY DEADLINES AND REMAND PROCEDURES**

In order to promote the fair and efficient administration of this litigation and to comply with its continuing obligations as an MDL court, the Court enters the following Order establishing the case-specific discovery deadlines for Phase III and IV cases and establishing procedures for recommending cases for remand to the Judicial Panel on Multidistrict Litigation. This Order is expressly subject to the procedures, principles, and provisions announced in Pretrial Order 149, which shall remain in full force and effect.

Based upon these proceedings and the cases filed with this Court, IT IS HEREBY ORDERED:

**I.** PROCEDURE FOR SERVING NOTICE OF CASE-SPECIFIC DEPOSITIONS

**A.** **Depositions noticed by a Defendant:** Defendant shall serve notice via email and U.S. Mail on all counsel of record listed in PACER and on the PSC through:

Deanna D. Dailey (baycol@larsonking.com)
Larson King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**B.** **Depositions noticed by a Plaintiff:** Plaintiff shall serve notice via email and U.S. Mail on each of the following:

Susan A. Weber (baycoldeps@sidley.com)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603

Fred T. Magaziner (baycoldep@dechert.com)
Dechert LLP
Circa Centre
2929 Arch Street
Philadelphia, Pennsylvania 19104-2808

Deanna D. Dailey (baycol@larsonking.com)
Larson King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

Plaintiff shall also serve notice via email and U.S. Mail on all counsel of record listed in PACER for any defendant other than Bayer or GSK. Returned receipt of email delivery shall be deemed proof of valid service.

## II. DISCOVERY DEADLINES FOR PHASE III AND PHASE IV CASES

### A. Phase III Plaintiffs (D. Minn. Nos. 03-3744 thru 04-0413)

**1. On January 29, 2007: Defendants may begin noticing depositions.**

**2. By February 28, 2007: Depositions of Plaintiffs and other fact witnesses may begin. Defendants may not depose more than five fact witnesses with respect to any Plaintiff's claim without consent of opposing counsel or leave of court. To seek leave, Defendants shall file a short letter identifying the fact witnesses being deposed and explaining why the testimony of each witness is necessary to defense of the claim. Defendants shall serve a copy of this letter upon all counsel of record listed in PACER and on the PSC pursuant to § I.A.. Plaintiff must file any objection within 72 hours and serve a copy upon Defendants pursuant to § I.B. The Court will expeditiously rule on the request.**

**3. Within 14 days of completion of a Plaintiff's deposition, Defendants shall serve detailing information for the physician who prescribed Baycol to the Plaintiff. This detailing information shall include the names of the sales representative(s) who called on the prescriber, dates of detailing, and sampling information, if any.**

**4. By June 29, 2007: Case-specific discovery shall be completed, including case-specific fact depositions.**

**5. By July 31, 2007: Plaintiffs shall serve any supplementation to expert reports submitted pursuant to PTO 114 § I.A. or § I.B.2., PTO 131, or § I.B.1. of PTO 149, and identify all additional case-specific experts expected to testify at trial and serve Rule 26(a)(2) disclosures for such experts.**

**6. By August 31, 2007: Depositions of Plaintiffs' case-specific experts shall be completed.**

**7. By September 28, 2007: Defendants shall identify case-specific experts expected to testify at trial and produce Rule 26(a)(2) disclosures for such experts.**

**8. By October 31, 2007: Depositions of Defendants' case-specific experts shall be completed.**

**B. <u>Phase IV Plaintiffs (D. Minn. Nos. 04-0414 thru later docketed cases, and cases transferred pursuant to PTO 149 § I.D</u>**

**1. On March 30, 2007: Defendants may begin noticing depositions.**

**2. By April 30, 2007: Depositions of Plaintiffs and other fact witnesses may begin. Defendants may not depose more than five fact witnesses with respect to any Plaintiff's claim without consent of opposing counsel or leave of court. To seek leave, Defendants shall file a short letter identifying the fact witnesses being deposed and explaining why the testimony of each witness is necessary to defense of the claim. Defendants shall serve a copy of this letter upon all counsel of record listed in PACER and on the PSC pursuant to § I.A. Plaintiff by email or fax. Plaintiff must file any objection within 72 hours and serve a copy upon Defendants pursuant to § I.B. The Court will expeditiously rule on the request.**

**3. Within 14 days of completion of a Plaintiff's deposition, Defendants shall serve detailing information for the physician who prescribed Baycol to the Plaintiff. This detailing information shall include the names of the sales representative(s) who called on the prescriber, dates of detailing, and sampling information, if any.**

4. **By August 31, 2007: Case-specific discovery shall be completed, including case-specific fact depositions.**

5. **By September 28, 2007: Plaintiffs shall serve any supplementation to expert reports submitted pursuant to PTO 114 § I.A. or § I.B.2., PTO 131, or § I.B.1. of PTO 149, and identify all additional case-specific experts expected to testify at trial and serve Rule 26(a)(2) disclosures for such experts.**

6. **By October 31, 2007: Depositions of Plaintiffs' case-specific experts shall be completed.**

7. **By November 30, 2007: Defendants shall identify case-specific experts expected to testify at trial and produce Rule 26(a)(2) disclosures for such experts.**

8. **By December 31, 2007: Depositions of Defendants' case-specific experts shall be completed.**

III. PROCEDURES FOR RECOMMENDATION OF CASES FOR REMAND

A. No case shall be eligible for remand to its transferor court unless:

1. Plaintiff's Fact Sheet is substantially complete;

2. Plaintiff has executed all appropriate authorizations, including HIPAA-compliant authorizations;

3. Case-specific fact and expert discovery is complete; and

4. The Court has ruled upon *Daubert* motions directed to generic experts.

B. Pursuant to the following timetable, defendants and the PSC shall meet and confer to determine cases eligible for remand pursuant to § III.A. and shall provide the Court with a joint submission regarding cases eligible for remand. Inclusion of a case on this list does not waive a party's right to object to remand.

| | |
|---|---|
| Phase I (D. Minn. Nos. 01-2383 thru 03-1173) | March 30, 2007 |
| Phase II (D. Minn. Nos. 03-1174 thru 03-3743) | June 30, 2007 |
| Phase III (D. Minn. Nos. 03-3744 thru 04-0413) | November 30, 2007 |
| Phase IV (D. Minn. Nos. 04-0414 thru 05-3015) | |

and any later docketed cases or cases transferred
to Phase IV pursuant to PTO 149 § I.D January 31, 2008

C. The Court shall thereafter enter a Notice of Intent to Recommend Remand.

D. Any objections to remand must be filed within ten (10) days of posting of the Court's Notice of Intent and must set forth the ground for the objection. Objections shall be served on all counsel of record listed in PACER and on the PSC pursuant to § I.A.

E. For cases in which an objection has been filed, the opposing party must file their response within seven (7) days and serve a copy upon opposing counsel and the PSC pursuant to § I.A. and § I.B.

F. For cases in which no objection has been filed, or in which the objection has been overruled, the Court shall recommend to the Judicial Panel on Multidistrict Litigation that the case(s) be remanded to the transferor court(s).

## IV. MEDIATION

Nothing in this Order shall be construed to supersede or modify the protocol for mediation of rhabdomyolysis cases set forth in PTOs 59, 60, 64 and 149.

January 28, 2007

s / Michael J. Davis
Honorable Michael J. Davis
United States District Judge