**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/SRN) |
| This Document Relates to: | : | |
| *All Actions* | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Defendants Bayer Corporation, Bayer AG and SmithKline Beecham Corp. d/b/a GlaxoSmithKline (together, "Defendants") respectfully submit this response to plaintiffs' Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) ("Plaintiff's Motion") of this Court's Memorandum and Order (July 9, 2007) and Amended Memorandum and Order (July 16, 2007) (collectively, "*Daubert* Order"). Defendants do not oppose Plaintiffs' Motion because an immediate appeal would best serve the purposes for which this MDL proceeding was designed.

This Court's *Daubert* Order addresses and resolves issues about the admissibility of proposed expert testimony submitted by both Plaintiffs and Defendants. *See Daubert* Order at 2-3. Defendants do not agree with Plaintiffs' characterization of this Court's *Daubert* Order, but they do agree that immediate appellate resolution of the issues addressed in the *Daubert* Order would serve the interests of uniformity and judicial efficiency for which the MDL process was designed. *See* 28 U.S.C. § 1407(a); *In re Air Crash Off Long Island, New York, On July 17, 1996*, 27 F. Supp. 2d 431, 435 (S.D.N.Y. 1998) ("Delaying review would burden not only the parties, but the judicial system

itself"); *cf.* *In re Food Lion, Inc.*, 73 F.3d 528, 533 (4th Cir. 1996) ("A consolidated appeal, heard by the appellate court having jurisdiction over the transferee district court that entered the orders, is the best means of achieving efficient and uniform adjudication of numerous actions").

Issues about the admissibility of expert testimony addressed in the *Daubert* Order will be relevant to numerous cases transferred to this MDL from transferor courts located in circuits throughout the country. Immediate appellate resolution of these issues by the Eighth Circuit before individual cases are remanded to their respective district courts would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). As such, Defendants do not oppose Plaintiffs' Motion for Certification of the *Daubert* Order.

Dated: September 5, 2007

Respectfully submitted,

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

/signature on file/
Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Scott A. Smith
Tracy J. Van Steenburgh
HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402
(612) 338-1838

/signature on file/
Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Counsel for SmithKline Beecham Corporation d/b/a GlaxoSmithKline*

Paul J. Zidlicky
Richard H. Menard, Jr.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN
& MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Douglas R. Marvin
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Counsel for Bayer Corporation and Bayer AG*

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing Defendants' Response to Plaintiffs' Motion for Certification of Interlocutory Appeal was electronically filed and served on September 5, 2007.

David L. Barlett