UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE BAYCOL PRODUCTS LIABILITY LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to All Actions | : | Pretrial Order No. 161 |

This order sets forth procedures for the winding down of this MDL. Plaintiffs' Steering Committee, Bayer and GSK lawyers have met, conferred, and submitted recommendations regarding this order.

Based upon these proceedings, IT IS HEREBY ORDERED:

1. ***Summary Judgment Motions.*** With respect to Phase I and Phase II discovery cases, defendants already have filed motions for summary judgment upon which they seek a ruling by this Court. Motions for summary judgment with respect to Phase III and Phase IV cases should be filed in accordance with the following timetable:

| | |
|---|---|
| Phase III Motions: | On or before January 31, 2008 |
| Phase IV Motions: | On or before March 31, 2008 |

Defendants should file only motions that, if granted, would dispose of a case in its entirety. By electing to limit the arguments that they present to this Court, defendants are not waiving their right to raise any other grounds for summary judgment if a case is remanded.

To assist the Court in addressing these motions efficiently, for each phase, defendants shall provide the Court with a letter identifying cases that raise similar issues.

2. ***Other Pending Motions.*** On or before December 31, 2007, the parties shall provide the Court with an agreed list of other motions pending in the MDL and the status of briefing on those motions.

3. ***Disposition of Derivative Claims***. In some instances, final judgment has been entered disposing of the claims of a former Baycol user, but the judgment order did not address related derivative (*i.e*., principally loss of consortium) claims. Defendants currently are working with the PSC and individual plaintiffs' counsel to obtain stipulations to dismiss such claims. The following procedure is designed to address cases in which such stipulations are not forthcoming.

On or before January 15, defendants and the PSC shall provide the Court with an agreed list of any remaining cases that present only derivative claims. The Court will thereafter issue an order to show cause why these claims should not be dismissed with prejudice. The claims of plaintiffs who do not respond to this order within 14 days will be dismissed with prejudice. If any plaintiff does file a brief seeking to show cause, defendants shall have 14 days to respond.

4. ***Procedures for Remand of Cases.***

**a. Mediation.** Pursuant to PTO 149, all rhabdomyolysis cases are subject to mediation before remand. Accordingly, Special Master Remele shall arrange mediation for any rhabdomyolysis case in which (a) summary judgment is denied or (b) no motion for summary judgment is filed. Defendants and the PSC shall provide the Special Master with a list of any such cases on a monthly basis, starting on January 31, 2008. Special Master Remele will coordinate the mediations and advise the Court of successful mediations and of any case in which, in his opinion, it has become clear that mediation will not resolve the case.

**b. Notice of Cases Ready for Remand.** The parties shall meet and confer to provide the Court with an agreed list, on a monthly basis, of cases that are ready for remand. A case shall be ready for remand when:

- Plaintiff's Fact Sheet is substantially complete and all identified deficiencies have been corrected;
- Plaintiff has executed all appropriate authorizations, including HIPAA-ciompliant authorizations, as requested by defendants;
- Case-specific fact and expert discovery has been completed;
- The Court has ruled upon any pending motions affecting the case; and
- Mediation has been conducted pursuant to Section 4.a., and PTO 59.

The first such list shall be provided January 31, 2008. The Court will thereafter issue an order stating its intent to recommend remand of those cases. Any objection to remand should be filed within 14 days of issuance of the Court's order.

**c. Preparation** of the "All Cases" File for Remand. The parties shall submit to the Court, on or before January 15, a list of all documents (a) on the general MDL docket or (b) of general applicability in this MDL, to be included in the Court file of any remanded case, in addition to materials docketed in that particular case.

c. Preparation of an MDL Summary Order. The parties shall submit to the Court, on or before January 15, a draft summarizing the history of this MDL, which this Court can use as a basis in preparing a remand statement for transferor courts. To the extent the parties cannot agree on any particular issue, they should submit a draft reflecting all areas on which there is agreement, with separate statements on any points of contention.

**Date: December 18, 2007**

**s/Michael J. Davis**
**Michael J. Davis**
**United States District Court**