IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| IN RE BAYCOL PRODS. LITIG. | ) | MDL 1431 |
|  | ) | (MJD/SRN) |
| This document applies to all actions. | ) |  |
|  | ) |  |

**BAYER AND GSK'S OPPOSITION TO THE PSC's MOTION
TO CLOSE THE BAYCOL DOCUMENT DEPOSITORY**

This Court should deny the PSC's motion to close the Baycol document depository because the PSC has not proposed adequate safeguards to assure that the totality of discovery materials will be accessible to counsel in the remaining Baycol cases.

To be clear, defendants have no desire to impose unnecessary costs on the PSC. However, this litigation is not over. There are now eleven active Baycol cases on this Court's docket, and five Eighth Circuit appeals challenging orders entering summary judgment against plaintiffs or otherwise dismissing their cases. Further, new Baycol cases continue to be filed. Bayer was served in August with a new case filed in Oklahoma state court. That case, *Garrison v. Central Oklahoma Med. Group*, No. 5:09-1008 (W.D. Okla.),[1] was removed and is now awaiting transfer to this Court by the JPML.[2]

---

[1] This matter was tagged for transfer under CTO 77. Plaintiff has opposed transfer; Bayer's response is due later this month.

[2] Just this week, Bayer was served with another case filed in Indiana state court. Because Bayer Corporation is incorporated in Indiana, Bayer does not anticipate removing the case based on the information now available.

These late-comer plaintiffs are entitled to the totality of the discovery conducted by the PSC and to all PSC work product. The PSC should not be allowed to shut down its document depository and shift to Bayer and GSK the duty of responding anew, if any of these plaintiffs requires generic discovery materials in the future.

If the PSC were proposing to maintain all discovery materials and work product electronically, defendants would have no objection to the PSC disposing of duplicative hard copy documents. But that is not what the PSC proposes in its motion.

Rather, the PSC asserts generally that "the majority of the PSC work product is available through electronic means . . . ." Motion at 1. No mention is made of discovery materials in this context. Later, the PSC claims that "[v]irtually all of the information that has been historically requested by attorneys is electronically available." *Id.* at 2. But no federal Baycol case has gone to trial, so there has been no reason for attorneys in individual cases to evaluate, much less request, generic discovery materials.

Even if this Court were to assume that all attorneys would be content with the specific set of materials identified by the PSC as most important to a plaintiff's case, that would not preclude defendants from citing other documents in a trial defense. In that scenario, plaintiff should be getting responsive materials from the PSC – not turning to defendants demanding production of documents already produced in this MDL.

This Court should therefore deny the PSC's present motion to close the document depository. This denial should not prejudice the PSC's right to seek leave to dispose of duplicative materials and/or to maintain the document depository in the most cost-effective manner possible.

Dated: November 12, 2009

Respectfully submitted,

| | |
|---|---|
| Philip S. Beck<br>Adam Hoeflich<br>BARTLIT BECK HERMAN PALENCHAR<br>  & SCOTT LLP<br>54 West Hubbard Street, Suite 300<br>Chicago, IL  60610<br>(312) 494-4400 | Scott A. Smith<br>Tracy J. Van Steenburgh<br>HALLELAND LEWIS NILAN<br>  SIPKINS & JOHNSON, P.A.<br>220 South Sixth Street, Suite 600<br>Minneapolis, Minnesota 55402-4501<br>(612) 338-1838 |
|     /signature on file/<br>Susan A. Weber<br>James R.M. Hemmings<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL  60603<br>(312) 853-7000 |     /signature on file/<br>Fred T. Magaziner<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19104<br>(215) 994-4000 |
| Richard K. Dandrea<br>ECKERT SEAMENS CHERIN<br>  & MELLOTT, LLC<br>USX Tower, 600 Grant St., 44th Floor<br>Pittsburgh, PA.  15219<br>(412) 566-6000 | *Counsel for SmithKline Beecham*<br>*Corporation d/b/a GlaxoSmithKline* |
| Peter W. Sipkins (No. 101540)<br>DORSEY & WHITNEY LLP<br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN  55402<br>(612) 340-2600 | |

Douglas R. Marvin
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Counsel for Bayer Corporation and Bayer AG*

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that true and correct copies of the foregoing Opposition to the PSC's Motion to Close the Baycol Document Depository was electronically filed and served on November 12, 2009.

_____