## UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BAYCOL PRODUCTS LIABILITY LITIGATION

Mark Stodghill v. Bayer AG, et al.,     )
    N.D. Oklahoma, C.A. No. 4:11-00128     )     MDL No. 1431

### TRANSFER ORDER

**Before the Panel**:[*] Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order that conditionally transferred his action to MDL No. 1431. Defendant Bayer Corp. opposes the motion and favors inclusion of the action in MDL No. 1431.

After reviewing the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 1431, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization in this docket. In that order, we held that the District of Minnesota was an appropriate Section 1407 forum for actions involving claims of liability related to the prescription drug Baycol. *See In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378 (J.P.M.L. 2001).

Plaintiff argues against transfer, *inter alia*, that the proceedings in MDL No. 1431 have largely concluded and little benefit would be gained from transfer of the action at this time. We respectfully disagree. Transfer of the action is consistent with the Panel's previous transfer orders in this docket, including in particular the order transferring an earlier iteration of these allegations. Although the number of actions pending in the transferee district has dwindled since the Panel initially issued a transfer order for this action, the status of the proceedings in MDL No. 1431 does not necessarily preclude transfer. MDL No. 1431 is indeed winding down and, given that the drug was withdrawn from the market in 2001, future case filings should be minimal or nonexistent. In another litigation, transfer at this stage may not be beneficial. In MDL No. 1431, however, the transferee judge has been extremely successful in resolving Baycol-related cases in a timely fashion, and transfer likely will aid a quicker resolution of these claims as well. Also, the remaining cases being litigated in the MDL are moving forward and include a personal injury case that, like the action before the Panel, is in the early stages of litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Michael J. Davis for inclusion in the coordinated or consolidated pretrial proceedings.

---

[*] Judge Barbara S. Jones took no part in the decision of this matter.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil            W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.        Paul J. Barbadoro